713 So.2d 1 (1998)
AMENDMENTS TO THE FLORIDA FAMILY LAW RULES.
No. 89955.
Supreme Court of Florida.
February 26, 1998.
John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Linda Vitale, Outgoing Chair, Florida Family Law Rules Committee, Fort Lauderdale, Burton Young, Chair, Florida Family Law Rules Committee, Young, Berman & Karpf, P.A., North Miami Beach, Durand Adams, Chair, Family Court Steering Committee, Bradenton, Debra Behnke, Co-Chair, Access to the Courts Workgroup, Family Courts Steering Committee, Tampa, and George S. Reynolds, III, Co-Chair, Access to the Courts Workgroup, Family Courts Steering Committee, Tallahassee, for Petitioner.
Amy Karan, Administrative Judge, Richard Yale Feder, Administrative Judge, Judith Kreeger, Associate Administrative Judge, Lester Langer, Circuit Judge, Michael B. Chavies, Circuit Judge, Eugene Fierro, Circuit Judge, Carol R. Gersten, Circuit Judge, Maynard Gross, Circuit Judge, Gerald D. Hubbart, Circuit Judge, Arthur Taylor, Circuit Judge, Cecilia Altonaga, County Judge, Deborah White Labora, County Judge, Mark King Leban, County Judge and Bertha Soto, County Judge, Eleventh Judicial Circuit, Miami, Robert L. Doyel, Circuit Judge, Tenth Judicial Circuit, Bartow, J.K. "Buddy" Irby, Clerk of the Circuit Court for Alachua County, Gainesville, Katherine Fernandez Rundle, State Attorney, Eleventh Judicial Circuit, Miami, Gerald S. Deutsch, Fort Lauderdale, Robert E. Schroeder, Director, Department of Human Services, on behalf of Metro-Dade Advocates for Victims Program, Miami, B. Niklas Brihammar of Sheri Smallwood, Chartered, Key West, Patricia Grogan, Chair, Governor's Task Force on Domestic and Sexual Violence, Florida Department of Community Affairs, Tallahassee, Caroline C. Emery, Jacksonville, Kathryn Gutstein, Chairperson, Dade County Alliance Against Domestic Violence, Miami, Ivon Mesa, on behalf of the Commission on the Status of Women, Miami, Rana Holz of Rubinstein & Holz, P.A., Fort Myers, Virginia Daire, General Counsel, Florida Coalition Against Domestic Violence, Tallahassee, A. Quinn Jones, III, City Attorney and Ana Maria Pando, Assistant City Attorney, on behalf of the City of Miami Police Department, Miami, Marilyn R. McLean, Staff Attorney, Family Court Division, Eighth Judicial Circuit, Gainesville, Robert J. Jones, Administrative General Master, Eleventh Judicial Circuit, Miami, David B. Higginbottom, Frostproof, George F. Hachigian, Staff Representative, on behalf of the Fraternal Order of Police, Florida Labor Council, Inc., Fort Lauderdale, Linda J. Blue, Major, Metro-Dade Police Department, Domestic Crimes Bureau, Miami, Rachel Kronick, on behalf of Dade County Bar Association Legal Aid Society Domestic Violence Project, Miami, Geraldine E. Bishop, Judicial Staff Attorney, Fifth Judicial Circuit, Brooksville, Robert L. Vogel, Jr., Sheriff and Lt. Craig Broughton, Volusia County Sheriff's Department, Daytona Beach, comments regarding Family Law Rules.
OVERTON, Justice.
In 1990, the legislature established the Commission on Family Courts for the purpose of making recommendations regarding the implementation of the family law divisions. Ch. 90-273, Laws of Fla. After this Court received the commission's report recommending the implementation of such divisions, this Court established a new process for family law cases by directing that family court divisions be instituted. See In re Report of Com'n on Family Cts., 588 So.2d 586 (Fla.1991). Subsequently, we adopted new rules of procedure for these family law divisions, which were intended to address the unique problems of family law cases. In re Family Law Rules of Procedure, 663 So.2d 1047 (Fla.1995) (Family Law I), and In re Family Law Rules of Procedure, 663 So.2d 1049 (Fla.1995) (Family Law II). In doing so, we included a significant number of forms and instructions.
Because these rules were new, and in some instances appeared to be complicated, we recognized that the rules and forms would need additional prompt refinement. To address *2 this problem, in Family Law II we directed the Family Law Rules Committee, the Family Courts Steering Committee, and the Supreme Court Mediation and Arbitration Rules Committee to review the rules and forms following their implementation and to make recommendations for changes to the rules and forms. In issuing that directive, we stressed that the committees should place particular emphasis on making revisions to further simplify the family law process, particularly because of the many litigants in family law cases who represent themselves.
The development of common sense rules and forms in family law cases, understandable by both lawyers and pro se litigants alike, is essential. Reports submitted to the Office of State Courts Administrator by the circuits of this state reflect that, on average, sixtyfive percent of all family law cases have at least one unrepresented party. Consequently, the rules governing family law cases should be crafted to establish an easy-tounderstand process. Unfortunately, in adopting separate family law rules and forms, it appears that we may have complicated rather than simplified the process. One lawyer commenting on the rules stated that they are now so complicated that he has had to substantially increase his fees for dissolution proceedings. Our goal must be to simplify the process. Otherwise, we deny many citizens meaningful and affordable access to the courts, particularly when so many of them are self-represented. Moreover, every litigant in family law cases, whether represented by an attorney or not, is entitled to have contested matters heard by an article V judicial officer. Where custody, property, or liberty is involved, citizens in this state are entitled to a judicial resolution of a dispute, absent a mediated settlement.
In 1997, the rules and steering committees finalized their second review and submitted to us recommended rule and form modifications. The mediation committee found no need to recommend changes to the rules regarding family law mediation at this time. Additionally, in an effort to fulfill the spirit of this Court's directives to simplify the process of litigation in family law matters, the steering committee completely revised the forms, incorporating instructions for litigants throughout the forms, rather than keeping those instructions in attached appendices. The committee also added a number of new forms to the rules. The proposed amendments and modifications to the rules and forms are extensive; the rules and forms now constitute more than 500 pages.
The proposed rule changes were published for comment in The Florida Bar News, and many comments were received by this Court. We have now reviewed the proposed changes and the comments. The majority of the proposed changes fall into the following categories: technical revisions to improve or correct the forms and related instructions, domestic and repeat violence, mandatory disclosure, court appointed experts, evaluations of minor children, hearing officers and paternity determinations, motions for new trial and rehearing, civil contempt, and case management and pretrial conferences for adoptions. We adopt, without comment, the majority of technical changes made to the forms and related instructions. Additionally, after having reviewed the forms and related instructions, this Court has made numerous additional technical changes on its own. We address the numerous other issues raised by the proposed changes to the rules and the forms below.

DOMESTIC AND REPEAT VIOLENCE
Both the steering and rules committees have made suggested changes to Florida Family Law Rule of Procedure 12.610, which governs domestic and repeat violence, and the forms related to that rule. Some of the recommended changes were necessitated by recent changes to the statutes governing these issues.

Petition Forms
This Court received comments regarding the inclusion of the "Disclosure of Assistance by a Nonlawyer" on the domestic and repeat violence petition forms as well as on all other forms. Concern was raised as to the safety of the person assisting a victim of domestic violence in filling out the forms. Further, many comments asserted that there was no rule requiring this information and that it *3 should thus be deleted from all forms. That argument is erroneous.
The disclosure is directed by Rule Regulating the Florida Bar 10-2.1(a). That rule provides in pertinent part as follows:
(a) Unlicensed Practice of Law. The unlicensed practice of law shall mean the practice of law, as prohibited by statute, court rule, and case law of the State of Florida. For purposes of this chapter, it shall not constitute the unlicensed practice of law for a nonlawyer to engage in limited oral communications to assist a person in the completion of blanks on a legal form approved by the Supreme Court of Florida. Oral communications by nonlawyers are restricted to those communications reasonably necessary to elicit factual information to complete the blanks on the form and inform the person how to file the form.
The following language shall appear on any form completed pursuant to this rule and any individuals assisting in the completion of the form shall provide their name, business name, address, and telephone number on the form:
This form was completed with the assistance of:
Name of Individual
Name of Business
Address
Telephone Number
Before a nonlawyer assists a person in the completion of a form in the manner set forth in this rule, the nonlawyer shall provide the person with a copy of a disclosure. A copy of the disclosure, signed by both the nonlawyer and the person, shall be given to the person to retain and the nonlawyer shall keep a copy in the person's file. The disclosure does not act as or constitute a waiver, disclaimer, or limitation of liability.
(Emphasis added.) The Florida Family Law Forms were originally drafted by the standing committee on the unlicensed practice of law and were approved by this Court as simplified forms for pro se litigants. The intent in approving the numerous forms available in family law is still to assist pro se litigants, and the disclosure information is still required by that rule. We conclude that the disclosure information should continue to be required on the Florida Family Law Forms generally. We agree, however, that the safety of the victim as well as that of the form preparer is potentially at risk by the disclosure of this information on domestic and repeat violence petition forms. Further, most petition forms in domestic and repeat violence cases are completed at the office of the clerk of court, thus reducing the risk of unlicensed practice of law by form preparers. As such, we conclude that there should be a narrow exception to the disclosure requirement when domestic or repeat violence is at issue. Accordingly, we find that rule 10-2.1(a) should be modified to eliminate the requirement that the name, address, and telephone number of the preparer be placed on domestic and repeat violence forms, and we have eliminated the nonlawyer disclosure block from forms implementing rule 12.610.

Injunction Forms
We have been asked to require all Florida judges to use standardized forms for issuing injunctions in domestic and repeat violence cases. Currently, most counties use different injunction forms, which often results in enforcement problems across county lines for law enforcement officers. According to the steering committee and the Governor's Task Force on Domestic Violence, standardized forms would assist law enforcement officers in the enforcement of injunctions because, at a glance, they would be able to easily determine the terms of an injunction no matter which court generated the injunction.
Most comments received by this Court favored this proposal in concept. Significant concern, however, was raised regarding the forms as proposed. Specifically, concerns were raised as to vague language regarding prohibited contact, language permitting contact generally and visitation with children in the temporary domestic violence injunction forms, the full faith and credit language, language regarding firearms, the length of the forms, and prohibitions against leaving the state with a minor child.
We agree with the concept of standardized forms and have modified rule 12.610 to require *4 all judges to use the standardized injunction forms contained in Appendix B of this opinion. To accommodate the concerns addressed in the preceding paragraph, we have reviewed each of the suggestions in detail and have modified the injunction forms accordingly. For instance, where the forms prohibited a respondent from going "near" a petitioner's residence or place of employment, we have modified the forms to prohibit a respondent from going within 500 feet of petitioner's residence or place of employment unless otherwise provided by the trial judge issuing the injunction. Numerous other similar changes were made in response to specific comments received.
Additionally, some comments noted the significant length of some forms due to the inclusion of standardized provisions regarding support and visitation issues that were not applicable to all cases. To accommodate those concerns, we have structured the injunction forms so that pages addressing support and visitation issues are separate and can be included or deleted as necessary. Judges are provided with a provision at the end of each applicable injunction form to indicate whether pages regarding support and visitation issues are included and to thus alert law enforcement officers as to the inclusion or exclusion of those pages.
We have also eliminated the options for allowing contact between the petitioner and respondent and visitation with minor children in the temporary injunction form. The "additional provisions" space on the form will still allow judges to include provisions for contact or visitation; however, comments received expressed concern that a form which included a standard provision allowing for contact and/or visitation would encourage contact during the brief but volatile period of time between the issuance of the temporary and permanent injunctions. Some modifications in this regard have also been made to the permanent injunction form.
The full faith and credit language that was included on the domestic violence injunctions has been modified to eliminate the language that the form "shall be afforded full faith and credit." The federal statute, 18 U.S.C. § 2265 (1994), does mandate that protection orders be afforded full faith and credit if certain conditions are met. However, comments received pointed out that such a determination must be made on a case by case basis by the judge issuing the order and a judge in the state in which enforcement is sought. The language has been modified to indicate that the "[i]t is intended" that the injunction be afforded full faith and credit.
We were also asked by the Governor's Task Force on Domestic Violence to eliminate the provision in the forms precluding a victim from leaving the state with the parties' minor child. The concern was that a victim could not leave the state if necessary for safety purposes. Having considered this proposal, we conclude that a victim should be permitted to leave the state with the parties' minor child only if permitted through court order. While we recognize the concern for the victim's safety, this concern can be easily remedied by simply asking for permission to leave the state when filing the petition.
We were also requested to make mandatory the current "optional" prohibition against possession of firearms or ammunition as well as to require that all firearms be surrendered to law enforcement. Currently, it is a violation of federal law to possess certain firearms while under an injunction for protection. 18 U.S.C. § 922(g)(8)(1994). However, there is apparently no similar provision in Florida law, and the federal prohibition covers only firearms used "in commerce." Under these circumstances, we are without authority to require Florida judges to automatically preclude possession of firearms. That would require a substantive legislative act. While we believe that judges would be well advised to make such a preclusion, we have left the provision optional. We have, however, included additional space on the form for judges to include instructions regarding the surrender of firearms and any related procedure for doing so should they conclude that surrender is appropriate.
Both the committees and this Court also recognize that individual counties and circuits may have local provisions that need to be incorporated into the forms. The rule thus provides a procedure to be used to incorporate local provisions into the forms.
*5 We have also been asked to make changes to rule 12.610 and related injunctions forms regarding the following two issues: (1) whether service of the permanent injunction may be mailed when the temporary injunction has been personally served on a respondent; and (2) whether the permanent injunction is to be issued for an indefinite or fixed period of time.
Currently, rule 12.610 provides that both temporary and permanent injunctions in domestic violence cases must be served by personal service. The only exception to this provision is when a party is present at the hearing on a permanent injunction and that party fails or refuses to acknowledge receipt of a certified copy of the injunction from the clerk. Under those circumstances, the clerk may mail a certified copy of the injunction to that party's last known address and service is then complete upon mailing. We have been asked to amend rule 12.610 to allow service of the permanent injunction by mail when the respondent has been personally served with the temporary injunction. According to the rules committee, personal service of the temporary injunction, which (as proposed) includes directives that the permanent injunction will be served by mail, should be sufficient. The justification for the amendment is the difficulty in finding a respondent after the respondent is removed from the parties' joint residence.
The domestic violence statute, section 741.30, Florida Statutes (1997), appears to have conflicting provisions regarding this issue. However, at least one provision in this statute specifically requires personal service of the permanent injunction. See § 741.30(7)(c)1. ("Within 24 hours after the court issues an injunction for protection against domestic violence ... the clerk of the court must forward a certified copy of the injunction for service to the sheriff with jurisdiction over the residence of the petitioner. The injunction must be served in accordance with the subsection.") (emphasis added). We received many comments from both judges and prosecutors opposing any change that would allow service by mail due to concerns about enforcement of the injunction and prosecution of injunction violations. We agree with those concerns. We conclude that the rule should not be amended to allow service by mail.
Section 741.30 has also been revised to provide that the terms of an injunction are to remain in effect until modified or dissolved. See § 741.30(6)(b). Recommended changes to the rules and forms conform to that requirement. Some comments opposed this change because of problems that arise when awards of support and custody are made in a domestic violence injunction but no dissolution action is ever filed. In effect, by eliminating time limitations on permanent injunctions, the legislature has directed the courts to make permanent decisions regarding support and custody in domestic violence proceedings. While we recognize that an injunction should perhaps be issued for an indefinite period of time for purposes of protecting victims from violence, we agree with the concerns raised about this change. Further, we do not believe that the legislature can restrict a trial court's discretion to place time limitations on injunctions it issues. We have thus made modifications to allow judges to choose whether the injunction is to be indefinite or is to expire on a date certain.

MANDATORY DISCLOSURE
Both the steering and rules committees have requested changes to rule 12.285, which governs mandatory disclosure. First, we have been asked to modify the rule to reduce the scope and amount of items to be disclosed. Currently, any party whose income exceeds $50,000 per annum must file a number of items covering a period of three years preceding the filing of a petition and must automatically file answers to standard interrogatories. Under the proposed changes, the time period covered for most items to be produced has been reduced to one year or three months and would apply to all parties regardless of income; interrogatories would be supplemental to the financial affidavits and would not be automatic. Additionally, the committees recommend shortening the financial affidavits and requiring that any party making over $30,000 per annum file the *6 long-form affidavit.[1] We agree with all of the recommendations except the last. We conclude that the rule should continue to require any party making over $50,000 per annum to file the long-form affidavit, but note that the affidavit is shorter than the one currently contained in the rules. We reject the request that those with income between $30,000 and $50,000 also be required to file this long-form affidavit.
Second, we have been asked to allow parties to be exempted from the mandatory filing of financial affidavits. Currently, all parties must file financial affidavits with the court. Presumably, to avoid public disclosure, the rules committee seeks to amend rule 12.285 to allow a court to exempt individuals from this requirement when they certify that they are serving the financial affidavits on each other. Only one comment was filed regarding this issue, cautioning that judges must have the financial affidavits to make financial determinations. We decline to adopt this recommendation at this time because we are concerned about the problems this change could cause. For instance, in any case where a court is charged with dividing the assets and liabilities of parties, financial affidavits are necessary to assist in such a decision. Moreover, even where no dispute exists as to the division of assets, financial affidavits must be available to the court should subsequent litigation in the case ensue, such as modification requests or subsequent allegations of fraud. If financial affidavits are not filed with the court, the court might be significantly hindered in rendering future decisions regarding a case. Further, as we noted in Family Law I, under certain limited conditions, financial affidavits could be sealed if necessary. See Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla.1988). See also Fla. R. Jud. Admin. 2.051.
A third proposal concerning mandatory disclosure is the steering committee's request to create new rule 12.287. The new rule would allow parties to serve requests for financial affidavits in enforcement or contempt proceedings because, under the current mandatory disclosure rule, an interrogatory process is the only means available to obtain such an affidavit. We approve the rule as proposed by the committee.

EVALUATION OF MINOR CHILDREN
The rules committee seeks adoption of a new rule, 12.363, concerning interviews, testing, and evaluations of minor children to discourage multiple evaluations and evaluations conducted by one party without the knowledge of the other. Such a rule was proposed but rejected by this Court when the family law rules were first adopted after numerous comments were received objecting to particular provisions of the rule. See Family Law I. The committee has altered the proposal to eliminate many of the concerns raised when it was previously proposed. We received only one comment to this proposal, which expressed support for the new rule. We approve the rule as proposed.

COURT-APPOINTED EXPERTS
The rules committee also seeks adoption of new rule 12.365 concerning the appointment of experts by the court. Among other things, the proposed rule provides for the method and order of appointment; restricts communication of the experts with the court except with notice and an opportunity to be present and heard during such communication; and provides that the report shall be served on the parties prior to trial. It does not apply to the appointment of experts under proposed new rule 12.363. As with rule 12.363, a similar rule was proposed and rejected when the family law rules were proposed in Family Law I. We note that the committee has made a number of changes to the rule as proposed here, but we still are concerned about the increase in costs the adoption of this rule may cause the parties. We decline to approve the proposed rule at this time.

*7 HEARING OFFICERS
Currently, rule 12.491 prohibits hearing officers from hearing contested paternity cases. Under the proposed amendment to that rule, hearing officers are prohibited only from presiding over jury trials in paternity cases but they may evaluate evidence and make findings and recommendations regarding paternity in cases where a jury trial will not be conducted. The steering committee requests this change to comply with federal requirements regarding an expedited paternity determination in certain cases. We decline to adopt this change at this time. The fact that an expedited paternity determination is required in certain cases does not eliminate the right of litigants to have substantive due process decisions be determined by article V judicial officers. Federal regulations cannot change or eliminate that right. Clearly, judges can provide expedited paternity determinations when necessary. Given the nature of paternity proceedings, we decline to approve this proposed change.

MOTIONS FOR NEW TRIAL AND REHEARING
The steering committee seeks to expand rule 12.530, which governs motions for new trial and rehearing and amendments of judgments, to address the need to require parties to bring an omission of factual findings required under chapter 61 to the trial court's attention. The committee suggests that this change will eliminate unnecessary appeals. The committee does raise the concern as to what would happen when one party invokes the rule, which would delay the time for filing an appeal, but another party wants to appeal other issues.
This proposed rule change is opposed by the rules committee and several comments were received raising concerns about the change and its interaction with the appellate rules.
We decline to adopt this rule at this time given the concerns raised by the committees and comments. The purpose of the proposed rule does seem to have merit; however, the steering and rules committees need to discuss this proposal with the appellate rules committee, and appropriate rule changes to both the family law and appellate rules need to be crafted that ensure the appellate rights of litigants are not compromised.

CIVIL CONTEMPT
The rules committee seeks adoption of a new rule to govern the procedures for noticing a hearing on contempt, for establishing purge conditions, and for providing a contemnor's right of review. The committee asserts that this rule is necessary to avoid the current confusion that exists in handling civil contempt proceedings, particularly when those proceedings are before a hearing officer or general master.
We have a number of serious concerns regarding this rule as proposed. Any rule concerning contempt, particularly one dealing with incarceration, must comply with United States and Florida Supreme Court decisions in this area. International Union, United Mine Workers v. Bagwell, 512 U.S. 821, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994); Bowen v. Bowen, 471 So.2d 1274 (Fla.1985); Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977). Portions of the rule as proposed appear to require a prospective finding of contempt before the contemnor has had an opportunity to be heard. This would violate the due process rights of contemnors and be specifically prohibited by the above decisions. Further, certain language in the rule imposes a rebuttable presumption that the contemnor has the present ability to comply with a prior order. The language apparently is derived from section 61.14(5)(a), Florida Statutes (1997), which addresses support enforcement. Unlike the statutory provision, however, the rule as written covers "any civil contempt proceeding"it is not limited to support. We are concerned that this is a substantive change not intended by the statute.
While we are not necessarily opposed to the adoption of a rule regarding contempt proceedings, we find the new rule, as proposed, to be unacceptable. Because we reject the adoption of this rule, we have, of necessity, eliminated proposed forms that would implement portions of this rule.

*8 CASE MANAGEMENT AND PRETRIAL CONFERENCES FOR ADOPTIONS
The rules committee seeks to amend rule 12.200, governing case management conferences, to require case management conferences in adoption proceedings. Under the proposed amendment, the court will determine notice, intermediary, and cost issues early in the litigation to avoid protracted adoption litigation. We approve the proposed amendments to this rule.

INCOME DEDUCTION FORMS
We have eliminated the income deduction forms currently contained in the judgments and orders portion of the forms. First, those forms are no longer orders given changes in the statute and should be placed elsewhere in the forms. Second, several of the forms must be rewritten because portions are incorrect. Third, we have serious due process concerns regarding the ability of a party to require income to be deducted from another party's paycheck without the necessity of a court order. While the statute governing this issue allows this to be done, the process for doing so is not definitive and has caused significant confusion. For instance, the forms as drafted provide that the clerk of court is to sign the forms to verify payments to be made. Comments received regarding this issue ask that the clerk's verification be deleted from these forms due to the burden this verification places on the clerks. Additionally, we understand that proposed legislation is currently being drafted to amend the process and to address these issues. We suggest that the committees evaluate these concerns and any new legislation that passes regarding income deduction and then draft new proposed forms accordingly.

MISCELLANEOUS SUGGESTIONS
The committees and interested individuals and groups who commented on the rules made numerous other suggestions, most of which are technical and most of which we have implemented. Some, however, have not been implemented at this time. For instance, in the response of the rules committee to the forms submitted by the steering committee, the rules committee suggests that the words "custody" and "visitation" be eliminated in the forms and instructions given that other terms such as "shared parental responsibility" and "primary residency" are now to be used in place of the terms "custody" and "visitation." Likewise, the committee suggests that rule 12.440 be clarified to provide when uncontested final hearings are to be set by court order or notice of hearing and that the forms be amended accordingly. The committee submitted no proposed rules or forms to implement those changes. While we agree that these changes may need to be implemented, given the massive nature of the amendment of the 550-plus pages of the rules and forms in this case, we decline to adopt these recommendations until the rules or steering committee submits proposed rules and forms that specifically incorporate these suggestions.
The rules committee has also asked that we adopt a new form for notice of lis pendens. Before adopting this form, we ask the rules committee to prepare an appropriate instruction sheet to advise litigants why and when that form is to be used.

POLICY RECOMMENDATIONS
In addition to recommended changes to the rules and forms, the steering committee, in its annual report, made recommendations regarding the future direction of the Family Court Initiative. In its report, the committee makes certain conclusions and recommendations concerning its responsibilities. First, it concludes that the original notion of the "one familyone judge" concept, that is, that all court matters involving members of the same family be handled by the same judge, is "unrealistic and unworkable." Instead, the committee recommends that our judicial system have "an integrated and coordinated approach that insures that any judge handling any matter involving a member of a family will be well informed as to any other pending matters involving another member of that same family."
Second, it recommends that a comprehensive array of services and referrals be implemented to assist self-represented litigants. According to the committee, while we have made significant strides in this area by implementing *9 the family law forms and related instructions, we must continue to work towards developing personnel and automation prototypes to enable circuits to provide an integrated approach to family cases and must pursue funding to accomplish this objective.
Third, the committee asks that this Court clarify the committee's responsibilities for monitoring and ensuring compliance by the circuits with the mandates of this Court and of the Family Court Initiative.
Fourth, the committee asks that it be allowed to make revisions to the forms on an annual basis given the large volume of forms and of the need to change those forms whenever statutes affecting the forms are revised.
Finally, the committee asks for this Court's support in obtaining increased state funding of court support services to meet these goals.
Before addressing the committee's concerns, we believe that evaluation, review, and perhaps reorganization of both the rules and steering committees may be warranted. At this time, significant overlap exists as to the duties of the two committees. Both committees have provided extremely valuable services in implementing rules and policies regarding the ever- increasing involvement of courts in family matters. The efforts of both committees are to be highly commended. The steering committee has been very instrumental in providing direction for improving assistance and access to the courts for family law litigants. However, a review of the recommendations submitted for rule and form revisions reflects that a significant amount of duplication has occurred in the efforts of the committees. To continue in dual roles appears to be unproductive and costly. To avoid further duplication, we believe that it may be in the best interests of all concerned for the two committees either to have more specifically defined areas of responsibility or to be combined to create one comprehensive body for proceeding with the design and implementation of plans for future development in the area of family law and changes to the rules and forms.
As previously mentioned, we also have concerns that we may have further complicated rather than simplified the family law process through the creation of family law divisions and the adoption of the rules and forms. The very fact that the package of forms and rules consists of over 550 pages is evidence of that complication.
In reviewing the rules and forms, we believe several changes might simplify the process to enhance access. First, we believe that the judgments should be deleted from the forms and be placed in a "bench book" for distribution to judges. Pro se litigants should not be required to provide judges with blank judgment forms. It may be that the Conference of Circuit Judges should appoint a select committee to develop appropriate forms for judicial orders and decrees in family law matters. Second, perhaps the forms and accompanying instructions should be deleted entirely from the rule-making process and be grouped instead into packets for distribution according to the type of proceeding. The forms could then be evaluated and changed on an "as needed" basis and be approved by this Court as simplified forms through opinion rather than being confined by the rule-making process.
The Court recognizes that the manner in which family law cases are processed is an access issue which necessitates significant attention because it can have a greater effect on individual litigants than any other area of the law. To that end, we request the committees to make recommendations by September 1, 1998, regarding how best to accomplish the objectives outlined in this section of this opinion.

CONCLUSION
We commend the work of both committees in their efforts to further simplify the rules and forms. We recognize that the work regarding simplification will be a continuing process. Further, as noted above, we believe that many of the proposed changes that we have declined to approve in this opinion may have merit. As such, we will allow revisions to the proposed changes and/or additional comments to the matters discussed in this opinion to be submitted to this Court no later than May 1, 1998. This Court may set any of those issues on which comment is received *10 for oral argument during the Court's June 1998 oral argument calendar.
Accordingly, we adopt the amendments to the Florida Family Law Rules of Procedure as set forth in Appendix A and the revised forms and related instructions as set forth in Appendix B effective midnight, March 1, 1998.
It is so ordered.
KOGAN, C.J., and SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NO MOTION FOR REHEARING WILL BE ENTERTAINED BY THE COURT GIVEN THAT WE WILL BE ACCEPTING COMMENTS UNTIL MAY 1, 1998, TO BE CONSIDERED IN JUNE 1998.

APPENDIX A

RULE 12.070. PROCESS
(a) Family Law Actions Generally. Service of process uUpon the commencement of all family law actions, including proceedings to modify a final judgment, except domestic and repeat violenceservice of process shall be as set forth in Florida Rule of Civil Procedure 1.070,. except thatThe summons, cross-claim summons, and third-party summons in family law matters shall be patterned after Florida Family Law Form 12.910(a) and shall specifically contain the following language:
WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.
This rule does not govern service of process in domestic and repeat violence proceedings.
(b)Domestic and Repeat Violence Injunctions. Service of process regarding domestic and repeat violence actions shall be governed by Florida Family Law Rule of Procedure 12.610.

RULE 12.080. SERVICE OF PLEAINGS AND PAPERS
(a) Service.
(1) Family Law Actions Generally. Service of pleadings and papers after commencement of all family law actions except domestic and repeat violence shall be as set forth in Florida Rule of Civil Procedure 1.080, except that rule 1.080 shall be expanded as set forth in subdivisions (b) and (c) to include additional requirements for service of recommended orders and for service on defaulted parties.
(2) Domestic and Repeat Violence Actions. Service of pleadings and papers regarding domestic and repeat violence actions shall be governed by Florida Family Law Rule of Procedure 12.610.
(b) Service and Preparation of Orders and Judgments.
(1) Family Law Actions Generally. A copy of all orders or judgments involving family law matters except domestic and repeat violence shall be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. The court may require that recommended orders, orders, or judgments be prepared by a party. If the court requires that a party prepare the recommended order, order, or judgment, the party shall furnish the court with stamped, addressed envelopes to all parties for service of the recommended order, order, or judgment. The court also may require that any proposed recommended order, order, or judgment that is prepared by a party be furnished to all parties no less than 24 hours before submission to the court of the recommended order, order, or judgment.
(2) Domestic and Repeat Violence Actions. Service and preparation of orders and judgments involving domestic and repeat violence shall be governed by Florida Family Law Rule of Procedure 12.610.
(c) Defaulted Parties. No service need be made on parties against whom a default has been entered, except that:
(1) Pleadings asserting new or additional claims against defaulted parties shall be served in the manner provided for service of summons contained in Florida Rule of Civil Procedure 1.070.
(2) Notice of final hearings or trials and court orders shall be served on defaulted *11 parties in the manner provided for service of pleadings and papers contained in Florida Rule of Civil Procedure 1.080.
(3) Final judgments shall be served on defaulted parties as set forth in Florida Rule of Civil Procedure 1.080(h)(2).

Commentary
1995 Adoption. This rule provides that the procedure for service shall be as set forth in Florida Rule of Civil Procedure 1.080 with the following exceptions or additions to that rule. First, subdivision (b) corresponds to and replaces subdivision (h)(1) of rule 1.080 and expands the rule to include recommended orders. Second, this rule expands items that must be served on defaulted parties to ensure that defaulted parties are at least minimally advised of the progress of the proceedings. This rule is not intended to require the furnishing of a proposed recommended order, proposed order, or proposed final judgment to a defaulted party.

RULE 12.200. CASE MANAGEMENT AND PRETRIAL CONFERENCES
(a) Case Management Conference.
(1) Family Law Proceedings, Generaly. A case management conference may be ordered by the court at any time on the court's initiative. A party may request a case management conference 30 days after service of a petition or complaint. At such a conference the court may:
(1A) schedule or reschedule the service of motions, pleadings, and other papers;
(2B) set or reset the time of trials, subject to rule 12.440;
(3C) coordinate the progress of the action if complex litigation factors are present;
(4D) limit, schedule, order, or expedite discovery;
(5E) schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;
(6F) schedule or hear motions related to admission or exclusion of evidence;
(7G) pursue the possibilities of settlement;
(8H) require filing of preliminary stipulations if issues can be narrowed;
(9I) refer issues to a master for findings of fact, if consent is obtained as provided in rules 12.490 and 12.492 and if no significant history of domestic or repeat violence that would compromise the process is involved in the case;
(10J) refer the parties to mediation if no significant history of domestic or repeat violence that would compromise the mediation process is involved in the case and consider allocation of expenses related to the referral; or refer the parties to counseling if no significant history of domestic or repeat violence that would compromise the process is involved in the case and consider allocation of expenses related to the referral;
(11K) coordinate voluntary binding arbitration consistent with Florida law if no significant history of domestic or repeat violence that would compromise the process is involved in the case;
(12L) appoint court experts and allocate the expenses for the appointments;
(13M) refer the cause for a home study or psychological evaluation and allocate the initial expense for that study;
(14N) appoint an attorney or guardian ad litem for a minor child or children if required and allocate the expense of the appointment; and
(15O) schedule other conferences or determine other matters that may aid in the disposition of the action.
(2) Adoption Proceedings. A case management conference shall be ordered by the court within 60 days of the filing of a petition when
(A) there is a request for a waiver of consent to an adoption by those persons required to consent by section 63.062, Florida Statutes;
(B) notice of the hearing on the petition to adopt is not afforded a person whose consent is required but who has not consented;
(C) an intermediary, attorney, or agency is seeking fees or costs in excess of those provided under sections 63.097 or 63.212(4), Florida Statutes;

*12 (D) an affidavit of diligent search and inquiry is filed in lieu of personal service; or
(E) the court is otherwise aware that any person having standing objects to the adoption.
(b) Pretrial Conference. After the action is at issue the court itself may or shall on the timely motion of any party require the parties to appear for a conference to consider and determine:
(1) proposed stipulations and the simplification of the issues;
(2) the necessity or desirability of amendments to the pleadings;
(3) the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;
(4) the limitation of the number of expert witnesses; and
(5) any matters permitted under subdivision (a) of this rule.
(c) Notice. Reasonable notice shall be given for a case management conference, and 20 days' notice shall be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action. Any documents that the court requires for any conference shall be specified in the order. Orders setting pretrial conferences shall be uniform throughout the territorial jurisdiction of the court.
(d) Case Management and Pretrial Order. The court shall make an order reciting the action taken at a conference and any stipulations made. The order shall control the subsequent course of the action unless modified to prevent injustice.

Commentary
1995 Adoption. This rule addresses issues raised by decisions such as Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993); Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991); and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987), regarding the cost of marital litigation. This rule provides an orderly method for the just, speedy, and inexpensive determination of issues and promotes amicable resolution of disputes.
This rule replaces and substantially expands Florida Rule of Civil Procedure 1.200 as it pertained to family law matters. Under this rule, a court may convene a case management conference at any time and a party may request a case management conference 30 days after service of a petition or complaint. The court may consider the following additional items at the conference: motions related to admission or exclusion of evidence, referral of issues to a master if consent is obtained pursuant to the rules, referral of the parties to mediation, referral of the parties to counseling, coordination of voluntary binding arbitration, appointment of court experts, referral of the cause for a home study psychological evaluation, and appointment of an attorney or guardian ad litem for a minor child.

Committee Note
1997 Amendment. In In re Adoption of Baby E.A.W., 658 So.2d 961 (Fla.1995), and other cases involving protracted adoption litigation, it becomes clear that the earlier the issue of notice is decided by the court, the earlier the balance of the issues can be litigated. Because both parents' constitutional standing and guarantees of due process require notice and an opportunity to be heard, this rule amendment will help solve the problems of adoption litigation lasting until a child's third, fourth, or even fifth birthday. Furthermore, this rule will encourage both parents to be more candid with intermediaries and attorneys involved in the adoption process.
In E.A.W., 658 So.2d at 979, Justice Kogan, concurring in part and dissenting in part, stated: "I personally urge the Family Law Rules Committee . . . to study possible methods of expediting review of disputes between biological and adoptive parents." This rule expedites resolution of preliminary matters concerning due process in difficult adoption disputes. This rule also mandates early consideration of the child's rights to due process at early stages of adoption litigation.
Noncompliance with subdivision (a)(2) of this rule shall not invalidate an otherwise valid adoption.

*13 RULE 12.285. MANDATORY DISCLSURE
(a) Application.
(1) Scope. This rule shall apply to all proceedings within the scope of these rules except proceedings involving adoption, simplified dissolution, enforcement, contempt, and injunctions for domestic or repeat violence, and uncontested dissolutions when the respondent is served by publication and does not file an answer. Additionally, no financial affidavit or other documents shall be required under this rule from a party seeking attorneys' fees, suit money, or costs, if the basis for the request is solely under section 57.105, Florida Statutes, or any successor statute. Except for the provisions as to financial affidavits, any portion of this rule may be modified by order of the court or agreement of the parties.
(2) Original and Duplicate Copies. Unless otherwise agreed by the parties or ordered by the court, copies of documents required under this rule may be produced in lieu of originals. Originals, when available, shall be produced for inspection upon request. Parties shall not be required to serve duplicates of documents previously served.
(b) Time for Production of Documents.
(1) Temporary Financial Hearings. Any document required under this rule in any temporary financial relief proceeding shall be served on the other party for inspection and copying as follows.
(A) The party seeking relief shall serve the required documents on the other party with the notice of temporary financial hearing, unless the documents have been served under subdivision (b)(2) of this rule.
(B) The responding party shall serve the required documents on the party seeking relief on or before 5:00 p.m., 2 business days before the day of the temporary financial hearing if served by delivery or 7 days before the day of the temporary financial hearing if served by mail, unless the documents have been received previously by the party seeking relief under subdivision (b)(2) of this rule. A responding party shall be given no less than 12 days to serve the documents required under this rule, unless otherwise ordered by the court. If the 45-day period for exchange of documents provided for in subdivision (b)(2) of this rule will occur before the expiration of the 12 days, the provisions of subdivision (b)(2) control.
(2) Initial and Supplemental Proceedings. Any document required under this rule for any initial or supplemental proceeding shall be served on the other party for inspection and copying within 45 days of service of the initial pleading on the respondent.
(c) Disclosure Requirements for Temporary Financial Relief. In any proceeding for temporary financial relief heard within 45 days of the service of the initial pleading or within any extension of the time for complying with mandatory disclosure granted by the court or agreed to by the parties, the following documents shall be served on the other party:
(1) A financial affidavit in substantial conformity with Family Law Form 12.901(d) if the party's gross annual income is less than $50,000, or Family Law Form 12.901(e), if the party's gross annual income is equal to or more than $50,000. This requirement cannot be waived by the parties. The affidavit must also must be filed with the court.
(2) A Child Support Guidelines Worksheet in substantial conformity with Family Law Form 12.901(g), if the case involves child support.
(3) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party's behalf for the past year. A party may file a transcript of the tax return as provided by Internal Revenue Service Form 4506 in lieu of his or her individual federal income tax return for purposes of a temporary hearing.
(4) IRS forms W-2, 1099, and K-1 for the past year, if the income tax return for that year has not been prepared.
(5) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
*14 (cd) Parties'Whose Annual Income and Expenses Are Less Than $50,000,Disclosure Requirements for Initial or Supplement Proceedings. Any party whese gross annual income from all sources is less than $50,000 and whose total annual expenses are less then $50,000 shall be required to serve the following documents in any proceeding for an initial or supplemental request for temperary or permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys' fees, suit money, or costs:
(1) A financial affidavit in substantial conformity with Family Law Form 12.901(d) if the party's gross annual income is less than $50,000, or Family Law Form 12.901(e) if the party's gross annual income is equal to or more than $50,000, which requirement cannot be waived by the parties, and which. The financial affidavits also must be filed with the court. A party may request, by using the Standard Family Law Interrogatories, or the court on its own motion may order, a party whose gross annual income is less than $50,000 to complete Family Law Form 12.901(e).
(2) A Child Support Guidelines Worksheet in substantial conformity with Family Law Form 12.901(g), if the case involves child support.
(23) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party's behalf for the past three 3 years.
(34) IRS forms W-2, 1099, and K-1 for the past year, if the income tax return for that year has not been prepared.
(45) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
(56) A statement by the producing party identifying the amount and source of all income received from any source during the 3 months preceding the service of the financial affidavit required by this rule if not reflected on the pay stubs produced.
(67) All loan applications and financial statements prepared or used within the 3 years12 months preceding service of that party's financial affidavit required by this rule, whether for the purpose of obtaining or attempting to obtain credit or for any other purpose.
(d) Parties Whose Annual Income or Expenses Are Equal To or Exceed $50,000. Any party whose gross annual income from all sources is equal to or exceeds $50,000 or whose total annual expenses are equal to or exceed $50,000 shall be required to serve the documents on the other party as follows.
(1) Temporary Financial Relief. In any proceeding for temporary financial relief, the following documents shall be served on the other party:
(A) A financial affidavit in cubctantial conformity with Family Law Form 12.901(e), which requirement cannot be waived by the parties, and which also must be filed with the court.
(B) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party's behalf for the part 3 years.
(C) IRS forms W-2, 1099, and K-1 for the past year, if the income tax return for that year has not been prepared.
(D) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
(E) A statement by the producing party identifying the amount and source of all income received from any source during the 3 months preceding the serviee of the financial affidavit required by this rule if not reflected on the pay stubs produced.
(F) All loan applications and financial statements prepared or used within the 3 years preceding service of that party's financial affidavit required by this rule, whether for the purpose of obtaining or attempting to obtain credit or for any other purpose.
(G) Corporate, partnership, and trust tax returns for the last tax year, if the producing party has an interest in a corporation, partnership, or trast greater than or equal to 30%.
*15 (2) Initial Proceedings. In any intial proceeding for permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys' fees, suit money, or costs, the following documents shall be served on the other party:
(A) All documents listed in subdivision (d)(1), including the financial affidavit which also must be filed with the court.
(B) The answers to interrogatories found in Family Law Form 12.930(b).
(C) All documents showing reimbursed expenses and in kind payments that reduce the party's personal living expenses that were received by or made available to the party for the last 3 years.
(D8) All deeds within the last 3 years, all promissory notes within the last 12 months, and all present leases, mortgages, promissory notes, and closing statements pertaining to real estate in which the party owns or owned an interest within the last 3 years, whether held in the party's name individually, in the party's name jointly with any other person or entity, in the party's name as trustee or guardian for any other person, or in someone else's name on the party's behalf.
(E9) All periodic statements and pass books from the last 3 years months for all checking accounts, and from the last 12 months for all other accounts (for example, savings accounts, money market funds, certificates of deposit, etc.), and credit union accounts (regardless of whether or not the account has been closed), including those held in the party's name individually, in the party's name jointly with any other person or entity, in the party's name as trustee or guardian for any other person, or in someone else's name on the party's behalf.
(F10) All brokerage account statements in which either party to this action held within the last 3 years12 months or holds an interest including those held in the party's name individually, in the party's name jointly with any person or entity, in the party's name as trustee or guardian for any other person, or in someone else's name on the party's behalf.
(G) All title certificates, lease agreements, and registration certificates for all motor vehicles, boats, airplanes, and any other vehicle requiring registration that the party regularly uses, owns, or owned in the last 3 years.
(H11) The most recent statement for any profit sharing, retirement, deferred compensation, or pension plan (for example, IRA, 401(k), 403(b), SEP, KEOGH, or other similar account) in which the party is a participant or alternate payee and the summary plan description for any retirement, profit sharing, or pension plan in which the party is a participant or an alternate payee. (The summary plan description must be furnished to the party on request by the plan administrator as required by 29 U.S.C. § 1024(b)(4).)
(I) All documents pertaining to any money owed to the party or spouse.
(J12) The declarations page, the last periodic statement, and the certificate for any group insurance for a All life insurance policies insuring the party's life or the life of the party's spouse., and all current health and dental insurance cards covering either of the parties and/or their dependent children.
(K13) Corporate, partnership, and trust tax returns for the last 3 tax years if the party has an ownership or interest in a corporation, partnership, or trust greater than or equal to 30%.
(L14) PeriodicAll promissory notes for the last 12 months, all credit card and charge account statements and amortization sehedules, or other records showing the party's indebtedness as of the date of the filing of this action and for the last 3 years months., and all present lease agreements, whether owed in the party's name individually, in the party's name jointly with any other person or entity, in the party's name as trustee or guardian for any other person, or in someone else's name on the party's behalf.
(M15) All written premarital or marital agreements entered into at any time between the parties to this marriage, whether before or during the marriage. Additionally, in any modification proceeding, each party shall serve on the opposing party all written agreements entered into between them at *16 any time since the order to be modified was entered.
(N16) All documents and tangible evidence supporting the producing party's claim of special equity or nonmarital status of an asset or debt for the time period from the date of acquisition of the asset or debt to the date of production or from the date of marriage, if based on premarital acquisition.
(O17) Any court orders directing a party to pay or receive spousal or child support.
(3) Supplemental Proceedings. In any temporary or permanent supplemental procedding regarding financial relief, documents shall be produced as set forth in subdivisions (d)(1) and (d)(2), respectively and shall be served as set forth in subdivision (b). Additionally, in any modification proceeding, each party shall serve on the oppesing party all written agreements entered into between them at any time since the order to be modified was entered.
(e) Duty to Supplement Disclosure; Amended Financial Affidavit.
(1) Parties have a continuing duty to supplement documents described in this rule, including financial affidavits, whenever a material change in their financial status occurs.
(2) If an amended financial affidavit or an amendment to a financial affidavit is filed, the amending party also shall serve any subsequently discovered or acquired documents supporting the amendments to the financial affidavit if the party falls within the provisions of subdivision (d).
(f) Sanctions. Any document to be produced under this rule that is served on the opposing party fewer than 24 hours before a nonfinal hearing or in violation of the court's pretrial order shall not be admissible in evidence at that hearing unless the court finds good cause for the delay. In addition, the court may impose other sanctions authorized by rule 12.380 as may be equitable under the circumstances. The court may also impose sanctions upon the offending lawyer in lieu of imposing sanctions on a party.
(g) Extensions of Time for Complying with Mandatory Disclosure. By agreement of the parties, the time for complying with mandatory disclosure may be extended. Either party also may file, at least 5 days before the due date, a motion to enlarge the time for complying with mandatory disclosure. The court shall grant the request for good cause shown.
(gh) Objections to Mandatory Automatic Disclosure. Objections to the mandatory automatic disclosure required by this rule shall be served in writing at least 5 days prior to the due date for the disclosure or the objections shall be deemed waived. The filing of a timely objection, with a notice of hearing on the objection, automatically stays mandatory disclosure for those matters within the scope of the objection. For good cause shown, the court may extend the time for the filing of an objection or permit the filing of an otherwise untimely objection. The court shall impose sanctions for the filing of meritless or frivolous objections.
(hi) Certificate of Compliance. All parties subject to automatic mandatory disclosure shall file with the court a certificate of compliance, Florida Family Law Form 12.932, identifying with particularity the documents which have been delivered and certifying the date of service of the financial affidavit and documents by that party.
(ij) Place of Production.
(1) Unless otherwise agreed by the parties or ordered by the court, all production required by this rule shall take place in the county where the action is pending and in the office of the attorney for the party receiving production. Unless otherwise agreed by the parties or ordered by the court, if a party does not have an attorney or if the attorney does not have an office in the county where the action is pending, production shall take place in the county where the action is pending at a place designated in writing by the party receiving production, served at least 5 days before the due date for production.
(2) If venue is contested, on motion by a party the court shall designate the place where production will occur pending determination of the venue issue.
(k) Failure of Defaulted Party to Comply. Nothing in this rule shall be deemed to preclude the entry of a final judgment when *17 a party in default has failed to comply with this rule.

Commentary
1995 Adoption. This rule creates a procedure for automatic financial disclosure in family law cases. By requiring production at an early stage in the proceedings, it is hoped that the expense of litigation will be minimized. See Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993); Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991); and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987). A limited number of requirements have been placed upon parties making and spending less than $50,000 annually unless otherwise ordered by the court. In cases where the income or expenses of a party are equal to or exceed $50,000 annually, the requirements are much greater. Except for the provisions as to financial affidavits, other than as set forth in subdivision (k), any portion of this rule may be modified by agreement of the parties or by order of the court. For instance, upon the request of any party or on the court's own motion, the court may order that the parties to the proceeding comply with some or all of the automatic mandatory disclosure provisions of this rule even though the parties do not meet the income requirements set forth in subdivision (de). Additionally, the court may, on the motion of a party or on its own motion, limit the disclosure requirements in this rule should it find good cause for doing so.

Committee Note
1997 Amendment. Except for the form of financial affidavit used, mandatory disclosure is made the same for all parties subject to the rule, regardless of income. The amount of information required to be disclosed is increased for parties in the under $50,000 category and decreased for parties in the $50,000-or-over category. The standard family law interrogatories are no longer mandatory, and their answers are designed to be supplemental and not duplicative of information contained in the financial affidavits.

RULE 12.287. FINANCIAL AFFIDAVITS IN ENFORCEMENT AND CONTEMPT PROCEEDINGS
Any party in an enforcement or contempt proceeding may serve upon any other party a written request to file and serve a financial affidavit if the other party's financial circumstances are relevant in the proceeding. The party to whom the request is made shall file and serve the requested financial affidavit within 10 days after the service of the written request. The court may allow a shorter or longer time. The financial affidavit shall be in substantial conformity with Florida Family Law Form 12.901(d) (Short Form), all sections of which shall be completed.

RULE 12.340. INTERROGATORIES TO PARTIES
Interrogatories to parties shall be governed generally by Florida Rule of Civil Procedure 1.340, with the following exceptions.
(a) Service of Interrogatories.
(1) Initial Interrogatories. Initial interrogatories to parties in original and enforcement actions shall be those set forth in Family Law Form 12.930(b). Parties governed by the mandatory disclosure requirements of rule 12.285(d) (income or expenses of $50,000 or more) shall automatically submit the answers to those interrogatories as provided in that rule. Parties governed by the mandatory disclosure requirements of rule 12.285(c) (income and expenses under $50,000), may serve the interrogatories set forth in Family Law Form 12.930(b) as set forth in rule 1.340.
(2) Modification Interrogatories. Interrogatories to parties in cases involving modification of a final judgment shall be those set forth in Family Law Form 12.930(c). Parties governed by the mandatory disclosure requirements of rule 12.285 may serve the interrogatories set forth in Family Law Form 12.930(c) as set forth in rule 1.340.
(b) Additional Interrogatories. Ten interrogatories, including subparts, may be sent to a party, in addition to the standard interrogatories contained in Family Law Form 12.930(b) or Family Law Form 12.930(c). A party must obtain permission of the court to send more than ten additional interrogatories.

*18 Commentary
1995 Adoption. For parties governed under the disclosure requirements of rule 12.285(d) (income or expenses of $50,000 or more), the answers to the interrogatories contained in Form 12.930(b) must be automatically served on the other party. For parties governed under the disclosure requirements of rule 12.285(c) (income and expenses under $50,000), the service of the interrogatories contained in Form 12.930(b) is optional as provided in Florida Rule of Civil Procedure 1.340. Additionally, under this rule, 10 additional interrogatories, including subparts, may be submitted beyond those contained in Family Law Form 12.930(b). Leave of court is required to exceed 10 additional interrogatories. The provisions of Florida Rule of Civil Procedure 1.340 are to govern the procedures and scope of the additional interrogatories.

Committee Note
1997 Amendment. The rule was amended to conform to the changes made to rule 12.285, Mandatory Disclosure.

RULE 12.363. EVALUATION OF MINOR CHILD
(a) Appointment of Mental Health Professional or Other Expert.
(1) When the issue of visitation, parental responsibility, or residential placement of a child is in controversy, the court, on motion of any party or the court's own motion, may appoint a licensed mental health professional or other expert for an examination, evaluation, testing, or interview of any minor child or to conduct a social or home study investigation. The parties may agree on the particular expert to be appointed, subject to approval by the court. If the parties have agreed, they shall submit an order including the name, address, telephone number, area of expertise, and professional qualifications of the expert. If the parties have agreed on the need for an expert and cannot agree on the selection, the court shall appoint an expert.
(2) After the examination, evaluation, or investigation, any party may file a motion for an additional expert examination, evaluation, interview, testing, or investigation by a licensed mental health professional or other expert. The court upon hearing may permit the additional examination, evaluation, testing, or interview based on good cause shown that further examinations, testing, interviews, or evaluations would be in the best interests of the minor child.
(3) Any order entered under this rule shall specify the issues to be addressed by the expert.
(4) Any order entered under this rule may require that all interviews of the child be recorded and the tapes be maintained as part of the expert's file.
(5) The order appointing the expert shall include an initial allocation of responsibility for payment.
(6) A copy of the order of appointment shall be provided immediately to the expert by the court unless otherwise directed by the court. The order shall direct the parties to contact the expert or investigator appointed by the court to establish an appointment schedule to facilitate timely completion of the evaluation.
(b) Providing of Reports.
(1) Unless otherwise ordered, the expert shall prepare and provide a written report to the attorney for each party or the party, if unrepresented, and the guardian ad litem, if appointed, a reasonable time before any evidentiary hearing on the matter at issue. The expert also shall send written notice to the court that the report has been completed and that a copy of the written report has been provided to the attorney for each party or the party, if unrepresented, and the guardian ad litem, if appointed. In any event, the written report shall be prepared and provided no later than 30 days before trial or 75 days from the order of appointment, unless the time is extended by order of the court.
(2) On motion of any party, the court may order the expert to produce the expert's complete file to another qualified licensed mental health professional, at the initial cost of the requesting party, for review by such qualified licensed mental health expert, who may testify.
*19 (c) Testimony of Other Professionals. Any other expert who has treated, tested, interviewed, examined, or evaluated a child may testify only if the court determines that good cause exists to permit the testimony. The fact that no notice of such treatment, testing, interview, examination, or evaluation of a child was given to both parents shall be considered by the court as a basis for preventing such testimony.
(d) Communications with Court by Expert. No expert may communicate with the court without prior notice to the parties and their attorneys, who shall be afforded the opportunity to be present and heard during any such communication between the expert and the court. A request for communication with the court may be informally conveyed by letter or telephone. Further communication with the court, which may be conducted informally, shall be done only with notice to the parties.
(e) Use of Evidence. An expert appointed by the court shall be subject to the same examination as a privately retained expert and the court shall not entertain any presumption in favor of the appointed expert's findings. Any finding or report by an expert appointed by the court may be entered into evidence on the court's own motion or the motion of any party in a manner consistent with the rules of evidence, subject to crossexamination by the parties. The report shall not be considered by the court before it is properly admitted into evidence.

Committee Note
1997 Adoption. This rule should be interpreted to discourage subjecting children to multiple interviews, testing, and evaluations, without good cause shown. The court should consider the best interests of the child in permitting evaluations, testing, or interviews of the child. The parties should cooperate in choosing a mental health professional or individual to perform this function to lessen the need for multiple evaluations.
This rule is not intended to prevent additional mental health professionals who have not treated, interviewed, or evaluated the child from testifying concerning review of the data produced pursuant to this rule.
This rule is not intended to prevent a mental health professional who has engaged in long-term treatment of the child from testifying about the minor child.

RULE 12.491. CHILD SUPPORT ENFORCEMENT
(a) Limited Application. This rule shall be effective only when specifically invoked by administrative order of the chief justice for use in a particular county or circuit.
(b) Scope. This rule shall apply to proceedings for the establishment, enforcement, or modification of child support wherein the party seeking support is receiving services pursuant to Title IV-D of the Social Security Act (42 U.S.C. §§ 651 et seq.) and to non-Title IV-D proceedings upon administrative order of the chief justice.
(c) Support Enforcement Hearing Officers. The chief judge of each judicial circuit shall appoint such number of support enforcement hearing officers for the circuit or any county within the circuit as are necessary to expeditiously perform the duties prescribed by this rule. A hearing officer shall be a member of The Florida Bar unless waived by the chief justice and shall serve at the pleasure of the chief judge and a majority of the circuit judges in the circuit.
(d) Referral. Upon the filing of a cause of action or other proceeding for the establishment, enforcement, or modification of support to which this rule applies, the court or clerk of the circuit court shall refer such proceedings to a support enforcement hearing officer, pursuant to procedures to be established by administrative order of the chief judge.
(e) General Powers and Duties. The support enforcement hearing officer shall be empowered to issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence. A support enforcement hearing officer does not have the authority to hear contested paternity cases. Upon the receipt of a support proceeding, the support enforcement hearing officer shall:
(1) assign a time and place for an appropriate hearing and give notice to each of the parties as may be required by law;
*20 (2) take testimony and establish a record, which record may be by electronic means as provided by Florida Rule of Judicial Administration 2.070(d);
(3) accept voluntary acknowledgment of paternity and support liability and stipulated agreements setting the amount of support to be paid; and
(4) evaluate the evidence and promptly make a recommended order to the court. Such order shall set forth findings of fact.
(f) Entry of Order and Relief from Order. Upon receipt of a recommended order, the court shall review the recommended order and shall enter an order promptly unless good cause appears to amend the order, conduct further proceedings, or refer the matter back to the hearing officer to conduct further proceedings. Any party affected by the order may move to vacate the order by filing a motion to vacate within 10 days from the date of entry. Any party may file a cross-motion to vacate within 10 days from the date of rendition; an additional 5 days shall be allowed if the order was served by mail. Any party may file a cross-motion to vacate within 5 days of service of a motion to vacate, provided, however, that the filing of a cross-motion to vacate shall not delay the hearing on the motion to vacate unless good cause is shown. A motion to vacate the order shall be heard within 10 days after the movant applies for hearing on the motion.
(g) Modification of Order. Any party affected by the order may move to modify the order at any time.
(h) Record. For the purpose of hearing on a motion to vacate, a record, substantially in conformity with this rule, shall be provided to the court by the party seeking review.
(1) The record shall consist of the court file, including the transcript of the proceedings before the hearing officer, if filed, and all depositions and evidence presented to the hearing officer.
(2) The transcript of all relevant proceedings shall be delivered to the judge and provided to opposing counsel not less than 48 hours before the hearing on the motion to vacate. If less than a full transcript of the proceedings taken before the hearing officer is ordered prepared by the moving party, that party shall promptly file a notice setting forth the portions of the transcript that have been ordered. The responding party shall be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the motion to vacate or cross-motion to vacate.
(3) The cost of the original and all copies of the transcript of the proceedings shall be borne initially by the party seeking review, subject to appropriate assessment of suit monies. Should any portion of the transcript be required as a result of a designation filed by the responding party, the party making the designation shall bear the initial cost of the additional transcript.

Commentary
1995 Adoption. Previously, this rule was contained in Florida Rule of Civil Procedure 1.491. The new rule is substantially the same as previous rule 1.491, with the following additions.
It is intended that any administrative order issued by the chief justice of the Florida Supreme Court under rule 1.491(a) shall remain in full force and effect as though such order was rendered under this rule until changed by order of that same court.
Subdivision (e) now makes clear that contested paternity cases are not to be heard by support enforcement hearing officers.
Subdivision (h) has been added to provide requirements for a record.
The following notes and commentary have been carried forward from rule 1.491.
1988 Adoption. Title: The terminology "hearing officer" is used rather than "master" to avoid confusion or conflict with rule 1.490.
Subdivision (a): The rule is intended as a fall back mechanism to be used by the chief justice as the need may arise.
Subdivision (b): The expedited process provisions of the applicable federal regulations apply only to matters which fall within the purview of Title IV-D. The committee recognizes, however, that the use of hearing officers could provide a useful case flow management *21 tool in non-Title IV-D support proceedings.
It is contemplated that a circuit could make application to the chief justice for expansion of the scope of the rule upon a showing of necessity and good cause. It is the position of the representative of the Family Law Section of The Florida Bar that reference of non-Title IV-D proceedings should require the consent of the parties as is required by rule 1.490(c).
Subdivision (c): It is the position of the committee that hearing officers should be members of the Bar in that jurisdictional and other legal issues are likely to arise in proceedings of this nature. The waiver provision is directed to small counties in which it may be difficult or impossible to find a lawyer willing to serve and to such other special circumstances as may be determined by the chief justice.
Subdivision (d): This paragraph recognizes that the mechanics of reference and operation of a program are best determined at the local level.
Subdivision (e): This paragraph is intended to empower the hearing officer to fully carry out his or her responsibilities without becoming overly complicated. The authority to enter defaults which is referred to in the federal regulations is omitted, the committee feeling that the subject matter is fully and adequately covered by rule 1.500.
The authority to accept voluntary acknowledgments of paternity is included at the request of the Department of Health and Rehabilitative Services. Findings of fact are included in the recommended order to provide the judge to whom the order is referred basic information relating to the subject matter.
Subdivision (f): Expedited process is intended to eliminate or minimize delays which are perceived to exist in the normal processing of cases. This paragraph is intended to require the prompt entry of an order and to guarantee due process to the obligee.
General Note: This proposed rule, in substantially the same form, was circulated to each of the chief judges for comment. Five responses were received. Two responding endorsed the procedure, and 3 responding felt that any rule of this kind would be inappropriate. The committee did not address the question of funding, which included not only salaries of hearing officers and support personnel, but also capital outlay for furniture, fixtures, equipment and space, and normal operating costs. The committee recognizes that the operational costs of such programs may be substantial and recommends that this matter be addressed by an appropriate body.

RULE 12.610. INJUNCTIONS FOR DMESTIC AND REPEAT VIOLENCE
(a) Application. This rule shall apply only to temporary and permanent injunctions for protection against domestic violence and temporary and permanent injunctions for protection against repeat violence. All other injunctive relief sought in cases to which the Family Law Rules apply shall be governed by Florida Rule of Civil Procedure 1.610.
(b) Petitions.
(1) Requirements for Use.
(A) Domestic Violence. Any person may file a petition for an injunction for protection against domestic violence if they certify under oath that
(i) the party filing the injunction and the party against whom the injunction is sought are spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, or persons who have a child in common regardless of whether they have been married or have resided together at any time;
(ii) the party filing the petition was the victim of, or has reasonable cause to believe he or she may becomeis in imminent danger of becoming the victim of an assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death perpetrated by the party against whom the injunction is sought; and

*22 (iii) the specific facts and circumstances upon the basis of which relief is sought are true.
(B) Repeat Violence. Any person may file a petition for an injunction for protection against repeat violence if they certify under oath that
(i) two incidents of violence, defined as any assault, battery, sexual battery or stalking, one of which must have occurred within 6 months of the filing of the petition, have been committed by the person against whom the injunction is sought against the petitioner or the petitioner's immediate family member; and
(ii) the specific facts and circumstances upon the basis of which relief is sought are true.
(2) Service of Petitions.
(A) Domestic Violence. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against domestic violence, financial affidavit (if support is sought), Uniform Child Custody Jurisdiction Act affidavit (if custody is sought), temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(B) Repeat Violence. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against repeat violence, temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(C) Additional Documents. Service of pleadings in cases of domestic or repeat violence other than the petition and orders granting injunctions shall be governed by rules 12.070 and 12.080.
(3) Consideration by Court. Upon the filing of a petition, the court shall set a hearing to be held at the earliest possible time. A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. When the only ground for denial is no appearance of an immediate and present danger of domestic violence, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time. Nothing herein affects a petitioner's right to promptly amend any petition, or otherwise be heard in person on any petition consistent with these rules.
(4) Forms.
(A) Provision of Forms. The clerk of the court or family or domestic/repeat violence intake personnel shall provide simplified forms, including instructions for completion, for any person whose circumstances meet the requirements of this rule and shall assist the petitioner in obtaining an injunction for protection against domestic or repeat violence as provided by law.
(B) Confidential Filing of Address. A petitioner's address may be furnished to the court in a confidential filing separate from a petition or other form if, for safety reasons, a petitioner believes that the address should be concealed. The ultimate determination of a need for confidentiality must be made by the court as provided in Florida Rule of Judicial Administration 2.051.
(c) Orders of Injunction.
(1) Consideration by Court.
(A) Temporary Injunction. For the injunction for protection to be issued ex parte, it must appear to the court that an immediate and present danger of domestic or repeat violence exists. In an ex parte hearing for the purpose of obtaining an ex parte temporary injunction, the court may limit the evidence to the verified pleadings or affidavits or may receive additional testimony under oath if necessary for a determination of whether an immediate and present danger of domestic or repeat violence exists. If the respondent appears at the hearing or has received reasonable notice of the hearing, the court may hold a hearing on the petition.
(B) Permanent Injunction. A full evidentiary hearing shall be conducted.
(2) Issuing of Injunction.

*23 (A) Standarized Forms. The temporary and permanent injunction forms in these rules for repeat and domestic violence injunctions shall be the forms used in the issuance of injunctions under chapters 741 and 784, Florida Statutes. Additional provisions, not inconsistent with the standarized portions of those forms, may be added to the special provisions section of the temporary and permanent injunction forms on the written approval of the chief judge of the circuit. Copies of such additional provisions shall be sent to the Chief Justice, the chair of the Family Law Rules Committee of The Florida Bar, the chair of the Family Courts Steering Committee, and the chair of The Governor's Task Force on Domestic and Sexual Violence.
(B) Bond. No bond shall be required by the court for the entry of an injunction for protection against domestic or repeat violence. The clerk of the court shall provide the parties with sufficient certified copies of the order of injunction for service.
(3) Service of Injunctions.
(A) Temporary Injunction. A temporary injunction for protection against domestic or repeat violence must be personally served. When the respondent has been served previously with the temporary injunction and has failed to appear at the initial hearing on the temporary injunction, any subsequent pleadings seeking an extension of time may be served on the respondent by the clerk of the court by certified mail in lieu of personal service by a law enforcement officer. If the temporary injunction was issued after a hearing because the respondent was present at the hearing or had reasonable notice of the hearing, the injunction may be served in the manner provided for a permanent injunction.
(B) Permanent Injunction.
(i) Party Present at Hearing. The parties may acknowledge receipt of the permanent injunction for protection against domestic or repeat violence in writing on the face of the original order. If a party is present at the hearing and that party fails or refuses to acknowledge the receipt of a certified copy of the injuction, the clerk shall cause the order to be served by mailing certified copies of the injunction to the parties who were present at hearing at the last known address of each party. Service by mail is complete upon mailing. When an order is served pursuant to this subdivision, the clerk shall prepare a written certification to be placed in the court file specifying the time, date, and method of service and within 24 hours shall forward a copy of the injunction and the clerk's affidavit of service to the sheriff with jurisdiction over the residence of the petitioner. This procedure applies to service of orders to modify or vacate injunctions for protection against domestic or repeat violence.
(ii) Party not Present at Hearing. Within 24 hours after the court issues, continues, modifies, or vacates an injunction for protection against domestic or repeat violence, the clerk shall forward a copy of the injunction to the sheriff with jurisdiction over the residence of the petitioner for service.
(4) Duration.
(A) Temporary Injunction. Any temporary injunction shall be effective for a fixed period not to exceed 15 days. A full hearing shall be set for a date no later than the date when the temporary injunction ceases to be effective. The court may grant a continuance of the temporary injunction and of the full hearing for good cause shown by any party, or upon its own motion for good cause, including failure to obtain service.
(B) Permanent Injunction. Any relief granted by an injunction for protection against domestic or repeat violence shall be granted for a fixed period not to exceed 1 yearor until further order of court. Such relief may be granted in addition to other civil and criminal remedies. Upon petition of the victim, the court may extend the injunction for successive fixed periods not to exceed 1 year or until further order of court. Broad discretion resides with the court to grant an extension after considering the circumstances. No specific allegations are required.
*24 (5) Enforcement. The court may enforce violations of an injunction for protection against domestic or repeat violence in civil contempt proceedings, which are governed by rule 12.570, or in criminal contempt proceedings, which are governed by Florida Rule of Criminal Procedure 3.840, or, if the violation meets the statutory criteria, it may be prosecuted as a crime under Florida Statutes.
(6) Motion to Modify or Vacate Injunction. The petitioner or respondent may make a motion to the court to modify or vacate an injunction at any time. Motions to modify or vacate an injunction shall be governed by the Florida Rules of Civil Procedure.
(7) Forms. The clerk of the court or family or domestic/repeat violence intake personnel shall provide simplified forms including instructions for completion, for the persons whose circumstances meet the requirements of this rule and shall assist in the preparation of the affidavit in support of the violation of an order of injunction for protection against domestic or repeat violence.

Commentary
1995 Adoption. A cause of action for an injunction for protection against domestic violence and repeat violence has been created by section 741.30, Florida Statutes (Supp. 1994) (modified by chapter 95-195, Laws of Florida), and section 784.046, Florida Statutes (Supp.1994), respectively. This rule implements those provisions and is intended to be consistent with the procedures set out in those provisions except as indicated in this commentary. To the extent a domestic or repeat violence matter becomes criminal or is to be enforced by direct or indirect criminal contempt, the appropriate Florida Rules of Criminal Procedure will apply.
The facts and circumstances to be alleged under subdivision 12.610(b)(1)(A) include those set forth in Florida Family Law Form 12.980(b). An injunction for protection against domestic or repeat violence may be sought whether or not any other cause of action is currently pending between the parties. However, the pendency of any such cause of action must be alleged in the petition. The relief the court may grant in a temporary or permanent injunction against domestic violence is set forth in section 741.30(6).
The facts and circumstances to be alleged under subdivision (b)(1)(B) include those set forth in Florida Family Law Form 12.980(d). The relief the court may grant in a temporary or permanent injunction against repeat violence is set forth in section 784.046(7), Florida Statutes.
Subdivision (b)(4) expands sections 741.30(2)(c)1 and (2)(c)2, Florida Statutes, to provide that the responsibility to assist the petitioner may be assigned not only to the clerk of court but also to the appropriate intake unit of the court. Family Law Form 12.980(b) provides the form for a petition for injunction against domestic violence. If the custody of a child is at issue, a Uniform Child Custody Jurisdiction Act affidavit must be provided and completed in conformity with Family Law Form 12.901(f). If alimony or child support is sought a Financial Affidavit must be provided and completed in conformity with Family Law Form 12.901(d) or 12.901(e).
Subdivision (c)(1)(A) expands chapter 95-195, Laws of Florida, and section 784.046(6)(a), Florida Statutes, to make the limitation of evidence presented at an ex parte hearing permissive rather than mandatory given the due process concerns raised by the statutory restrictions on the taking of evidence.
Unlike traditional injunctions, under subdivision (c)(2), no bond will be required for the issuance of injunctions for protection against domestic or repeat violence. This provision is consistent with the statutes except that, unlike the statutes, it does not set a precise number of copies to be provided for service.
Subdivision (c)(3)(A) makes the procedure for service of a temporary order of injunction for protection against domestic violence and repeat violence consistent. This is intended to replace the differing requirements contained in sections 741.30(7)(b)3 and (7)(c)1 and 784.046(8)(a)1, Florida Statutes.
Subdivision (c)(3)(B) makes the procedure for service of a permanent order of injunction *25 for protection against domestic violence and repeat violence consistent. This is intended to replace the differing requirements contained in sections 741.30(7)(a)3 and (7)(c)1 and 784.046(8)(c)1, Florida Statutes, and to specifically clarify that service of the permanent injunction by mail is only effective upon a party who is present at the hearing which resulted in the issuance of the injunction.
Subdivision (c)(4)(A) restates sections 741.30(5)(c) and 784.046(6)(c), Florida Statutes, with some expansion. This subdivision allows the court upon its own motion to extend the protection of the temporary injunction for protection against domestic or repeat violence for good cause shown, which shall include, but not be limited to, failure to obtain service. This subdivision also makes the procedures in cases of domestic and repeat violence identical, resolving the inconsistencies in the statutes.
Subdivision (c)(4)(B) makes the procedures in cases of domestic and repeat violence identical, resolving inconsistencies in the statutes. As stated in section 741.30(1)(c), Florida Statutes, in the event a subsequent cause of action is filed under chapter 61, Florida Statutes, any orders entered therein shall take precedence over any inconsistent provisions of an injunction for protection against domestic violence which addresses matters governed by chapter 61, Florida Statutes.
Subdivision (c)(5) implements a number of statutes governing enforcement of injunctions against domestic or repeat violence. It is intended by these rules that procedures in cases of domestic and repeat violence be identical to resolve inconsistencies in the statutes. As such, the procedures set out in section 741.31(1), Florida Statutes, are to be followed for violations of injunctions for protection of both domestic and repeat violence. Pursuant to that statute, the petitioner may contact the clerk of the court of the circuit court of the county in which the violation is alleged to have occurred to obtain information regarding enforcement.
Subdivision (c)(7) expands sections 741.30(2)(c)1 and (2)(c)2, Florida Statutes, to provide that the responsibility to assist a petitioner may not only be assigned to the clerk of court but also to the appropriate intake unit of the court. This subdivision makes the procedures in cases of domestic and cases of repeat violence identical to resolve inconsistencies in the statutes.

Committee Note
1997 Amendment. This change mandates use of the injunction forms provided with these rules to give law enforcement a standardized form to assist in enforcement of injunctions. In order to address local concerns, circuits may add special provisions not inconsistent with the mandatory portions.

APPENDIX B

SECTION II

FAMILY LAW FORMS, COMMETARY, AND INSTRUCTIONS, AND APPENDICES

INTRODUCTION GENERAL INFORMATION FOR PRO SE LITIGANTS
On the page before each form you will find explanations of how that form is used in the court case, help in filling out the form, and a list of other forms you may need to fill out. The instructions for each form also say if there are any laws or court rules that could help you understand the form and its use in your case. The instructions are not the only place that you can get information about how a court case works or how that form is used and you may want to look at other law books for more help. The Florida Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil Procedure and other legal information books may be found in a law library at your county courthouse or a law school in your area.
There are five (5) appendices at the end of the forms. You should read the appendices that deal with the type of court case that you are a party to. There are also instructions with each form to help you fill out that form. Read each form carefully, it may tell you that there are other forms that need to be filled out and filed with the court. If you find out there is something you need to do in your case and you do not find the right form here, check the forme at the and of the Florida *26 Rules of Civil Procedure and you may find the form you need there.
Appendix 1-Simplified Dissolution of Marriage
Appendix 2-Regular Dissolution of Marriage
Appendix 3-Child Support
Appendix 4-Injunction for Protection
Appendix 5-Stepparent Adoption
You should read this General Information thoroughly before taking any other steps to file your case or represent yourself in court. Most of this information is not repeated in the attached forms. This information should provide you with an overview of the court system, its participants, and its processes. It should be useful whether you want to represent yourself in a pending matter or have a better understanding of the way family court works. This is not intended as a substitute for legal advice from an attorney. Each case has its own particular set of circumstances, and an attorney may advise you of what is best for you in your individual situation.
These instructions are not the only place that you can get information about how a family case works. You may want to look at other books for more help. The Florida Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil Procedure, and other legal information or books may be found at the public library or in a law library at your county courthouse or a law school in your area. If you are filing a petition forName Change and/or Adoption, these instructions may not apply.
If the word(s) is printed inbold, this means that the word is being emphasized. Throughout these instructions, you will also find words printed in bold and underlined. This means that the definitions of these words may be found in the glossary of common family law terms at the end of this general information section.

Commentary
1995 Adoption. To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added these simplified forms and directions to the Florida Family Law Rules of Procedure. The directions refer to the Florida Family Law Rules of Procedure or the Florida Rules of Civil Procedure. Many of the forms were adapted from the forms accompanying the Florida Rules of Civil Procedure. Practitioners should refer to the committee notes for those forms for rule history.
The forms were adopted by the Court pursuant to Family Law Rules of Procedure, No. 84,337 (Fla. June 15, 1995)Family Law Rules of Procedure, 667 So.2d 202 (Fla.1995); In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida BarStepparent Adoption Forms, 613 So.2d 900 (Fla.1992); Rules Regulating the Florida BarApproval of Forms, 581 So.2d 902 (Fla.1991).
Although the forms are part of these rules, they are not all inclusive and additional forms, as necessary, should be taken from the Florida Rules of Civil Procedure as provided in Florida Family Law Rules of Procedure. Also, the following notice has been included to strongly encourage individuals to seek the advice, when needed, of an attorney who is a member in good standing of the Florida Bar.
1997 Amendment. In 1997, the Florida Family Law Forms were completely revised to simplify and correct the forms. Additionally, the appendices were eliminated, the instructions contained in the appendices were incorporated into the forms, and the introduction following the Notice to Parties was created. Minor changes were also made to the Notice to Parties set forth below.

NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY AN ATTORNEY WHO IS A MEMBER IN GOOD STANDING OF THE FLORIDA BAR
If you have questions or concerns about these forms, instructions, commentary, instructions, and appendices, the use of the forms, or your legal rights, it is strongly recommended that you talk to an attorney. If you do not know an attorney, you should call the lawyer referral service listed in the yellow pages of the telephone *27 book under "Attorney." If you do not have the money to hire an attorney, you should call the legal aid office in your area.
Because the law does change, the forms and information about them may have become outdated. You should be aware that changes may have happenedtaken place in the law or court rules that would affect the accuracy of the forms, commentary, or instructions or appendices.
In no event will the Florida Supreme Court, The Florida Bar, or anyone contributing to the production of these forms, commentary, or instructions, and appendices be liable for any direct, indirect, or consequential damages resulting from their use.
[Note: From this point to the end of the forms all text has been completely changed and has been replaced with the following language and forms. Additionally, appendices have been deleted and the instructions contained therein have been incorporated into the instructions accompanying each form. Underlining of additions and strike-throughs of deletions have not been used to avoid confusion.]

FAMILY LAW PROCEDURES
Communication with the court... Ex parte communication is communication with the judge with only one party present. Judges are not allowed to engage in ex parte communication except in very limited circumstances, so, absent specific authorization to the contrary, you should not try to speak with or write to the judge in your case unless the other party is present or has been properly notified. If you have something you need to tell the judge, you must ask for a hearing and give notice to the other party or file a written statement in the court file and send a copy of the written statement to the other party.
Filing a case ... A case begins with the filing of a petition. A petition is a written request to the court for some type of legal action. The person who originally asks for legal action is called the petitioner and remains the petitioner throughout the case. A petition is given to the clerk of the circuit court, whose office is usually located in the county courthouse or a branch of the county courthouse. A case number is assigned and an official court file is opened. Delivering the petition to the clerk's office is called filing a case. A filing fee is usually required.
Once a case has been filed, a copy must be given to (served on) the respondent. The person against whom the original legal action is being requested is called the respondent, because he or she is expected to respond to the petition. The respondent remains the respondent throughout the case.
Service... When one party files a petition, motion, or other pleading, the other party must be "served" with a copy of the document. This means that the other party is given proper notice of the pending action(s) and any scheduled hearings. Personal service of the petition and summons on the respondent by a deputy sheriff or private process server is required in all original petitions and supplemental petitions, unless constructive service is permitted by law. Personal service may also be required in other actions by some judges. After initial service of the original or supplemental petition and summons by a deputy sheriff or private process server, service of most motions and other documents or papers filed in the case generally may be made by regular U.S. mail or hand delivery. However, service by certified mail is required at other times so you have proof that the other party actually received the papers. The instructions with each form will advise you of the type of service required for that form. If the other party is represented by an attorney, you should serve the attorney and send a copy to the other party, except for original or supplemental petitions, which must be personally served on the respondent.
Other than the initial original or supplemental petitions, anytime you file additional pleadings or motions in your case, you must provide a copy to the other party and include a certificate of service. Likewise, the other party must provide you with copies of everything *28 that he or she files. Service of additional documents is usually completed by U.S. mail. For more information, see the instructions for Certificate of Service (General), Florida Family Law Form 12.914.
Forms for service of process are included in the Florida Family Law Forms, along with more detailed instructions and information regarding service. The instructions to those forms should be read carefully to ensure that you have the other party properly served. If proper service is not obtained, the court cannot hear your case.
Note: If you absolutely do not know where the other party to your case lives or if the other party resides in another state, you may be able to use constructive service. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Form 12.913(b). Additionally, if the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
Default... After being served with a petition or counterpetition, the other party has 20 days to file a response. If a response to a petition is not filed, the petitioner may file a Motion for Default, Florida Family Law Form 12.922(a), with the clerk. This means that you may proceed with your case and set a final hearing, and a judge will make a decision, even if the other party will not cooperate. For more information, see rule 12.080(c), Florida Family Law Rules of Procedure.
Answer and counterpetition... After being served, the respondent has 20 days to file an answer admitting or denying each of the allegations contained in the petition. In addition to an answer, the respondent may also file a counterpetition. In a counterpetition, the respondent may request the same or some other relief or action not requested by the petitioner. If the respondent files a counterpetition, the petitioner should then file an Answer to Counterpetition, Florida Family Law Form 12.902(d), and either admit or deny the allegations in the respondent's counterpetition.
Mandatory disclosure... Rule 12.285, Florida Family Law Rules of Procedure, requires each party in a dissolution of marriage to exchange certain information and documents, and file a Financial Affidavit, Florida Family Law Form 12.901(d) or (e). Failure to make this required disclosure within the time required by the Florida Family Law Rules of Procedure may allow the court to dismiss the case or to refuse to consider the pleadings of the party failing to comply. This requirement also must be met in other family law cases, except adoptions, simplified dissolutions of marriage, enforcement proceedings, contempt proceedings, and proceedings for injunctions for domestic or repeat violence. The Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932, lists the documents that must be given to the other party. For more information see rule 12.285, Florida Family Law Rules of Procedure, and the instructions to the Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932.
Setting a hearing or trial... Generally, the court will have hearings on motions, final hearings on uncontested or default cases, and trials on contested cases. Before setting your case for final hearing or trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be met. These requirements vary depending on the type of case and the procedures in your particular jurisdiction. For further information, you should refer to the instructions for the type of form you are filing.
Next, you must obtain a hearing or trial date so that the court may consider your request. You should ask the clerk of court, or family law intake staff about the local procedure for setting a hearing or trial, which you should attend. These family law forms contain *29 orders and final judgments, which the judge may use. You should ask the clerk of court or family law intake staff if you need to bring one of these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Below are explanations of symbols or parts of different family law forms ...

{specify}, {date}, {name(s)}, {street}, {city}, {state}, {phone}
Throughout these forms, you will find hints such as those above. These tell you what to put in the blank(s).

[√ one only]

[√ all that apply]
These show how many choices you should check. Sometimes you may check only one, while other times you may check several choices. ( ) This also shows an area where you must make a choice. Check the ( ) in front of the choice that applies to you or your case.

 Florida Family Law Form
The symbol above tells you about another family law form you may need.
 IN THE CIRCUIT COURT OF THE ______(1)______ JUDICIAL CIRCUIT,
 IN AND FOR ______(2)______ COUNTY, FLORIDA
 Case No.:__________(3)__________
 Division:____________(4)________
 _______________(5)_______________,
 Petitioner,
 and
 ________________(6)_______________,
 Respondent.
 Line 1 The clerk of court can tell you the number of your judicial circuit. Type or
 print it here.
 Line 2 Type or print your county name on line (2).
 Line 3 If you are filing an initial petition or pleading, the Clerk of the Court will
 assign a case number after the case is filed. You should type or print this
 case number on all papers you file in this case.
 Line 4 The clerk of the court can tell you the name of the division in which your
 case is being filed, and you should type or print it here. Divisions vary from
 court to court. For example, your case may be filed in the civil division, the
 family division, or the juvenile division.
 Line 5 Type or print the legal name of the person who originally filed the case on
 line 5. This person is the petitioner because he/she is the one who filed the
 original petition.
 Line 6 Type or print the other party's legal name on line 6. The other party is the
 respondent because he/she is responding to the petition.
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this petition and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
 Dated: __________(1)_______________ _______________(2)_______________
 Signature of Petitioner
 Printed Name: ____________(3)_______
 Address: ________________(4)________
 City, State, Zip: _______(5)________
 Telephone Number:________(6)________
 Fax Number:_______________(7)_______
*30
 Some forms require that your signature be witnessed. You must sign the form in
 the presence of a notary public or deputy clerk (employee of the clerk of the court's
 office). When signing the form, you must have a valid photo identification unless the
 notary knows you personally. You should completely fill in all lines (1 & 3-7) except
 2 with the requested information, if applicable. Line 2, the signature line, must be
 signed in the presence of the notary.
 STATE OF FLORIDA
 COUNTY OF___________
 Sworn to or affirmed and signed before me on _________by_________________________
 ___________________________________________________
 NOTARY PUBLICSTATE OF FLORIDA
 ____________________________________________________
 [Print, type, or stamp commissioned name of notary.]
 ____Personally known
 ____Produced identification
 Type of identification produced____________
 DO NOT SIGN OR FILL IN THIS PART OF ANY FORM. This section of the
 form is to be completed by the notary public who is witnessing your signature.
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} ________(1)________, a
 nonlawyer, located at {street} ________(2)________, {City} ________(3)________,
 {state} ____(4)____, {phone} ______(5)______, helped {name} ________(6)________, who
 is the petitioner, fill out this form.
 This section should be completed by anyone who helps you fill out these forms but is
 not an attorney who is a member in good standing of The Florida Bar, which means
 that he or she is not licensed to practice law in Florida.
 Line 1 The nonlawyer who helps you should type or print his or her name on
 line 1.
 Lines 2-5 The nonlawyer's address and telephone number should be typed or
 printed on lines 2-5.
 Line 6 Your name should be typed or printed on line 6.
 In addition, a Disclosure from Nonlawyer, Florida Family Law Form 12.900,
 should be completed if a nonlawyer assists you. The disclosure is available as a
 family law form and should be completed before the nonlawyer helps you. This is to
 be sure that you understand the role and limitations of a nonlawyer. You and the
 nonlawyer should keep a copy of this disclosure for your records.

FAMILY LAW GLOSSARY OF COMMON TERMS AND DEFINITIONS
Note: The following definitions are intended to be helpful, BUT they are not intended to constitute legal advice or address every possible meaning of the term(s) contained in this glossary.
Affidavita written statement in which the facts stated are sworn or affirmed to be true.
Answerwritten response by a respondent that states whether he or she admits (agrees with) or denies (disagrees with) the allegations in the petition. Any allegations not *31 specifically denied are considered to be admitted.
Appealasking a district court of appeal to review the decision in your case. There are strict procedural and time requirements for filing an appeal.
Asseteverything owned by you or your spouse, including property, cars, furniture, bank accounts, jewelry, life insurance policies, businesses, or retirement plans. An asset may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Attorneya person with special education and training in the field of law who is a member in good standing of The Florida Bar and licensed to practice law in Florida. An attorney is the only person who is allowed to give you legal advice. An attorney may file your case and represent you in court, or just advise you of your rights before you file your own case. In addition to advising you of your rights, an attorney may tell you what to expect and help prepare you for court. In family law matters, you are not entitled to a court-appointed lawyer, like a public defender in a criminal case. However, legal assistance is often available for those who are unable to hire a private attorney. You may consult the yellow pages of the telephone directory for a listing of legal aid or lawyer referral services in your area, or ask your local clerk of court or family law intake staff what services are available in your area. You may also obtain information from the Florida Supreme Court's Internet cite located at http://www.flcourts.org/courts/supct.
Bondmoney paid to the clerk of court by one party in a case, to be held and paid to an enjoined party in the event that the first party causes loss or damage of property as a result of wrongfully enjoining the other party.
Central Governmental Depositorythe office of the clerk of court that is responsible for collecting and disbursing court-ordered alimony and child support payments. The depository also keeps payment records and files judgments if support is not paid.
Certificate of Servicea document that must be filed whenever a form you are using does not contain a statement for you to fill in showing to whom you are sending copies of the form. Florida Family Law Form 12.914 is the certificate of service form and contains additional instructions.
Certified Copya copy of an order or final judgment, certified by the clerk of the circuit court to be an authentic copy.
Certified Mailmail which requires the receiving party to sign as proof that they received it.
Child Supportmoney paid from one parent to the other for the benefit of their dependent or minor child(ren).
Clerk of the Circuit Courtelected official in whose office papers are filed, a case number is assigned, and case files are maintained. The clerk's office usually is located in the county courthouse.
Constructive Servicenotification of the other party by newspaper publication or posting of notice at designated places when the other party cannot be located for personal service. You may also be able to use constructive service when the other party lives in another state. Constructive service is also called "service by publication." However, when constructive service is used, the relief the Court may grant is limited. For more information on service, see the instructions for Florida Family Law Forms 12.910(a) and 12.913(a) and (b).
Contested Issuesany or all issues upon which the parties are unable to agree and which must be resolved by the judge at a hearing or trial.
Contingent Assetan asset that you may receive or get later, such as income, tax refund, accrued vacation or sick leave, a bonus, or an inheritance.
Contingent Liabilitya liability that you may owe later, such as payments for lawsuits, unpaid taxes, or debts that you have agreed or guaranteed to pay if someone else does not.
Counterpetitiona written request to the court for legal action, which is filed by a respondent after being served with a petition.
*32 Defaulta failure of a party to respond to the pleading of another party. This failure to respond may allow the court to decide the case without input from the party who did not appear or respond.
Delinquent - late.
Dependent Child(ren)child(ren) who depend on their parent(s) for support either because they are under the age of 18, they have a mental or physical disability that prevents them from supporting themselves, or they are in high school while between the ages of 18 and 19 and are performing in good faith with reasonable expectation of graduation before the age of 19.
Deputy Clerkan employee of the office of the clerk of court, which is usually located in the county courthouse or a branch of the county courthouse.
Dissolution of Marriagedivorce; a court action to end a marriage.
Enjoinedprohibited by the court from doing a specific act.
Ex Partecommunication with the judge by only one party. In order for a judge to speak with either party, the other party must have been properly notified and have an opportunity to be heard. If you have something you wish to tell the judge, you should ask for a hearing or file information in the clerk of court's office, with certification that a copy was sent to the other party.
Family Law Intake Staffa court's employee(s) who is (are) available to assist you in filing a family law case. Family law intake staff are not attorneys and cannot give legal advice. They may only assist you with filling out the form(s). Your local clerk's office can tell you if your county has such assistance available.
Filingdelivering a petition, response, motion, or other pleading in a court case to the clerk of court's office.
Filing Feean amount of money, set by law, that the petitioner must pay when filing a case. If you cannot afford to pay the fee, you must file an Affidavit of Indigency, Florida Family Law Form 12.901(c), to ask the clerk to file your case without payment of the fee.
Final Hearingtrial in your case.
Financial Affidavita sworn statement that contains information regarding your income, expenses, assets, and liabilities.
Final Judgmenta written document signed by a judge and recorded in the clerk of the circuit court's office that contains the judge's decision in your case.
Guardian ad Litema neutral person who may be appointed by the court to evaluate or investigate your child's situation, and file a report with the court about what is in the best interests of your child(ren). Guardians do not "work for" either party. The guardian may interview the parties, visit their homes, visit the child(ren)'s school(s) and speak with teachers, or use other resources to make their recommendation.
Hearinga legal proceeding before a judge or designated officer (general master or hearing officer) on a motion.
Judgean elected official who is responsible for deciding matters on which you and the other parties in your case are unable to agree. A judge is a neutral person who is responsible for ensuring that your case is resolved in a manner which is fair, equitable, and legal. A judge is prohibited by law from giving you or the other party any legal advice, recommendations, or other assistance, and may not talk to either party unless both parties are present, represented, or at a properly scheduled hearing.
Judicial Assistantthe judge's personal staff assistant.
Liabilitieseverything owed by you or your spouse, including mortgages, credit cards, or car loans. A liability may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Lump Sum Alimonymoney ordered to be paid by one spouse to another in a limited number of payments, often a single payment.
Mandatory Disclosureitems that must be disclosed by both parties except those exempted from disclosure by Florida Family Law Rule 12.285.
*33 Marital Assetgenerally, anything that you and/or your spouse acquired or received (by gift or purchase) during the marriage. For example, something you owned before your marriage may be nonmarital. An asset may only be determined to be marital by agreement of the parties or determination of the judge.
Marital Liabilitygenerally, any debt that you and/or your spouse incurred during the marriage. A debt may only be determined to be nonmarital by agreement of the parties or determination of the judge.
Mediator - a person who is trained and certified to assist parties in reaching an agreement before going to court. Mediators do not take either party's side and are not allowed to give legal advice. They are only responsible for helping the parties reach an agreement and putting that agreement into writing. In some areas, mediation of certain family law cases may be required before going to court.
Modificationa change made by the court in an order or final judgment.
Motiona request made to the court, other than a petition.
No Contacta court order directing a party not speak to, call, send mail to, visit, or go near his or her spouse, ex-spouse, child(ren), or other family member.
Nonlawyera person who is not a member in good standing of the Florida Bar.
Nonmarital Assetgenerally, anything owned separately by you or your spouse. An asset may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonmarital Liabilitygenerally, any debt that you or your spouse incurred before your marriage or since your separation. A debt may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonpartya person who is not the petitioner or respondent in a court case.
Notary Publica person authorized to witness signatures on court related forms.
Obligeea person to whom money, such as child support or alimony, is owed.
Obligora person who is ordered by the court to pay money, such as child support or alimony.
Ordera written decision signed by a judge and filed in the clerk of the circuit court's office, that contains the judge's decision on part of your case, usually on a motion.
Original Petitionsee Petition
Parenting Coursea class that teaches parents how to help their child(ren) cope with divorce and other family issues.
Partya person involved in a court case, either as a petitioner or respondent.
Paternity ActionA lawsuit used to determine whether a designated individual is the father of a specific child or children.
Payoran employer or other person who provides income to an obligor.
Permanent Alimonyspousal support ordered to be paid at a specified, periodic rate until modified by a court order, the death of either party, or the remarriage of the Obligee, whichever occurs first.
Personal Servicewhen a summons and a copy of a petition (or other pleading) that has been filed with the court are delivered by a deputy sheriff or private process server to the other party. Personal service is required for all petitions and supplemental petitions.
Petitiona written request to the court for legal action, which begins a court case.
Petitionerthe person who files a petition that begins a court case.
Pleadinga formal written statement of exactly what a party wants the court to do in a lawsuit or court action.
Primary Residence the home in which the child(ren) spends most of his/her (their) time.
Pro Se Litiganta person who appears in court without the assistance of a lawyer.
Pro Se Coordinatorsee Family Law Intake Staff.
Reasonable Visitationvisitation between the nonresidential parent and child(ren) that provides frequent and unhampered contact with the child(ren). Such visitation is designed *34 to encourage a close and continuing relationship with due regard for educational commitments of child(ren), any health or social factors of the child(ren), business and personal commitments of both parents, and home arrangements of both parents.
Rehabilitative Alimonyspousal support ordered to be paid for a limited period of time to allow one of the parties an opportunity to complete a plan of education or training, according to a rehabilitative plan accepted by the court, so that he or she may better support himself or herself.
Respondentthe person who is served with a petition requesting some legal action against him or her.
Rotating Custodyphysical custody of child(ren) after divorce, which is alternated between the mother and father at specified periods of time, as determined by the court. Rotating custody allows each parent equal time with the child(ren).
Scientific Paternity Testinga medical test to determine who is the father of a child.
Secondary Residential Responsibility (Visitation)the time that the parent with whom the child(ren) does (do) not have primary residence spends with the child(ren).
Servicethe delivery of legal documents to a party. This must be accomplished as directed by Florida Family Law Rule 12.070 and 12.080.
Shared Parental Responsibilityan arrangement under which both parents have full parental rights and responsibilities for their child(ren), and the parents make major decisions affecting the welfare of the child(ren) jointly. Shared Parental Responsibility is presumptive in Florida.
Sole Parental Responsibilitya parenting arrangement under which the responsibility for the minor child(ren) is given to one parent by the court, with or without rights of visitation to the other parent.
Specified Visitationa parenting arrangement under which a specific schedule is established for the visitation and exchange of the child(ren).
Spousea husband or wife.
Supervised Visitationa parenting arrangement under which visitation between a parent and his or her child(ren) is supervised by either a friend, family member, or a supervised visitation center.
Supplemental Petitiona petition that may be filed by either party after the judge has made a decision in a case and a final judgment or order has been entered. For example, a supplemental petition may be used to request that the court modify the previously entered final judgment or order.
Trialthe final hearing in a contested case.
Uncontestedany and all issues on which the parties are able to agree and which are part of a marital settlement agreement.

INSTRUCTIONS FOR FLORIDA FAILY LAW FORM 12.900, DISCLSURE FROM NONLAWYER

When should this form be used?
This form must be used when anyone who is not a lawyer in good standing with The Florida Bar helps you complete any Florida Family Law Form. Attorneys who are licensed to practice in other states but not Florida, or who have been disbarred or suspended from the practice of law in Florida, are nonlawyers for the purposes of the Florida Family Law Forms and instructions.
The nonlawyer must complete this form and both of you are to sign it.
In addition, on any other form with which a nonlawyer helps you, the nonlawyer shall complete the nonlawyer section located at the bottom of the form unless otherwise specified in the instructions to the form. This is to protect you and be sure that you are informed in advance of the nonlawyer's limitations.

What should I do next?
After this form has been completed, both you and the nonlawyer should keep a copy for your records.

*35 Special notes...
This disclosure form does NOT act as or constitute a waiver, disclaimer, or limitation of liability.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 DISCLOSURE FROM NONLAWYER
 I, {full legal name} ______________________certify that {nonlawyer's
 full legal and trade names} _____________________ explained to me that
 he or she is not an attorney who is a member in good standing of The Florida Bar
 and that he or she CANNOT: 1) give me legal advice; 2) tell me what my legal
 rights or remedies are; 3) represent me in court; or 4) tell me how to testify in
 court.
 This nonlawyer further explained to me that he or she CAN ONLY: 1) help me
 fill out forms that have been approved by the Supreme Court of Florida; 2) ask
 me questions to fill in the form(s); and 3) show or explain to me how to file the
 form(s).
 [√ one only]
 _____ I can read English.
 _____ I cannot read English, but this disclosure was read to me [ fill in both
 blanks] by
 {name}__________________ in {language}_________________________
 Dated:________________________________
 _______________________________________
 Signature of Party
 ______________________________________
 Signature of NONLAWYER
 Printed Name:_________________________
 Address:______________________________
 ______________________________________
 Telephone Number:_____________________
*36 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(a), PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE

When should this form be used?
This form should be used when a husband and wife are filing for a simplified dissolution of marriage. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You may file a simplified dissolution of marriage in Florida if all of the following are true:
 You and your spouse agree that the marriage cannot be saved.
 You and your spouse have no minor or dependent child(ren) together and the wife is not now pregnant.
 You and your spouse have worked out how the two of you will divide the things that you both own (your assets) and who will pay what part of the money you both owe (your liabilities), and you are both satisfied with this division.
 You are not seeking support (alimony) from your spouse, and vice versa.
 Neither you nor your spouse wish to have any financial information other than that provided in the financial affidavits.
 You are willing to give up your right to trial and appeal.
 You and your spouse are both willing to go into the clerk's office to sign the petition (not necessarily together).
 You and your spouse are both willing to go to the final hearing (at the same time).
If you do not meet the criteria above, you must file a regular petition for dissolution of marriage.
This petition should be typed or printed in black ink. Each of you must sign the petition in the presence of a deputy clerk (in the clerk's office), although you do not have to go into the clerk's office at the same time. You will need to provide picture identification (valid driver's license or official identification card) for the clerk to witness your signatures.

What should I do next?
1. After completing this form, you should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. In addition to this petition, you must file the forms listed below.
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (Each of you must complete a separate financial affidavit.)
 Notice of Social Security Number, Florida Family Law Form 12.901(j). (Each of you must complete a separate notice.)
 Marital Settlement Agreement, Florida Family Law Form 12.901(h)(3). (You will complete one agreement together.)
2. You must prove to the court that the husband and/or wife has (have) lived in Florida for more than 6 months before filing the petition for dissolution of marriage. Residence can be proved by:
 a valid Florida driver's license, Florida identification card, or voter registration card issued to one of you at least 6 months prior to filing for dissolution of marriage; or
 the testimony of another person who knows that either you or your spouse has resided in Florida for more than 6 months and is available to testify in court; or
 an affidavit. To prove residence by affidavit, use an Affidavit of Corroborating Witness, Florida Family Law Form 12.901(i). This form must be signed by a person who knows that either you or your spouse has lived in Florida for more than 6 months before the date that you filed the petition for dissolution of marriage. This affidavit may be signed in the presence of the clerk of the court or in the presence of a notary public, who must affix his or her seal at the proper place on the affidavit.
*37 3. You must pay the appropriate filing fees to the clerk of the circuit court. If you and your spouse cannot afford to pay the filing fees, you may ask the court to waive the filing fees. If requesting a waiver, you will need to fill out an Affidavit of Indigency, Florida Family Law Form 12.901(c), and file it with your petition for dissolution of marriage.
4. Either you or the clerk of court will need to complete a civil cover sheet found in Form 1.997 of the Florida Rules of Civil Procedure. The clerk's office can provide this form.
5. You must obtain a date and time for a court appearance from the clerk of court. On that date, you and your spouse must appear together before a judge. You should complete a Final Judgment of Simplified Dissolution of Marriage, Florida Family Law Form 12.990(a), and bring it with you to the hearing. At that time, if all of the papers are in order, the judge may grant a final judgment dissolving your marriage under simplified dissolution of marriage procedures by signing the final judgment which you have provided.
6. If you fail to complete this procedure, the court may dismiss the case to clear its records.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and Rule 12.105, Florida Family Law Rules of Procedure.

Special notes...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________JUDICIAL CIRCUIT,
 IN AND FOR________COUNTY, FLORIDA
 Case No.:_________________________
 Division:_________________________
 ________________________________,
 Husband,
 and
 ________________________________,
 Wife.
 PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
 We, {full legal name}, _____________________________________________ Husband,
 and {full legal name}, ___________________________________________, Wife, being
 sworn, certify that the following information is true:
 [ fill in all blanks]
 1. We are both asking the Court for a dissolution of our marriage.
 2. Husband lives in {name} ________ County, {state} ________, and has
 lived there since {date} ________. Wife lives in {name}__________
 County, {state} ________, and has lived there since {date} _______
 3. We were married to each other on {date} ______ in the city of {city} ______ in
 state of {state} ________, or country of {country} ____________________
 4. Our marriage is irretrievably broken.
*38
 5. Together, we have no minor (under 18) or dependent children and the wife is
 not pregnant.
 6. We have made a marital settlement agreement dividing our assets (what we
 own) and our liabilities (what we owe). We are satisfied with this agreement.
 Our marital settlement agreement, Florida Family Law Form
 12.901(h)(3), is attached. This agreement was signed freely and voluntarily by
 each of us and we intend to be bound by it.
 7. We have each completed and signed financial affidavits, Florida Family
 Law Forms 12.901(d) or (e), which are attached to this petition.
 8. Completed Notice of Social Security Number forms, Florida Family Law
 Form 12.901(j), are filed with this petition.
 9. [√ one only] ( ) yes ( ) no Wife wants to be known by her former name, which
 was {full legal name}_________________________________________________________
 10. We each certify that we have not been threatened or pressured into signing
 this petition. We each understand that the result of signing this petition may
 be a final judgment ending our marriage and allowing no further relief.
 11. We each understand that we both must come to the hearing to testify about
 the things we are asking for in this petition.
 12. We understand that we each may have legal rights as a result of our marriage
 and that by signing this petition we may be giving up those rights.
 13. We ask the Court to end our marriage and approve our marital settlement
 agreement.
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this petition and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
 Dated:_______________________________ __________________________________
 Signature of HUSBAND
 Printed Name:_____________________
 Address:__________________________
 City, State, Zip:_________________
 Telephone Number:_________________
 Fax Number:_______________________
 Sworn to or affirmed and signed before me on ____________ by ___________
 CLERK OF THE CIRCUIT COURT
 By: ____________________________
 Deputy Clerk
 ____Personally known
 ____Produced identification
 Type of identification produced___________
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this petition and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
 Dated: _______________________________ ___________________________________
 Signature of WIFE
*39
 Printed Name: _____________________
 Address: __________________________
 City, State, Zip: _________________
 Telephone Number: _________________
 Fax Number: _______________________
 Sworn to or affirmed and signed before me on ____________ by ___________,
 CLERK OF THE CIRCUIT COURT
 By: ______________________________
 Deputy Clerk
 ____Personally known
 ____Produced identification
 Type of identification produced___________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} ______________ {city} ______________,
 {state} __________, {phone} ________, helped {name} ___________,
 [√ one only] ( ) Husband ( ) Wife or ( ) both, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(b)(1), PETTION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

When should this form be used?
This form should be used when a husband or wife is filing for a dissolution of marriage and you and your spouse have a dependent or minor child(ren) together or the wife is pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You must file this form if the following is true:
 You and your spouse have a dependent or minor child(ren) together or the wife is pregnant.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served *40 with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Family Law Form 12.902(d).
Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(i).
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f).
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Affidavit of Corroborating Witness, Florida Family Law Form 12.901(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Affidavit of Indigency, Florida Family Law Form 12.901(c), if you are requesting that filing fees be waived.
 Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1), if you and your spouse have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family *41 Law Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
Child Custody... If you and your spouse are unable to agree about with whom the child(ren) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility  Sole Parental Responsibility  Rotating Custody  Primary Residential Responsibility  Secondary Residential Responsibility  Reasonable visitation  Specified visitation  Supervised visitation  No contact
Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. If you are requesting custody or primary residential responsibility for the child(ren), you should request child support in your petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Financial Affidavit, Florida Family Law Form 12.901(d) or (e), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities... Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including child support, custody, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital labilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
*42 Temporary Relief... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and visitation with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Family Law Form 12.947(a). For more information, see the instructions for that form.
Marital Settlement Agreement... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1). Both of you must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR
 MINOR CHILD(REN)
 I, {full legal name}_________________________________________________, the
 [√ one only] ( ) Husband ( ) Wife, being sworn, certify that the following statements
 are true:
 1. JURISDICTION/RESIDENCE
 ( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months
 before the filing of this Petition for Dissolution of Marriage.
 2. The husband [√ one only] ( ) is ( ) is not a member of the military service.
 The wife [√ one only] ( ) is ( ) is not a member of the military service.
 3. MARRIAGE HISTORY
 Date of marriage: {month, day, year}____________________________________
 Place of marriage: {city, state, country}_______________________________
*43
 Date of separation: {month, day, year} ___________ ([]√ if approximate)
 4. DEPENDENT OR MINOR CHILD(REN)
 [√ all that apply]
 ____ a. The wife is pregnant. Baby is due on: {date} ___________
 ____ b. The minor (under 18) child(ren) common to both parties are:
 Name Place of Birth Birth date Sex
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ____ c. The minor child(ren) born or conceived during the marriage who are not
 common to both parties are:
 Name Place of Birth Birth date Sex
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 The birth father(s) of the above minor child(ren) is (are) {name and address}
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____ d. The child(ren) common to both parties who are 18 or older but who are
 dependent upon the parties due to a mental or physical disability are:
 Name Place of Birth Birth date Sex
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 5. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, 
 Florida Family Law Form 12.901(f), is filed with this petition. (You must
 complete and attach this form in a dissolution of marriage with minor
 child(ren)).
 6. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this petition.
 7. This petition for dissolution of marriage should be granted because:
 [√ one only]
 ____ a. The marriage is irretrievably broken.
 ____ b. One of the parties has been adjudged mentally incapacitated for a period
 of 3 years prior to the filing of this petition. A copy of the Judgment of
 Incapacity is attached.
 SECTION I. MARITAL ASSETS AND LIABILITIES
 [√ one only]
 ____ 1. There are no marital assets or liabilities.
 ____ 2. There are marital assets or liabilities. All marital and nonmarital assets
 and liabilities are (or will be) listed in the financial affidavits, Florida
 Family Law Form 12.901(d) or (e), to be filed in this case.
 [√ all that apply]
 ____ a. All marital assets and liabilities have been divided by a written
 agreement between the parties, which is attached, to be incorporated
 into the final judgment of dissolution of marriage. (The parties may use
 Marital Settlement Agreement for Dissolution of Marriage with Dependent
 or Minor Child(ren), Florida Family Law Form 12.901(h)(1)).
 ____ b. The Court should determine how the assets and liabilities of this
 marriage are to be distributed, under section 61.075, Florida Statutes.
*44
 ____ c. Petitioner should be awarded an interest in Respondent's property
 because: ___________________________________________________________
 ____________________________________________________________________
 ____________________________________________________________________
 ____________________________________________________________________
 ____________________________________________________________________
 SECTION II. SPOUSAL SUPPORT (ALIMONY)
 [√ one only]
 ____ 1. Petitioner forever gives up his/her right to spousal support (alimony)
 from Respondent.
 ____ 2. Petitioner requests that the Court order Respondent to pay the following
 spousal support (alimony) and claims that he or she has a need for the support
 that he or she is requesting and Respondent has the ability to pay that
 support. Spousal support (alimony) is requested in the amount of $_______
 every ( ) week ( ) other week ( ) month, beginning {date} ___________ and
 continuing until {date or event} _________________ Explain why the
 Court should order Respondent to pay and any specific request(s) for type of
 alimony (temporary, permanent, rehabilitative, and/or lump sum): __________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 [√ if applies] ( ) Petitioner requests life insurance on Respondent's life,
 provided by Respondent, to secure such support.
 SECTION III. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND
 VISITATION
 1. The minor child(ren) currently reside(s) with ( ) Mother ( ) Father ( ) Other:
 {explain} ___________________________________________________________________
 _____________________________________________________________________________________
 2. Parental Responsibility. It is in the child(ren)'s best interests that parental
 responsibility be:
 [√ one only]
 ____ a. shared by both Father and Mother.
 ____ b. awarded solely to ( ) Father ( ) Mother. Shared parental responsibility
 would be detrimental to the child(ren) because: ____________________________________
 ____________________________________________________________________________________
 ____________________________________________________________________________________
 ____________________________________________________________________________________
 3. Primary Residential Parent (Custody). It is in the best interests of the
 child(ren) that the primary residential parent be ( ) Father ( ) Mother ( )
 undesignated ( ) rotating because: ___________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 4. Visitation or Time Sharing. Petitioner requests that the court order
 [√ all that apply]
 ____ a. no visitation.
 ____ b. limited visitation.
 ____ c. supervised visitation.
 ____ d. supervised or third-person exchange of child(ren).
 ____ e. visitation or time sharing as determined by the Court.
 ____ f. a visitation or time sharing schedule as follows:
 Explain the requested visitation or time sharing schedule:
*45
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 Explain why this request is in the best interests of the child(ren): ________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 Has the above visitation or time sharing schedule been agreed to by the parties?
 ( ) yes ( ) no
 SECTION IV. CHILD SUPPORT
 [√ all that apply]
 ____ 1. Petitioner requests that the Court award child support as determined by
 Florida's child support guidelines, section 61.30, Florida Statutes. A completed
 Child Support Guidelines Worksheet, Florida Family Law Form
 12.901(g), is, or will be filed. Such support should be ordered retroactive to:
 ____ a. the date of separation {date} _______
 ____ b. the date of the filing of this petition.
 ____ c. other {date} ______ {explain} ________________________
 ____ 2. Petitioner requests that the Court award child support to be paid beyond
 the age of 18 years because:
 ____ a. the following child(ren) {name(s)} _____________________________
 is (are) dependent because of a mental or physical incapacity which
 began before the age of 18.
 {explain} ________________________________________________________
 ___________________________________________________________________________
 ____ b. the following child(ren) {name(s)} ____________________________ is
 (are) dependent in fact and is (are) in high school while he/she (they) are
 between the ages of 18 and 19; said child(ren) is (are) performing in
 good faith with reasonable expectation of graduation before the age of
 19.
 ____ 3. Petitioner requests that the Court award a child support amount that is
 more than or less than Florida's child support guidelines. Petitioner understands
 that Motion to Deviate from Child Support Guidelines, Florida
 Family Law Form 12.943, must be filed before the court will consider this
 request.
 ____ 4. Petitioner requests that medical/dental insurance coverage for the minor
 child(ren) be provided by:
 [√ one only]
 ____ a. Father.
 ____ b. Mother.
 ____ 5. Petitioner requests that uninsured medical/dental expenses for the
 child(ren) be paid:
 [√ one only]
 ____ a. by Father.
 ____ b. by Mother.
 ____ c. by Father and Mother [each pay one-half].
 ____ d. according to the percentages in the Child Support Guidelines Worksheet,
 Florida Family Law Form 12.901(g).
 ____ e. Other {explain}: ___________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
*46
 ____ 6. Petitioner requests that life insurance to secure child support be provided
 by:
 ____ a. Father.
 ____ b. Mother.
 ____ c. Both.
 SECTION V. OTHER
 1. [If Petitioner is also the Wife, [√ one only] ( ) yes ( ) no Petitioner/Wife wants
 to be known by her former name, which was {full legal name} _________________
 2. Other relief {specify}: _____________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 SECTION VI. PETITIONER'S REQUEST (This section summarizes what you
 are asking the Court to include in the final judgment of dissolution of marriage.)
 Petitioner requests that the Court enter an order dissolving the marriage and:
 [√ all that apply]
 ____ 1. distributing marital assets and liabilities as requested in Section I of this
 petition;
 ____ 2. awarding spousal support (alimony) as requested in Section II of this
 petition;
 ____ 3. establishing the primary residential parent (custody), parental responsibility,
 and visitation for the dependent or minor child(ren) common to both
 parties, as requested in Section III of this petition;
 ____ 4. establishing child support for the dependent or minor child(ren) common to
 both parties, as requested in Section IV of this petition;
 ____ 5. restoring Wife's former name as requested in Section V of this petition;
 ____ 6. awarding other relief as requested in Section V of this petition;
 and any other terms the Court deems necessary.
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this petition and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
 Dated: _______________________________ __________________________________
 Signature of Petitioner
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF___________________
 Sworn to or affirmed and signed before me on ______________ by _____________,
 ___________________________________________________
 NOTARY PUBLICSTATE OF FLORIDA
 ___________________________________________________
 [Print, type, or stamp commissioned name of notary.]
 ____Personally known
 ____Produced identification
 Type of identification produced_______________
*47
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______________________,
a nonlawyer, located at {street} __________________, {city} ___________,
{state} ________, {phone} ____________, helped {name} _____________,
who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(b)(2), PETTION FOR DISSOLUTION OF MARIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

When should this form be used?
This form may be used when a husband or wife is filing for a dissolution of marriage, and the husband and wife have marital assets and/or marital liabilities but they do not have any dependent children nor is the wife is now pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a simplified dissolution of marriage petition, Florida Family Law Form 12.901(a). However, you cannot file for a simplified dissolution of marriage if any of the following are true:
 You disagree about property, debts, or other matters and wish to have a judge settle them for you.
 Either you or your spouse is seeking support (alimony).
 You would like to ask questions and get documents concerning your spouse's income, expenses, assets, debts, or other matters before having a trial or settlement.
 You would like to reserve your rights to have any matters reconsidered or appeal the judge's decision.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you *48 may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Family Law Form 12.902(d).
Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(i).
With this form, you must also file the following:
 Affidavit of Corroborating Witness, Florida Family Law Form 12.901(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Affidavit of Indigency, Florida Family Law Form 12.901(c), if you are requesting that filing fees be waived.
 Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(2), if you and your spouse have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
Alimony... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities... Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not *49 consider it when distributing marital assets and liabilities.
Temporary Relief... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Family Law Form 12.948(a). For more information, see the instructions for that form.
Marital Settlement Agreement... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(2). Both husband and wife must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Family Law Form 12.990(b)(2). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT, IN
 AND FOR__________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO
 DEPENDENT OR MINOR CHILD(REN)
 I, {full legal name} ________________________________________________, the
 [√ one only] ( ) Husband ( ) Wife, being sworn, certify that the following statements
 are true:
 1. JURISDICTION/RESIDENCE
 ( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months
 before the filing of this Petition for Dissolution of Marriage.
 2. The husband [√ one only] ( ) is ( ) is not a member of the military service.
 The wife [√ one only] ( ) is ( ) is not a member of the military service.
 3. MARRIAGE HISTORY
 Date of marriage: {month, day, year} ___________________________________
 Place of marriage: {city, state, country} ______________________________
*50
 Date of separation: {month, day, year} ___________ ([]√ if approximate)
 4. THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN)
 COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.
 5. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this petition.
 6. THIS PETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE
 GRANTED BECAUSE:
 [√ one only]
 ____ a. The marriage is irretrievably broken.
 ____ b. One of the parties has been adjudged mentally incapacitated for a period
 of 3 years before the filing of this petition. A copy of the Judgment of
 Incapacity is attached.
 SECTION I. MARITAL ASSETS AND LIABILITIES
 [√ one only]
 ____ 1. There are no marital assets or liabilities.
 ____ 2. There are marital assets or liabilities. All marital and nonmarital assets
 and liabilities are (or will be) listed in the financial affidavits, Florida Family
 Law Form 12.901(d) or (e), to be filed in this case.
 [√ all that apply]
 ____ a. All marital assets and debts have been divided by a written agreement
 between the parties, which is attached to be incorporated into the final
 judgment of dissolution of marriage. (The parties may use Marital Settlement
 Agreement for Simplified Dissolution of Marriage, Florida Family Law
 Form 12.901(h)(3) or Marital Settlement Agreement for Dissolution of Marriage
 with No Dependent or Minor Child(ren), Florida Family Law Form
 12.901(h)(2)).
 ____ b. The Court should determine how the assets and liabilities of this marriage
 are to be distributed, under section 61.075, Florida Statutes.
 ____ c. Petitioner should be awarded an interest in Respondent's property because:
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 SECTION II. SPOUSAL SUPPORT (ALIMONY)
 [√ one only]
 ____ 1. Petitioner forever gives up his/her right to spousal support (alimony)
 from Respondent.
 ____ 2. Petitioner requests that the Court order Respondent to pay the following
 spousal support (alimony) and claims that he or she has a need for the support
 that he or she is requesting and Respondent has the ability to pay that
 support. Spousal support (alimony) is requested in the amount of $________
 every ( ) week ( ) other week ( ) month, beginning {date} _____________
 and continuing until {date or event} __________________________________
 Explain why the Court should order Respondent to pay and any specific
 request(s) for type of alimony (temporary, permanent, rehabilitative, and/or
 lump sum): _____________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 [√ if applies] ( ) Petitioner requests life insurance on Respondent's life,
 provided by Respondent, to secure such support.
*51
 SECTION III. OTHER
 1. [If Petitioner is also the Wife, √ one only] ( ) yes ( ) no Petitioner/Wife wants
 to be known by her former name, which was {full legal name} _________________
 ______________________________________________________________________________________
 2. Other relief {specify}: _____________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 SECTION IV. PETITIONER'S REQUEST (This section summarizes what you
 are asking the Court to include in the final judgment of dissolution of marriage.)
 Petitioner requests that the Court enter an order dissolving the marriage and:
 [√ all that apply]
 ____ 1. distributing marital assets and liabilities as requested in Section I of this
 petition;
 ____ 2. awarding spousal support (alimony) as requested in Section II of this
 petition;
 ____ 3. restoring Wife's former name as requested in Section III of this petition;
 ____ 4. awarding other relief as requested in Section III of this petition;
 and any other terms the Court deems necessary.
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this petition and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
 Dated: _______________________________ __________________________________
 Signature of Petitioner
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF__________________
 Sworn to or affirmed and signed before me on ______________ by ________________,
 __________________________________________________
 NOTARY PUBLICSTATE OF FLORIDA
 __________________________________________________
 [Print, type, or stamp commissioned name of notary.]
 ____Personally known
 ____Produced identification
 Type of identification produced___________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [√ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} ______________________,
 a nonlawyer, located at {street} ______________, {city} ____________,
 {state} ________, {phone} ____________, helped {name} ___________,
 who is the petitioner, fill out this form.

*52 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(b)(3), PETTION FOR DISSOLUTION OF MARIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPETY

When should this form be used?
This form may be used when a husband or wife is filing for a dissolution of marriage, and the husband and wife have no marital assets and/or marital liabilities and they do not have any dependent children nor is the wife is now pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a petition for simplified dissolution of marriage, Florida Family Law Form 12.901(a). However, you may file this form if all of the following are true:
 You have no marital assets or marital debts.
 Neither you nor your spouse is seeking support (alimony).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files *53 an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Family Law Form 12.902(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(i).
With this form, you must also file the following:
 Affidavit of Corroborating Witness, Florida Family Law Form 12.901(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Affidavit of Indigency, Florida Family Law Form 12.901(c), if you are requesting that filing fees be waived.
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
Final Judgment Form... These family law forms contain a Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested), Florida Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 PETITION FOR DISSOLUTION OF MARRIAGE
 WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY
 I, {full legal name}____________________________________________, the
*54
 [√ one only] ( ) Husband ( ) Wife, being sworn, certify that the following statements
 are true:
 1. JURISDICTION/RESIDENCE
 ( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months
 before the filing of this Petition for Dissolution of Marriage.
 2. The husband [√ one only] ( ) is ( ) is not a member of the military service.
 The wife [√ one only] ( ) is ( ) is not a member of the military service.
 3. MARRIAGE HISTORY
 Date of marriage: {month, day, year}_________________________________________
 Place of marriage: {city, state, country}____________________________________
 Date of separation: {month, day, year} ___________ ([]√ if approximate)
 4. THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN)
 COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.
 5. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this petition.
 6. THIS PETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE
 GRANTED BECAUSE:
 [√ one only]
 ____ a. The marriage is irretrievably broken.
 ____ b. One of the parties has been adjudged mentally incapacitated for a period
 of 3 years before the filing of this petition. A copy of the Judgment of
 Incapacity is attached.
 7. THERE ARE NO MARITAL ASSETS OR LIABILITIES.
 8. PETITIONER FOREVER GIVES UP HIS/HER RIGHTS TO SPOUSAL
 SUPPORT (ALIMONY) FROM RESPONDENT.
 9. [If Petitioner is also the Wife, √ one only] ( ) yes ( ) no Petitioner/Wife wants
 to be known by her former name, which was {full legal name} _________________
 ______________________________________________________________________________________
 10. Other relief {specify}: _______________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 PETITIONER'S REQUEST (This section summarizes what you are asking the
 Court to include in the final judgment of dissolution of marriage.)
 Petitioner requests that the Court enter an order dissolving the marriage and:
 [√ all that apply]
 ____ 1. restoring Wife's former name as specified in paragraph 9 of this petition;
 ____ 2. awarding other relief as specified in paragraph 10 of this petition; and any
 other terms the Court deems necessary.
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this petition and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
 Dated: _______________________________ __________________________________
 Signature of Petitioner
 Printed Name: ____________________
*55
 Address: __________________________
 City, State, Zip: _________________
 Telephone Number: _________________
 Fax Number: _______________________
 STATE OF FLORIDA
 COUNTY OF___________________
 Sworn to or affirmed and signed before me on ______________ by _____________,
 ___________________________________________________
 NOTARY PUBLICSTATE OF FLORIDA
 ___________________________________________________
 [Print, type, or stamp commissioned name of notary.]
 ____Personally known
 ____Produced identification
 Type of identification produced_______________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [√ fill in all blanks]
 I, {full legal name and trade name of nonlawyer}___________________________,
 a nonlawyer, located at {street} ______________, {city}______________,
 {state} _______, {phone} ___________, helped {name}_____________,
 who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(c), AFFIDAVIT OF INDIGENCY

When should this form be used?
This form should be used by anyone in a family law case who is unable to pay court fees and costs and is requesting a waiver of those fees and costs.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. In addition, you must attach a Financial Affidavit, Florida Family Law Form 12.901(d), to this form.

What should I do next?
A copy of this form, along with all of the other necessary forms, must be mailed or hand delivered to your spouse in your case.
Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there.

Special notes...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(i).
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
*56
 Division: ____________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 AFFIDAVIT OF INDIGENCY
 I, {full legal name} ___________________, being sworn, certify that the
 following statements are true:
 I am financially insolvent and unable to pay the charges, costs, or fees otherwise
 payable by law to the clerk of the circuit court or sheriff in this civil action. I make
 this claim because:
 [√ one only]
 ____ a. I am currently receiving public assistance in the amount of: $__________
 per ( ) week ( ) month. My public assistance case number is:
 _______________ My financial affidavit, Florida Family Law Form
 12.901(d), is attached.
 ____ b. I am unable to pay those clerk's fees and costs because of indigency, based
 on facts contained in my Financial Affidavit, Florida Family Law Form
 12.901(d), which is attached.
 I CERTIFY THAT NO PERSON HAS BEEN PAID OR PROMISED ANY
 PAYMENT OF ANY REMUNERATION BY ME FOR SERVICES PEFORMED
 ON MY BEHALF IN CONNECTION WITH THIS ACTION OR
 PROCEEDING.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} ______
 Other party or his/her attorney:
 Name: ___________________________________________________________________________
 Address: ________________________________________________________________________
 City, State, Zip: _______________________________________________________________
 Fax Number: _____________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this affidavit and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
 Dated: _______________________________ ________________________________________
 Signature of Party
 Printed Name: __________________________
 Address: _______________________________
 City, State, Zip: ______________________
 Telephone Number: ______________________
 Fax Number: ____________________________
 STATE OF FLORIDA
 COUNTY OF___________________
 Sworn to or affirmed and signed before me on ______________ by __________________
 ___________________________________________________
 NOTARY PUBLICSTATE OF FLORIDA
 ____________________________________________________
 [Print, type, or stamp commissioned name of notary.]
*57
 ____Personally known
 ____Produced identification
 Type of identification produced____________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer}______________________,
 a nonlawyer, located at {street} ______________, {city}____________,
 {state} ________, {phone} ____________, helped {name}____________,
 who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(d), FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)

When should this form be used?
This form should be used when you are involved in a family law case which requires a financial affidavit and your individual gross income is UNDER $50,000 per year.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers. This must be accomplished within 45 days of service of the petition.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see rule 12.285, Florida Family Law Rules of Procedure.

Special notes...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(i).
The affidavit must be completed using monthly income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.

 HourlyIf you are paid by the hour, you may convert your income to monthly as follows:
 Hourly amount × Hours worked per week = Weekly amount
 Weekly amount × 52 Weeks per year = Yearly amount
 Yearly amount ÷ 12 Months per year = Monthly Amount
 DailyIf you are paid by the day, you may convert your income to monthly as follows:
 Daily amount × Days worked per week = Weekly amount
 Weekly amount × 52 Weeks per year = Yearly amount
 Yearly amount ÷ 12 Months per year = Monthly Amount
 WeeklyIf you are paid by the week, you may convert your income to monthly as follows:
 Weekly amount × 52 Weeks per year = Yearly amount
 Yearly amount ÷ 12 Months per year = Monthly Amount
 Bi-weeklyIf you are paid every two weeks, you may convert your income to monthly as
 follows:
 Bi-weekly amount × 26 = Yearly amount
 Yearly amount ÷ 12 Months per year = Monthly Amount
 Bi-monthlyIf you are paid twice per month, you may convert your income to monthly as
 follows:
 Bi-monthly amount × 2 = Monthly Amount

*58 Expenses may be converted in the same manner.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT, IN AND
 FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)
 (Under $50,000 Individual Gross Annual Income)
I, {full legal name} _______________________, being sworn, certify that the
following information is true:
My Occupation: ____________________ Employed by: ___________________________________
Business Address: ___________________________________________________________________
Pay rate: $________________ every week ( ) every other week ( ) twice a month ( )
monthly ( ) other: __________________________________________________________________
[] Check here if unemployed and explain on a separate sheet your efforts to find
employment.
SECTION I. PRESENT MONTHLY GROSS INCOME:
All amounts must be MONTHLY. See the instructions with this form to figure
out money amounts for anything that is NOT paid monthly. Attach more paper, if
needed. Items included under "other" should be listed separately with separate
dollar amounts.
 1. Monthly gross salary or wages 1. $________
 2. Monthly bonuses, commissions, allowances, overtime, tips, and
 similar payments 2. _________
 3. Monthly business income from sources such as self-employment,
 partnerships, close corporations, and/or independent
 contracts (gross receipts minus ordinary and necessary expenses
 required to produce income) ([] Attach sheet itemizing
 such income and expenses.) 3. _________
 4. Monthly disability benefits/SSI 4. _________
 5. Monthly Workers' Compensation 5. _________
 6. Monthly Unemployment Compensation 6. _________
 7. Monthly pension, retirement, or annuity payments 7. _________
 8. Monthly Social Security benefits 8. _________
 9. Monthly alimony actually received
 9a. From this case: $______
 9b. From other case(s): ______ Add 9a and 9b 9. _________
 10. Monthly interest and dividends 10. _________
 11. Monthly rental income (gross receipts minus ordinary and
 necessary expenses required to produce income) ([] Attach
 sheet itemizing such income and expense items.) 11. _________
*59
 12. Monthly income from royalties, trusts, or estates 12. _________
 13. Monthly reimbursed expenses and in-kind payments to the
 extent that they reduce personal living expenses 13. _________
 14. Monthly gains derived from dealing in property (not including
 nonrecurring gains)
 Any other income of a recurring nature (list source) 14. _________
 15. _________________________________________________________________ 15. _________
 16. _________________________________________________________________ 16. _________
 17. PRESENT MONTHLY GROSS INCOME
 (Add lines 1-16) TOTAL: 17. $________
PRESENT MONTHLY DEDUCTIONS:
 18. Monthly federal, state, and local income tax (corrected for
 filing status and allowable dependents and income tax liabilities)
 a. Filing Status ________
 b. Number of dependents claimed _________ 18. _________
 19. Monthly FICA or self-employment taxes 19. _________
 20. Monthly Medicare payments 20. _________
 21. Monthly mandatory union dues 21. _________
 22. Monthly mandatory retirement payments 22. _________
 23. Monthly health insurance payments (including dental insurance),
 excluding portion paid for any minor children of this
 relationship 23. _________
 24. Monthly court-ordered child support actually paid for children
 from another relationship 24. _________
 25. Monthly court-ordered alimony actually paid
 25a. from this case: $_________
 25b. from other case(s): __________ Add 25a and 25b 25. _________
 26. TOTAL DEDUCTIONS ALLOWABLE
 UNDER SECTION 61.30, FLORIDA
 STATUTES (Add lines 18 through 25) TOTAL: 26. $_________
PRESENT NET MONTHLY INCOME (Subtract line 26.
from line 17) 27. $_________
SECTION II. AVERAGE MONTHLY EXPENSES
A. HOUSEHOLD:
 Mortgage or rent $_________
 Property taxes $_________
 Utilities $_________
 Telephone $_________
 Food $_________
 Meals outside home $_________
 Maintenance/Repairs $_________
 Other: ___________________________________ $_________
B. AUTOMOBILE
 Gasoline $_________
 Repairs $_________
 Insurance $_________
C. CHILD(REN)'S EXPENSES
 Day care $_________
 Lunch money $_________
 Clothing $_________
 Grooming $_________
 Gifts for holidays $_________
 Medical/dental (uninsured) $_________
 Other: ____________________________________ $_________
D. INSURANCE
 Medical/dental $_________
 Child(ren)'s medical/dental $_________
E. OTHER EXPENSES NOT LISTED ABOVE
 Clothing $_________
 Medical/Dental (uninsured) $_________
 Grooming $_________
 Entertainment $_________
 Gifts $_________
 Church/Charities $_________
 Miscellaneous $_________
 Other: ____________________________________ $_________
 ___________________________________________ $_________
 ___________________________________________ $_________
 ___________________________________________ $_________
 ___________________________________________ $_________
 ___________________________________________ $_________
 ___________________________________________ $_________
F. PAYMENTS TO CREDITORS MONTHLY
 CREDITOR: PAYMENT
 ___________________________________________ $_________
 ___________________________________________ $_________
 ___________________________________________ $_________
 ___________________________________________ $_________
 ___________________________________________ $_________
 ___________________________________________ $_________
 ___________________________________________ $_________
 ___________________________________________ $_________
 ___________________________________________ $_________
*60
 Life $__________ _______________________ $_________
 Other: _____________________ $__________ _______________________ $_________
28. TOTAL MONTHLY EXPENSES (add ALL monthly amounts in A through F above) $_________
SUMMARY
29. TOTAL PRESENT MONTHLY NET INCOME
 from line 17 of SECTION I. INCOME) 29. $_________
30. TOTAL MONTHLY EXPENSES (from line 28 above) 30. $_________
31. SURPLUS (If line 29 is more than line 30, subtract line 30
 from line 29.
 This is the amount of your surplus. Enter that amount
 here.) 31. $_________
32. (DEFICIT) (If line 30 is more than line 29, subtract line 29
 from line 30.
 This is the amount of your deficit. Enter that amount here.) 32. ($______)
SECTION III: ASSETS AND LIABILITIES
Use the nonmarital column only if this is a petition for dissolution of marriage
and you believe an item is "nonmarital," meaning it belongs to only one of you
and should not be divided. You should indicate to whom you believe the item(s) or
debt belongs. (Typically, you will only use this column if property/debt was
owned/owed by one spouse before the marriage. See the instructions with this form
and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital"
assets and liabilities.)
A. ASSETS:
 DESCRIPTION OF ITEM(S). List a description of
 each separate item owned by you (and/or your spouse, Current Fair Nonmarital
 if this is a petition for dissolution of marriage). Market Value (√ correct column)
 √ the box next to any asset(s) which you are requesting
 the judge award to you. husband wife
 [] Cash (on hand) $
 [] Cash (in banks or credit unions)
 [] Stocks, Bonds, Notes
 [] Real estate: (Home)
 [] (Other)
 [] Automobiles
 [] Other personal property
 [] Retirement plans (Profit Sharing, Pension, IRA,
 401(k)s, etc.)
 [] Other
 []
 []
 []
 []
 []
 []
 [] √ here if additional pages are attached.
 Total Assets (add column B) $______
B. LIABILITIES:
*61
 DESCRIPTION OF ITEM(S). List a description of
 each separate debt owed by you if this is a petition Current Nonmarital
 for dissolution of marriate). Amount Owed (√ correct column)
 √ the box next to any debt(s) for which you believe
 you should be responsible. husband wife
 [] Mortgages on real estate $
 [] Auto loans
 []
 [] Charge/credit card accounts
 []
 []
 []
 [] Other
 []
 []
 []
 []
 []
 []
 [] √ here if additional pages are
 attached.
 Total Debts (add column B) $_______
C. CONTINGENT ASSETS AND LIABILITIES
INSTRUCTIONS: If you have any POSSIBLE assets (income potential, accrued
vacation or sick leave, bonus, inheritance, etc.) or POSSIBLE liabilities (possible
lawsuits, future unpaid taxes, debts assumed by another), you must list
them here.
 Possible Nonmarital
 Contingent Assets Value (√ correct column)
√ the box next to any contingent
asset(s) which you are requesting
the judge award to you. husband wife
 [] $
 []
 Total Contingent Assets $________
 Contingent Liabilities Possible Amount Nonmatrial
 Owed (√ correct column)
 √ the box next to any contingent
 debt(s) for which you believe you
 should be responsible. husband wife
 []
 []
 Total Contingent
 Liabilities $_________
SECTION IV: CHILD SUPPORT GUIDELINES WORKSHEET
( Florida Family Law Form 12.901(g), Child Support Guidelines Worksheet,
MUST be filed in all cases in which the parties have a minor child in common,
INCLUDING modifications of child support.)
*62
[√ one only]
____ A Child Support Guidelines Worksheet IS being filed in this case. The
 parties have one or more minor children in common or one of the parties is
 requesting a modification of a previous court order regarding child support.
____ A Child Support Guidelines Worksheet IS NOT being filed in this case.
 There are no minor children common to the parties in this case or, if this case
 involves a modification of a previous court order, child support is not an issue.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} ______________
Other party or his/her attorney:
Name: ____________________________________________________________________________________
Address: _________________________________________________________________________________
City, State, Zip: ________________________________________________________________________
Fax Number: ______________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this affidavit and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________ __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me ______________ on by _____________,
 ______________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ______________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced____________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [~ fill in all blanks]
I, {full legal name and trade name of nonlawyer}__________________________,
a nonlawyer, located at {street} ______________, {city}________________,
{state} ________, {phone} ____________, helped {name}____________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAILY LAW FORM 12.901(e), FAMILY LAW FINANCIAL AFFIDAVIT

When should this form be used?
This form should be used when you are involved in a family law case which requires a financial affidavit and your individual gross income is $50,000 OR MORE per year. Read the instructions at the beginning of each section because you may not be required to complete every section of the affidavit.
*63 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers. This must be accomplished within 45 days of service of the petition.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see rule 12.285, Florida Family Law Rules of Procedure.

Special notes...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(i).
The affidavit must be completed using monthly income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.

 HourlyIf you are paid by the hour, you may convert your income to monthly as follows:
 Hourly amounty × Hours worked per week = Weekly amount
 Weekly amount × 52 Weeks per year = Yearly amount
 Yearly amount ÷ 12 Months per year = Monthly Amount
 DailyIf you are paid by the day, you may convert your income to monthly as follows:
 Daily amount × Days worked per week = Weekly amount
 Weekly amount × 52 Weeks per year = Yearly amount
 Yearly amount ÷ 12 Months per year = Monthly Amount
 WeeklyIf you are paid by the week, you may convert your income to monthly as follows:
 Weekly amount × 52 Weeks per year = Yearly amount
 Yearly amount ÷ 12 Months per year = Monthly Amount
 Bi-weeklyIf you are paid every two weeks, you may convert your income to monthly as
 follows:
 Bi-weekly amount × 26 = Yearly amount
 Yearly amount ÷ 12 Months per year = Monthly Amount
 Bi-monthlyIf you are paid twice per month, you may convert your income to monthly as
 follows:
 Bi-monthly amount × 2 = Monthly Amount

Expenses may be converted in the same manner.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
*64
 and
__________________________________,
 Respondent.
 FAMILY LAW FINANCIAL AFFIDAVIT
 ($50,000 or more individual Gross Annual Income)
 I, {full legal name}__________________________________, being sworn,
certify that the following information is true:
SECTION I. INCOME
Read the instructions with this form; if they indicate that you must file this
financial affidavit, start here.
1. Date of Birth: _____________
2. Social Security Number: _______________________
3. My occupation is: _______________________________________________________________
4. I am currently
[√ all that apply]
____ a. Unemployed
 Describe your efforts to find employment, how soon you expect to be employed,
 and the pay you expect to receive: _____________________________________________
 ________________________________________________________________________________
____ b. Employed by: ________________________________________________________________
 Address: _______________________________________________________________________
 City, State, Zip code: _________________________________________________________
 Telephone Number: ______________________________________________________________
 Pay rate: $_____________________ every week ( ) every other week ( ) twice a
 month ( ) monthly ( ) other: ___________________________________________________
 If you are expecting to become unemployed or change jobs soon, describe the
 change you expect and why and how it will affect your income: __________________
 ________________________________________________________________________________
 [] check here if you currently have more than one job. List the information
 above for the second job(s) on a separate sheet and attach it to this affidavit.
____ c. Retired. Date of retirement: ____________________________
 Employer from whom retired: ____________________________________________________
 Address: _______________________________________________________________________
 City, State, Zip code: ______________________ Telephone Number: ________________
LAST YEAR'S GROSS INCOME: Your Income Other Party's Income (if known)
 YEAR__________ $______________ $_____________
PRESENT MONTHLY GROSS INCOME:
All amounts must be MONTHLY. See the instructions with this form to figure
out money amounts for anything that is NOT paid monthly. Attach more paper, if
needed. Items included under ""other" should be listed separately with separate
dollar amounts.
 1. Monthly gross salary or wages 1. $________
 2. Monthly bonuses, commissions, allowances, overtime, tips, and
 similar payments 2. __________
 3. Monthly business income from sources such as self-employment,
 partnerships, close corporations, and/or independent
 contracts (Gross receipts minus ordinary and necessary expenses
 required to produce income.) ([] Attach sheet itemizing
 such income and expenses.) 3. __________
 4. Monthly disability benefits/SSI 4. __________
 5. Monthly Workers' Compensation 5. __________
*65
 6. Monthly Unemployment Compensation 6. _________
 7. Monthly pension, retirement, or annuity payments 7. _________
 8. Monthly Social Security benefits 8. _________
 9. Monthly alimony actually received
 9a. From this case: $______
 9b. From other case(s): ______ Add 9a and 9b 9. _________
 10. Monthly interest and dividends 10. _________
 11. Monthly rental income (gross receipts minus ordinary and
 necessary expenses required to produce income) ([] Attach
 sheet itemizing such income and expense items.) 11. _________
 12. Monthly income from royalties, trusts, or estates 12. _________
 13. Monthly reimbursed expenses and in-kind payments to the
 extent that they reduce personal living expenses 13. _________
 14. Monthly gains derived from dealing in property (not including
 nonrecurring gains) 14. _________
 Any other income of a recurring nature (identify source)
 15. _______________________________________________________________ 15. _________
 16. _______________________________________________________________ 16. _________
 17. PRESENT MONTHLY GROSS INCOME
 (Add lines 1-16) TOTAL: 17. $________
 PRESENT MONTHLY DEDUCTIONS:
 All amounts must be MONTHLY. See the instructions with this form to figure
 out money amounts for anything that is NOT paid monthly
 18. Monthly federal, state, and local income tax (corrected for
 filing status and allowable dependents and income tax liabilities)
 a. Filing Status ________
 b. Number of dependents claimed _________ 18. $________
 19. Monthly FICA or self-employment taxes 19. _________
 20. Monthly Medicare payments 20. _________
 21. Monthly mandatory union dues 21. _________
 22. Monthly mandatory retirement payments 22. _________
 23. Monthly health insurance payments (including dental insurance),
 excluding portion paid for any minor children of this
 relationship 23. _________
 24. Monthly court-ordered child support actually paid for children
 from another relationship 24. _________
 25. Monthly court-ordered alimony actually paid
 25a. from this case: $_________ 25. _________
 25b. from other case(s): __________ Add 25a and 25b
 26. TOTAL DEDUCTIONS ALLOWABLE
 UNDER SECTION 61.30, FLORIDA
 STATUTES (Add lines 18 through 25) TOTAL: 26. $_________
 27. PRESENT NET MONTHLY INCOME (Subtract line
 26 from line 17) 27. $_________
SECTION II. AVERAGE MONTHLY EXPENSES
Proposed/Estimated Expenses. If this is a dissolution of marriage case and your
current expenses do not reflect what you will actually have to pay after your
marriage ends, you should write ""estimate" next to each amount that is proposed/estimated.
HOUSEHOLD:
 1. Monthly mortgage or rent payments 1. $_________
 2. Monthly property taxes (if not included in mortgage) 2. _________
 3. Monthly insurance on residence (if not included in mortgage) 3. _________
*66
 4. Monthly condominium maintenance fees and homeowner's
 association fees 4. _________
 5. Monthly electricity 5. _________
 6. Monthly water, garbage, and sewer 6. _________
 7. Monthly telephone 7. _________
 8. Monthly fuel oil or natural gas 8. _________
 9. Monthly repairs and maintenance 9. _________
 10. Monthly lawn care 10. _________
 11. Monthly pool maintenance 11. _________
 12. Monthly pest control 12. _________
 13. Monthly misc. household 13. _________
 14. Monthly food and grocery items 14. _________
 15. Monthly meals outside home 15. _________
 16. Monthly cable t.v. 16. _________
 17. Monthly alarm service contract 17. _________
 18. Monthly service contracts on appliances 18. _________
 19. Monthly maid service 19. _________
 Other:
 20. ________________________________________________________________ 20. _________
 21. ________________________________________________________________ 21. _________
 22. ________________________________________________________________ 22. _________
 23. ________________________________________________________________ 23. _________
 24. ________________________________________________________________ 24. _________
 25. SUBTOTAL (add lines 1 through 24) 25. $_______
AUTOMOBILE:
 26. Monthly gasoline and oil 26. $_______
 27. Monthly repairs 27. _________
 28. Monthly auto tags and emission testing 28. _________
 29. Monthly insurance 29. _________
 30. Monthly payments (lease or financing) 30. _________
 31. Monthly rental/replacements 31. _________
 32. Monthly alternative transportation (bus, rail, car, pool, etc.) 32. _________
 33. Monthly tolls and parking 33. _________
 34. Other: _________________________________________________________ 34. _________
 35. SUBTOTAL (add lines 26 through 34) 35. $_______
MONTHLY EXPENSES FOR CHILD(REN) FROM ANOTHER
RELATIONSHIP (other than court-ordered child support)
 36. ________________________________________________________________ 36. $_______
 37. ________________________________________________________________ 37. _________
 38. ________________________________________________________________ 38. _________
 39. ________________________________________________________________ 39. _________
 40. SUBTOTAL (add lines 36 through 39) 40. $________
MONTHLY INSURANCE
 41. Health insurance, excluding portion paid for any minor
 child(ren) of this relationship 41. $_______
 42. Life insurance 42. _________
 43. Dental insurance 43. _________
 Other:
 44. ________________________________________________________________ 44. _________
 45. ________________________________________________________________ 45. _________
 46. SUBTOTAL (add lines 41 through 45) 46. $_______
OTHER MONTHLY EXPENSES NOT LISTED ABOVE:
 47. Monthly dry cleaning and laundry 47. $________
*67
 48. Monthly clothing 48. _________
 49. Monthly medical, dental, and prescription (unreimbursed only) 49. _________
 50. Monthly psychiatric, psychological, and counselor (unreimbursed
 only) 50. _________
 51. Monthly non-prescription medications, cosmetics, toiletries,
 and sundries 51. _________
 52. Monthly grooming 52. _________
 53. Monthly gifts 53. _________
 54. Monthly pet expenses 54. _________
 55. Monthly club dues and membership 55. _________
 56. Monthly sports and hobbies 56. _________
 57. Monthly entertainment 57. _________
 58. Monthly periodicals/books/tapes/CD's 58. _________
 59. Monthly vacations 59. _________
 60. Monthly religious organizations 60. _________
 61. Monthly bank charges/credit card fees 61. _________
 62. Monthly education expenses 62. _________
Other: (include any usual and customary expenses not otherwise mentioned in the
items listed above)
 63. ________________________________________________________________ 63. _________
 64. ________________________________________________________________ 64. _________
 65. ________________________________________________________________ 65. _________
 66. ________________________________________________________________ 66. _________
 67. SUBTOTAL (add lines 47 through 66) 67. $________
MONTHLY PAYMENTS TO CREDITORS: (only when payments are currently
made by you on outstanding balances)
NAME OF CREDITOR(s):
 68. ________________________________________________________________ 68. $_______
 69. ________________________________________________________________ 69. _________
 70. ________________________________________________________________ 70. _________
 71. ________________________________________________________________ 71. _________
 72. ________________________________________________________________ 72. _________
 73. ________________________________________________________________ 73. _________
 74. ________________________________________________________________ 74. _________
 75. ________________________________________________________________ 75. _________
 76. ________________________________________________________________ 76. _________
 77. ________________________________________________________________ 77. _________
 78. ________________________________________________________________ 78. _________
 79. ________________________________________________________________ 79. _________
 80. ________________________________________________________________ 80. _________
 81. SUBTOTAL (add lines 68 through 80) 81. $_______
 82. TOTAL MONTHLY EXPENSES:
 (add lines 25, 35, 40, 46, 67, and 81 of Section II, Expenses) 82. $_______
SUMMARY
 83. TOTAL PRESENT MONTHLY NET INCOME
 (from line 27 of SECTION I. INCOME) 83. $_______
 84. TOTAL MONTHLY EXPENSES (from line 82 above) 84. $________
 85. SURPLUS (If line 83 is more than line 84, subtract line 84
 from line 83.
 This is the amount of your surplus. Enter that amount here.) 85. $_______
 86. (DEFICIT) (If line 84 is more than line 83, subtract 83 from
 line 84.
 This is the amount of your deficit. Enter that amount here.) 86. ($______)
*68
SECTION III: ASSETS AND LIABILITIES
A. ASSETS (This is where you list what you OWN.)
INSTRUCTIONS:
STEP 1: In column A, list a description of each separate item owned by you
(and/or your spouse, if this is a petition for dissolution of marriage). Blank spaces
are provided if you need to list more than one of an item.
STEP 2: If this is a petition for dissolution of marriage, check the box in Column A
next to any item that you are requesting the judge award to you.
STEP 3: In column B, write what you believe to be the current fair market value of
all items listed.
STEP 4: Use column C only if this is a petition for dissolution of marriage and
you believe an item is "nonmarital," meaning it belongs to only one of you and
should not be divided. You should indicate to whom you believe the item belongs.
(Typically, you will only use Column C if property was owned by one spouse before
the marriage. See the instructions with this form and section 61.075(1), Florida
Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)
 A B C
 Current Fair Nonmarital
 ASSETS: DESCRIPTION OF ITEM(S) Market Value (√ correct column)
 √ the box next to any asset(s) which you are requesting
 the judge award to you. husband wife
 [] Cash (on hand) $
 [] Cash (in banks or credit unions)
 []
 [] Stocks/Bonds
 []
 []
 [] Notes (money owed to you in writing)
 []
 []
 [] Money owed to you (not evidenced by a note)
 []
 []
 [] Real estate: (Home)
 [] (Other)
 []
 []
 []
 []
 []
 [] Business interests
 []
 []
 []
*69
 []
 [] Automobiles
 []
 []
 []
 [] Boats
 []
 []
 [] Other vehicles
 []
 []
 [] Retirement plans (Profit Sharing, Pension, IRA,
 401(k)'s, etc.)
 []
 []
 []
 [] Furniture & furnishings in home
 []
 [] Furniture & furnishings elsewhere
 []
 [] Collectibles
 []
 [] Jewelry
 []
 [] Life insurance (cash surrender value)
 []
 []
 [] Sporting and entertainment (T.V., stereo, etc.) equipment
 []
 []
 []
 []
 [] Other assets
 []
 []
 []
 []
 []
 []
 []
 Total Assets (add column B) $______
B. LIABILITIES/DEBTS (This is where you list what you OWE.)
INSTRUCTIONS:
*70
STEP 1: In column A, list a description of each separate debt owed by you (and/or
your spouse, if this is a petition for dissolution of marriage). Blank spaces are
provided if you need to list more than one of an item.
STEP 2: If this is a petition for dissolution of marriage, check the box in Column A
next to any debt(s) for which you believe you should be responsible.
STEP 3: In column B, write what you believe to be the current amount owed for
all items listed.
STEP 4: Use column C only if this is a petition for dissolution of marriage and
you believe an item is "nonmarital," meaning the debt belongs to only one of
you and should not be divided. You should indicate to whom you believe the debt
belongs. (Typically, you will only use Column C if the debt was owed by one spouse
before the marriage. See the instructions with this form and section 61.075(1),
Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)
 B C
 A
 Current Nonmarital
 Amount Owed (√ correct column)
 LIABILITIES: DESCRIPTION OF ITEM(S)
 √ the box next to any debt(s) for which you believe husband wife
 you should be responsible.
 [] Mortgages on real estate: (Home) $
 [] (Other)
 []
 []
 [] Charge/credit card
 accounts
 []
 []
 []
 []
 []
 [] Auto loan
 [] Auto loan
 [] Bank/Credit Union loans
 []
 []
 []
 [] Money you owe (not evidenced by a note)
 []
 [] Judgments
 []
 [] Other
 []
 []
 []
*71
 []
 []
 Total Debts (add column B) $______
C. NET WORTH (excluding contingent assets and liabilities)
 Total Assets (enter total of Column B in Asset Table; Section A) $________
 Total Liabilities (enter total of Column B in Liabilities Table;
 Section B) $________
 TOTAL NET WORTH (Total Assets minus Total Liabilities)
 (excluding contingent assets and liabilities) $________
D. CONTINGENT ASSETS AND LIABILITIES
INSTRUCTIONS:
If you have any POSSIBLE assets (income potential, accrued vacation or sick leave,
bonus, inheritance, etc.) or POSSIBLE liabilities (possible lawsuits, future unpaid
taxes, debts assumed by another), you must list them here.
 A B C
 Contingent Assets Nonmarital
 Possible Value (√ Correct Column)
 √ the box next to any contingent asset(s)
 which you are requesting the judge award to you. husband wife
 [] $
 []
 []
 []
 []
 Total Contingent Assets $_______
 A B C
 Contingent Liabilities Possible Amount Nonmarital
 Owed (√ correct column)
 √ the box next to any contingent debt(s)
 for which you believe you should be responsible. husband wife
 [] $
 []
 []
 []
 []
 Total Contingent
 Liabilities $______
E. Has there been any agreement between you and the other party that one of you
will take responsibility for a debt and will hold the other party harmless from that
debt? ( ) yes ( ) no If yes, explain: ___________________________________________________
_________________________________________________________________________________________
_________________________________________________________________________________________
_________________________________________________________________________________________
*72
__________________________________________________________________________________________
__________________________________________________________________________________________
ATTACHMENTS
CHILD SUPPORT GUIDELINES WORKSHEET. (Child Support Guidelines
Worksheet. Florida Family Law Form 12.901(g), MUST be filed in all cases in
which the parties have one or more children in common, INCLUDING modifications
of child support.)
[√ one only]
____ A Child Support Guidelines Worksheet IS being filed in this case. The
 parties have one or more minor children in common or one of the parties is
 requesting a modification of a previous court order regarding child support.
____ A Child Support Guidelines Worksheet IS NOT being filed in this case.
 There are no minor children common to the parties in this case or, if this case
 involves a modification of a previous court order, child support is not an issue.
I certify that a copy of this financial affidavit was: ( ) mailed, ( ) faxed and
mailed, or ( ) hand delivered to the person(s) listed below on {date} ______
Other party or his/her attorney:
Name: ____________________________________________________________________________________
Address: _________________________________________________________________________________
City, State, Zip: ________________________________________________________________________
Fax Number: ______________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this affidavit and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________ __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 _________________________________________________
 NOTARY PUBLIC-STATE OF
 FLORIDA
 _________________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced___________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}_________________________________,
a nonlawyer, located at {street} ______________, {city}______________________,
{state} ________, {phone} ____________, helped {name}___________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

*73 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(f), UNIFORM CHILD CUSTODY JURISDICTION ACT (UCCJA) AFFIDAVIT

When should this form be used?
This form should be used in any case involving custody of or visitation with any minor child(ren). This affidavit is required even if the custody and visitation of the minor child(ren) are not in dispute.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the begining of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see sections 61.130261.1354, Florida Statutes.

Special notes...
If you are the petitioner in an injunction for protection against domestic violence case and you have filed Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(i), you should write "confidential" in any space on this form that would require you to write the address where you are currently living.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 UNIFORM CHILD CUSTODY JURISDICTION ACT (UCCJA) AFFIDAVIT
I, {full legal name} __________________________, being sworn, certify that the
following statements are true:
1. The number of minor child(ren) subject to this proceeding is __________ The
name, social security number, place of birth, birth date, and sex of each child; the
present address, periods of residence, and places where each child has lived within
the past five (5) years; and the name, present address, and relationship to the child
of each person with whom the child has lived during that time are:
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # 1 :
*74
Child's Full Legal Name: ____________________________ S.S. #___________________
Place of Birth: ____________ Date of Birth:________________ Sex: __________
Child's Residence for the past 5 years:
Dates Address (including city Name and present address Relationship to
(From/To) and state) where child lived of person child lived with child
 /present*
 / 
 / 
 / 
 / 
 / 
* If you are the petitioner in an injunction for protection against domestic violence case and you have
filed Petitioner's Request for confidential Filing of Address, Florida Family Law Form 12.980(i),
you should write "confidential" in any space on this form that would require you to enter the address
where you are currently living.
(Make as many copies of page 2 as necessary).
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # __________:
Child's Full Legal Name: ____________________________ S.S. #___________________
Place of Birth: ____________ Date of Birth:________________ Sex: __________
Child's Residence for the past 5 years:
Dates Address (including city Name and present address Relationship to
(From/To) and state) where child lived of person child lived with child
 /present
 / 
 / 
 / 
 / 
 / 
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # __________:
Child's Full Legal Name: ____________________________ S.S. #___________________
Place of Birth: ____________ Date of Birth:________________ Sex: __________
Child's Residence for the past 5 years:
Dates Address (including city Name and present address Relationship to
(From/To) and state) where child lived of person child lived with child
 /present
*75
 / 
 / 
 / 
 / 
 / 
2. Participation in custody proceeding(s):
[√ one only]
____ I HAVE NOT participated as a party, witness, or in any capacity in any other
 litigation or custody proceeding in this or any other state, concerning custody
 of a child subject to this proceeding.
____ I HAVE participated as a party, witness, or in capacity in any other litigation
 or custody proceeding in this or another state, concerning custody of a child
 subject to this proceeding. Explain:
a. Name of each child: ____________________________________________________________
b. Type of proceeding: ____________________________________________________________
c. Court and state: _______________________________________________________________
d. Date of court order or judgment (if any): ______________________________________
3. Information about custody proceeding(s):
[√ one only]
____ I DO NOT KNOW OF ANY PERSON not a party to this proceeding who has
 physical custody or claim to have custody or visitation rights with respect to
 any child subject to this proceeding.
____ I KNOW THAT THE FOLLOWING NAMED PERSON(S) not a party to
 this proceeding has (have) physical custody or claim(s) to have custody or
 visitation rights with respect to any child subject to this proceeding:
 a. Name and address of person: _________________________________________________
 ________________________________________________________________________________
 ( ) has physical custody ( ) claims custody rights ( ) claims visitation rights.
 c. Name and address of person: _________________________________________________
 ________________________________________________________________________________
 ( ) has physical custody ( ) claims custody rights ( ) claims visitation rights.
 Name of each child: ____________________________________________________________
 c. Name and address of person: _________________________________________________
 ________________________________________________________________________________
 ( ) has physical custody ( ) claims custody rights ( ) claims visitation rights.
 Name of each child: ____________________________________________________________
5. Knowledge of prior child support proceedings:
[√ one only]
____ The child(ren) described in this affidavit are NOT subject to existing child
 support order(s) in this or any state or territory.
____ The child(ren) described in this affidavit are subject to the following existing
 child support order(s):
 a. Name of each child: _________________________________________________________
 b. Type of proceeding: _________________________________________________________
 c. Court and address: __________________________________________________________
 d. Date of court order/judgment (if any): ______________________________________
 e. Amount of child support paid and by whom: ___________________________________
6. I acknowledge that I have a continuing duty to advise this Court of any
 custody, visitation, child support, or guardianship proceeding (including
 dissolution of marriage, separate maintenance, child neglect, or dependency)
 concerning the child(ren) in this state or any other state about which
 information is obtained during this proceeding.
*76
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} __________
Other party or his/her attorney:
Name: ____________________________________________________________________________________
Address: _________________________________________________________________________________
City, State, Zip: ________________________________________________________________________
Fax Number: ______________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this affidavit and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________ __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 _______________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 _______________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced___________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [√ fill in all blanks]
I, {full legal name and trade name of nonlawyer}________________,
a nonlawyer, located at {street} ______________, {city}____________,
{state} ________, {phone} ____________, helped {name}_____________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FAMILY LAW FORM 12.901(g), CHILD SUPPORT GUIDELINES WORKSHEET

When should this form be used?
You should complete this worksheet if child support is being requested in your case. If you know the income of the other party, this worksheet should accompany your financial affidavit. If you do not know the other party's income, this form must be completed after the other party files his or her financial affidavit, and serves a copy on you.
This form should be typed or printed in black ink. After completing this form, you should sign file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.

*77 Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.30, Florida Statutes.

Special notes...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(i).
The chart below contains the guideline amounts that you should use when calculating child support. This amount is based on the number of children and the combined income of the parents, and it is divided between the parents in direct proportion to their income or earning capacity. From time to time, some of the amounts in the child support guidelines chart will change. Be sure you have the most recent version of the chart before using it.
Because the guidelines are based on monthly amounts, it may be necessary to convert some income and expense figures from other frequencies to monthly. You should do this as follows:

 If payment is twice per month Payment amount × 2 = Monthly amount
 If payment is every two weeks Payment amount × 26 = Yearly amount due
 Yearly amount ÷ 12 = Monthly amount
 If payment is weekly Weekly amount × 52 = Yearly amount due
 Yearly amount ÷ 12 = Monthly amount

If you or the other parent request that the court award an amount that is different than the guideline amount, you must also complete and attach a Motion to Deviate from Child Support Guidelines, Florida Family Law Form 12.943.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

 CHILD SUPPORT GUIDELINES CHART
Combined
Monthly
Available One Two Three Four Five Six
Income Child Children Children Children Children Children
650.00 74 75 75 76 77 78
700.00 119 120 121 123 124 125
750.00 164 166 167 169 171 173
800.00 190 211 213 216 218 220
850.00 202 257 259 262 265 268
900.00 213 302 305 309 312 315
950.00 224 347 351 355 359 363
1000.00 235 365 397 402 406 410
1050.00 246 382 443 448 453 458
1100.00 258 400 489 495 500 505
1150.00 269 417 522 541 547 553
1200.00 280 435 544 588 594 600
1250.00 290 451 565 634 641 648
1300.00 300 467 585 659 688 695
1350.00 310 482 603 681 735 743
1400.00 320 498 623 702 765 790

*78
1450.00 330 513 642 724 789 838
1500.00 340 529 662 746 813 869
1550.00 350 544 681 768 836 895
1600.00 360 560 701 790 860 920
1650.00 370 575 720 812 884 945
1700.00 380 591 740 833 907 971
1750.00 390 606 759 855 931 996
1800.00 400 622 779 877 955 1022
1850.00 410 638 798 900 979 1048
1900.00 421 654 818 923 1004 1074
1950.00 431 670 839 946 1029 1101
2000.00 442 686 659 968 1054 1128
2050.00 452 702 879 991 1079 1154
2100.00 463 718 899 1014 1104 1181
2150.00 473 734 919 1037 1129 1207
2200.00 484 751 940 1060 1154 1234
2250.00 494 767 960 1082 1179 1261
2300.00 505 783 980 1105 1204 1287
2350.00 515 799 1000 1128 1229 1314
2400.00 526 815 1020 1151 1254 1340
2450.00 536 831 1041 1174 1279 1367
2500.00 547 847 1061 1196 1304 1394
2550.00 557 864 1081 1219 1329 1420
2600.00 568 880 1101 1242 1354 1447
2650.00 578 896 1121 1265 1379 1473
2700.00 588 912 1141 1287 1403 1500
2750.00 597 927 1160 1308 1426 1524
2800.00 607 941 1178 1328 1448 1549
2850.00 616 956 1197 1349 1471 1573
2900.00 626 971 1215 1370 1494 1598
2950.00 635 986 1234 1391 1517 1622
3000.00 644 1001 1252 1412 1540 1647
3050.00 654 1016 1271 1433 1563 1671
3100.00 663 1031 1289 1453 1586 1695
3150.00 673 1045 1308 1474 1608 1720
3200.00 682 1060 1327 1495 1631 1744
3250.00 691 1075 1345 1516 1654 1769
3300.00 701 1090 1364 1537 1677 1793
3350.00 710 1105 1382 1558 1700 1818
3400.00 720 1120 1401 1579 1723 1842
3450.00 729 1135 1419 1599 1745 1867
3500.00 738 1149 1438 1620 1768 1891
3550.00 748 1164 1456 1641 1791 1915
3600.00 757 1179 1475 1662 1814 1940
3650.00 767 1194 1493 1683 1837 1964
3700.00 776 1208 1503 1702 1857 1987
3750.00 784 1221 1520 1721 1878 2009
3800.00 793 1234 1536 1740 1899 2031
3850.00 802 1248 1553 1759 1920 2053
3900.00 811 1261 1570 1778 1940 2075
3950.00 819 1275 1587 1797 1961 2097
4000.00 828 1288 1603 1816 1982 2119
4050.00 837 1302 1620 1835 2002 2141
4100.00 846 1315 1637 1854 2023 2163
4150.00 854 1329 1654 1873 2044 2185
4200.00 863 1342 1670 1892 2064 2207
4250.00 872 1355 1687 1911 2085 2229
4300.00 881 1369 1704 1930 2106 2251
4350.00 889 1382 1721 1949 2127 2273
4400.00 898 1396 1737 1968 2147 2295
4450.00 907 1409 1754 1987 2168 2317

*79
4500.00 916 1423 1771 2006 2189 2339
4550.00 924 1436 1788 2024 2209 2361
4600.00 933 1450 1804 2043 2230 2384
4650.00 942 1463 1821 2062 2251 2406
4700.00 951 1477 1838 2081 2271 2428
4750.00 959 1490 1855 2100 2292 2450
4800.00 969 1503 1871 2119 2313 2472
4850.00 977 1517 1888 2138 2334 2494
4900.00 986 1530 1905 2157 2354 2516
4950.00 993 1542 1927 2174 2372 2535
5000.00 1000 1551 1939 2188 2387 2551
5050.00 1006 1561 1952 2202 2402 2567
5100.00 1013 1571 1964 2215 2417 2583
5150.00 1019 1580 1976 2229 2432 2599
5200.00 1025 1590 1988 2243 2447 2615
5250.00 1032 1599 2000 2256 2462 2631
5300.00 1038 1609 2012 2270 2477 2647
5350.00 1043 1619 2024 2283 2492 2663
5400.00 1051 1628 2037 2297 2507 2679
5450.00 1057 1638 2049 2311 2522 2695
5500.00 1064 1647 2061 2324 2537 2711
5550.00 1070 1657 2073 2338 2552 2727
5600.00 1077 1667 2085 2352 2567 2743
5650.00 1083 1676 2097 2365 2582 2759
5700.00 1089 1686 2109 2379 2597 2775
5750.00 1096 1695 2122 2393 2612 2791
5800.00 1102 1705 2134 2406 2627 2807
5850.00 1107 1713 2144 2418 2639 2820
5900.00 1111 1721 2155 2429 2651 2833
5950.00 1116 1729 2165 2440 2663 2847
6000.00 1121 1737 2175 2451 2676 2860
6050.00 1126 1746 2185 2462 2688 2874
6100.00 1131 1754 2196 2473 2700 2887
6150.00 1136 1762 2206 2484 2712 2900
6200.00 1141 1770 2216 2495 2724 2914
6250.00 1145 1778 2227 2506 2737 2927
6300.00 1150 1786 2237 2517 2749 2941
6350.00 1155 1795 2247 2529 2761 2954
6400.00 1160 1803 2258 2540 2773 2967
6450.00 1165 1811 2268 2551 2785 2981
6500.00 1170 1819 2278 2562 2798 2994
6550.00 1175 1827 2288 2573 2810 3008
6600.00 1179 1835 2299 2584 2822 3021
6650.00 1184 1843 2309 2595 2834 3034
6700.00 1189 1850 2317 2604 2845 3045
6750.00 1193 1856 2325 2613 2854 3055
6800.00 1196 1862 2332 2621 2863 3064
6850.00 1200 1868 2340 2630 2782 3074
6900.00 1204 1873 2347 2639 2882 3084
6950.00 1208 1879 2355 2647 2891 3094
7000.00 1212 1885 2362 2656 2900 3103
7050.00 1216 1891 2370 2664 2909 3113
7100.00 1220 1897 2378 2673 2919 3123
7150.00 1224 1903 2385 2681 2928 3133
7200.00 1228 1909 2393 2690 2937 3142
7250.00 1232 1915 2400 2698 2946 3152
7300.00 1235 1921 2408 2707 2956 3162
7350.00 1239 1927 2415 2716 2965 3172
7500.00 1243 1933 2423 2724 2974 3181
7450.00 1247 1939 2430 2733 2983 3191
7500.00 1251 1945 2438 2741 2993 3201

*80
7550.00 1255 1951 2446 2750 3002 3211
7600.00 1259 1957 2453 2758 3011 3220
7650.00 1263 1963 2461 2767 3020 3230
7700.00 1267 1969 2468 2775 3030 3240
7750.00 1271 1975 2476 2784 3039 3250
7800.00 1274 1981 2483 2792 3048 3259
7850.00 1278 1987 2491 2801 3057 3269
7900.00 1282 1992 2498 2810 3067 3279
7950.00 1286 1998 2506 2818 3076 3289
8000.00 1290 2004 2513 2827 3085 3298
8050.00 1294 2010 2521 2835 3094 3308
8100.00 1298 2016 2529 2844 3104 3318
8150.00 1302 2022 2536 2852 3113 3328
8200.00 1306 2028 2544 2861 3122 3337
8250.00 1310 2034 2551 2869 3131 3347
8300.00 1313 2040 2559 2878 3141 3357
8350.00 1317 2046 2566 2887 3150 3367
8400.00 1321 2052 2574 2895 3159 3376
8450.00 1325 2058 2581 2904 3168 3386
8500.00 1329 2064 2589 2912 3178 3396
8550.00 1333 2070 2597 2921 3187 3406
8600.00 1337 2076 2604 2929 3196 3415
8650.00 1341 2082 2612 2938 3205 3425
8700.00 1345 2088 2619 2946 3215 3435
8750.00 1349 2094 2627 2955 3224 3445
8800.00 1352 2100 2634 2963 3233 3454
8850.00 1356 2106 2642 2972 3242 3464
8900.00 1360 2111 2649 2981 3252 3474
8950.00 1364 2117 2657 2989 3261 3484
9000.00 1368 2123 2664 2998 3270 3493
9050.00 1372 2129 2672 3006 3279 3503
9100.00 1376 2135 2680 3015 3289 3513
9150.00 1380 2141 2687 3023 3298 3523
9200.00 1384 2147 2695 3032 3307 3532
9250.00 1388 2153 2702 3040 3316 3542
9300.00 1391 2159 2710 3049 3326 3552
9350.00 1395 2165 2717 3058 3335 3562
9400.00 1399 2171 2725 3066 3344 3571
9450.00 1403 2177 2732 3075 3353 3581
9500.00 1407 2183 2740 3083 3363 3591
9550.00 1411 2189 2748 3092 3372 3601
9600.00 1415 2195 2755 3100 3381 3610
9650.00 1419 2201 2763 3109 3390 3620
9700.00 1422 2206 2767 3115 3396 3628
9750.00 1425 2210 2772 3121 3402 3634
9800.00 1427 2213 2776 3126 3408 3641
9850.00 1430 2217 2781 3132 3414 3647
9900.00 1432 2221 2786 3137 3420 3653
9950.00 1435 2225 2791 3143 3426 3659
10000.00 1437 2228 2795 3148 3432 3666

 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
*81
__________________________________,
 Respondent.
 CHILD SUPPORT GUIDELINES WORKSHEET
 I, {full legal name} _____________________________________, certify that the
following statements are true:
 FATHER MOTHER
1. PRESENT NET MONTHLY INCOME
Enter the amount from line number 27,
Section I of Florida Family Law
Form 12.901(d) or (e), Financial Affidavit. 1a. $________ 1b. $________
2. COMBINED PRESENT NET
MONTHLY
INCOME Add 1a and 1b. 2. $________
3. BASIC MONTHLY OBLIGATION
There is (are) {number} ____________
minor child(ren) common to the parties.
Using the amount on line 2, enter the
appropriate amount from the child support
guidelines chart. 3. $________
4. PERCENT OF FINANCIAL
RESPONSIBILITY
Divide the amount on line la. by the
amount on line 2 to get Father's percentage
financial responsibility. Enter
answer on line 4a. 4a. $________%
Divide the amount on line lb. by the
amount on line 2 to get Mother's percentage
financial responsibility. Enter
answer on line 4b. 4b. $________%
5. SHARE OF BASIC MONTHLY
OBLIGATION
Multiply the number on line 3 by the
percent on line 4a to get Father's share
of basic obligation. Enter answer on
line 5a. 5a. $________
Multiply the number on line 3 by the
percent on line 4b to get Mother's share
of basic obligation. Enter answer on
line 5b. 5b. $________
6. TOTAL MONTHLY CHILD
CARE COSTS
Child care costs should not exceed the
level required to provide quality care
from a licensed source for the child(ren).
See section 61.30(7), Fla.Stat. for more
information. 6. $________
7. PERCENTAGE OF CHILD
CARE COSTS
*82
Multiply the amount on line 6 by .75 (to
determine 75% of the total child care
costs). Enter answer on line 7. 7. $________
Multiply the number on line 4a. by the
amount on line 7 to get Father's share of
the child care obligation. Enter answer
on line 7a. 7a. $________
Multiply the number on line 4b. by the
amount on line 7 to get Mother's share of
the child care obligation. Enter answer
on line 7b. 7b. $________
8. TOTAL MONTHLY
CHILD(REN)'S HEALTH
INSURANCE COSTS
This is only amounts paid for insurance
on the child(ren). Enter answer on line 8. 8. $________
Multiply the number on 4a. by the
amount on line 8 to get Father's share of
the child(ren)'s health insurance obligation.
Enter answer on line 8a. 8a. $________
Multiply the number on 4b. by the
amount on line 8 to get Mother's share of
the child(ren)'s health insurance obligation.
Enter answer on line 8b. 8b. $________
9. TOTAL MONTHLY
OBLIGATION
Add lines 5a, 7a, and 8a to determine
Father's total obligation. Enter answer
on line 9a. 9a. $________
Add lines 5b, 7b, and 8b to determine
Mother's total obligation. Enter answer
on line 9b. 9b. $________
10. ADJUSTMENTS TO GUIDELINES AMOUNT. If you or the other parent are
requesting the Court to award a child support amount that is more or less than the
child support guidelines, you must complete and file Motion to Deviate from Child
Support Guidelines, Florida Family Law Form 12.943.
[√ one only]
____ a. Deviation from the guidelines amount is requested. The motion to
 Deviate from Child Support Guidelines, Florida Family Law Form 12.943,
 is attached.
____ b. Deviation from the guidelines amount is NOT requested. The Motion to
 Deviate from Child Support Guidelines, Florida Family Law Form 12.943,
 is not attached.
I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} ________________
Other party or his/her attorney:
Name: ____________________________________________________________________________________
Address: _________________________________________________________________________________
City, State, Zip: ________________________________________________________________________
Fax Number: ______________________________________________________________________________
Date: ________________________________
*83
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}________________,
a nonlawyer, located at {street} ______________, {city}____________,
{state} ________, {phone} ____________, helped {name}_____________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(h)(1), MARTAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

When should this form be used?
This form should be used when a Petition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(b)(1), has been filed and the parties have reached an agreement on some or all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

Special notes...
With this form you must also file a Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g), if not already filed.
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT.
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
*84
 and
__________________________________,
 Respondent,
 MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF
 MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
 We, {Husband's full legal name} ________________________________________,
and {Wife's full legal name} _____________________________________________,
being sworn, certify that the following statements are true:
1. We were married to each other on {date} ________________________________
2. Because of irreconcilable differences in our marriage (no chance of staying
 together), we have made this agreement to settle once and for all what we owe
 to each other and what we can expect to receive from each other. Each of us
 states that nothing has been held back, that we have honestly included
 everything we could think of in listing our assets (everything we own and that
 is owed to us) and our debts (everything we owe), and that we believe the
 other has been open and honest in writing this agreement.
3. We have both filed a Financial affidavit, Florida Family Law form
 12.901(d) or (e). Because we have voluntarily made full and fair disclosure to
 each other of all our assets and debts, we waive any further disclosure under
 rule 12.285, Florida Family Law rules of Procedure.
4. Each of us agrees to execute and exchange any papers that might be needed to
 complete this agreement, including deeds, title certificates, etc.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Division of Assets. We divide our assets (everything we own and that is owed to
us) as follows: Any personal item(s) not listed below is the property of the party
currently in possession of the item(s).
1. Wife shall receive as her own and Husband shall have no further rights or
 responsibilities regarding these assets:
 ASSETS: DESCRIPTION OF ITEM(S)
 WIFE SHALL RECEIVE
 (To avoid confusion at a later date, describe each item as clearly as
possible. You do not need to list account numbers. Where applicable,
include whether the name on any title/deed/account described below is Current Fair
 wife's, husband's, or both.) Market Value
[] Cash (on hand) $
[] Cash (in banks/credit unions)
[]
[] Stocks/Bonds
[]
[] Notes (money owed to you in writing)
[]
[]
[] Money owed to you (not evidenced by a note)
[]
[]
[] Real estate: (Home)
[] (Other)
*85
[]
[] Business interests
[]
[] Automobiles
[]
[]
[] Boats
[] Other vehicles
[]
[] Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.)
[]
[]
[] Furniture & furnishings in home
[]
[] Furniture & furnishings elsewhere
[]
[] Collectibles
[]
[] Jewelry
[]
[] Life insurance (cash surrender value)
[]
[] Sporting and entertainment (T.V., stereo, etc.) equipment
[]
[]
[]
[] Other assets
[]
[]
[]
[]
[]
[]
Total Assets to Wife $________
2. Husband shall receive as his own and Wife shall have no further rights or
 responsibilities regarding these assets:
 ASSETS: DESCRIPTION OF ITEM(S)
 HUSBAND SHALL RECEIVE
 (To avoid confusion at a later date, describe each item as clearly as
possible. You do not need to list account numbers. Where applicable,
include whether the name on any title/deed/account described below is Current Fair
 wife's, husband's, or both.) Market Value
[] Cash (on hand) $
[] Cash (in banks/credit unions)
[]
[] Stock/Bonds
*86
[]
[] Notes (money owed to you in writing)
[]
[]
[] Money owed to you (not evidenced by a note)
[]
[]
[] Real estate: (Home)
[] (Other)
[]
[] Business interests
[]
[] Automobiles
[]
[]
[] Boats
[] Other vehicles
[]
[] Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.)
[]
[]
[] Furniture & furnishings in home
[]
[] Furniture & furnishings elsewhere
[]
[] Collectibles
[]
[] Jewelry
[]
[] Life insurance (cash surrender value)
[]
[] Sporting and entertainment (T.V., stereo, etc.) equipment
[]
[]
[]
[] Other assets
[]
[]
[]
[]
Total Assets to Husband $________
*87
B. Division of Liabilities/Debts. We divide our liabilities (everything we owe)
 as follows:
1. Wife shall pay as her own the following and will not at any time ask Husband
 to pay these debts/bills:
LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID
 BY WIFE
 (To avoid confusion at a later date, describe each item as Monthly Current
clearly as possible. You do not need to list account numbers. Payment Amount Owed
Where applicable, include whether then name on any
 mortgage, note, or account described below is wife's, husband's,
 or both.)
[] Mortgages on real estate: (Home) $ $
[] (Other)
[]
[] Charge/credit card accounts
[]
[]
[]
[]
[]
[] Auto loan
[] Auto loan
[] Bank/credit union loans
[]
[]
[]
[] Money you owe (not evidenced by a note)
[]
[] Judgments
[]
[] Other
[]
[]
[]
Total debts to be paid by Wife $ $
2. Husband shall pay as his own the following and will not at any time ask Wife
 to pay these debts/bills:
LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID
 BY HUSBAND
 (To avoid confusion at a later date, describe each item as Monthly Current
clearly as possible. You do not need to list account numbers. Payment Amount Owed
Where applicable, include whether then name on any
 mortgage, note, or account described below is wife's, husband's,
 or both.)
[] Mortgages on real estate: (Home) $ $
[] (Other)
[]
[] Charge/credit card accounts
[]
[]
[]
*88
[]
[]
[] Auto loan
[] Auto loan
[] Bank/credit union loans
[]
[]
[]
[] Money you owe (not evidenced by a note)
[]
[] Judgments
[]
[] Other
[]
[]
[]
[]
Total debts to be paid by Husband $ $
C. Contingent Assets and Liabilities (listed in Section III of our Financial
Affidavits) will be divided as follows:: ______________________________________
_____________________________________________________________________________________
_____________________________________________________________________________________
_____________________________________________________________________________________
_____________________________________________________________________________________
_____________________________________________________________________________________
SECTION II. SPOUSAL SUPPORT (ALIMONY). (If you have not agreed on this
matter, write ""n/a" on the lines provided.)
[√ one only]
____ 1.Each of us forever gives up any right to spousal support (alimony) that
 we may have.
____ 2. ( ) HUSBAND ( ) WIFE agrees to pay spousal support (alimony) in the
 amount of $________ every ( ) week ( ) other week ( ) month, beginning
 {date}___________ and continuing until {date or event}__________________________
 Explain type of alimony (temporary, permanent, rehabilitative, and/or lump
 sum) and any other specifics: __________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 [√ if applies] Life Insurance in the amount of $__________ to secure the
 above support, will be provided by the obligor.
SECTION III. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND
VISITATION.
(If you have not reached an agreement on any of these issues, write ""n/a" on the
lines provided. The Court reserves the right to modify any agreement(s) concerning
the minor child(ren).)
*89
1. The parties' minor child(ren) are:
 Name Birth date
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
2. Parental responsibility for the minor child(ren) will be:
 ____ a. shared {explain any exceptions} _________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ____ b. sole to ( ) Father ( )Mother {explain reasons}
 ____________________________________________________________________________
 ____________________________________________________________________________
3. The primary residential parent will be ( ) Father ( )Mother and the other
 parent, will be the secondary residential parent OR the primary residential
 parent will be ( ) undesignated ( ) rotating.
4. Secondary Residential Responsibility, Visitation, or Time Sharing will be
 as follows: {explain schedule (days and times, holidays, etc.)}__________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 {explain how parents will communicate regarding arrangements or any other
 issues relating to the child(ren)}___________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 {explain how parents will handle situations when one parent is unable to
 meet the schedule, for example, notice requirements to the other parent}
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 {explain how the child(ren) will be exchanged, for example, location(s), by
 third parties, etc.}_________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 {explain any other agreed-upon arrangements}_____________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
5. Neither parent shall take the child(ren) from the custody of the other parent
 or any child care provider or other person entrusted by the other parent with
 the care to the child(ren) without the agreement of the other party during the
 other party's time of parental responsibility of visitation.
SECTION IV. CHILD SUPPORT
*90
1. ( ) Mother ( ) Father will pay child support under Florida's child support
 guidelines, section 61.30, Florida Statutes, to the primary residential or sole
 parent named above. Child Support Guidelines Worksheet, Florida Family
 Law Form 12.901(g), is completed and attached.
 This parent shall be obligated to pay child support in the amount of
 $___________, every ( ) week ( ) other week ( ) month, beginning {date}
 ____________ and continuing until modified by court order, the youngest child
 turns 18, becomes emancipated, marries, dies, otherwise becomes self-supporting
 or, if after the age of 18, until {date}___________ If the child support
 amount above deviates from the guidelines by 5% or more, explain the
 reason(s) here: _________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
2. Child Support Arrearage. There currently is a child support arrearage of
 $___________ for retroactive child support and/or $____________ for previously
 ordered unpaid child support. The total of $________ in child support arrearage
 shall be repaid at the rate of $_________ every ( ) week ( ) other week ( ) month,
 beginning {date} ______________, until paid in full including statutory interest.
3. Health Insurance. ( ) Mother ( ) Father will maintain health insurance
 coverage for the parties' minor child(ren). The party providing coverage will
 provide insurance cards to the other party showing coverage. OR ( ) Health
 insurance is not reasonably available at this time. Any uninsured/unreimbursed
 medical costs for the minor child(ren) shall be assessed as follows:
 ____ a. Shared equally by both parents.
 ____ b. Prorated according to the child support guideline percentages.
 ____ c. Other {explain}: _______________________________________________
 ____________________________________________________________________________
 As to these uninsured/unreimbursed medical expenses, the party who incurs
 the expense shall submit a request for reimbursement to the other party
 within 30 days, and the other party, within 30 days of receipt, shall submit the
 applicable reimbursement for that expense, according to the schedule of
 reimbursement set out in this paragraph.
4. Dental Insurance. ( ) Mother ( ) Father will maintain ( ) dental insurance
 coverage for the parties' minor child(ren). The party providing coverage will
 provide insurance cards to the other party showing coverage. OR ( ) dental
 insurance is not reasonably available at this time. Any uninsured/unreimbursed
 dental costs for the minor child(ren) shall be assessed as follows:
 ____ a. Shared equally by both parents.
 ____ b. Prorated according to the child support guideline percentages.
 ____ c. Other {explain}:________________________________________________
 ____________________________________________________________________________
 As to these uninsured/unreimbursed dental expenses, the party who incurs the
 expense shall submit a request for reimbursement to the other party within 30
 days, and the other party, within 30 days of receipt, shall submit the applicable
 reimbursement for that expense, according to the schedule of reimbursement
 set out in this paragraph.
5. Life Insurance. ( ) Mother ( ) Father shall be required to maintain life
 insurance coverage for the benefit of the parties' minor child(ren) in the
 amount of $___________ until the youngest child turns 18, becomes emancipated,
 marries, dies, or otherwise becomes self-supporting.
6. IRS Income Tax Deduction(s). the parent granted primary residential responsibility
 or sole parental responsibility of the parties' minor child(ren) shall
 have the benefit of any tax deductions for the child(ren) or as follows:
*91
 {explain} ______________________________________________________________
 _________________________________________________________________________________
 The other parent will convey any applicable IRS form regarding the income
 tax deduction.
7. Other provisions relating to child support (e.g., uninsured medical/dental
 expenses, insurance coverage, life insurance to secure child support, orthodontic
 payments, college fund, etc.):___________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
SECTION V. OTHER
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
SECTION VI. We have not agreed on the following issues:
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 I certify that I have been open and honest in entering into this settlement
agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: _______________________________ __________________________________
 Signature of Husband
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ___________________________________________________________
 NOTARY PUBLICSTATE OF FLORIDA
 ___________________________________________________________
 [Print, type, or stamp commissioned name of notary.]
____Personally known
____Produced identification
 Type of identification produced___________
*92
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______________________,
a nonlawyer, located at {street} ______________, {city}____________,
{state} ________, {phone} ____________, helped {Husband's name}
_____________, who is the [√ one only] ____ petitioner or ____ respondent, fill out
this form.
 I certify that I have been open and honest in entering into this settlement
agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: _______________________________ __________________________________
 Signature of Wife
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ______________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ______________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced_____________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}_______________________,
a nonlawyer, located at {street} ______________, {city}____________,
{state} ________, {phone} ____________, helped {Wife's name}
_____________, who is the [√ one only] ____ petitioner or ____ respondent, fill out
this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(h)(2),MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPEDENT OR MINOR CHILD(REN)

When should this form be used?
This form should be used when a Petition for Dissolution of Marriage with Property but no Dependent or Minor Child(ren), Florida Family Law Form 12.901(b)(2), has been filed and the parties have reached an agreement on some or all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
*93 You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

Special notes...
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARIAGE
 WITH NO DEPENDENT OR MINOR CHILD(REN)
We, {Husband's full legal name} _________________________________________,
and {Wife's full legal name} _____________________________________________,
being sworn, certify that the following statements are true:
1. We were married to each other on {date} ______________________
2. Because of irreconcilable differences in our marriage (no chance of staying
 together), we have made this agreement to settle once and for all what we owe
 to each other and what we can expect to receive from each other. Each of us
 states that nothing has been held back, that we have honestly included
 everything we could think of in listing our assets (everything we own and that
 is owed to us) and our debts (everything we owe), and that we believe the
 other has been open and honest in writing this agreement.
3. We have both filed a Financial Affidavit, Florida Family Law Form
 12.901(d) or (e). Because we have voluntarily made full and fair disclosure to
 each other of all our assets and debts, we waive any further disclosure under
 rule 12.285, Florida Family Law Rules of Procedure.
4. Each of us agrees to execute and exchange any papers that might be needed to
 complete this agreement, including deeds, title certificates, etc.
*94
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Division of Assets. We divide our assets (everything we own and that is owed to
us) as follows: Any personal item(s) not listed below is the property of the party
currently in possession of the item(s).
1. Wife shall receive as her own and Husband shall have no further rights or
 responsibilities regarding these assets:
 ASSETS: DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE
(To avoid confusion at a later date, describe each item as clearly as possible. You
 do not need to list account numbers. Where applicable, include whether the CURRENT FAIR
 name on any title/deed/account described below is wife's, husband's, or both.) Market Value
[] Cash (on hand) $
[] Cash (in banks/credit unions)
[]
[] Stocks/Bonds
[]
[] Notes (money owed to you in writing)
[]
[]
[] Money owed to you (not evidenced by a note)
[]
[]
[] Real estate: (Home)
[] (Other)
[]
[] Business interests
[]
[] Automobiles
[]
[]
[] Boats
[] Other vehicles
[]
[] Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.)
[]
[]
[] Furniture & furnishings in home
[]
[] Furniture & furnishings elsewhere
[]
[] Collectibles
[]
[] Jewelry
[]
[] Life insurance (cash surrender value)
[]
[] Sporting and entertainment (T.V., stereo, etc.) equipment
*95
[]
[]
[]
[] Other assets
[]
[]
[]
[]
[]
[]
Total Assets to Wife $________
2. Husband shall receive as his own and Wife shall have no further rights or
 responsibilities regarding these assets:
 ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE
(To avoid confusion at a later date, describe each item as clearly as possible. You
 do not need to list account numbers. Where applicable, include whether the Current Fair
 name on any title/deed/account described below is wife's, husband's, or both.) Market Value
[] Cash (on hand) $
[] Cash (in banks/credit unions)
[]
[] Stocks/Bonds
[]
[] Notes (money owed to you in writing)
[]
[]
[] Money owed to you (not evidenced by a note)
[]
[]
[] Real estate: (Home)
[] (Other)
[]
[] Business interests
[]
[] Automobiles
[]
[]
[] Boats
[] Other vehicles
[]
[] Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.)
[]
[]
[] Furniture & furnishings in home
[]
*96
[] Furniture & furnishings elsewhere
[]
[] Collectibles
[]
[] Jewelry
[]
[] Life insurance (cash surrender value)
[]
[] Sporting and entertainment (T.V., stereo, etc.) equipment
[]
[]
[]
[] Other assets
[]
[]
[]
[]
Total Assets to Husband $________
B. Division of Liabilities/Debts. We divide our liabilities (everything we owe)
 as follows:
1. Wife shall pay as her own the following and will not at any time ask Husband
 to pay these debts/bills:
LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID
 BY WIFE
 (To avoid confusion at a later date, describe each item as
clearly as possible. You do not need to list account numbers.
Where applicable, include whether the name on any
 mortgage, note, or account described below is wife's, husband's, Monthly Current
 or both.) Payment Amount Owed
[] Mortgages on real estate: (Home) $ $
[] (Other)
[]
[] Charge/credit card accounts
[]
[]
[]
[]
[]
[] Auto loan
[] Auto loan
[] Bank/credit union loans
[]
[]
[]
[] Money you owe (not evidenced by a note)
*97
[]
[] Judgments
[]
[] Other
[]
[]
[]
[]
 Total debts to be paid by Wife $ $
2. Husband shall pay as his own the following and will not at any time ask
 Wife to pay these debts/bills:
LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID
 BY HUSBAND
 (To avoid confusion at a later date, describe each item as
clearly as possible. You do not need to list account numbers.
Where applicable, include whether the name on any
 mortgage, note or account described below is wife's, husband's Monthly
 or both.) Payment
[] Mortgages on real estate: (Home) $ $
[] (Other)
[]
[] Chart/credit card accounts
[]
[]
[]
[]
[]
[] Auto loan
[] Auto loan
[] Bank/credit union loans
[]
[]
[]
[] Money you owe (not evidenced by a note)
[]
[] Judgments
[]
[] Other
[]
[]
[]
[]
Total debts to be paid by Husband $ $
C. Contingent Assets and Liabilities (listed in Section III of our Financial
Affidavits) will be divided as follows: _______________________________________
_____________________________________________________________________________________
_____________________________________________________________________________________
*98
_____________________________________________________________________________________
_____________________________________________________________________________________
_____________________________________________________________________________________
SECTION II. SPOUSAL SUPPORT (ALIMONY). (If you have not agreed on this
matter, write "n/a" on the lines provided.)
[√ one only]
 ________________________________________________________________________________
____ 1. Each of us forever gives up any right to spousal support (alimony) that
 we may have.
____ 2. ( ) HUSBAND ( ) WIFE agrees to pay spousal support (alimony) in the
 amount of $__________ every ( ) week ( ) other week ( ) month, beginning
 {date}__________ and continuing until {date or event} _______________
 Explain type of alimony (temporary, permanent, rehabilitative, and/or lump
 sum) and any other specifics: __________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 [√ if applies] ( ) Life insurance in the amount of $__________ to secure the
 above support will be provided by the obligor.
SECTION III. OTHER
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
SECTION IV. We have not agreed on the following issues:
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 I certify that I have been open and honest in entering into this settlement
agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: _______________________________ __________________________________
 Signature of Husband
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ___________________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ___________________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced______________
*99
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}________________,
a nonlawyer, located at {street} ________________________________,
{city}____________, {state} ________, {phone} ____________,
helped {Husband's name}_____________, who is the [√ one only] ____ petitioner or
____ respondent, fill out this form.
 I certify that I have been open and honest in entering into this settlement
agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: _______________________________ __________________________________
 Signature of Wife
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ___________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ___________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced_______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}_______________________,
a nonlawyer, located at {street} ______________, {city}____________,
{state} ________, {phone} _____________________________________,
helped {Wife's name}_____________, who is the [√ one only] ____ petitioner or
____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(h)(3), MARITAL SETTLEMENT AGREEMENT FOR SIMPLIFIED DISSOLUTION OF MARRIAGE

When should this form be used?
This form should be used when a Petition for Simplified Dissolution of Marriage, Florida Family Law Form 12.901(a), has been filed and the parties have reached an agreement on all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing).

*100 Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and the instructions for the petition which was filed in this case.

Special notes...
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment. Remember, a person who is NOT an attorney is called a, nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent
 MARITAL SETTLEMENT AGREEMENT FOR SIMPLIFIED
 DISSOLUTION OF MARRIAGE
 We, {Husband's full legal name} __________________________________________,
and {Wife's full legal name} _____________________________________________, being
sworn, certify that the following statements are true:
1. We were married to each other on {date} ________________________________
2. Because of irreconcilable differences in our marriage (no chance of staying
 together), we have made this agreement to settle once and for all what we owe
 to each other and what we can expect to received from each other. Each of us
 states that nothing has been held back, that we have honestly included
 everything we could think of in listing our assets (everything we own and that
 is owed to us) and our debts (everything we owe), and that we believe the
 other has been open and honest in writing this agreement.
3. We have both filed a Financial Affidavit, Florida Family Law Form
 12.901(d) or (e). Because we have voluntarily made full and fair disclosure to
 each other of all our assets and debts, we waive any further disclosure under
 rule 12.285, Florida Family Law Rules of Procedure.
4. Each of us agrees to execute and exchange any papers that might be needed to
 complete this agreement, including deeds, title certificates, etc.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Division of Assets. We divide our assets (everything we own and that is owed to
us) as follows: Any personal item(s) not listed below is the property of the party
currently in possession of the item(s).
1. Wife shall receive as her own and Husband shall have no further rights or
 responsibilities regarding these assets:
*101
 ASSETS: DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE
(To avoid confusion at a later date, describe each item as clearly as possible. You
 do not need to list account numbers. Where applicable, include whether the Current Fair
 name of any title/deed/account described below is wife's, husband's, or both.) Market Value
[] Cash (on hand) $
[] Cash (in banks/credit unions)
[]
[] Stocks/Bonds
[]
[] Notes (money owed to you in writing)
[]
[]
[] Money owed to you (not evidence by a note)
[]
[]
[] Real estate: (Home)
[] (Other)
[]
[] Business interests
[]
[] Automobiles
[]
[]
[] Boats
[] Other vehicles
[]
[] Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.)
[]
[]
[] Furniture & furnishing in home
[]
[] Furniture & furnishings elsewhere
[]
[] Collectibles
[]
[] Jewelry
[]
[] Life insurance (cash surrender value)
[]
[] Sporting and entertainment (T.V., stereo, etc.) equipment
[]
[]
[]
[] Other assets
[]
*102
[]
[]
[]
[]
[]
Total Assets to Wife $________
2. Husband shall receive as his own and Wife shall have no further rights or
 responsibilities regarding these assets:
 ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE
(To avoid confusion at a later date, describe each item as clearly as possible. You
 do not need to list account numbers. Where applicable, include whether the Current Fair
 name of any title/deed/account described below is wife's, husband's, or both.) Market Value
[] Cash (on hand) $
[] Cash (in banks/credit unions)
[]
[] Stocks/Bonds
[]
[] Notes (money owed to you in writing)
[]
[]
[] Money owed to you (not evidenced by a note)
[]
[]
[] Real estate: (Home)
[] (Other)
[]
[] Business interests
[]
[] Automobiles
[]
[]
[] Boats
[] Other vehicles
[]
[] Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.)
[]
[]
[] Furniture & furnishings in home
[]
[] Furniture & furnishings elsewhere
[]
[] Collectibles
[]
[] Jewelry
*103
[]
[] Life insurance (cash surrender value)
[]
[] Sporting and entertainment (T.V., stereo, etc.) equipment
[]
[]
[]
[] Other assets
[]
[]
[]
[]
Total Assets to Husband $________
B. Division of Liabilities/Debts. We divide our liabilities (everything we owe)
 as follows:
1. Wife shall pay as her own the following and will not at any time ask Husband
 to pay these debts/bills:
LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID
 BY WIFE
 (To avoid confusion at a later date, describe each item as
clearly as possible. You do not need to list account numbers.
Where applicable, include whether the name on any
 mortgage, note, or account described below is wife's, husband's, Monthly Current
 or both.) Payment Amount Owed
[] Mortgages on real estate: (Home) $ $
[] (Other)
[]
[] Charge/credit card accounts
[]
[]
[]
[]
[]
[] Auto loan
[] Auto loan
[] Bank/credit union loans
[]
[]
[]
[] Money you owe (not evidenced by a note)
[]
[] Judgments
[]
[] Other
[]
*104
[]
[]
[]
[]
Total debts to be paid by Wife $ $
2. Husband shall pay as his own the following and will not at any time ask Wife
 to pay these debts/bills:
LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID
 BY HUSBAND
 (To avoid confusion at a later date, describe each item as
clearly as possible. You do not need to list account numbers.
Where applicable, include whether the name on any
 mortgage, note, or account described below is wife's, husband's, Monthly Current
 or both.) Payment Amount Owed
[] Mortgages on real estate: (Home) $ $
[] (Other)
[]
[] Charge/credit card accounts
[]
[]
[]
[]
[]
[] Auto loan
[] Auto loan
[] Bank/credit union loans
[]
[]
[]
[]
[] Money you owe (not evidenced by a note)
[]
[] Judgments
[]
[] Other
[]
[]
[]
[]
[]
[]
Total debts to be paid by Husband $ $
C. Contingent Assets and Liabilities (listed in Section III of our Financial
Affidavits) will be divided as follows: _______________________________________
_____________________________________________________________________________________
_____________________________________________________________________________________
*105
_____________________________________________________________________________________
_____________________________________________________________________________________
SECTION II. SPOUSAL SUPPORT (ALIMONY). Each of us forever gives up
any right to spousal support (alimony) that we may have.
SECTION III. OTHER
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 I certify that I have been open and honest in entering into this settlement
agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: _______________________________ __________________________________
 Signature of Husband
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ______________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ______________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced_______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}_______________________,
a nonlawyer, located at {street} ________________________________, {city}
____________, {state} ________, {phone} ____________, helped
{Husband's name}_____________, who is the [√ one only] ____ petitioner
or____ respondent, fill out this form.
 I certify that I have been open and honest in entering into this settlement
agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: _______________________________ __________________________________
 Signature of Wife
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
*106
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ___________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ___________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced_______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}______________________,
a nonlawyer, located at {street} ____________________________________,
{city}____________, {state} ________, {phone} ______________,
helped {Husband's name}_____________, who is the [√ one only] ____
petitioner or____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(i), AFFIDAVIT OF CORROBORATING WITNESS

When should this form be used?
This form may be used to prove residency in a dissolution of marriage proceeding. To get a divorce in Florida, either the husband or the wife must have lived in Florida for at least 6 months before filing the petition. Residency may be proved by a valid Florida driver's license, Florida identification card, or voter's registration card (issue date of document must be at least 6 months before the date the case is actually filed with the clerk of the circuit court), or the testimony or affidavit of someone other than you or your spouse. This form is used to prove residency by affidavit. The person signing this form must know that you have lived in the State of Florida for at least 6 months before the date you signed your petition for dissolution of marriage.
This form should be typed or printed in black ink, and signed in the presence of a notary public. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.021, Florida Statutes or section 61.052(2), Florida Statutes.

Special notes...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
*107
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 AFFIDAVIT OF CORROBORATING WITNESS
 I, {full legal name} ______________________________________, being sworn,
certify that the following statements are true: I am a resident of the State of
Florida. I have known {name}____________ since {approximate date}
________________, (more than 6 months before the date of filing the petition in this
action) and know of my own personal knowledge that this person has resided in the
State of Florida for at least 6 months before the date of this affidavit. I have
attached a copy of my Florida driver's license or Florida identification card to this
affidavit.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this affidavit and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________ __________________________________
 Signature of Corroborating Witness
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ______________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ______________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced_______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}___________________________,
a nonlawyer, located at {street} _________________________________________,
{city} _______________, {state} _____________, {phone} __________,
helped {name} _____________, who is the [√ one only] ____ petitioner or ____
respondent, fill out this form.

*108 INSTRUCTIONS FOR FLORIDA FAILY LAW FORM 12.901(j), NOTICE OF SOCIAL SECURITY NUMBER

When should this form be used?
This form must completed and filed by each party in all paternity, child support, and dissolution of marriage cases, regardless of whether the case involves a minor child(ren) and/or property.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see sections 61.052 and 61.13, Florida Statutes.

Special notes...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(i).
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 NOTICE OF SOCIAL SECURITY NUMBER
 I, {full legal name} _____________________________________________________,
certify that may social security number is ________________________________________ as
required in section 61.052(7), sections 61.13(9) or (10), section 742.031(3), sections
742.032(1)-(3), and/or sections 742.10(1)-(2), Florida Statutes. Disclosure of my
social security number shall be limited to the purpose of administration of the
Title IV-D program for child support enforcement.
Dated: _______________________________ __________________________________
 Signature of Part
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
*109
 Telephone Number: ________________
 Fax Number: ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}____________________________,
a nonlawyer, located at {street}______________________________________________,
{city},____________________, {state}_____________, {phone}______________,
helped {name} ___________________, who is the [√ one only] ____ petitioner or
____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.902(a), ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

When should this form be used?
This form should be used when you have been served with a petition for dissolution of marriage and you do not wish to contest it or appear at a hearing. If you file this form, you are admitting all of the allegations in the petition, saying that you do not need to be notified of or appear at the final hearing, and that you would like a copy of the final judgment mailed to you.
This form should be typed or printed in black ink, and your signature should be witnessed by a notary public. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
You have 20 days to answer after being served with the other party's petition. A copy of this form, along with all of the other forms required with this answer and waiver, must be mailed or hand delivered to the other party in your case.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there.

Special notes...
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f), if the case involves a dependent or minor child(ren).
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g), if the case involves a dependent or minor child(ren). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you).
 Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(2), if you have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the petition on you, if not filed at the time of you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
*110 Child Custody... By filing this answer and waiver, you are agreeing to any child custody requests in the petition.
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.  Shared Parental Responsibility  Sole Parental Responsibility  Rotating Custody  Primary Residential Responsibility  Secondary Residential Responsibility  Reasonable visitation  Specified visitation  Supervised visitation  No contact
Child Support... By filing this answer and waiver, you are agreeing to any child support requests in the petition. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Financial Affidavit, Florida Family Law Form 12.901(d) or (e), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... By filing this answer and waiver, you are agreeing to any alimony requests in the petition. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in a counterpetition and should not use this form. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities... Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including child support, custody, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. By filing this answer and waiver, you are agreeing to any requests in the petition regarding division of assets and liabilities.
Final Judgment... You should receive a copy of the Final Judgment in the mail. If, for some reason you do not, you should call the clerk's office to request a copy. It is important for you to review a copy of the Final Judgment in your case to see what happened and to know what you must do and what you are entitled to receive.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law *111 Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF
 DISSOLUTION OF MARRIAGE
 I, {full legal name} ______________________________, Respondent, being sworn,
certify that the following information is true:
1. Respondent answers the Petition for Dissolution of Marriage filed in this
 action and admits all the allegations. By admitting all of the allegations in the
 petition, respondent agrees to all relief requested in the petition including any
 requests regarding child custody and visitation, child support, alimony, distribution
 of marital assets and liabilities, and temporary relief.
2. Respondent waives notice of hearing as well as all future notices in connection
 with the Petition for Dissolution of Marriage, as filed. Respondent also waives
 appearance at the final hearing.
3. Respondent requests that a copy of the Final Judgment of Dissolution of
 Marriage entered in this case be forwarded to Respondent at the address
 below.
4. If this case involves minor child(ren), a completed Uniform Child Custody
 jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f),
 is filed with this answer.
5. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this answer.
6. A completed Financial Affidavit, Florida Family Law Form 12.901(d) or
 (e), is filed with this answer.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date}________________
Other party or his/or attorney:
Name: ____________________________________________________________________________________
Address: _________________________________________________________________________________
City, State, Zip: ________________________________________________________________________
Fax Number: ______________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness of
the claims made in this answer and waiver and that the punishment for
knowingly making a false statement includes fines and/or imprisonment.
*112
Dated: _______________________________ __________________________________
 Signature of Respondent
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ________________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}_____________________________,
a nonlawyer, located at {street}________________________________________________,
{city}_______________, {state} ______________, {phone}_____________,
helped {name} ______________, who is the respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.902(b), ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE

When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage and you wish to admit or deny all of the allegations in the petition but you do not plan to file a counterpetition seeking relief. You can use this form to answer any petition for dissolution of marriage, whether or not there are minor child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. This must be done within 20 days of receiving the petition.

What should I do next?
A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. You have 20 days to answer after being served with the other party's petition. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED... If you file an answer that agrees with everything in the other party's petition and you have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the final hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
*113 CONTESTED... If you file an answer which disagrees with or denies anything in the petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. See chapter 61, Florida Statutes, for more information.

Special notes...
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f), if the case involves a dependent or minor child(ren).
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g), if the case involves a dependent or minor child(ren). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you).
 Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(2), if you have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Child Custody ... If you and your spouse are unable to agree about with whom the child(ren) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.  Shared Parental Responsibility  Sole Parental Responsibility  Rotating Custody  Primary Residential Responsibility  Secondary Residential Responsibility  Reasonable visitation  Specified visitation  Supervised visitation  No contact
*114 Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. If you are requesting custody or primary residential responsibility for one or more children, you should request child support in a counterpetition, Florida Family Law Form 12.902(c)(1), and you cannot use this form. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Financial Affidavit, Florida Family Law Form 12.901(d) or (e), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in a counterpetition. Florida Family Law Form 12.902(c)(1)(with dependent or minor child(ren)), or Florida Family Law Form 12.902(c)(2)(no dependent or minor child(ren)). If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).
Marital/Nonmarital Assets and Liabilities... Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including child support, custody, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief ... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and visitation with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Family Law Form 12.947(a), or, if there are no dependent or minor child(ren), Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Family Law Form 12.948(a). For more information, see the instructions for these forms.
Marital Settlement Agreement ... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(2). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.990(c)(1), and Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Family Law Form 12.990(b)(1), Final Judgment of Dissolution *115 of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Family Law Form 12.990(b)(2), or Final Judgment of Dissolution of Marriage with No Property and No Dependent or Minor Child(ren), Florida Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent,
 ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE
 I, {full legal name} _____________________________________________, Respondent,
being sworn, certify that the following information is true:
1. I agree with Petitioner as to the allegations raised in the following numbered
 paragraphs in the Petition and, therefore, admit those allegations: {indicate
 section and paragraph number} ___________________________________________________
2. I disagree with Petitioner as to the allegations raised in the following
 numbered paragraphs in the Petition and, therefore, deny those allegations:
 {indicate section and paragraph number} _____________________________________
3. I currently am unable to admit or deny the allegations raised in the following
 paragraphs due to lack of information: {indicate section and paragraph
 number} _________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
4. If this case involves a dependent or minor child(ren), a completed Uniform
 Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law
 form 12.901(f), is filed with this answer.
5. If this case involves a dependent or minor child(ren), a completed Child
 Support Guidelines Worksheet, Florida Family Law Form 12.901(g), is
 [√ one only] ( ) filed with this answer or ( ) will be filed after the other party
 serves his or her financial affidavit.
6. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this answer.
*116
7. A completed Financial Affidavit, Florida Family Law Form 12.901(d) or
 (e), [√ one only] ( ) is filed with this answer or ( ) will be timely filed.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} _______________
Petitioner or his/her attorney:
Name: ____________________________________________________________________________________
Address: _________________________________________________________________________________
City, State, Zip: ________________________________________________________________________
Fax Number: ______________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this answer and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________ __________________________________
 Signature of Respondent
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ________________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced_______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer}_____________________________,
a nonlawyer, located at {street}_____________________________________________,
{city} ___________________________, {state} ____________, {phone}___________,
helped {name} _________________, who is the respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.902(c)(1), ANSWER TO PETITION AND COUNTERPETTION FOR DISSOLUTION OF MARIAGE WITH DEPENDENT OR MNOR CHILD(REN)

When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage with dependent or minor child(ren) and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counterpetition portion of this form is used to ask for whatever you want the court to do for you.
*117 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
You have 20 days to answer after being served with the other party's petition. A copy of this form must be mailed or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:
The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Family Law Form 12.902(d).
UNCONTESTED ... Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f).
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Affidavit of Corroborating Witness, Florida Family Law Form 12.901(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1), if you have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Child Custody ... If you and your spouse are unable to agree about with whom the child(ren) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the *118 child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.  Shared Parental Responsibility  Sole Parental Responsibility  Rotating Custody  Primary Residential Responsibility  Secondary Residential Responsibility  Reasonable visitation  Specified visitation  Supervised visitation  No contact
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your counterpetition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Financial Affidavit, Florida Family Law Form 12.901(d) or (e), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities... Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including child support, custody, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief ... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and visitation with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Family Law Form 12.947(a). For more information, see the instructions for that form.
*119 Marital Settlement Agreement ... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner/Counterrespondent,
 and
__________________________________,
 Respondent/Counterpetitioner.
 ANSWER TO PETITION AND COUNTERPETITION
 FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR
 CHILD(REN)
 I, {full legal name} _____________________________________________, Respondent,
being sworn, certify that the following information is true:
 ANSWER TO PETITION
1. I agree with Petitioner as to the allegations raised in the following numbered
 paragraphs in the Petition and, therefore, admit those allegations: {indicate
 section and paragraph number} _____________________________________________________________
2. I disagree with Petitioner as to the allegations raised in the following
 numbered paragraphs in the Petition and, therefore, deny those allegations:
 {indicate section and paragraph number} _______________________________________________
3. I currently am unable to admit or deny the following paragraphs due to lack of
 information: {indicate section and paragraph number} __________________________________
 ________________________________________________________________________________________________
*120
COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH MINOR
 CHILD(REN)
1. JURISDICTION/RESIDENCE
 ( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months
 before the filling of this Petition for Dissolution of Marriage.
2. Petitioner [√ one only] ( ) is ( ) is not a member of the military service.
 Respondent [√ one only] ( ) is ( ) is not a member of the military service.
3. MARRIAGE HISTORY
 Date of marriage: {month, day, year} ________________________________________
 Place of marriage: {city, state, country} ___________________________________
 Date of separation: {month, day, year} ___________ ([]√ if approximate)
4. DEPENDENT OR MINOR CHILD(REN)
[√ all that apply]
___ a. The wife is pregnant. Baby is due on: {date} ______________
___ b. The minor (under 18) child(ren) common to both parties are:
 Name Place of Birth Birth date Sex
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
___ c. The minor child(ren) born or conceived during the marriage who are not
 common to both parties are:
 Name Place of Birth Birth date Sex
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 The birth father(s) of the above minor child(ren) is (are) {name and address}
 ______________________________________________________________________________________
 ______________________________________________________________________________________
___ d. The child(ren) common to both parties who are 18 or older but who are
 dependent upon the parties due to a mental or physical disability are:
 Name Place of Birth Birth date Sex
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
5. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, 
 Florida Family Law Form 12.901(f), is filed with this counterpetition. You
 must complete and attach this form in a dissolution of marriage with minor
 child(ren).
6. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this counterpetition.
7. This counterpetition for dissolution of marriage should be granted because:
[√ one only]
___ a. The marriage is irretrievably broken.
___ b. One of the parties has been adjudged mentally incapacitated for a period of
 3 years prior to the filing of this counterpetition. A copy of the Judgment of
 Incapacity is attached.
SECTION I. MARITAL ASSETS AND LIABILITIES
[√ one only]
___ 1. There are no marital assets or liabilities.
*121
___ 2. There are marital assets or liabilities. All marital and nonmarital assets and
 liabilities are (or will be) listed in the financial affidavits, Florida Family
 Law Form 12.901(d) or (e), to be filed in this case.
 [√ all that apply]
 ____ a. All marital assets and liabilities have been divided by a written
 agreement between the parties, which is attached to be incorporated into
 the final judgment of dissolution of marriage. (The parties may use
 Marital Settlement Agreement for Dissolution of Marriage with Dependent
 or Minor Child(ren), Florida Family Law Form 12.901(h)(1)).
 ____ b. The Court should determine how the assets and liabilities of this
 marriage are to be distributed, under section 61.075, Florida Statutes.
 ____ c. Respondent should be awarded an interest in Petitioner's property
 because: ________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
SECTION II. SPOUSAL SUPPORT (ALIMONY)
[√ one only]
___ 1. Respondent forever gives up his/her right to spousal support (alimony)
 from Petitioner.
___ 2. Respondent requests that the Court order Petitioner to pay the following
 spousal support (alimony) and claims that he or she has a need for the support
 that he or she is requesting and Petitioner has the ability to pay that
 support. Spousal support (alimony) is requested in the amount of $___________
 every ( ) week ( ) other week ( ) month, beginning {date}________ and
 continuing until {date or event} ___________________________________________
 Explain why the court should order Petitioner to pay and any specific
 request(s) for type of alimony (temporary, permanent, rehabilitative, and/or
 lump sum): __________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 [√ if applies] ( ) Respondent requests life insurance on Petitioner's life,
 provided by Petitioner, to secure such support.
SECTION III. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND
VISITATION
1. The minor child(ren) currently reside(s) with ( ) Mother ( ) Father ( ) Other:
 {explain} ___________________________________________________________________
2. Parental Responsibility. It is in the child(ren)'s best interests that parental
 responsibility be:
[√ one only]
___ a. shared by both Father and Mother.
___ b. awarded solely to ( ) Father ( ) Mother. Shared parental responsibility
 would be detrimental to the child(ren) because: _____________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
3. Primary Residential Parent (Custody). It is in the best interests of the
 child(ren) that the primary residential parent be ( ) Father ( ) Mother ( )
 undesignated ( ) rotating because: __________________________________________________
*122
 _____________________________________________________________________________________
 _____________________________________________________________________________________
4. Visitation or Time Sharing. Respondent requests that the court order
[√ all that apply]
___ a. no visitation.
___ b. limited visitation.
___ c. supervised visitation.
___ d. supervised or third-party exchange of child(ren).
___ e. visitation or time sharing as determined by the Court.
___ f. a visitation or time sharing schedule as follows:
Explain the requested visitation or time sharing schedule:
__________________________________________________________________________________________
__________________________________________________________________________________________
__________________________________________________________________________________________
__________________________________________________________________________________________
__________________________________________________________________________________________
__________________________________________________________________________________________
Explain why this request is in the best interests of the child(ren): _____________________
__________________________________________________________________________________________
__________________________________________________________________________________________
__________________________________________________________________________________________
__________________________________________________________________________________________
__________________________________________________________________________________________
Has the above visitation or time sharing schedule been agreed to by the parties?
( ) yes ( ) no
SECTION IV. CHILD SUPPORT
[√ all that apply]
___ 1. Respondent requests that the Court award child support as determined by
 Florida's child support guidelines, section 61.30, Florida Statutes. A completed
 Child Support Guidelines Worksheet, Florida Family Law form
 12.901(g), is, or will be filed. Such support should be ordered retroactive to:
 ___ a. the date of separate {date}___________
 ___ b. the date of the filing of this petition.
 ___ c. other {date} ___________ {explain}______________________________
___ 2. Respondent requests that the Court award child support to be paid beyond
 the age of 18 years because:
 ___ a. the following child(ren) {name(s)}________________________________________
 is (are) dependent because of a mental or physical incapacity which
 began before the age of 18. {explain}_______________________________________
 _____________________________________________________________________________________
 ___ b. the following child(ren) {name(s)}_______________________________________
 is (are) dependent in fact and is (are) in high school while he/she (they)
 are between the ages of 18 and 19; said child(ren) is (are) performing in
 good faith with reasonable expectation of graduation before the age of
 19.
___ 3. Respondent requests that the Court award a child support amount that is
 more than or less than Florida's child support guidelines. Respondent understands
 that Motion to Deviate from Child Support Guidelines, Florida
 Family Law form 12.943, must be filed before the court will consider this
 request.
___ 4. Respondent requests that medical/dental insurance coverage for the minor
 child(ren) be provided by:
 [√ one only]
 ___ a. Father.
 ___ b. Mother.
*123
___ 5. Respondent requests that uninsured medical/dental expenses for the
 child(ren) be paid:
 [√ one only]
 ___ a. by Father.
 ___ b. by Mother.
 ___ c. by Father and Mother each paying one-half.
 ___ d. according to the percentages in the Child Support Guidelines Worksheet,
 Florida Family Law Form 12.901(g).
 ___ e. Other {explain}_____________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
___ 6. Respondent requests that life insurance to secure child support be provided
 by:
 ___ a. Father.
 ___ b. Mother.
 ___ c. Both.
SECTION V. OTHER
1. [If Respondent is also the Wife, √ one only] ( ) yes ( ) no Respondent/Wife
 wants to be known by her former name, which was {full legal name}
 ______________________________________________________________________________________
2. Other relief {specify}________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
SECTION VI. RESPONDENT'S/COUNTERPETITIONER'S REQUEST (This
section summarizes what you are asking the Court to include in the final judgment
of dissolution of marriage.)
Respondent requests that the Court enter an order dissolving the marriage and:
[√ all that apply]
___ 1. distributing marital assets and liabilities as requested in Section I of this
 petition;
___ 2. awarding spousal support (alimony) as requested in Section II of this
 petition;
___ 3. establishing the primary residential parent (custody), parental responsibility,
 and visitation for the dependent or minor child(ren) common to both parties, as
 requested in Section III of this petition;
___ 4. establishing child support for the dependent or minor child(ren) common to
 both parties, as requested in Section IV of this section;
___ 5. restoring Wife's former name as requested in Section V of this petition;
___ 6. awarding other relief as requested in Section V of this petition;
 and any other terms the Court deems necessary.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} ________________
Petitioner or his/her attorney.
Name: ____________________________________________________________________________________
Address: _________________________________________________________________________________
City, State, Zip: ________________________________________________________________________
Fax Number: ______________________________________________________________________________
*124
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this answer and counterpetition and that the punishment
for knowingly making a false statement includes fines and/or imprisonment.
Dated: _______________________________ ____________________________________________
 Signature of Respondent/Counterpetitioner
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 _____________________________________________________
 NOTARY PUBLICSTATE OF FLORIDA
 _____________________________________________________
 [Print, type, or stamp commissioned name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _________________,
a nonlawyer, located at {street}____________________________________,
{city}_____________________, {state} ____________, {phone}__________,
helped {name} ___________________________, who is the respondent, fill out
this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.902(c)(2), ANSWER TO PETITION AND COUNTERPETTION FOR DISSOLUTION OF MARIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage with property but no dependent or minor child(ren) and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counterpetition portion of this form is used to ask for whatever you want the court to do for you.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
You have 20 days to answer after being served with the other party's petition. A copy of this form must be mailed or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:
The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Family Law Form 12.902(d).
*125 UNCONTESTED ... Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
With this form, you must also file the following:
 Affidavit of Corroborating Witness, Florida Family Law Form 12.901(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(2), if you have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities... Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief ... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Family *126 Law Form 12.948(a). For more information, see the instructions for that form.
Marital Settlement Agreement ... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(2). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Forms ... These family law forms contain a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Family Law Form 12.990(b)(2). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
 __________________________________,
 Petitioner/Counterrespondent,
 and
 __________________________________,
 Respondent/Counterpetitioner.
 ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF
 MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR
 CHILD(REN)
 I, {full legal name} ____________________________________________, Respondent,
 being sworn, certify that the following information is true:
 ANSWER TO PETITION
 1. I agree with Petitioner as to the allegations raised in the following numbered
 paragraphs in the Petition and, therefore, admit those allegations: {indicate
 section and paragraph number} ________________________________________________________
 2. I disagree with Petitioner as to the allegations raised in the following
 numbered paragraphs in the Petition, and, therefore, deny those allegations:
 {indicate section and paragraph number} __________________________________________
 3. I currently am unable to admit or deny the following paragraphs due to lack of
 information: {indicate section and paragraph number} _____________________________
 ___________________________________________________________________________________________
*127
 COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPETY
 BUT NO DEPENDENT OR MINOR CHILD(REN)
 1. JURISDICTION/RESIDENCE
 ( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months
 before the filing of this Petition for Dissolution of Marriage.
 2. Petitioner [√ one only] ( ) is ( ) is not a member of the military service.
 Respondent [√ one only] ( ) is ( ) is not a member of the military service.
 3. MARRIAGE HISTORY
 Date of marriage: {month, day, year} ________________________________________
 Place of marriage: {city, state, country} ___________________________________
 Date of separation: {month, day, year}___________ ([]√ if approximate)
 4. THERE IS NO MINOR (UNDER 18) OR DEPENDENT CHILD(REN)
 COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.
 5. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this counterpetition.
 6. This counterpetition for dissolution of marriage should be granted because:
 [√ one only]
 ____ a. The marriage is irretrievably broken.
 ____ b. One of the parties has been adjudged mentally incapacitated for a period of
 13 years prior to the filing of this counterpetition. A copy of the Judgment of
 Incapacity is attached.
 SECTION I. MARITAL ASSETS AND LIABILITIES
 [√ one only]
 ____ 1. There are no marital assets or liabilities.
 ____ 2. There are marital assets or liabilities. All marital and nonmarital assets and
 liabilities are (or will be) listed in the financial affidavits, Florida Family
 Law Form 12.901(d) or (e), to be filed in this case.
 [√ all that apply]
 ____ a. All marital assets and liabilities have been divided by a written
 agreement between the parties, which is attached to be incorporated into
 the final judgment of dissolution of marriage. (The parties may use
 Marital Settlement Agreement for Dissolution of Marriage with No
 Dependent or Minor Child(ren), Florida Family Law Form
 12.901(h)(2)).
 ____ b. The Court should determine how the assets and liabilities of this
 marriage are to be distributed, under section 61.075, Florida Statutes.
 ____ c. Respondent should be awarded an interest in Petitioner's property
 because: ________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 SECTION II. SPOUSAL SUPPORT (ALIMONY)
 [√ one only]
 ____ 1. Respondent forever gives up his/her right to spousal support (alimony)
 from Petitioner.
 ____ 2. Respondent requests that the Court order Petitioner to pay the following
 spousal support (alimony) and claims that he or she has a need for the support
 that he or she is requesting and Petitioner has the ability to pay that
 support. Spousal support (alimony) is requested in the amount of $___________
 every ( ) week ( ) other week ( ) month, beginning {date} ________ and continuing
 until {date or event} ___________________________________________________________.
*128
 Plain why the Court should order Petitioner to pay and any specific
 request(s) for type of alimony (temporary, permanent, rehabilitative, and/or
 lump sum): __________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 [√ if applies] ( ) Respondent requests life insurance on Petitioner's life,
 provided by Petitioner, to secure such support.
 SECTION III. OTHER
 1. [If Respondent is also the Wife, √ one only] ( ) yes ( ) no Respondent/Wife
 wants to be known by her former name, which was {full legal name}________
 2. Other relief {specify}: _____________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 SECTION IV. RESPONDENT'S/COUNTERPETITIONER'S REQUEST (This
 section summarizes what you are asking the Court to include in the final judgment
 of dissolution of marriage.)
 Respondent requests that the Court enter an order dissolving the marriage and:
 [√ all that apply]
 ____ 1. distributing marital assets and liabilities as requested in Section I of this
 petition;
 ____ 2. awarding spousal support (alimony) as requested in Section II of this
 petition;
 ____ 3. restoring Wife's former name as requested in Section III of this petition;
 ____ 4. awarding other relief as requested in Section III of this petition;
 and any other terms the Court deems necessary.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date}___________
 Petitioner or his/her attorney:
 Name: ____________________________________________________________________________________
 Address: _________________________________________________________________________________
 City, State, Zip: ________________________________________________________________________
 Fax Number: ______________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this answer and counterpetition and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
 Dated: _______________________________ _________________________________________
 Signature of Respondent/Counter-petitioner
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
*129
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF__________________
 Sworn to or affirmed and signed before me on ______________ by _____________,
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 _________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ____ Personally known
 ____ Produced identification
 Type of identification produced_______________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer}_____________________________,
 a nonlawyer, located at {street}_____________________________________________,
 {city}______________________, {state} ____________, {phone} ____________,
 helped {name}_________________________, who is the respondent, fill out
 this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.902(c)(3), ANSWER TO PETITION AND COUNTERPETTION FOR DISSOLUTION OF MARIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPETY

When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage with no dependent or minor child(ren) or property and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counterpetition portion of this form is used to ask for whatever you want the court to do for you such as restoring your former name.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
You have 20 days to answer after being served with the other party's petition. A copy of this form must be mailed or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:
The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Family Law Form 12.902(d).
UNCONTESTED ... Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or counter-petition. *130 If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
With this form, you must also file the following:
 Affidavit of Corroborating Witness, Florida Family Law Form 12.901(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Alimony ... By using this form, you are forever giving up your rights to spousal support (alimony) from petitioner. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in an appropriate answer and counterpetition (see the other answer and counterpetition forms included in these forms for the appropriate form).
Marital/Nonmarital Assets and Liabilities... By using this form, you are stating that there are no marital assets and/or liabilities.
Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested), Florida Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
 __________________________________,
 Petitioner/Counterrespondent,
*131
 and
 __________________________________,
 Respondent/Counterpetitioner.
 ANSWER TO PETITION AND COUNTERPETITION
 FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR
 MINOR CHILD(REN) OR PROPERTY
 I, {full legal name} ____________________________________________, Respondent,
 being sworn, certify that the following information is true:
 ANSWER TO PETITION
 1. I agree with Petitioner as to the allegations raised in the following numbered
 paragraphs in the Petition and, therefore, admit those allegations:
 {indicate section and paragraph number} _____________________________________
 2. I disagree with Petitioner as to the allegations raised in the following
 numbered paragraphs in the Petition and, therefore, deny those allegations:
 {indicate section and paragraph number} _____________________________________
 3. I currently am unable to admit or deny the following paragraphs due to lack of
 information: {indicate section and paragraph number} ________________________
 ______________________________________________________________________________________
 COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT
 OR MINOR CHILD(REN) OR PROPERTY
 1. JURISDICTION/RESIDENCE
 ( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months
 before the filing of this Petition for Dissolution of Marriage.
 2. Petitioner [√ one only] ( ) is ( ) is not a member of the military service.
 Respondent [√ one only] ( ) is ( ) is not a member of the military service.
 3. MARRIAGE HISTORY
 Date of marriage: {month, day, year} ________________________________________
 Place of marriage: {city, state, country} ___________________________________
 Date of separation: {month, day, year} ___________ ([]√ if approximate)
 4. THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN)
 COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.
 5. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this counterpetition.
 6. THIS COUNTERPETITION FOR DISSOLUTION OF MARRIAGE
 SHOULD BE GRANTED BECAUSE:
 [√ one only]
 ____ a. The marriage is irretrievably broken.
 ____ b. One of the parties has been adjudged mentally incapacitated for a period of
 3 years before the filing of this counterpetition. A copy of the Judgment of
 Incapacity is attached.
 7. THERE ARE NO MARITAL ASSETS OR LIABILITIES.
 8. RESPONDENT FOREVER GIVES UP HIS/HER RIGHTS TO SPOUSAL
 SUPPORT (ALIMONY) FROM PETITIONER.
*132
 9. [If Respondent is also the Wife, √ one only] ( ) yes ( ) no Respondent/Wife
 wants to be known by her former name, which was {full legal name} ___________
 ______________________________________________________________________________________
 10. Other relief {specify}: _____________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 RESPONDENT'S/COUNTERPETITIONER'S REQUEST (This section summarizes
 what you are asking the Court to include in the final judgment of dissolution of
 marriage.)
 Respondent requests that the Court enter an order dissolving the marriage and:
 [√ all that apply]
 ____ 1. restoring Wife's former name as specified in paragraph 9 of this petition;
 ____ 2. awarding other relief as specified in paragraph 10 of this petition; and any
 other terms the Court deems necessary.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} _______________
 Petitioner or his/her attorney:
 Name: ____________________________________________________________________________________
 Address: _________________________________________________________________________________
 City, State, Zip: ________________________________________________________________________
 Fax Number: ______________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this answer and counterpetition and that the punishment
 for knowingly making a false statement includes fines and/or imprisonment.
 Dated: _______________________________ __________________________________
 Signature of Respondent
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF__________________
 Sworn to or affirmed and signed before me on ______________ by _____________,
 ______________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 _______________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ____ Personally known
 ____ Produced identification
 Type of identification produced________________
*133
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer}_____________________________,
 a nonlawyer, located at {street}___________________________, {city}
 __________________________, {state} _______________, {phone}_________,
 helped {name}_____________________________, who is the respondent, fill out
 this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.902(d),

ANSWER TO COUNTERPETITION

When should this form be used?
This form should be used by a petitioner to respond to the respondent's counterpetition. You should use this form to admit or deny the allegations contained in the counterpetition.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the case is filed and keep a copy for your records.

What should I do next?
You have 20 days to answer after being served with the other party's counterpetition. A copy of this form must be mailed or hand delivered to the other party.
To proceed with your case, you should refer to the instructions to your petition regarding setting a case for trial under "UNCOTESTED" and "CONTESTED."

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there.

Special notes...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
 __________________________________,
 Petitioner/Counterrespondent,
 and
 __________________________________,
 Respondent/Counterpetitioner.
 ANSWER TO COUNTERPETITION
 I, {full legal name}___________________________________________, being sworn,
 certify that the following information is true:
 1. I agree with Petitioner as to the allegations raised in the following numbered
 paragraphs in the Petition and, therefore, admit those allegations: {indicate
 section and paragraph number} ___________________________________________________
*134
 2. I disagree with Petitioner as to the allegations raised in the following
 numbered paragraphs in the Petition and, therefore, deny those allegations:
 {indicate section and paragraph number} _____________________________________
 3. I am currently unable to admit or deny the following paragraphs due to lack of
 information: {indicate section and paragraph number} ________________________
 ______________________________________________________________________________________
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} _______________
 Respondent or his/her attorney:
 Name: ____________________________________________________________________________________
 Address: _________________________________________________________________________________
 City, State, Zip: ________________________________________________________________________
 Fax Number: ______________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness of
 the claims made in this answer and that the punishment for knowingly making
 a false statement includes fines and/or imprisonment.
 Dated: _______________________________ __________________________________
 Signature of Petitioner
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF__________________
 Sworn to or affirmed and signed before me on ______________ by _____________,
 ______________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ______________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ____ Personally known
 ____ Produced identification
 Type of identification produced_______________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [√ fill in all blanks]
 I, {full legal name and trade name of nonlawyer}_________________________,
 a nonlawyer, located at {street}__________________________________________,
 {city} ____________________, {state}_______, {phone}___________,
 helped {name}________________________________, who is the petitioner, fill out this
 form.

*135 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.903(a), SUPPLEMENTAL PETITION TO MODIFY CUSTODY OR VISITATION AND OTHER RELIEF

When should this form be used?
This form should be used when you are asking the court to change current courtordered custody or visitation arrangements. The court can change an order granting shared parental responsibility, including a primary residential responsibility/custody order if the judge finds that there has been a substantial change in the circumstances of the parties and the change is in the child(ren)'s best interests.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counter-petition, *136 Florida Family Law Form 12.902(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f).
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Affidavit of Indigency, Florida Family Law Form 12.901(c), if you are requesting that filing fees be waived.
 Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1).
 Notice of Social Security Number, Florida Family Law Form 12.901(j), if not previously filed.
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Child Custody ... If you and the respondent are unable to agree about with whom the child(ren) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.  Shared Parental Responsibility  Sole Parental Responsibility  Rotating Custody  Primary Residential Responsibility  Secondary Residential Responsibility  Reasonable visitation  Specified visitation  Supervised visitation  No contact
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. *137 If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your supplemental petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Financial Affidavit, Florida Family Law Form 12.901(d) or (e), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief ... If you need temporary relief regarding parental responsibility and visitation with child(ren), or temporary child support, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement ... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment of Modification of Parental Responsibility/Visitation, Florida Family Law Form 12.993(a), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: __________________________
 Division: __________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 SUPPLEMENTAL PETITION TO MODIFY CUSTODY
 OR VISITATION AND OTHER RELIEF
 I, {full legal name}___________________________________________, being sworn,
 certify that the following information is true:
*138
 1. The parties to this action were granted a final judgment of ( ) dissolution of
 marriage ( ) paternity on {date}____________ A copy of the final judgment
 and any modification(s) is attached.
 2. Paragraph(s)________________ of the ( ) final judgment or ( ) most recent modification
 thereof describes the present custody and/or visitation ordered.
 3. Since the final judgment or last modification thereof, there has been a
 substantial change in circumstances, requiring a modification in custody or
 visitation. Those substantial changes are as follows: {explain}______________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 4. I ask the Court to modify the ( ) custody ( ) visitation as follows: {explain}
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 5. This modification is in the best interests of the child(ren) because: {explain}
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 6. If the requested modification is granted, Petitioner requests that child support
 be modified, consistent with the modification of custody or visitation. A Child
 Support Guidelines Worksheet, Florida Family Law Form 12.901(g), is, or
 will be filed.
 7. A completed Financial Affidavit, Florida Family Law Form 12.901(d) or
 (e), is, or will be, filed.
 8. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, 
 Florida Family Law Form 12.901(f), is filed with this petition.
 9. If not previously filed in this case, a completed Notice of Social Security
 Number, Florida Family Law Form 12.901(j), is filed with this petition.
 10. Other: _______________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this petition and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
 Dated: _______________________________ __________________________________
 Signature of Party
*139
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF__________________
 Sworn to or affirmed and signed before me on ______________ by _____________,
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 _________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ____ Personally known
 ____ Produced identification
 Type of identification produced________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer}________________________,
 a nonlawyer, located at {street}_____________________________________________,
 {city} _________________________________, {state}_____________, {phone}____________,
 helped {name}_____________________________, who is the [√ one only]
 ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.903(b), SUPPLMENTAL PETITION FOR MODIFCATION OF CHILD SUPPORT

When should this form be used?
This form should be used when you are asking the court to change a current courtordered child support obligation. The court can change a child support order if the judge finds that there has been a substantial change in the circumstances of the parties and the change is in the child(ren)'s best interests.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military *140 service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Family Law Form 12.902(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
With this form, you must also file the following:
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Affidavit of Indigency, Florida Family Law Form 12.901(c), if you are requesting that filing fees be waived.
 Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1).
 Notice of Social Security Number, Florida Family Law Form 12.901(j), if not previously filed.
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Child Support ... The court may order one parent to pay child support to assist the *141 other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Financial Affidavit, Florida Family Law Form 12.901(d) or (e), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief ... If you need temporary relief regarding child support, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement ... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment Modifying Child Support, Florida Family Law Form 12.993(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 SUPPLEMENTAL PETITION FOR
 MODIFICATION OF CHILD SUPPORT
*142
 I, {full legal name}___________________________________________, being sworn,
 certify that the following information is true:
 1. The parties to this action were granted a final judgment ( ) of dissolution of
 marriage ( ) of paternity ( ) for support unconnected with a dissolution of
 marriage on {date} _____________________ A copy of the final judgment and
 any modification(s) is attached.
 2. Paragraph(s)____________ of the ( ) final judgment or ( ) most recent modification
 thereof establishes the present child support at $______________________ every
 ( ) week ( ) other week ( ) month, beginning on {date}_________________________
 3. Since the final judgment or most recent modification thereof, there has been a
 substantial change in circumstances, requiring a modification in child support.
 This change in circumstance is as follows: {explain}_________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 4. I ask the Court to modify child support as follows: {explain}________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 5. This change is in the best interests of the child(ren) because: {explain}____
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 6. A completed Financial Affidavit, Florida Family Law Form 12.901(d) or
 (e), is, or will be, filed.
 7. If not previously filed in this case, a completed Notice of Social Security
 Number, Florida Family Law Form 12.901(j), is filed.
 8. A Child Support Guidelines Worksheet, Florida Family Law Form
 12.901(g), is, or will be, filed.
 9. Other:________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this petition and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
*143
 Dated: _______________________________ __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF__________________
 Sworn to or affirmed and signed before me on ______________ by _____________,
 _____________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ______________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ____ Personally known
 ____ Produced identification
 Type of identification produced_______________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer}_________________________,
 a nonlawyer, located at {street}_______________________________________________,
 {city} _______________________, {state}_________, {phone}____________,
 helped {name}_____________________________, who is the [√ one only]
 ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.903(c), SUPPLMENTAL PETITION FOR MODIFCATION OF ALIMONY

When should this form be used?
This form should be used when you are asking the court to change a current courtordered alimony obligation. The court can change an alimony order if the judge finds that there has been a substantial change in the circumstances of the parties.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, *144 Florida Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Family Law Form 12.902(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
With this form you must also file the following and serve a copy on the other party:
 Affidavit of Indigency, Florida Family Law Form 12.901(c), if you are requesting that filing fees be waived.
 Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(2).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the supplemental petition on the other party, if not filed at the time of the supplemental petition.)
 Notice of Social Security Number, Florida Family Law Form 12.901(j), if not previously filed.
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the other party, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
*145 Alimony ... In order to modify an order for alimony, a judge must find that there has been a substantial change in circumstances.
Temporary Relief ... If you need temporary relief regarding modification of alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Family Law Form 12.947(a), or Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Family Law Form 12.948(b), whichever is appropriate. For more information, see the instructions for those forms.
Settlement Agreement ... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(2). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment Modifying Alimony, Florida Family Law Form 12.993(c), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY
 I, {full legal name}__________________________________________, being sworn,
 certify that the following information is true:
 1. The parties to this action were granted a final judgment ( ) of dissolution of
 marriage ( ) for support unconnected with a dissolution of marriage on {date}
 _________________ A copy of the final judgment any modification(s) is attached.
 2. Paragraph(s)_______________ of the ( ) final judgment or ( ) most recent
 modification thereof establishes the present alimony at $____________ every
 ( ) week ( ) other week ( ) month, beginning on {date}____________
*146
 3. Since the final judgment or most recent modification thereof, there has been a
 substantial change in circumstances, requiring a modification in alimony. This
 change in circumstance is as follows: {explain}______________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 4. I ask the Court to modify alimony as follows: {explain} _____________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 5. A completed Financial Affidavit, Florida Family Law Form 12.901(d) or
 (e), is, or will be, filed.
 6. If not previously filed in this case, a completed Notice of Social Security
 Number, Florida Family Law Form 12.901(j), is filed with this supplemental
 petition.
 7. Other: ________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this petition and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
 Dated: _______________________________ __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF__________________
 Sworn to or affirmed and signed before me on ______________ by _____________,
 _______________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
*147
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ____ Personally known
 ____ Produced identification
 Type of identification produced_______________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer}___________________________,
 a nonlawyer, located at {street}_________________________________________________,
 {city}_________________________, {state}__________, {phone}__________,
 helped {name}_____________________________, who is the [√ one only]
 ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAILY LAW FORM 12.903(d), ANSWER TO SUPPLEMENTAL PETITION

When should this form be used?
This form should be used when you are responding to a supplemental petition for modification of custody or visitation, for child support, or for alimony. This form is used to admit or deny all of the allegations in the supplemental petition if you do not plan to file a counterpetition. There is no form for a counterpetition to a supplemental petition in these Family Law Forms. If you want to file a counterpetition to a supplemental petition you will need to either seek legal assistance or create a form yourself. You may construct an answer and counterpetition using the pertinent sections contained in the Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.902(c)(1), or Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Family Law Form 12.902(c)(2).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the case was filed and keep a copy for your records. This must be done within 20 days of receiving the supplemental petition.

What should I do next?
A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. Regardless of whether you file a counterpetition, you have 20 days to answer after being served with the other party's supplemental petition. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED ... If you file an answer that agrees with everything in the other party's supplemental petition and you have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If you file an answer which disagrees with or denies anything in the supplemental petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. If you request the hearing, you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in *148 these instructions are defined there. See chapter 61, Florida Statutes, for more information.

Special notes...
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f), if the case involves child(ren).
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g), if child support is an issue. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(2).
 Notice of Social Security Number, Florida Family Law Form 12.901(j), if not previously filed.
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time you file your answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time of you file your answer, unless you and the other party have agreed not to exchange these documents.)
Child Custody ... If this case involves child custody issue and if you and the other party are unable to agree about with whom the child(ren) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility  Sole Parental Responsibility  Rotating Custody  Primary Residential Responsibility  Secondary Residential Responsibility  Reasonable visitation  Specified visitation  Supervised visitation  No contact
Child Support ... If this case involves child support issues, the court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of *149 both parents. You must file a Financial Affidavit, Florida Family Law Form 12.901(d) or (e), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief ... If you need temporary relief regarding parental responsibility and visitation with child(ren), child support or alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Family Law Form 12.947(a) or, if you need temporary relief regarding alimony and there are no dependent or minor child(ren), you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Family Law Form 12.948(a), For more information, see the instructions for these forms.
Settlement Agreement ... If you and the other party are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Family Law Form 12.901(h)(2). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment of Modification of Parental Responsibility/Visitation, Florida Family Law Form 12.993(a), a Supplemental Final Judgment Modifying Child Support, Florida Family Law Form 12.993(b), and a Supplemental Final Judgment Modifying Alimony, Florida Family Law Form 12.993(c), which the judge may use, as appropriate. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
*150
 ANSWER TO SUPPLEMENTAL PETITION
 I, {full legal name} __________________________________________, being sworn,
 certify that the following information is true:
 1. I agree with Petitioner as to the allegations raised in the following numbered
 paragraphs in the Supplemental Petition and, therefore, admit those allegations:
 {indicate section and paragraph number} __________________________________________
 ___________________________________________________________________________________________
 2. I disagree with Petitioner as to the allegations raised in the following
 numbered paragraphs in the Supplemental Petition and, therefore, deny those
 allegations: {indicate section and paragraph number} ______________________________
 ____________________________________________________________________________________________
 3. I currently am unable to admit or deny the following paragraphs due to lack of
 information: {indicate section and paragraph number} ______________________________
 ____________________________________________________________________________________________
 4. A completed Financial Affidavit, Florida Family Law Form 12.901(d) or
 (e), is, or will be, filed.
 5. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this answer, if one has not been previously filed in
 this case.
 [√ if applies]
 ____ 6. This case involves custody or visitation with a minor child(ren), and a
 completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, 
 Florida Family Law Form 12.901(f), is filed with this answer.
 ____ 7. This case involves child support, and a completed Child Support Guidelines
 Worksheet, Florida Family Law Form 12.901(g), is filed or will be filed
 with the court.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} __________________
 Petitioner or his/her attorney:
 Name: _________________________________________________________________________________
 Address: ______________________________________________________________________________
 City, State, Zip: _____________________________________________________________________
 Fax Number: ___________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this answer and that the punishment of knowingly
 making a false statement includes fines and/or imprisonment.
 Dated: _______________________________ ______________________________________________
 Signature of Respondent
 Printed Name: ________________________________
 Address: _____________________________________
 City, State, Zip: ____________________________
 Telephone Number: ____________________________
 Fax Number: __________________________________
 STATE OF FLORIDA
 COUNTY OF__________________
 Sworn to or affirmed and signed before me on ______________ by _____________,
*151
 _______________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 _________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ____ Personally known
 ____ Produced identification
 Type of identification produced______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} ________________________,
 a nonlawyer, located at {street} ________________________________________________,
 {city} ________________________, {state} ___________, {phone} _________,
 helped {name} _____________________________, who is the respondent, fill out
this form.

INSTRUCTIONS FOR FAMILY LAW FORM 12.904(a), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

When should this form be used?
This form may be used to ask the court to enter a support order if you and your spouse are separated, and your spouse has the ability to contribute to you and your minor child(ren), but has failed to do so. You can only use this form if a dissolution of marriage has not been filed and the child(ren) live primarily with you. If a petition for dissolution of marriage has been filed, you should file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Family Law Form 12.947(a), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
This petition cannot address the issues of property, debts, custody, or visitation. It only deals with alimony and child support.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), after striking through "for Dissolution of Marriage" and inserting "for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)." If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues. *152 If personal service is used, the other party has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Family Law Form 12.902(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.09, Florida Statutes.

Special notes...
With this form you must also file the following:
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g), if you are asking that child support be ordered in the final judgment. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Affidavit of Indigency, Florida Family Law Form 12.901(c), if you are requesting that filing fees be waived.
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Financial Affidavit, Florida Family Law Form 12.901(d) or (e), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines *153 Worksheet, Florida Family Law Form 12.901(g). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief ... If you need temporary relief regarding child support or temporary alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Family Law Form 12.947(a). For more information, see the instructions for that form.
Final Judgment Form ... These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren), Florida Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION
 OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
 I, {full legal name} _____________________________________________, the [√ one
only] ( ) Husband ( ) Wife, being sworn, certify that the following statements are
true:
1. JURISDICTION
 ( ) Husband ( ) Wife ( ) Both live in Florida at the filing of this Petition for
 Support Unconnected with Dissolution of Marriage, which is filed pursuant to
 section 61.09, Florida Statutes.
2. Petitioner [√ one only] ( ) is ( ) is not a member of the military service.
 Respondent [√ one only] ( ) is ( ) is not a member of the military service.
3. MARRIAGE HISTORY
 Date of marriage: {month, day, year} ________________________________________
 Place of marriage: {city, state, country} ___________________________________
 Date of separation: {month, day, year} _____________ ([]√ if approximate)
4. MINOR CHILD(REN)
[√ all that apply]
*154
____ a. The wife is pregnant. The baby is due on: {date} ____________________
____ b. The minor (under 18) child(ren) common to both parties are:
 Name Place of Birth Birth date Sex
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
____ c. The minor child(ren) born or conceived during the marriage who are not
 common to both parties are:
 Name Place of Birth Birth date Sex
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
 The birth father(s) of the above minor child(ren) is (are) {name and address}
 ___________________________________________________________________________________
 ___________________________________________________________________________________
____ d. The child(ren) common to both parties who are 18 or older but who are
 dependent upon the parties due to a mental or physical disability are:
 Name Place of Birth Birth date Sex
 ______________________________ ______________________ _______________ __________
 ______________________________ ______________________ _______________ __________
5. A completed Notice of Social Security Number, Florid Family Law Form
 12.901(j), is filed with this petition.
6. A completed Financial Affidavit, Florida Family Law Form 12.901(d) or
 (e), is, or will be, filed.
7. A completed Child Support Guidelines Worksheet, Florida Family Law
 Form 12.901(g), is, or will be, filed.
SECTION I. SPOUSAL SUPPORT (ALIMONY)
[√ one only]
____ 1. Petitioner does not request spousal support (alimony) from Respondent at
 this time.
____ 2. Respondent has the ability to contribute to the maintenance of Petitioner
 and has failed to do so. Petitioner requests that the Court order Respondent
 to pay the following spousal support (alimony) and claims that he or she has a
 need for the support that he or she is requested. Spousal support (alimony) is
 requested in the amount of $_______ every ( ) week ( ) other week ( ) month,
 beginning {date} ______, and continuing until {date or event} ______
 ______________________________________________________________________________________
 Explain why the Court should order Respondent to pay and any specific
 request(s) for type of alimony (temporary, permanent, rehabilitative, and/or
 lump sum): ___________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 [√ if applies] ( ) Petitioner requests life insurance on Respondent's life,
 provided by Respondent, to secure such support.
*155
SECTION II. CHILD SUPPORT
Respondent has the ability to contribute to the maintenance of his or her minor
child(ren) and has failed to do so. Petitioner has custody of the minor child(ren) or
the child(ren) has (have) primary residence with Petitioner.
[√ all that apply]
____ 1. Petitioner requests that the Court award child support as determined by
 Florida's child support guidelines, section 61.30, Florida Statutes.
____ 2. Petitioner requests that the Court award child support to be paid beyond
 the age of 18 years because:
 ____ a. the following child(ren), {name(s)} _________________________________,
 is (are) dependent because of a mental or physical incapacity which
 began prior to the age of 18 {explain}: _________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 ____ b. the following child(ren), {name(s)} __________________________________
 is (are) dependent in fact and is (are) in high school while he/she (they)
 are between the ages of 18 and 19; said child(ren) is (are) performing in
 good faith with reasonable expectation of graduation before the age of
 19.
____ 3. Petitioner requests that medical/dental insurance coverage for the minor
 child(ren) be provided by:
 [√ one only]
 ____ a. Father.
 ____ b. Mother.
____ 4. Petitioner requests that uninsured medical/dental expenses for the child(ren)
 be paid:
 [√ one only]
 ____ a. by Father.
 ____ b. by Mother.
 ____ c. by Father and Mother each paying one-half.
 ____ d. according to the percentages in the Child Support Guidelines Worksheet,
 Florida Family Law Form 12.901(g).
 ____ e. Other {explain}: ___________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
____ 5. Petitioner requests that life insurance to secure child support be provided
 by:
 ____ a. Father.
 ____ b. Mother.
 ____ c. Both.
SECTION III. OTHER RELIEF
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
SECTION IV. PETITIONER'S REQUEST (This section summarizes what you are
asking the Court to include in the order for support.)
Petitioner requests that the Court enter an order establishing support and:
[√ all that apply]
____ a. awarding spousal support (alimony) as requested in Section I of this petition;
*156
____ b. establishing child support for the minor child(ren) common to both parties,
 as suggested in Section II of this petition;
____ c. awarding other relief as requested in Section III of this petition; and any
 other terms the Court deems necessary.
I understand that I am swearing or affirming under oath to the truthfulness of
the claims made in this petition and that the punishment for knowingly making
a false statement includes fines and/or imprisonment.
Dated: _______________________________ ___________________________________
 Signature of Petitioner
 Printed Name: _____________________
 Address: __________________________
 City, State, Zip: _________________
 Telephone Number: _________________
 Fax Number: _______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ___________________________________________
 NOTARY PUBLIC-STATE OF
 FLORIDA
 ____________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____ Personally known
____ Produced identification
 Type of identification produced___________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _________________________________,
a nonlawyer, located at {street} ______________, {city} _________________,
{state} _______, {phone} __________, helped {name} _____________,
who is the petitioner, fill out this form.

INSTRUCTIONS FOR FAMILY LAW FORM 12.904(b), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)

When should this form be used?
This form may be used if you and your spouse are separated, but a dissolution of marriage has not been filed, and you are requesting alimony. If a petition for dissolution has been filed, you should file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Family Law Form 12.948(a), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
This petition does not address the issues of property or debts. It only deals with alimony.
This form should be typed or printed in black ink. After completing this form, you should sing the form before a notary public. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the petition. If you know where he or she lives, *157 you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), after striking through "for Dissolution of Marriage" and inserting "for Support Unconnected with Dissolution for Marriage with No Dependent or Minor Child(ren)." If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Family Law Form 12.902(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.09, Florida Statutes.

Special notes...
With this form you must also file the following:
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
*158  Affidavit of Indigency, Florida Family Law Form 12.901(c), if you are requesting that filing fees be waived.
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimoly.
Temporary Relief ... If you need temporary relief regarding alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Family Law Form 12.948(a). For more information, see the instructions for that form.
Final Judgment Form ... These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Family Law Form 12.994(b), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF
 MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)
 I, {full legal name} __________________________________________, the
[√ one only] ( ) Husband ( ) Wife, being sworn, certify that the following statements
are true:
1. JURISDICTION
 ( ) Husband ( ) Wife ( ) Both live in Florida at the filing of this Petition for
 Support Unconnected with Dissolution of Marriage, which is filed pursuant to
 section 61.09, Florida Statutes.
2. Petitioner [√ one only] ( ) is ( ) is not a member of the military service.
 Respondent [√ one only] ( ) is ( ) is not a member of the military service.
3. MARRIAGE HISTORY
 Date of marriage: {month, day, year} ________________________________________
 Place of marriage: {city, state, country} ___________________________________
*159
 Date of separation: {month, day, year} ___________ ([]√ if approximate)
4. A completed Financial Affidavit, Florida Family Law Form 12.901(d) or
 (e), is, or will be, filed.
5. A completed Notice of Social Security Number Florida Family Law Form
 12.901(j), is, or will be filed.
SECTION I. SPOUSAL SUPPORT (ALIMONY)
____ 1. Respondent has the ability to contribute to the maintenance of Petitioner
 and has failed to do so. Petitioner requests that the Court order Respondent
 to pay the following spousal support (alimony) and claims that he or she has a
 need for the support that he or she is requesting. Spousal support (alimony)
 is requested in the amount of $_______ every ( ) week ( ) other week ( ) month,
 beginning {date} _____, and continuing until {date or event} ___________
 __________________________________________________________________________________________
 Explain why the Court should order Respondent to pay and any specific
 request(s) for type of alimony (temporary, permanent, rehabilitative, and/or
 lump sum): ________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 [√ if applies] ( ) Petitioner requests life insurance on Respondent's life,
 provided by Respondent, to secure such support.
SECTION II. OTHER RELIEF
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
SECTION III. PETITIONER'S REQUEST (This section summarizes what you are
asking the Court to include in the order for support.)
Petitioner requests that the Court enter an order establishing support and:
[√ all that apply]
____ a. awarding spousal support (alimony) pursuant to Section I of this petition;
____ b. awarding other relief as specified in Section II of this petition; and
 any other terms the Court deems necessary.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________ __________________________________
 Signature of Petitioner
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
*160
 _____________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ______________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____ Personally known
____ Produced identification
 Type of identification produced_______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ____________________,
a nonlawyer, located at {street} ____________________________________,
{city} ______________________________________________________________,
{state} ______________, {phone} ____________________________,
helped {name} ____________________________________________,
who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.905, PETITION FOR GRANDPARENT VISITATION

When should this form be used?
This form should be used when grandparents are requesting visitation in one of the following circumstances:
 The mother and/or father of the child(ren) with whom visitation is requested are/is deceased.
 The parents of the child(ren) with whom visitation is requested are divorced.
 The mother or father of the child(ren) with whom visitation is requested has deserted the child(ren).
 The parents of the child were not married when the child(ren) was born and did not marry after the child(ren)'s birth, and paternity has been established.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the child(ren) lives (live) and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party(ies) of the petition. If you know where he and/or she lives, you must use personal service. If you absolutely do not know where he and/or she lives, you may use constructive service. However, if constructive service is used, the court may only grant limited relief, if any. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), striking through "for Dissolution of Marriage" and inserting "for Grandparent Visitation." The law regarding constructive service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent(s) has (have) 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party(ies) of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If, the respondent(s) file(s) an answer that agrees with everything *161 in your petition or an answer and waiver, and you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party(ies) of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent(s) file(s) an answer that disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Family Law Form 12.924, after you have filed all of the required papers. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). Some circuits may require the completion of mediation before a final hearing may be set.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see chapter 752 and 61.13(2)(b)2.c., Florida Statutes.

Special notes...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
__________________________________,
 Grandparent(s),
 and
__________________________________,
__________________________________,
 Respondent(s).
 PETITION FOR GRANDPARENT VISITATION
 I/We, {full legal name(s)} _________________________________________,
being sworn, certify that the following information is true:
1. This is a request for grandparent(s) visitation, under chapter 752, Florida
 Statutes.
2. The minor grandchild(ren) has (have) been living in the State of Florida within
 the jurisdiction of this Court.
3. I/We desire visitation with the following minor grandchild(ren).
 Name Birth date Age Sex
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
*162
 ______________________________________________________________________________
 ______________________________________________________________________________
4. The [√ one only] ( ) mother ( ) father of my (our) grandchild(ren) is my (our)
 [√ one only] ( ) son ( ) daughter. A copy of the my (our) child's (respondent's)
 birth certificate is attached.
5. [√ all that apply]:
___ a. The ( ) mother ( ) father of the grandchild(ren) has (have) died.
___ b. The other and father of the grandchild(ren) are divorced.
___ c. The ( ) mother ( ) father of the grandchild(ren) has (have) deserted the
 grandchild(ren).
___ d. The parents were not married when the grandchild(ren) was (were) born
 and did not marry after the grandchild(ren)'s birth, and paternity has been
 established.
6. I/We are requesting the following visitation: {explain} ________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
7. It is in the best interests of the grandchild(ren) that the grandparent(s) be
 allowed reasonable rights of visitation with the grandchild(ren). This is in the
 grandchild(ren)'s best interests because: {explain} ____________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________ __________________________________
 Signature of Grandparent
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by ___________,
 _____________________________________________
 NOTARY PUBLIC-STATE OF
 FLORIDA
 _____________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____ Personally known
____ Produced identification
 Type of identification produced________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
*163
I, {full legal name and trade name of nonlawyer} ___________________________________________,
a nonlawyer, located at {street} ___________________, {city} ______________________,
{state} ________, {phone} ____________, helped {name} ____________________,
who is the (one of the) petitioner(s), fill out this form.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________ __________________________________
 Signature of Grandparent
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ____________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 _____________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______________________________,
a nonlawyer, located at {street} ___________________, {city} ___________,
{state} _________, {phone} ___________, helped {name} ____________,
who is the (one of the) petitioner(s), fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.910(a), SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL

When should this form be used?
This form should be used to obtain personal service on the other party when you begin your lawsuit. Service is required for all documents filed in your case. Service means giving a copy of the required papers to the other party using the procedure that the law requires. Generally, there are two ways to make service: (1) personal service, or (2) service by mail or hand delivery. A third method for service is called constructive service; however, the relief a court may grant may be limited in a case where constructive service has been used.
The law requires that certain documents be served by personal service if personal service is possible. Personal service means that a summons (this form) and a copy of the forms you are filing with the court that must be personally served are delivered by a deputy sheriff or private process server
 directly to the other party, or
 to someone over the age of fifteen with whom the other party lives.
*164 Personal service is required for all petitions, including petitions for modification. You cannot serve these papers on the other party yourself or by mail or hand delivery. Personal service must be made by the sheriffs department in the county where the other party lives or works or by a private process server certified in the county where the other party lives or works.
In many counties, there are private process servers who, for a fee, will personally serve the summons and other documents that require personal service. You should look under "process servers" in the yellow pages of the telephone book for a list of private process servers in your area. You may use a private process server to serve any paper required to be personally served in a family law case except a petition for injunction for protection against domestic or repeat violence.

How do I start?
When you begin your lawsuit, you need to complete this form (summons) and a Process Service Memorandum, Florida Family Law Form 12.910(b). The forms should be typed or printed legibly in black ink. Next, you will need to take these forms and, if you have not already done so, file your petition with the clerk of the circuit court in the county where you live. You should keep a copy of the forms for your records. The clerk will sign the summons, and then the summons, a copy of the papers to be served, and the process service memorandum must be delivered to the appropriate sheriffs office or to a private process server for service on the other party.
IF THE OTHER PARTY LIVES IN THE COUNTY WHERE SUIT IS FILED: Ask the clerk in your county about any local procedures regarding service. Generally, if the other party lives in the county in which you are filing suit and you want the sheriffs department to serve the papers, you will file the summons along with a Process Service Memorandum, Florida Family Law Form 12.910(b), with the clerk and the clerk will forward those papers to the sheriff for service. Make sure that you attach a copy of the papers you want personally served to the summons. You may also need to provide the sheriff with a stamped envelope addressed to you. This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party. However, in some counties the sheriff may send the proof of service directly to the clerk. If you are instructed to supply a self-addressed, stamped envelope and you receive the proof of service, you should file the proof of service with the clerk after you receive it from the sheriff. Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier's check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. The costs for service may be waived if you are indigent.
If you want a private process server to serve the other party, you should still bring the summons to the clerk's office and have the clerk sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a Process Service Memorandum, Florida Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers. After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.
IF THE OTHER PARTY LIVES IN ANOTHER COUNTY: If the other party lives in another county, service needs to be made by a sheriff in the county where the other party lives or by a private process server certified in the county where the other party lives. Make sure that you attach a copy of the papers you want personally served to the summons as well as the Process Service Memorandum, Florida Family Law Form 12.910(b). If you want the sheriff to serve the papers, the clerk may send your papers to that sheriffs office for you, or you may have to send the papers yourself The clerk will tell you which procedure to use. *165 Either way, you will need to provide the sheriff with a stamped envelope addressed to you. This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party. You should file the proof of service with the clerk after you receive it from the sheriff. Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier's check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. The costs for service may be waived if you are indigent.
If you want a private process server to serve the other party, you should still bring the summons to the clerk's office where the clerk will sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a Process Service Memorandum, Florida Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers. After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.
IF THE OTHER PARTY CANNOT BE LOCATED OR DOES NOT LIVE IN FLORIDA: If, after you have made a diligent effort to locate the other party, you absolutely cannot locate the other party, you may serve the other party by publication. Service by publication is also known as constructive service. You may also be able to use constructive service if the other party does not live in Florida. However, Florida courts have only limited jurisdiction over a party that is served by constructive service and may have only limited jurisdiction over a party living outside of Florida regardless of whether that party is served by constructive or personal service; that is, the judge's power to order the other party to do certain things may be limited. For example, the judge may be able to grant your request for a divorce, but the judge may not be able to address issues such as child support, spousal support (alimony), or division of property or debts.
Regardless of the type of service used, if the other party once lived in Florida but is living outside of Florida now, you should include in your petition a statement regarding the length of time the party lived in Florida, if any, and when. For example: "Respondent last lived in Florida from {date} __________ to {date} __________."
This area of the law is very complex and you may need to consult with an attorney regarding the proper type of service to be used in your case if the other party does not live in Florida or cannot be located.

What happens when the papers are served on the other party?
The date and hour of service are written on the original summons and on all copies of it by the person making the service. The person who delivers the summons and copies of the petition must file a proof of service with the clerk or provide a proof of service to you for filing with the court. It is your responsibility to make sure the proof of service has been returned to the clerk and placed in your case file.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information regarding service of process, see chapters 48 and 49, Florida Statutes, and rule 1.070, Florida Rules of Civil Procedure, as well as the instructions for Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), and Affidavit of Diligent Service and Inquiry, Family Law Form 12.913(b), for further information.

Special notes ...
If you have been unable to obtain proper service on the other party within 120 days after filing your lawsuit, the court will dismiss your lawsuit against the other party unless you can show the court a good reason why service was not made within 120 days. *166 For this reason, if you had the local sheriff serve the papers, you should check with the clerk every couple of weeks after completing the service papers to see if service has been completed. You may need to supply the sheriff with a new or better address. If you had a private process server or a sheriff in another county serve the papers, you should be in contact with that person or sheriff until you receive proof of service from that person or sheriff. You should then file the proof of service with the clerk immediately.
If the other party fails to respond, i.e., fails to file a written response with the court, within 20 days after the service of the summons, you are entitled to request a default. See the instructions to Motion for Default, Florida Family Law Form 12.922(a), and Default, 12.922(b), for further information. You will need to file Nonmilitary Affidavit, Florida Law Form 12.912(b), before a default may be granted.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
 ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
 CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL
TO/PARA/A: {enter other party's full legal name} _____________________________,
{address(including city and state)/location for service} _________________________,
 IMPORTANT
 A lawsuit has been filed against you. You have 20 calendar days after this
summons is served on you to file a written response to the attached complaint/petition
with the clerk of this circuit court, located at:
{street address} __________________________________________________________________,
A phone call will not protect you. Your written response, including the case number
given above and the names of the parties, must be filed if you want the Court to
hear your side of the case.
 If you do not file your written response on time, you may lose the case, and
your wages, money, and property may be taken thereafter without further
warning from the Court. There are other legal requirements. You may want to
call an attorney right away. If you do not know an attorney, you may call an
attorney referral service or a legal aid office (listed in the phone book).
 If you choose to file a written response yourself, at the same time you file your
written response to the Court, you must also mail or take a copy of your written
response to the party serving this summons at:
*167
{Name and address of party serving summons} ________________________________________
_____________________________________________________________________________________________
 Copies of all court documents in this case, including orders, are available at
the Clerk of the Circuit Court's office.
 You may review these documents, upon request. You must keep the Clerk of
the Circuit Court's office notified of your current address. (You may file
Notice of Current Address, Florida Family Law Form 12.915.) Future
papers in this lawsuit will be mailed to the address on record at the clerk's
office.
 WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires
certain automatic disclosure of documents and information. Failure to comply
can result in sanctions, including dismissal or striking of pleadings.
 IMPORTANTE
 Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir
del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y
presentarla ante este tribunal. Localizado en:_______________________ Una Ilamada
telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe
presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de
las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el
caso y podria ser despojado de sus ingresos y propiedades, o privado de sus
derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea,
usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado,
puede Hamar a una de las oficinas de asistencia legal que aparecen en la guia
telefonica.
 Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente
su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de
su respuesta a la persona denominada abajo.
 Si usted elige presentar personalmente una respuesta por escrito, en el mismo
momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar
por correo o llevar una copia de su respuesta por escrito a la parte entregando esta
orden de comparencencia a:
 Nombre y direcction de la parte que entrega la orden de comparencencia: _________________
____________________________________________________________________________________________
 Copias de todos los documentos judiciales de este caso, incluyendo las ordenes,
estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the
Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.
 Usted debe de manener informada a la oficina del Secretario de Juzgado del
Circuito de su direcction actual. (Usted puede presenter__________ el Formulario: Ley
de Familia de la Florida 12.915, [ Florida Family Law Form 12.915], Notificacion
de la Direccion Actual [Notice of Current Address]. Los papelos que se
presenten en el futuro en esta demanda judicial seran env ados por correo a la
direccion que este registrada en la oficina del Secretario.
 ADVERTENCIA: Regla 12.285 (Rule 12.285), de las Reglas de Procedimiento de
Ley de Familia de la Florida [Florida Family Law Rules of Procedure], requiere
cierta revelaction automatica de documentos e informaction. El incumplimient, puede
resultar en sanciones, incluyendo la desestimacion o anulacion de los alegatos.
*168
 IMPORTANT
 Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours
consecutifs a partir de la date de l'assignation de cette citation pour deposer une
reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: $L'
Adresse$ ________________________ Un simple coup de telephone est insuffisant pour
vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du
numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez
que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite
dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre
argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du
tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services
immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner
a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a
l'annuaire de telephones).
 Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra
egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie
au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose
cette citation.
Nom et adresse de la partie qui depose cette citation: __________________________________
 Les photocopies de tous les documents tribunals de cette cause, y compris des
arrets, sort disponible au bureau du greffier. Vous pouvez revue ces documents, sur
demande.
 Il faut aviser le greffier de votre adresse actuelle. (Vous pouvez deposer 
Florida Family Law Form 12.915, Notice of Current Address.) Les documents de
l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du
greffier.
 ATTENTION: La regle 12.285 des regles de procedure du droit de la famine de
la Floride exige que l'on remette certains renseignements et certains documents `a la
partie adverse. Tout refus de les fournir pourra donner lieu a des sanctions, y
compris le rejet ou la suppression d'un ou de plusieurs actes de procedure.
THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this
summons and a copy of the complaint in this lawsuit on the above-named person.
DATED:__________
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: __________________________
 Deputy Clerk

INSTRUCTIONS FOR FLORIDA FAILY LAW FORM 12.910(b), PROCESS SERVICE MEMORANDUM

When should this form be used?
You should use this form to give the sheriffs department (or private process server) instructions for serving the other party in your case with the Summons: Personal Service on an Individual, Florida Family Law Form 12.910(a), and other papers to be served. On this form, you can tell the sheriffs department the best times to find the person at work and/or at home. You can also include a map to the other person's home or work place to help the sheriff find the person and deliver the summons. Do not forget to attach to the summons a copy of *169 your initial petition and any other papers you want personally served on the other party.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your petition was filed and attach a copy to the Summons: Personal Service on an Individual, Florida Family Law Form 12.910(a). You should also keep a copy for your records.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. You should read the instructions for Summons: Personal Service on an Individual, Florida Family Law Form 12.910(a), for additional information.

Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter your address, telephone, and fax information at the bottom of this form. Instead, write "confidential" in the spaces provided for that information and file Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(i).
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 PROCESS SERVICE MEMORANDUM
TO: ( ) Sheriff of _____________ County, Florida; ______________________ Division
 ( ) Private process server: ___________________________________________________
Please serve the {name of document(s)} ___________________________________
___________________________________________________________________________________
in the above-styled cause upon:
Party: {full legal name} _________________________________________________
Address or location for service: __________________________________________________
___________________________________________________________________________________
Work Address:______________________________________________________________________
___________________________________________________________________________________
If the party to be served owns, has, and/or is known to have guns or other weapons,
describe what type of weapon(s): __________________________________________________
SPECIAL INSTRUCTIONS:______________________________________________________________
___________________________________________________________________________________
___________________________________________________________________________________
___________________________________________________________________________________
*170
Dated: _______________________________ ______________________________________________
 Signature of Party
 *Printed Name: ____________________
 *Address: _________________________
 *City, State, Zip: ________________
 *Telephone Number: ________________
 *Fax Number: ______________________
*If this is a domestic violence case, do not enter this information if your
 address or telephone number need to be kept confidential for safety
 reasons; instead write "confidential" in the spaces provided and file 
 Florida Family Law Form 12.980(i), Petitioner's Request for Confidential
 Filing of Address.
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _______________________________________,
a nonlawyer, located at {street} __________________, {city} _____________________,
{state} _________, {phone} ___________, helped {name} ____________,
who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.912(a), MEMRANDUM FOR CERTIFICATE OF MILITARY SERVICE

When should this form be used?
This form should be used if you DO NOT KNOW whether the other party in your case is on active duty in a branch of the military service of the United States. Fill out this form and mail one copy to each of the military offices at the addresses on the form. You may be charged a service fee by each military service branch for their response. To assist you in determining the amount of each military branch's fee, phone numbers are listed below. You will need to call each number to find out their fee for this search. Even if you believe that the other party has never or would never join the military, you must show the court proof that he or she is not a member of the military. Therefore, you may need to use this form to provide the court with such proof. See the instructions for the Nonmilitary Affidavit, Florida Family Law Form 12.912(b), for additional information.
COAST GUARD: U.S. Coast Guard Commander (CGPC-ADM-3), Coast Guard Personnel Command, 2100 2nd St., S.W., Room 1616, Washington, D.C. 20593, Phone:(202) 267-1340
AIR FORCE: AFPC MSIMDL, 550 C Street, W., Suite 50, Randolph AFB, TX 78150-4752, Phone: (210) 652-5775
NAVY: BUPERS, PERS 02116, 2 Navy Annex, Washington, D.C. XXXXX-XXXX, Phone: (703) 614-5011 or (703) 614-9221
MARINE CORPS.: USMC-CMC, HQMMMSB-10, 2008 Elliot Road, Room 201, Quantico, VA XXXXX-XXXX, Phone: (703) 784-3941
PUBLIC HEALTH SERVICE: Surgeon General, U.S. Public Health Service, Div. of Comm., Off. Personnel, 5600 Fishers Lane, Room 4-21, Rockville, MD 20857, Phone: (301) 594-2963
ARMY: Army World Wide Locator, U.S. Army Enlisted Records and Evaluation Center, 8899 East 56th Street, Indianapolis, IN XXXXX-XXXX, Phone: (703) 325-3732
This form should be typed or printed in black ink. You should complete this form for each branch of the United States' military listed above, and mail the form to each branch with a check for the appropriate amount and a stamped, self-addressed envelope. You should keep a copy of the form for your records. After you have received a verification of nonmilitary status from each branch, you will need to attach those verifications to a Nonmilitary Affidavit, Florida Family Law Form 12.912(b), for filing with the clerk.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person *171 must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 MEMORANDUM FOR CERTIFICATE OF MILITARY SERVICE
TO: ( ) U.S. Coast Guard Commander (CGPC-ADM-3), Coast Guard Personnel
 Command, 2100 2nd St., S.W., Room 1616, Washington, D.C. 20593
 ( ) AFPC MSIMDL, 550 C Street, W., Suite 50, Randolph AFB, TX 78150-4752
 ( ) BUPERS, PERS 02116, 2 Navy Annex, Washington, D.C. XXXXX-XXXX
 ( ) USMC-CMC, HQMC-MMSB-10, 2008 Elliot Road, Room 201, Quantico,
 VA XXXXX-XXXX
 ( ) Surgeon General, U.S. Public Health Service, Div. of Comm., Off. Personnel,
 5600 Fishers Lane, Room 4-21, Rockville, MD 20857
 ( ) Army World Wide Locator, U.S. Army Enlisted Records and Evaluation
 Center, 8899 East 56th Street, Indianapolis, IN XXXXX-XXXX
RE: ________________________________ _________________________________
 {Name of Respondent} {Respondent's Social Security
 Number}
 This case involves a family matter. It is imperative that a determination be made
whether the above-named individual, who has an interest in these proceedings, is
presently in the military service of the United States, and the dates of induction and
discharge, if any. This information is requested under section 581 of the Soldiers'
and Sailors' Civil Relief Act of 1940, as amended. Please supply a verification as
soon as possible. My check for $______ for your search fee and a self-addressed,
stamped envelope are enclosed.
Dated: _______________________________ __________________________________
 Signature of Petitioner
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______________________,
a nonlawyer, located at {street} ______________, {city} ___________,
{state} _______, {phone} _________, helped {name} __________,
who is the petitioner, fill out this form.

*172 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.912(b), NONMILITARY AFFIDAVIT

When should this form be used?
You should use this form when ALL of the following statements are true:
 The other person in your case has been served, whether by personal service or constructive service.
 The other person in your case has not responded to your petition.
 You are requesting that the court enter a default judgment against the other person.
 You ABSOLUTELY KNOW FOR CERTAIN that the other person is NOT in the military service.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You must file the original of this form with the clerk of the circuit court when you file your Motion for Default, Florida Family Law Form 12.922(a). You must also attach copies of all verifications of nonmilitary service that you received from each branch of the United States' military service. You should keep a copy for your records.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 NONMILITARY AFFIDAVIT
 I, {full legal name} ______________________, being sworn, certify that the following
information is true:
[√ all that apply]
____ 1. I know of my own personal knowledge that Respondent is not on active duty
 in the armed services of the United States.
____ 2. I have inquired of the armed services of the United States and the U.S.
 Public Health Service to determine whether the Respondent is a member of
 the armed services and am attaching certificates stating that Respondent is
 not now in the armed services.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this affidavit and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
DATED: _______________________________ __________________________________
 Signature of Petitioner
 Printed Name: ____________________
 Address: _________________________
*173
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF __________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ____________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ____________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____ Personally known
____ Produced identification
 Type of identification produced_______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _________________________,
a nonlawyer, located at {street} ______________, {city} ___________,
{state} _______, {phone} __________, helped {name} __________,
who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.913(a), NOTICE OF ACTION FOR DISSOLUTION OF MARRIAGE

When should this form be used?
This form may be used to obtain constructive service (also called service by publication) in a dissolution of marriage case if you do not know where your spouse lives or if your spouse lives outside Florida and you are unable to obtain personal service. However, if you use constructive service, the court may grant only limited relief because its jurisdiction is limited. For example, the court can grant your divorce but cannot decide issues of child support, spousal support (alimony), or division of property or debts. This is a complicated area of the law and you may wish to consult an attorney before using constructive service.
You should complete this form by typing or printing the appropriate information in black ink. You should insert your spouse's name and last known address and then file this form with the clerk of the circuit court in the county where your petition for dissolution of marriage was filed. You must also complete and file an Affidavit of Diligent Search and Inquiry, Florida Family Law Form 12.913(b). You should keep a copy for your records.
After the Affidavit of Diligent Search and Inquiry, Florida Family Law Form 12.913(b), is filed, the clerk will sign this form. The form must then be given to a qualified local newspaper to be published for four consecutive weeks. When in doubt, ask the clerk which newspapers in your area are "qualified." The newspaper will charge you for this service. If you cannot afford to pay the cost of publication of this notice in a qualified newspaper, you may ask the clerk to post the notice at a place designated for such postings. You will need to file an Affidavit of Indigency, Florida Family Law Form 12.901(c). If the clerk determines that you cannot afford these costs, the clerk will post the notice of action. In Dade, Broward, and Duval counties, you may ask the clerk to publish your notice without charge.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see rule 12.070, *174 Florida Family Law Rules of Procedure, and rule 1.070, Florida Rules of Civil Procedure.

Special notes ...
If the other party fails to respond to your petition within the time limit stated in the notice of action that is published or posted, you are entitled to request a default. (See Motion for Default, Florida Family Law Form 12.922(a), and Default, Florida Family Law Form 12.922(b).)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 NOTICE OF ACTION FOR DISSOLUTION OF MARRIAGE
TO: {name of Respondent} _______________________________________________
{Respondent's last known address} ______________________________________
 YOU ARE NOTIFIED that an action has been filed against you and that you are
required to serve a copy of your written defenses, if any, to it on {name of
Petitioner} _______________________________________________________________,
whose address is ________________________________________________________________
on or before {date} _________________________, and file the original with the
clerk of this Court at {clerk's address} ________________________________,
before service on Petitioner or immediately thereafter. If you fail to do so, a
default may be entered against you for the relief demanded in the petition.
 Copies of all court documents in this case, including orders, are available at
the Clerk of the Circuit Court's office. You may review these documents upon
request.
 You must keep the Clerk of the Circuit Court's office notified of your current
address. (You may file Notice of Current Address, Florida Family Law
Form 12.915.) Future papers in this lawsuit will be mailed to the address on
record at the clerk's office.
 WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires
certain automatic disclosure of documents and information. Failure to comply
can result in sanctions, including dismissal or striking of pleadings.
Dated: _______________________________ CLERK OF THE CIRCUIT COURT
 By: ______________________________
 Deputy Clerk
*175
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________,
a nonlawyer, located at {street} _____________, {city} ______________,
{state} _______, {phone} __________, helped {name} _________,
who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.913(b), AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY

When should this form be used?
This form is to be used with Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), to obtain constructive service (also called service by publication) in a dissolution of marriage case.
This form includes a checklist of places you can look for information on the location of your spouse. While you do not have to look in all of these places, the court must believe that you have made a very serious effort to get information about your spouse's location and that you have followed up on any information you received.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original and a Notice of Action for Dissolution of Marriage, Florida Family Law Form 12.913(a), with the clerk of the circuit court in the county where your petition for dissolution of marriage is filed. You should keep a copy for your records.

Where can I look for more information? Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see rule 12.070, Florida Family Law Rules of Procedure and rule 1.070(e) and (f), Florida Rules of Civil Procedure.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY
I, {full legal name} _____________________________, being sworn, certify that
the following information is true:
1. have made diligent search and inquiry to discover the name and current
 residence of Respondent: {Specify details of search} Refer to checklist
 below and identify all actions taken (any additional information included
*176
 such as the date the action was taken and the person with whom you
 spoke is helpful) (attach additional sheet if necessary):
[√ all that apply]
____ United States Post Office inquiry through Freedom of Information Act for
 current address or any relocations.
____ Last known employment of Respondent, including name and address of
 employer. You should also ask for any addresses to which W-2 Forms were
 mailed, and, if a pension or profit-sharing plan exists, then to any addresses to
 which any pension or plan payment is and/or has been mailed.
____ Unions from which Respondent may have worked or that governed particular
 trade or craft.
____ Regulatory agencies, including professional or occupational licensing.
____ Names and addresses of relatives and contacts with those relatives, and
 inquiry as to Respondent's last known address. You are to follow up any leads
 of any addresses where Respondent may have moved. Relatives include, but
 are not limited to: parents, brothers, sisters, aunts, uncles, cousins, nieces,
 nephews, grandparents, great-grandparents, former in-laws, stepparents, stepchildren.
____ Information about the Respondent's possible death and, if dead, the date and
 location of the death.
____ Telephone listings in the last known locations of Respondent's residence.
____ Internet at http://www.switchboard.com or other Internet people finder or the
 library checked for me.
____ Law enforcement arrest and/or criminal records in the last known residential
 area of Respondent.
____ Highway Patrol records in the state of Respondent's last known address.
____ Department of Motor Vehicle records in the state of Respondent's last known
 address.
____ Department of Corrections records in the state of Respondent's last known
 address.
____ Title IV-D (child support enforcement) agency records in the state of Respondent's
 last known address.
____ Hospitals in the last known area of Respondent's residence.
____ Utility companies, which include water, sewer, cable TV, and electric in the last
 known area of Respondent's residence.
____ Letters to the Armed Forces of the U.S. and their response as to whether or
 not there is any information about Respondent. (See Memorandum for
 Certificate of Military Service, Florida Family Law Form 12.912(a).)
____ Tax Assessor's and Tax Collector's Office in the area where Respondent last
 resided.
____ Other: {explain} ___________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
2. The age of Respondent is [√ one only] ( ) known {enter age}_________ or ( )
 unknown.
3. Respondent's current residence
[√ one only]
____ a. Respondent's current residence is unknown to me.
____ b. Respondent's current residence is in some state or country other than
 Florida, and Respondent's last known address is: ____________________________________
 _____________________________________________________________________________________
____ c. The Respondent, having residence in Florida, has been absent from Florida
 for more than 60 days prior to the date of this affidavit, or conceals
 him(her)self so that process cannot be served personally upon him or her, and
 I believe there is no person in the state upon whom service of process would
 bind this absent or concealed Respondent.
*177
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this affidavit and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________ __________________________________
 Signature of Petitioner
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 ____________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 _____________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____Personally known
____Produced identification
 Type of identification produced________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ________________________,
a nonlawyer, located at {street} ______________, {city} ___________,
{state} _______, {phone} _________, helped {name} ____________,
who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.914, CERTIFCATE OF SERVICE

When should this form be used?
After the petition has been properly served (through either a personal service or constructive service), both parties must send copies of all additional documents or papers they file with the clerk to the other party or his or her attorney, if he or she has one. Each time you file a document, you must certify that you provided the other party with a copy. Many of the Florida Family Law Forms already have a place above the signature line for this certification. It looks like this:
I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and mailed ( ) hand-delivered to the person(s) listed below on {date} _______________
Other party or his/her attorney:
Name: ___________________________________________
Address: ________________________________________
City, State, Zip: _______________________________
Fax Number: _____________________________________
If a form you are filing has a certificate, you do not need to file a separate Certificate of Service, Florida Family Law Form 12.914. However, each time you file a document that does not have a certificate like the one above, you must file a Certificate of Service, Florida Family Law Form 12.914, and send a copy of the document to the other party. This includes letters to the judge.
This form should be typed or printed in black ink. After completing this form (giving the name of each form, document, or paper filed), you should sign the form before a notary public. You should file the original with the *178 clerk of the circuit court in the county where your case was filed and keep a copy for your records.
The copy you are providing to the other party must be mailed (postmarked) or delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For more information, see rule 1.080, Florida Rules of Civil Procedure and rule 12.080, Florida Family Law Rules of Procedure.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 CERTIFICATE OF SERVICE
 I certify that a copy of {name of document(s)} _____________________________
_______________________________________________________________________________________
was [√ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person
listed below on {date} ____________________
Other party or his/her attorney:
Name: ____________________________________
Address: _________________________________
City, State, Zip: ________________________
Fax Number: ______________________________
 ___________________________________
 Signature of Party
 Printed Name: _____________________
 Address: __________________________
 City, State, Zip: _________________
 Telephone Number: _________________
 Fax Number: _______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ____________________________,
a nonlawyer, located at {street} ______________, {city} ______________,
{state} ________, {phone} ____________, helped {name} __________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

*179 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.915, NOTICE OF CURRENT ADDRESS

When should this form be used?
This form should be used to inform the clerk and the other party of your current address or any change of address. It is very important that the court and the other party in your case have your correct address.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to any other party in your case.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 NOTICE OF CURRENT ADDRESS
I, {full legal name} _____________________________________, being sworn,
certify that my current address is: {street} _________________________________
{City} ____________ {State} ______________ {Zip} __________ {Telephone No.} ___________
{Fax No.} ______________________
 I understand that I must keep the clerk's office notified of my current
address and that all future papers in this lawsuit will be mailed to the address
on record at the clerk's office.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand-delivered to the person(s) listed below on {date} ________________
Other party or his/her attorney:
Name: ____________________________________
Address: _________________________________
City, State, Zip: ________________________
Fax Number: ______________________________
 ___________________________________
 Signature of Party
*180
STATE OF FLORIDA
COUNTY OF
Sworn to or affirmed and signed before me on ______________ by _____________,
 _______________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 _______________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____ Personally known
____ Produced identification
 Type of identification produced_______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ____________________________,
a nonlawyer, located at {street} ______________, {city} ______________,
{state} ________, {phone} ____________, helped {name} __________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORMS 12.920(a), MOTION FOR REFERRAL TO GENERAL MASTER 12.920(b), ORDER OF RFERRAL TO GENERAL MASTER and 12.920(c), NOTICE OF HEARING BEFORE GENERAL MASTER

When should these forms be used?
A general master is an attorney appointed by a judge to take testimony and recommend decisions on certain matters connected with a divorce. These recommendations are then reviewed by the judge and are generally approved unless contrary to the law or the facts of the case. The primary purposes of having general masters hear family law matters are to reduce the costs of litigation and to speed up cases. Either party may request that their case, or portions of their case, be heard by a general master by filing Motion for Referral to General Master, Florida Family Law Form 12.920(a). You must also prepare and submit an Order of Referral to General Master, Florida Family Law Form 12.920(b), to submit to the judge assigned to your case.
Many times, the court, either on its own motion or under current administrative orders of the court, may refer your case to a general master. Even in those instances, you may be required to prepare and submit an Order of Referral to General Master, Florida Family Law Form 12.920(b), to the judge.
Once a general master has been appointed to your case, the general master will assign a time and place for a hearing as soon as reasonably possible after the referral is made. The general master will give notice of that hearing to each of the parties directly or will direct a party or attorney in the case to file and serve a notice of hearing on the other party. If you are asked to send the notice of hearing, you will need to use the form entitled Notice of Hearing Before General Master, Florida Family Law Form 12.920(c). Regardless of who prepares the notice of hearing, the moving party (the one who requested referral to the general master) is required to have the notice properly served on the other party.
These forms should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
If you are filing a Motion for Referral to General Master, Florida Family Law Form 12.920(a), you need to send or deliver your motion directly to the judge assigned to your case, along with an Order of Referral to General Master, Florida Family Law Form 12.920(b), and an addressed, stamped envelope for each party in the case. *181 The judge will then either grant or deny the motion, usually without a hearing.
If you are required to submit a Order of Referral to General Master, Florida Family Law Form 12.920(b), to the judge assigned to your case, you will need to send or deliver the order directly to the judge, along with addressed, stamped envelopes for each party in the case.
The party who prepares any of these forms must file the original with the clerk of the circuit court. A copy of the motion must be mailed or hand delivered to any other party in your case.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see rule 12.490, Florida Family Law Rules of Procedure.

Special notes ...
IMPORTANT: After the judge refers your case to a general master, either party (including the party who was required to prepare and submit the Order of Referral) may object to the referral within 10 days of the date that the referral is made (if the Order of Referral is served by mail, the parties have an additional 5 days within which to object to the referral). Every litigant is entitled to have his or her case heard by a judge. However, before you decide to object to an Order of Referral to General Master, you should consider the potential extra costs and time delays that may result from having a judge hear your case instead of a general master. You may want to speak with an attorney in your area who can assist you in making a more informed decision regarding whether you should file an objection to an Order of Referral to General Master.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 MOTION FOR REFERRAL TO GENERAL MASTER
 I, {full legal name} __________________________________________, request that
the Court enter an order referring this case to a general master. The case should
be referred to a general master on the following issues: {explain} ______________
__________________________________________________________________________________________
__________________________________________________________________________________________
__________________________________________________________________________________________
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} _______________
Other party or his/her attorney:
Name: ____________________________________
*182
Address: _________________________________
City, State, Zip: ________________________
Fax Number: ______________________________
Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ____________________________________,
a nonlawyer, located at {street} ______________, {city} ____________________,
{state} ________, {phone} ____________, helped {name} _____________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.
Form 12.920(b)
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 ORDER OF REFERRAL TO GENERAL MASTER
 THIS CASE IS REFERRED TO THE GENERAL MASTER on the following
issues:
1. _______________________________________________________________________________________
2. _______________________________________________________________________________________
3. _______________________________________________________________________________________
4. _______________________________________________________________________________________
AND ANY OTHER MATTER RELATED THERETO.
 IT IS FURTHER ORDERED that the above issues are referred to General
Master {name} ____________________________________, for further proceedings, under
rule 12.490 of the Florida Family Law Rules of Procedure and current administrative
orders of the Court. Financial Affidavits, Family Law Form 12.901(d) or
(e), shall be filed in accordance with Florida Family Law Rule of Procedure 12.285.
The General Master is authorized to administer oaths and conduct hearings, which
may include taking of evidence, and shall file a report and recommendations that
contain findings of fact, conclusions of law, and the name of the court reporter, if
any.
*183
 The General Master shall assign a time for the proceedings as soon as reasonably
possible after this referral is made and shall give notice to each of the parties either
directly or by directing counsel or a party to file and serve a notice of hearing.
 Counties within the State of Florida may have different rules. Please consult the
( ) Clerk of the Court ( ) Family Law Intake Staff ( ) other _____________________________
relating to this procedure.
 A REFERRAL TO A GENERAL MASTER REQUIRES THE CONSENT OF
ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD
BY A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD
BY THE GENERAL MASTER, YOU MUST FILE A WRITTEN OBJECTION
TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF
THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10
DAYS AFTER SERVICE OF THIS ORDER, THE OBJECTION MUST BE
MADE BEFORE THE HEARING. IF THIS ORDER IS SERVED WITHIN
THE FIRST 20 DAYS AFTER SERVICE OF PROCESS, THE TIME TO FILE
AN OBJECTION IS EXTENDED TO THE TIME WITHIN WHICH A RSPONSIVE
PLEADING IS DUE. FAILURE TO FILE A WRITTEN OBJETION
WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A
CONSENT TO THE REFERRAL.
 If either party files a timely objection, this matter shall be returned to the
undersigned judge with a notice stating the amount of time needed for hearing.
 REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE
GENERAL MASTER SHALL BE BY EXCEPTIONS AS PROVIDED IN RULE
12.490(f), FLORIDA FAMILY LAW RULES OF PROCEDURE. A RECORD,
WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT
EXCEPTIONS.
 YOU ARE ADVISED THAT IN THIS CIRCUIT:
 ____ a. electronic recording is provided by the court. A party may provide a
 court reporter at that party's expense.
 ____ b. a court reporter is provided by the court.
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMENDATION
MADE BY THE GENERAL MASTER, YOU MUST FILE ECEPTIONS
IN ACCORDANCE WITH RULE 12.490(f), FLORIDA FAMILY
LAW RULES OF PROCEDURE. YOU WILL BE REQUIRED TO PROVIDE
THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR ECEPTIONS,
OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ODINARILY
INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT
PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE
TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S REVIEW.
 ORDERED on ____________________________________
 _______________________________________
 CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
General Master
*184
Form 12.920(c)
 IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 NOTICE OF HEARING BEFORE GENERAL MASTER
[ fill in all blanks]
TO: ______________________________________________________________________________________
 ______________________________________________________________________________________
 There will be a hearing before General Master {name of general master}
______________________, on {date} _______________, at {time} ______________m., in Room
__________ of the ________________________________________________________________________
Courthouse, on the following issues: _____________________________________________________
__________________________________________________________________________________________
__________________________________________________________________________________________
____________ hour(s)/ __________ minutes have been reserved for this hearing.
PLEASE GOVERN YOURSELF ACCORDINGLY.
This part to be filled out by the court or filled in with information you have
obtained from the court: If you are a person with a disability who needs any
accommodation in order to participate in this proceeding, you are entitled, at no cost
to you, to the provision of certain assistance. Please contact
{name} __________________________________________________________________________,
{address} _____________________________________, {telephone} ________________
________________________, within 2 working days of your receipt of this Notice of
Hearing. If you are hearing or voice impaired, call TDD 1-800-955-8771.
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMENDATION
MADE BY THE GENERAL MASTER, YOU MUST FILE ECEPTIONS
IN ACCORDANCE WITH RULE 12.490(f), FLORIDA FAMILY
LAW RULES OF PROCEDURE. YOU WILL BE REQUIRED TO PROVIDE
THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR ECEPTIONS,
OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ODINARILY
INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT
PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE
TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S REVIEW.
YOU ARE HEREBY ADVISED THAT IN THIS CIRCUIT:
 ____ a. electronic recording is provided by the court. A party may provide a
 court reporter at that party's expense.
 ____ b. a court reporter is provided by the court.
 If you are represented by an attorney or plan to retain an attorney for this matter
you should notify the attorney of this hearing.
 If this matter is resolved, the moving party shall contact the General Master's
Office to cancel this hearing.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} ________________
*185
Other party or his/her attorney:
Name: ____________________________________
Address: _________________________________
City, State, Zip: ________________________
Fax Number: ______________________________
Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________,
a nonlawyer, located at {street} ______________, {city} _________________,
{state} ________, {phone} ____________, helped {name} _____________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.921, NOTICE OF HEARING (CHILD SUPPORT EFORCEMENT HEARING OFFICER)

When should this form be used?
A child support enforcement hearing officer is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of child support. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer.
Use this form anytime you have set a hearing before a child support enforcement hearing officer and have been instructed to send notice of the hearing to the other party. Before you fill out this form, you should coordinate a hearing time and date with the hearing officer and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, See rule 12.941, Florida Family Law Rules of Procedure.

Special notes ...
An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general master. If your case involves only child support issues, your case properly may be referred to a general master acting as a child support enforcement hearing officer.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last *186 page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 NOTICE OF HEARING (CHILD SUPPORT ENFORCEMENT
 HEARING OFFICER)
TO: {name of other party} ________________________________________________
 There will be a hearing before Child Support Enforcement Hearing Officer
{name} _______________, on {date} _____________, at {time} ________m.,
in Room ___________ of the ____________________________________________________________________
County Courthouse, on the following issues: ___________________________________________________
_______________________________________________________________________________________________
_______________________________________________________________________________________________
____________ hour(s)/ ___________ minutes have been reserved for this hearing.
This part to be filled out by the court or filled in with information you have
obtained from the court:
 If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact {name} ________________________________________
{address} ___________________________________ {telephone} _______________
within 2 working days of your receipt of this Notice of Hearing. If you are hearing
or voice impaired, call TDD 1-800-955-8771.
 If you are represented by an attorney or plan to retain an attorney for this
matter, you should notify the attorney of this hearing.
 If this matter is resolved, the moving party shall contact the hearing officer's
office to cancel this hearing.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} __________________
Other party or his/her attorney:
Name: ____________________________________
Address: _________________________________
City, State, Zip: ________________________
Fax Number: ______________________________
Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
*187
 Telephone Number: ________________
 Fax Number: ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ________________________,
a nonlawyer, located at {street} ______________, {city} ____________,
{state} ________, {phone} ____________, helped {name} _____________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM(S) 12.922(a), MOTION FOR DEFAULT and 12.922(b), DFAULT

When should these forms be used?
If the other party has failed to file or serve any documents within 20 days after the date of service of your petition, you may ask the clerk of the circuit court to enter a default against him or her by filling out this form and filing it with the court. Generally, a default allows you to obtain an earlier final hearing to finish your case. Once the default is signed by the clerk, you can request a trial or final hearing in your case.
To obtain a default, you will need to complete Motion for Default, Florida Family Law Form 12.922(a). You will then need to file your motion for default along with the Default, Florida Family Law Form 12.922(b), so that the clerk can enter a default for you if your motion is proper.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where you filed your petition and keep a copy for your records.

What should I do next?
After the default has been entered, you must ask for a hearing, so that the judge can consider your petition. To do this, you must contact the clerk's office, family law intake staff, or judicial assistant to schedule a hearing and file a Notice of Hearing (General), Florida Family Law Form 12.923, with the clerk. A copy of the notice of hearing must be mailed or hand-delivered to each party in the case. You must send a notice of final hearing to the defaulted party.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see rule 1.500, Florida Rules of Civil Procedure, concerning defaults and rule 1.140, Florida Rules of Civil Procedure, concerning the time within which a party can file an answer or other responsive pleading to a petition. See also rule 12.080, Florida Family Law Rules of Procedure.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
*188
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 MOTION FOR DEFAULT
TO THE CLERK OF THE CIRCUIT COURT:
 PLEASE ENTER A DEFAULT AGAINST RESPONDENT WHO HAS
FAILED TO RESPOND TO THE PETITION.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} ____________
Other party or his/her attorney:
Name: ____________________________________
Address: _________________________________
City, State, Zip: ________________________
Fax Number: ______________________________
Dated: _______________________________
 __________________________________
 Signature of Petitioner
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ____________________________________,
a nonlawyer, located at {street} ______________, {city} ____________________,
{state} ________, {phone} ____________, helped {name} _____________,
who is the petitioner, fill out this form.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 DEFAULT
 A default is entered in this action against Respondent for failure to serve or file a
response or any paper as is required by law.
Dated: _______________________________
*189
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: ___________________________________
 Deputy Clerk
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} __________________
Other party or his/her attorney:
Name: ____________________________________
Address: _________________________________
City, State, Zip: ________________________
Fax Number: ______________________________
 ________________________________
 Signature of Petitioner
 Printed Name: __________________
 Address: _______________________
 City, State, Zip: ______________
 Telephone Number: ______________
 Fax Number: ____________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ___________________________,
a nonlawyer, located at {street} ______________, {city} ______________,
{state} ________, {phone} ____________, helped {name} ____________,
who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.922(c), MOTION TO SET ASIDE DEFAULT OR DFAULT JUDGMENT

When should this form be used?
If a default or default judgment has been entered against you, and you believe, because of a mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud, that it should not have been entered against you, you can use this form to request that the court set aside the default or default judgment.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the default was entered and keep a copy for your records.

What should I do next?
After you file this form with the clerk and serve a copy on the other party in the case, you must schedule a hearing so that the court can consider your motion. You should contact the clerk, family law intake staff, or judicial assistant to schedule a hearing. Once you have scheduled the hearing date and time, you will need to complete and send out a notice for that hearing. To do so, use Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see rule 12.540, Florida Family Law Rules of Procedure, and rules 1.500(d) and 1.540(b), Florida Rules of Civil Procedure.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person *190 must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 MOTION TO SET ASIDE DEFAULT OR DEFAULT JUDGMENT
 I, {full legal name} ______________________________________________________,
request that the Court enter an order to set aside the ( ) Default ( ) Default
Judgment entered against me and that I be given the opportunity to present my
views.
 The Court should do this because:
1. I became aware of this Default/Default Judgment on {date} ___________________
2. I found out about this in the following manner $explain how you found out$:
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
3. I did not answer or appear at the hearing because: ___________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
4. If I am given an opportunity, these are the defenses and arguments that I would
 like to tell the court about: ________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} _______________
Other party or his/her attorney:
Name: ____________________________________
Address: _________________________________
*191
City, State, Zip: ________________________
Fax Number: ______________________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this motion and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 __________________________________
 Signature of Respondent
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF _________________
Sworn to or affirmed and signed before me on ______________ by _____________,
 _______________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 _______________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
____ Personally known
____ Produced identification
 Type of identification produced_______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _______________________________________,
a nonlawyer, located at {street} ______________, {city} _______________________,
{state} ______, {phone} _________, helped {name} __________,
who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.923, NOTICE OF HEARING (GENERAL)

When should this form be used?
Anytime you have set a hearing before a judge, you must send notice of the hearing to the other party. IMPORTANT: If your hearing has been set before a general master, you should use Notice of Hearing Before General Master, Florida Family Law Form 12.920(c). If your hearing has been set before a child support enforcement hearing officer, you should use Notice of Hearing (Child Support Hearing Officer), Florida Family Law Form 12.921.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case was filed keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case. If a default has been entered, you must still send this form to the other party to notify the other party of the final hearing.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information on serving notices of *192 hearing, see rule 1.090(d), Florida Civil Rules of Procedure.

Special notes ...
To set a hearing date and time, you will usually have to make a good-faith effort to coordinate a mutually convenient date and time for you, the other parties in the case, and the judge, except in certain emergency situations. Some circuits may have additional procedural requirements that you must follow when you notify the court and other parties of your scheduled hearing. Therefore, before you complete this form, you should contact the clerk's office, family law intake staff, or judicial assistant for information regarding the proper procedure to follow.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 NOTICE OF HEARING (GENERAL)
[√ fill in all blanks]
TO: {name of other party} _______________________________________________________
 There will be a hearing before Judge {name} _________________________________,
on {date} _____________, at {time} ______________m., in Room of the Courthouse, on the
following issues: ________________________________________________________________________
__________________________________________________________________________________________
__________________________________________________________________________________________
_____________ hour(s)/ __________ minutes have been reserved for this hearing.
This part to be filled out by the court or to be filled in with information you
obtained from the court: If you are a person with a disability who needs any
accommodation in order to participate in this proceeding, you are entitled, at no cost
to you, to the provision of certain assistance. Please contact
{name} _______________________________________________________________________,
{address} ___________________________________________, {telephone} ____________,
within 2 working days of your receipt of this Notice of Hearing. If you are hearing
or voice impaired, call TDD 1-800-955-8771.
 If you are represented by an attorney or plan to retain an attorney for this
matter, you should notify the attorney of this hearing.
 If this matter is resolved, the moving party shall contact the judge's office to
cancel this hearing.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} _____________
*193
Other party or his/her attorney:
Name: ____________________________________
Address: _________________________________
City, State, Zip: ________________________
Fax Number: ______________________________
Dated: _______________________________
 _________________________________
 Signature of Party
 Printed Name: ___________________
 Address: ________________________
 City, State, Zip: _______________
 Telephone Number: _______________
 Fax Number: _____________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ________________________,
a nonlawyer, located at {street} ______________, {city} ____________,
{state} __________, {phone} ____________, helped {name} _____________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.924, NOTICE FOR TRIAL

When should this form be used?
Generally, the court will have trials (or final hearings) on contested cases. This form is to be used to notify the court that your case is ready to be set for trial. Before setting your case for trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be met. These requirements vary depending on the type of case and the procedures in your particular circuit. In some circuits you must complete mediation or a parenting course before you can set a final hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form. Other circuits may require that you set the trial using an Order Setting Trial. Contact the clerk of the court, family law intake staff, or judicial assistant to determine how the judge assigned to your case sets trials. For further information, you should refer to the instructions for the type of form you are filing.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see rule 12.440, Florida Family Law Rules of Procedure.

Special notes ...
These family law forms contain orders and final judgments, which the judge may use. You should ask the clerk of court, family law intake staff, or judicial assistant if you need to bring one of these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer *194 helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 NOTICE FOR TRIAL
 Pursuant to rule 12.440, Florida Family Law Rules of Procedure, the party
signing below states that the case is ready to be set for trial. The estimated time
needed for the parties to present their cases is: {hours} ____________
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} _____________
Other party or his/her attorney:
Name: ____________________________________
Address: _________________________________
City, State, Zip: ________________________
Fax Number: ______________________________
Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______________________________________,
a nonlawyer, located at {street} ______________, {city} ______________________,
{state} __________, {phone} ____________, helped {name} _____________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.927, NOTICE OF VOLUNTARY DISMISSAL

When should this form be used?
If you are the petitioner in a case and you wish to discontinue (dismiss) the case, you may use this form to request that the court dismiss your petition. If you are the respondent in a case and you have filed a counterpetition, you may use this form to request that the court dismiss your counterpetition.
WARNING: If your case involves both a petition and a counterpetition, a notice of *195 voluntary dismissal filed by one party will NOT dismiss the other party's petition or counterpetition. The other party also must file a notice of voluntary dismissal for the entire case to stop completely.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or handdelivered to each party in the case.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see rule 12.420, Florida Family Law Rules of Procedure.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 NOTICE OF VOLUNTARY DISMISSAL
 I, {full legal name} ________________________________, give notice that:
[√ one only]
____ a. I am the Petitioner in this case and I voluntarily dismiss my petition.
____ b. I am the Respondent in this case and I voluntarily dismiss my
 counterpetition.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} ______________
Other party or his/her attorney:
Name: ____________________________________
Address: _________________________________
City, State, Zip: ________________________
Fax Number: ______________________________
Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
*196
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ___________________________________,
a nonlawyer, located at {street} ______________, {city} ___________________,
{state} __________, {phone} __________, helped {name} ____________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.930(a), NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES

When should this form be used?
You should use this form to tell the court that you are asking the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. The standard family law interrogatories are designed to supplement the information provided in the Financial Affidavit, Florida Family Law Forms 12.901(d) or (e). You should carefully read the standard interrogatory forms, Florida Family Law Form 12.930(b) and (c), to determine which questions, if any, the other party needs to answer in order to provide you with information not covered by the financial affidavit forms.
This form should be typed or printed in black ink. You must indicate whether you are sending the interrogatories for original and enforcement proceedings or the interrogatories for modification proceedings. You must also indicate which questions you are asking the other party to answer. After completing this form you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.

What should I do next?
A copy of this form, along with two copies of the appropriate interrogatories, Florida Family Law Form 12.930(b) or (c), must be mailed or hand delivered to the other party in your case.
You may want to inform the other party of the following information:
As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the, answers to you. His or her answers may be written on as many separate sheets of paper as necessary. He or she should number each page and indicate which question(s) he or she is answering, and be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits.
The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure, and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person *197 must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES
I, {full legal name} ____________________________________, have on {date} ____________,
served upon {name of person served} _____________________________________________________________,
to be answered under oath within 30 days after service, the Standard Family Law
Interrogatories for [√ one only]
 ( ) Original or Enforcement Proceedings ( ) Modification Proceedings
I am requesting that the following standard questions be answered: [√ all that
apply]
 ______ 1 ______ 2 ______ 3 ______ 4 ______ 5 ______ 6 ______ 7
 Background Education Employment Assets Liabilities Miscellaneous Long Form
 Information Affidavit
 In addition, I am requesting that the attached {#} ______ questions be answered.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} __________________
Other party or his/her attorney:
Name: ____________________________________
Address: _________________________________
City, State, Zip: ________________________
Fax Number: ______________________________
Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ________________________,
a nonlawyer, located at {street} ______________, {city} ____________,
{state} __________, {phone} ____________, helped {name} _____________,
who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

*198 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.930(b), STADARD FAMILY LAW INTERROATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS

When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in original proceedings or enforcement proceedings and are meant to supplement the information provided in the Financial Affidavit, Florida Family Law Forms 12.901(d) or (e). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send 2 copies of this form and the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Forms 12.930(a), to the other party. You should also keep a copy for your records. You do not need to file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Forms 12.930(a), to tell the court that you have sent this form to the other party.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Florida Family Law Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure, and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.

Special notes ...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also *199 must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE __________JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 STANDARD FAMILY LAW INTERROGATORIES
 FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
 TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES
I am requesting that the following standard questions be answered: [√ all that apply]
______ 1 ______ 2 ______ 3 ______ 4 ______ 5 ______ 6 ______ 7
Background Education Employment Assets Liabilities Miscellaneous Long Form
Information Affidavit
In addition, I am requesting that the attached {#}__________ questions be answered.
The answers to the following questions are intended to supplement the information
provided in the Financial Affidavits, Florida Family Law Forms 12.901(d) or (e).
You should answer the group of questions indicated in the above shaded box. The
questions should be answered in the blank space provided below each separately
numbered question. If sufficient space is not provided, you may attach additional
papers with the answers and refer to them in the space provided in the interrogatories.
You should be sure to make a copy for yourself. Each question must be
answered separately and as completely as the available information permits. All
answers are to be made under oath or affirmation as to their truthfulness.
 I, {name of person answering interrogatories} ______________________________,
being sworn, certify that the following information is true:
1. BACKGROUND INFORMATION:
 a. State your full legal name and any other name by which you have been
 known.
 b. State your present residence and telephone numbers.
 c. State your place and date of birth.
2. EDUCATION:
 a. List all business, commercial, and professional licenses that you have
 obtained.
 b. List all of your education including, but not limited to, vocational or
 specialized training, including the following:
 (1) name and address of each educational institution.
 (2) dates of attendance.
 (3) degrees or certificates obtained or anticipated dates of same.
*200
3. EMPLOYMENT:
 a. For each place of your employment or self-employment during the last 3
 years, state the following:
 (1) name, address, and telephone number of your employer.
 (2) dates of employment.
 (3) job title and brief description of job duties.
 (4) starting and ending salaries.
 (5) name of your direct supervisor.
 (6) all benefits received, including, for example, health, life, and disability
 insurance; expense account; use of automobile or automobile expense
 reimbursement; reimbursement for travel, food, or lodging expenses;
 payment of dues in any clubs or associations; and pension or profit
 sharing plans.
 b. Other than as an employee, if you have been engaged in or associated with
 any business, commercial, or professional activity within the last 3 years that
 was not detailed above, state for each such activity the following:
 (1) name, address, and telephone number of each activity.
 (2) dates you were connected with such activity.
 (3) position title and brief description of activities.
 (4) starting and ending compensation.
 (5) name of all persons involved in the business, commercial, or professional
 activity with you.
 (6) all benefits and compensation received, including, for example, health,
 life, and disability insurance; expense account; use of automobile or
 automobile expense reimbursement; reimbursement for travel, food, or
 lodging expenses; payment of dues in any clubs or associations; and
 pension or profit sharing plans.
 c. If you have been unemployed at any time during the last 3 years, state the
 dates of unemployment. If you have not been employed at any time in the last
 3 years, give the information requested above in question 3.a for your last
 period of employment.
4. ASSETS:
 a. Real Estate. State the street address of all real property that you own or
 owned during the last 3 years. For each property, state the following:
 (1) the names and addresses of any other persons or entities holding any
 interest and their percentage of interest.
 (2) the purchase price, the cost of any improvements made since it was
 purchased, and the amount of any depreciation taken.
 (3) the fair market value on the date of your separation from your spouse.
 (4) the fair market value on the date of the filing of the petition for dissolution
 of marriage.
*201
 b. Tangible Personal Property. List all items of tangible personal property
 that are owned by you or in which you have had any interest during the last 3
 years including, but not limited to, motor vehicles, tools, furniture, boats,
 jewelry, art objects or other collections, and collectibles whose fair market
 value exceeds $100. For each item, state the following:
 (1) the percentage and type interest you hold.
 (2) the names and addresses of any other persons or entities holding any
 interest.
 (3) the date you acquired your interest.
 (4) the purchase price.
 (5) the present fair market value.
 (6) the fair market value on the date of your separation from your
 spouse.
 (7) the fair market value on the date of the filing of the petition for
 dissolution of marriage.
 c. Intangible Personal Property. Other than the financial accounts (checking,
 savings, money market, credit union accounts, or other such cash management
 accounts) listed in the answer to interrogatory 4.d below, list all items of
 intangible personal property that are owned by you or in which you have had
 any ownership interest (including closed accounts) within the last 3 years,
 including but not limited to, partnership and business interests (including good
 will), stocks, stock funds, mutual funds, bonds, bond funds, real estate investment
 trust, receivables, certificates of deposit, notes, mortgages, and debts
 owed to you by another entity or person. For each item, state the following:
 (1) the percentage and type interest you hold.
 (2) the names and addresses of any other persons or entities holding any
 interest and the names and addresses of the persons and entities who
 are indebted to you.
 (3) the date you acquired your interest.
 (4) the purchase price, acquisition cost, or loaned amount.
 (5) the fair market value or the amounts you claim are owned by or owed
 to you:
 (a) presently, at the time of answering these interrogatories.
 (b) on the date of your separation from your spouse.
 (c) on the date of the filing of the petition for dissolution of marriage.
 You may comply with this interrogatory (4.c) by providing copies of all periodic
 (monthly, quarterly, semi-annual, or annual) account statements for each such
 account for the preceding 3 years. However, if the date of acquisition, the
 purchase price and the market valuations are not clearly reflected in the
 periodic statements which are furnished then these questions must be answered
 separately. You do not have to resubmit any periodic statements previously
 furnished under rule 12.285 (Mandatory Disclosure).
 d. Financial Accounts. For all financial accounts (checking, savings, money
 market, credit union accounts, or other such cash management accounts) listed
 in your Financial Affidavit, in which you have had any legal or equitable
 interest, regardless of whether the interest is or was held in your own name
 individually, in your name with another person, or in any other name, give the
 following:
 (1) name and address of each institution.
 (2) name in which the account is or was maintained.
*202
 (3) account numbers.
 (4) name of each person authorized to make withdrawals from the
 accounts.
 (5) highest balance within each of the preceding 3 years.
 (6) lowest balance within each of the preceding 3 years.
 You may comply with this interrogatory (4.d) by providing copies of all periodic
 (monthly, quarterly, semi-annual, or annual) account statements for each such
 account for the preceding 3 years. You do not have to resubmit account
 statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).
 e. Closed Financial Accounts. For all financial accounts (checking, savings,
 money market, credit union accounts, or other such cash management accounts)
 closed within the last 3 years, in which you have had any legal or
 equitable interest, regardless of whether the interest is or was held in your
 own name individually, in your name with another person, or in any other
 name, give the following:
 (1) name and address of each institution.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) name of each person authorized to make withdrawals from the
 accounts.
 (5) date account was closed.
 f. Trust. For any interest in an estate, trust, insurance policy, or annuity,
 state the following:
 (1) If you are the beneficiary of any estate, trust, insurance policy, or
 annuity, give for each one the following:
 (a) identification of the estate, trust, insurance policy, or annuity.
 (b) the nature, amount, and frequency of any distributions of
 benefits.
 (c) the total value of the beneficiaries' interest in the benefit.
 (d) whether the benefit is vested or contingent.
 (2) If you have established any trust or are the trustee of a trust, state
 the following:
 (a) the date the trust was established.
 (b) the names and addresses of the trustees.
 (c) the names and addresses of the beneficiaries.
 (d) the names and addresses of the persons or entities who possess
 the trust documents.
 (e) each asset that is held in each trust, with its fair market value.
 g. Canceled Life Insurance Policies. For all policies of life insurance within
 the preceding 3 years that you no longer hold, own, or have any interest in,
 state the following:
 (1) name of company that issued the policy and policy number.
 (2) name, address, and telephone number of agent who issued the policy.
 (3) amount of coverage.
 (4) name of insured.
 (5) name of owner of policy.
 (6) name of beneficiaries.
 (7) premium amount.
*203
 (8) date the policy was surrendered.
 (9) amount, if any, of monies distributed to the owner.
 h. Name of Accountant, Bookkeeper, or Records Keeper. State the names,
 addresses, and telephone numbers of your accountant, bookkeeper, and any
 other persons who possess your financial records, and state which records each
 possesses.
 i. Safe Deposit Boxes, Lock Boxes, Vaults, Etc. For all safe deposit boxes,
 lock boxes, vaults, or similar types of depositories, state the following:
 (1) The names and addresses of all banks, depositories, or other places where,
 at any time during the period beginning 3 years before the initiation of the
 action, until the date of your answering this interrogatory, you did any of the
 following:
 (a) had a safe deposit box, lock box, or vault.
 (b) were a signatory or co-signatory on a safe deposit box, lock box, or
 vault.
 (c) had access to a safe deposit box, lock box, or vault.
 (d) maintained property.
 (2) The box or identification numbers and the name and address of each person
 who has had access to any such depository during the same time period.
 (3) All persons who have possession of the keys or combination to the safe
 eposit box, lock box, or vault.
 (4) Any items removed from any safe deposit boxes, lock boxes, vaults, or
 similar types of depositories by you or your agent during that time, together
 with the present location and fair market value of each item.
 (5) All items in any safe deposit boxes, lock boxes, vaults, or similar types of
 depositories and fair market value of each item.
 5. LIABILITIES:
 a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities,
 debts, and other obligations (other than credit cards and charge accounts)
 listed in your Financial Affidavit, indicate for each the following:
 (1) name and address of the creditor.
 (2) name in which the obligation is or was incurred.
 (3) loan or account number, if any.
 (4) nature of the security, if any.
 (5) payment schedule.
 (6) present balance and current status of your payments.
 (7) total amount of arrearage, if any.
 (8) balance on the date of your separation from your spouse.
 (9) balance on the date of the filing of the petition for dissolution of
 marriage.
 You may comply with this interrogatory (5.a) by providing copies of all
 periodic (monthly, quarterly, semi-annual, or annual) account statements
 for each such account for the preceding 3 years. You do not have to
 resubmit account statements previously furnished under rule 12.285 (Mandatory
 Disclosure).
*204
 b. Credit Cards and Charge Accounts. For all financial accounts (credit
 cards, charge accounts, or other such accounts) listed in your Financial
 Affidavit, in which you have had any legal or equitable interest, regardless of
 whether the interest is or was held in your own name individually, in your
 name with another person, or in any other name, give the following:
 (1) name and address of the creditor.
 (2) name in which the account is or was maintained.
 (3) names of each person authorized to sign on the accounts.
 (4) account numbers.
 (5) present balance and current status of your payments.
 (6) total amount of arrearage, if any.
 (7) balance on the date of your separation from your spouse.
 (8) balance on the date of the filing of the petition for dissolution of
 marriage.
 (9) highest and lowest balance within each of the preceding 3 years.
 You may comply with this interrogatory (5.b) by providing copies of all
 periodic (monthly quarterly, semi-annual, or annual) account statements
 for each such account for the preceding 3 years. You do not have to
 resubmit account statements previously furnished under rule 12.285 (Mandatory
 Disclosure).
 c. Closed Credit Cards and Charge Accounts. For all financial accounts
 (credit cards, charge accounts, or other such accounts) closed with no remaining
 balance, within the last 3 years, in which you have had any legal or
 equitable interest, regardless of whether the interest is or was held in your
 own name individually, in your name with another person, or in any other
 name, give the following:
 (1) name and address of each creditor.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) names of each person authorized to sign on the accounts.
 (5) date the balance was paid off.
 (6) amount of final balance paid off.
 You may comply with this interrogatory (5.c) by providing copies of all
 periodic (monthly, quarterly, semi-annual, or annual) account statements
 for each such account for the preceding 3 years. You do not have to
 resubmit account statements previously furnished under rule 12.285 (Mandatory
 Disclosure)
 6. MISCELLANEOUS:
 a. If you are claiming a special equity in any assets, list the asset, the amount
 claimed as special equity, and all facts upon which you rely in your claim.
 b. If you are claiming an asset or liability is nonmarital, list the asset or
 liability and all facts upon which you rely in your claim.
*205
 c. If the mental or physical condition of a spouse or child is an issue, identify
 the person and state the name and address of all health care providers
 involved in the treatment of that person for said mental or physical condition.
 d.If custody of minor children is an issue, state why, and the facts that
 support your contention that you should be the primary residential parent or
 have sole parental responsibility of the child(ren).
 7. LONG FORM AFFIDAVIT: If you filed the short form affidavit, Form
 12.901(d), and you were specifically requested in the Notice of Service of
 Standard Family Law Interrogatories to file the Long Form Affidavit, Form
 12.901(e), you must do so within the time to serve the answers to these
 interrogatories.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} ____________.
 Other party or his/her attorney:
 Name: ________________________________
 Address: _____________________________
 City, State, Zip: ____________________
 Fax Number: __________________________
 I understand that I am swearing or affirming under oath to the truthfulness
 of the answers to these interrogatories and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
 Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF ______________
 Sworn to or affirmed and signed before me on __________ by ___________,
 ______________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ______________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ____ Personally known
 ____ Produced identification
 Type of identification produced ___________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [√ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} ______________, {city} ____________,
 {state} ________, {phone} ____________, helped {name} _____________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.

*206 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.930(c), STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEINGS

When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in modification proceedings and are meant to supplement the information provided in the Financial Affidavits, Florida Family Law Forms 12.901(d) or (e). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send two copies of this form and the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Forms 12.930(a) to the other party. You should also keep a copy for your records. You do not need to file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Forms 12.930(a), to tell the court that you have sent this form to the other party.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Florida Family Law Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.

Special notes ...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and *207 telephone number on the bottom of the last page of every form he or she helps you complete.
 _______________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR __________ COUNTY, FLORIDA
 Case No.: _______________________________
 Division: _______________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 STANDARD FAMILY LAW INTERROGATORIES
 FOR MODIFICATION PROCEEDINGS
 TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES
 I am requesting that the following standard questions be answered: [√ all that apply]
 _____ 1 _____ 2 _____3 _____4 _____5 _____6 _____7
 Background Education Employment Assets Liabilities Miscellaneous Long Form
 Information Affidavit
 In addition, I am requesting that the attached {#}__________ questions be answered.
 The answers to the following questions are intended to supplement the information
 provided in the Financial Affidavits, Florida Family Law Forms 12.901(d) or (e).
 You should answer the group of questions indicated in the above shaded box. The
 questions should be answered in the blank space provided below each separately
 numbered question. If sufficient space is not provided, you may attach additional
 papers with the answers and refer to them in the space provided in the interrogatories.
 You should be sure to make a copy for yourself. Each question must be
 answered separately and as completely as the available information permits. All
 answers are to be made under oath or affirmation as to their truthfulness.
 I, (name of person answering interrogatories) ___________________________
 being sworn, certify that the following information is true:
 1. BACKGROUND INFORMATION:
 a. State your full legal name and any other name by which you have been
 known.
 b. State your present residence and telephone numbers.
 c. State your place and date of birth.
 2. EDUCATION:
 a. List all business, commercial, and professional licenses that you have
 obtained since the entry of the Final Judgment sought to be modified.
 b. List all of your education since the entry of the Final Judgment sought to be
 modified including, but not limited to, vocational or specialized training,
 including the following:
 (1) name and address of each educational institution.
*208
 (2) dates of attendance.
 (3) degrees or certificates obtained or anticipated dates of same.
 3. EMPLOYMENT:
 a. For each place of your employment or self-employment since the entry of
 the Final Judgment sought to be modified, state the following:
 (1) name, address, and telephone number of your employer.
 (2) dates of employment.
 (3) job title and brief description of job duties.
 (4) starting and ending salaries.
 (5) name of your direct supervisor.
 (6) all benefits received, including, for example, health, life, and disability
 insurance; expense account; use of automobile or automobile expense
 reimbursement; reimbursement for travel, food, or lodging expenses;
 payment of dues in any clubs or associations; and pension or profit
 sharing plans.
 b. Other than as an employee, if you have been engaged in or associated with
 any business, commercial, or professional activity since the entry of the Final
 Judgment sought to be modified that was not detailed above, state for each
 such activity the following:
 (1) name, address, and telephone number of each activity.
 (2) dates you were connected with such activity.
 (3) position title and brief description of activities.
 (4) starting and ending compensation.
 (5) name of all persons involved in the business, commercial, or professional
 activity with you.
 (6) all benefits and compensation received, including, for example, health,
 life, and disability insurance; expense account; use of automobile or
 automobile expense reimbursement; reimbursement for travel, food, or
 lodging expenses; payment of dues in any clubs or associations; and
 pension or profit sharing plans.
 c. If you have been unemployed at any time since the entry of the Final
 Judgment sought to be modified, state the dates of unemployment. If you
 have not been employed at any time since the entry of the Final Judgment
 sought to be modified, give the information requested above in question 3.a for
 your last period of employment.
 4. ASSETS:
 a. Real Estate. State the street address of all real property that you own or
 owned during the last 3 years, or since the entry of the Final Judgment sought
 to be modified, if shorter. For each property, state the following:
 (1) the names and addresses of any other persons or entities holding any
 interest and their percentage of interest.
 (2) the present fair market value.
*209
 b. Tangible Personal Property. List all items of tangible personal property
 that are owned by you or in which you have had any interest during the last 3
 years, or since the entry of the Final Judgment sought to be modified, if
 shorter, including, but not limited to, motor vehicles, tools, furniture, boats,
 jewelry, art objects or other collections, and collectibles whose fair market
 value exceeds $100. For each item, state the following:
 (1) the percentage and type interest you hold.
 (2) the names and addresses of any other persons or entities holding any
 interest.
 (3) the present fair market value.
 c. Intangible Personal Property. Other than the financial accounts (checking,
 savings, money market, credit union accounts, or other such cash management
 accounts) listed in the answer to interrogatory 4.d below, list all items of
 intangible personal property that are owned by you or in which you have had
 any ownership interest (including closed accounts) within the last 3 years, or
 since the entry of the Final Judgment sought to be modified, if shorter,
 including, but not limited to, partnership and business interests (including
 good will), stocks, stock funds, mutual funds, bonds, bond funds, real estate
 investment trusts, receivables, certificates of deposit, notes, mortgages, and
 debts owed to you by another entity or person. For each item, state the
 following:
 (1) the percentage and type interest you hold.
 (2) the names and addresses of any other persons or entities holding any
 interest and the names and addresses of the persons and entities who
 are indebted to you.
 (3) the present fair market value or the amounts you claim are owned by
 or owed to you, at the time of answering these interrogatories.
 You may comply with this interrogatory (4.c) by providing copies of all
 periodic (monthly, quarterly, semi-annual, or annual) account statements
 for each such account for the preceding 3 years, or since the entry of the
 Final Judgment sought to be modified, if snorter. However, if the date of
 acquisition, the purchase price, and the market valuations are not clearly
 reflected in the periodic statements which are furnished, then these
 questions must be answered separately. You do not have to resubmit any
 periodic statements previously furnished under rule 12.285 (Mandatory
 Disclosure).
 d. Financial Accounts. For all financial accounts (checking, savings, money
 market, credit union accounts, or other such cash management accounts) listed
 in your Financial Affidavit, in which you have had any legal or equitable
 interest, regardless of whether the interest is or was held in your own name
 individually, in your name with another person, or in any other name, give the
 following:
 (1) name and address of each institution.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) names of each person authorized to make withdrawals from the
 accounts.
*210
 (5) highest balance within each of the preceding 3 years, or since the
 entry of the Final Judgment sought to be modified, if shorter.
 (6) lowest balance within each of the preceding 3 years, or since the
 entry of the Final Judgment sought to be modified, if shorter.
 You may comply with this interrogatory (4.d) by providing copies of all
 periodic (monthly, quarterly, semi-annual, or annual) account statements
 for each such account for the preceding 3 years, or since the entry of the
 Final Judgment sought to be modified, if shorter. You do not have to
 resubmit account statements previously furnished under rule 12.285 (Mandatory
 Disclosure).
 e. Closed Financial Accounts. For all financial accounts (checking, savings,
 money market, credit union accounts, or other such cash management accounts)
 closed within the last 3 years, or since the entry of the Final Judgment
 sought to be modified, if shorter, in which you have had any legal or equitable
 interest, regardless of whether the interest is or was held in your own name
 individually, in your name with another person, or in any other name, give the:
 (1) name and address of each institution.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) name of each person authorized to make withdrawals from the
 accounts.
 (5) date account was closed.
 f. Trust. For any interest in an estate, trust, insurance policy, or annuity,
 state the following:
 (1) if you are the beneficiary of any estate, trust, insurance policy, or
 annuity, give for each one the following:
 (a) identification of the estate, trust, insurance policy, or annuity.
 (b) the nature, amount, and frequency of any distributions of
 benefits.
 (c) the total value of the beneficiaries' interest in the benefit.
 (d) whether the benefit is vested or contingent.
 (2) if you have established any trust or are the trustee of a trust, state
 the following: (a) the date the trust was established.
 (b) the names and addresses of the trustees.
 (c) the names and addresses of the beneficiaries.
 (d) the names and addresses of the persons or entities who possess
 the trust documents.
 (e) each asset that is held in each trust, with its fair market value.
 g. Name of Accountant, Bookkeeper, or Records Keeper. State the names,
 addresses, and telephone numbers of your accountant, bookkeeper, and any
 other persons who possess your financial records, and state which records each
 possesses.
*211
 5. LIABILITIES:
 a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities,
 debts, and other obligations (other than credit cards and charge accounts)
 listed in your Financial Affidavit, indicate for each the following:
 (1) name and address of the creditor.
 (2) name in which the obligation is or was incurred.
 (3) loan or account number, if any.
 (4) nature of the security, if any.
 (5) payment schedule.
 (6) present balance and current status of your payments.
 (7) total amount of arrearage, if any.
 You may comply with this interrogatory (5.a) by providing copies of all
 periodic (monthly, quarterly, semi-annual, or annual) account statements
 for each such account for the preceding 3 years, or since the entry of the
 Final Judgment sought to be modified, if shorter. You do not have to
 resubmit account statements previously furnished under rule 12.285 (Mandatory
 Disclosure).
 b. Credit Cards and Charge Accounts. For all financial accounts (credit
 cards, charge accounts, or other such accounts) listed in your Financial
 Affidavit, in which you have had any legal or equitable interest, regardless of
 whether the interest is or was held in your own name individually, in your
 name with another person, or in any other name, give the following:
 (1) name and address of the creditor.
 (2) name in which the account is or was maintained.
 (3) name of each person authorized to sign on the accounts.
 (4) account numbers.
 (5) present balance and current status of your payments.
 (6) total amount of arrearage, if any.
 (7) highest and lowest balance within each of the preceding 3 years, or
 since the entry of the Final Judgment sought to be modified, if shorter.
 You may comply with this interrogatory (5.b) by providing copies of all
 periodic (monthly, quarterly, semi-annual, or annual) account statements
 for each such account for the preceding 3 years, or since the entry of the
 Final Judgment sought to be modified, if shorter. You do not have to
 resubmit account statements previously furnished under rule 12.285 (Mandatory
 Disclosure).
 c. Closed Credit Cards and Charge Accounts. As to all financial accounts
 (credit card, charge accounts, or other such accounts) closed with no remaining
 balance, within the last 3 years, or since the entry of the Final Judgment
 sought to be modified, if shorter, in which you have had any legal or equitable
 interest, regardless of whether the interest is or was held in your own name
 individually, in your name with another person, or in any other name, give the
 following:
 (1) name and address of each creditor.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) name of each person authorized to sign on the accounts.
*212
 (5) date the balance was paid off.
 (6) amount of final balance paid off.
 You may comply with this interrogatory (5.c) by providing copies of all
 periodic (monthly, quarterly, semi-annual, or annual) account statements
 for each such account for the preceding 3 years, or since the entry of the
 Final Judgment sought to be modified, if shorter. You do not have to
 resubmit account statements previously furnished under rule 12.285 (Mandatory
 Disclosure).
 6. MISCELLANEOUS:
 a. If you are claiming a diminished earning capacity since the entry of the
 Final Judgment sought to be modified as grounds to modify alimony or deviate
 from the child support established in your case, describe in detail how your
 earning capacity is lowered and state all facts upon which you rely in your
 claim. If unemployed, state how, why, and when you lost your job.
 b. If you are claiming a change in a mental or physical condition since the
 entry of the Final Judgment sought to be modified as grounds to modify
 alimony or change the child support established in your case, describe in detail
 how your mental and/or physical capacity has changed and state all facts upon
 which you rely in your claim. Identify the change in your mental and/or
 physical capacity, and state the name and address of all health care providers
 involved in the treatment of this mental or physical condition.
 c. If you are requesting a change in shared or sole parental responsibility,
 primary residency, the parenting schedule, or any combination thereof, for the
 minor child(ren), describe in detail the change in circumstances since the entry
 of the Final Judgment sought to be modified that you feel justify the requested
 change. State when the change of circumstances occurred, how the change of
 circumstances affects the child(ren), and why it is in the best interests of the
 child(ren) that the Court make the requested change. Attach your parenting
 schedule.
 d. If you do not feel the requested change in shared or sole parental
 responsibility, primary residency, the parenting schedule, or any combination
 thereof, for the minor child(ren) is in their best interests, describe in detail any
 facts since the entry of the Final Judgment sought to be modified that you feel
 justify the Court denying the requested change. State, in your opinion, what
 change, if any, of the parenting arrangement is justified or agreeable to you
 and why it is in the best interests of the child(ren).
 7. LONG FORM AFFIDAVIT:. If you filed the short form affidavit, Form
 12.901(d), and you were specifically requested in the Notice of Service of
 Standard Family Law Interrogatories to file the Long Form Affidavit, Form
 12.901(e), you must do so within the time to serve the answers to these
 interrogatories.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} ____________.
 Other party or his/her attorney:
 Name: ________________________________
 Address: _____________________________
 City, State, Zip: ____________________
 Fax Number: __________________________
*213
 I understand that I am swearing or affirming under oath to the truthfulness
 of the answers to these interrogatories and that the punishment for knowingly
 making a false statement includes fines and/or imprisonment.
 Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF __________________
 Sworn to or affirmed and signed before me on __________ by _________,
 __________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 __________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ____ Personally known
 ____ Produced identification
 Type of identification produced ___________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [√ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} ______________, {city} ____________,
 {state} ________, {phone} ____________, helped {name} _____________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.

INSTRUCTIONS FOR FAMILY LAW FORMS 12.931(a), NOTICE OF PRDUCTION FROM NONPARTY and 12.931(b), SUBPOENA FOR PRODUTION OF DOCUMENTS FROM NOPARTY

When should these forms be used?
These forms should be used if you need copies of documents (for a purpose relating to your case) from a nonparty in your case. Both forms should be typed or printed in black ink.
Notice of Production from Nonparty, Florida Family Law Form 12.931(a), is used to notify the other party in your case that in 10 days you are going to subpoena documents from a nonparty. Subpoena for Production of Documents from Nonparty, Florida Family Law Form 12.931(b), is the actual subpoena directing the nonparty to produce specific documents. You must file the originals of these forms with the clerk of the circuit court. A copy of these forms must be mailed or hand delivered to any other party in your case.

What should I do next?
Ten days after you serve the Notice of Production from Nonparty, Florida Family Law Form 12.931(a), on the other party in your case (15 days if service is by mail), you should ask the clerk of the court to sign the subpoena. You should contact the deputy sheriff or private process server and have the subpoena personally served on the person named in the subpoena.

*214 Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. Because these papers must also comply with rule 12.280, Florida Family Law Rule of Procedure, and rules 1.280, 1.350, 1.351, and 1.410, Florida Rules of Civil Procedure, you also should read those rules.

Special notes ...
If the other party in your case objects in writing within 10 days (allow an additional 5 days if served by mail) of service of the Notice of Production from Nonparty, Florida Family Law Form 12.931(a), you may not use this procedure to obtain documents from the nonparty unless and until the court orders otherwise.
The nonparty receiving the subpoena may charge you a reasonable fee for copies of the documents.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 ___________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 NOTICE OF PRODUCTION FROM NONPARTY
 TO: ______________________________________________________________
 {all parties}
 YOU ARE NOTIFIED that, after 10 days from the date of service of this notice,
 the undersigned will apply to the clerk of this Court for issuance of the attached
 subpoena directed to {name of person, organization, or agency}
 _______________________, who is not a party, to produce the items listed at
 the time and place specified in the subpoena. Objections to the issuance of this
 subpoena must be filed with the clerk of the circuit court within 10 days.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} ____________.
 Other party or his/her attorney (if represented) Other
 ______________________________________ _________________________________________
 Printed Name Printed Name
 ______________________________________ _________________________________________
 Address Address
 ______________________________________ _________________________________________
 City State Zip City State Zip
 ______________________________________ _________________________________________
 Telephone (area code and number) Telephone (area code and number)
 ______________________________________ _________________________________________
 Fax (area code and number) Fax (area code and number)
 Dated: _______________________________
*215
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [√ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} __________________, {city} __________________,
 {state} __________, {phone} _________________, helped {name} _________________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.
 ___________________________________________________________________________
Form 12.931(b)
 ___________________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NONPARTY
 THE STATE OF FLORIDA
 TO: _______________________________________________________________________
 YOU MUST go to {place} ____________________________________________, on
 {date} ______, at {time} __________, a.m./p.m. and bring you at that
 time and place the following: _____________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 These items will be inspected and may be copied at that time. You will not have to
 leave the original items.
 You may obey this subpoena by providing readable copies of the items to be
 produced to the party or his/her attorney whose name appears on this subpoena on
 or before the scheduled date of production. You may condition the preparation of
 the copies upon payment in advance of the reasonable cost of preparation. If you
 mail or deliver the copies to the attorney whose name appears on this subpoena
 before the date indicated above, you do not have to appear in person.
 You may be in contempt of court if you fail to: (1) appear as specified; (2)
 furnish the records instead of appearing as provided above; or (3) object to this
 subpoena.
 You can only be excused by the person whose name appears on this subpoena and,
 unless excused by that person or the Court, you shall respond as directed.
 Dated: ________________________________
 CLERK OF THE CIRCUIT COURT
 (SEAL)
*216
 By: ______________________________
 Deputy Clerk
 This part is to be filled out by the court or filled in with information you have
 obtained from the court:
 If you are a person with a disability who needs any accommodation in order to
 participate in this proceeding, you are entitled, at no cost to you, to the provision of
 certain assistance. Please contact {name} _________________________________,
 {address} ____________________________________________, {telephone} __________,
 within 2 working days of your receipt of this subpoena. If you are hearing or voice
 impaired, call TDD 1-800-955-8771.
 I CERTIFY that I gave notice to every other party to this action of my intent to
 serve a subpoena upon a person who is not a party to this action directing that
 person to produce documents or things without deposition. I also certify that no
 objection under Florida Rule of Civil Procedure 1.351 has been received by the
 undersigned within 10 days of service of this notice, if service was by hand delivery
 or appropriate facsimile transmission, and within 15 days if service was by mail.
 Dated:__________________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} ____________________________,
a nonlawyer, located at {street} __________________, {city} ________,
{state} ________, {phone} ____________, helped {name} _____,
who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.932, CERTIFCATE OF COMPLIANCE WITH MANDATORY DISCLOSURE

When should this form be used?
Mandatory disclosure requires each party in a dissolution of marriage case to provide the other party with certain financial information and documents. These documents must be provided by mail or hand delivery to the other party within 45 days of service of the petition for dissolution of marriage or supplemental petition for modification on the respondent. The mandatory disclosure rule applies to all original and supplemental dissolution of marriage cases, except simplified dissolution of marriage cases and cases where the respondent is served by constructive service and does not answer. You should use this form to notify the court and the other party that you have complied with the mandatory disclosure rule.
Each party must provide the other party with the documents listed in section 2 of this form if the relief being sought is permanent regardless of whether it is an initial or supplemental proceeding. The financial affidavit is the only document that must be filed with the court and sent to the other party; all other documents should be sent to the other party but not filed with the court. If your individual gross annual income is under $50,000, you should complete the Family Law Financial Affidavit (Short Form), Florida Family Law Form 12.901(d). If your individual gross annual income is $50,000 or more, you should complete *217 the Family Law Financial Affidavit, Florida Family Law Form 12.901(e).
In addition, there are separate mandatory disclosure requirements that apply to temporary financial hearings, which are listed in section 1 of this form. The party seeking temporary financial relief must serve these documents on the other party with the notice of temporary financial hearing. The responding party must either deliver the required documents to the party seeking temporary financial relief on or before 5:00 p.m., 2 business days before the hearing on temporary financial relief, or mail (postmark) them to the party seeking temporary financial relief 7 days before the hearing on temporary financial relief. Any documents that have already been served under the requirements for temporary or initial proceedings, do not need to be re-served again in the same proceeding. If a supplemental petition is filed, seeking modification, then the mandatory disclosure requirements begin again.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records. A copy of this form must be mailed or hand delivered to any other party in your case.

What should I do next?
After you have provided the other party all of the financial information and documents and have filed this form certifying that you have complied with this rule, you are under a continuing duty to promptly give the other party any information or documents that change your financial status or that make the information already provided inaccurate. Refer to the instructions regarding the petition in your case to determine how you should proceed after filing this form.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see rule 12.285, Florida Family Law Rules of Procedure.

Special notes ...
You may provide copies of required documents; however, the originals must be produced for inspection if the other party requests to see them.
Although the financial affidavits are based on individual gross income, either party may ask the other party to complete the Family Law Financial Affidavit, Florida Family Law Form 12.901(e), by serving the appropriate interrogatory form (see Standard Family Law Interrogatories, Florida Family Law Forms 12.930(b)(original proceedings) or (c) (modification proceedings).)
Any portion of the mandatory disclosure rule may be modified by order of the judge or agreement of the parties. Therefore, you and your spouse may agree that you will not require each other to produce the documents required under the mandatory disclosure rule. This exception does not apply to the Financial Affidavit, Florida Family Law Form 12.901(d) or (e), which is required in all cases and cannot be waived.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 ___________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
*218
 __________________________________,
 Respondent.
 CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE
 I, {full legal name}_____________________________________, certify that I
 have complied with the mandatory disclosure required by Florida Family Law Rule
 12.285 as follows:
 1. FOR TEMPORARY FINANCIAL RELIEF, ONLY:
 The date the following documents were served: _____________________________
 [√ all that apply]
 ___ a. Financial Affidavit (Filing of a Financial Affidavit cannot be waived.)
 ( ) Florida Family Law Form 12.901(d) (short form)
 ( ) Florida Family Law Form 12.901(e) (long form)
 ___ b. Child Support Guidelines Worksheet, Florida Family Law Form
 12.901(g), if child support involved.
 ___ c. ( ) All personal (1040) federal tax, gift tax, and intangible personal
 property tax returns for the preceding year; or
 ( ) Transcript of tax returns as provided by IRS form 4506; or
 ( ) IRS forms W-2, 1099, and K-l for the past year because the income
 tax return for the past year has not been prepared.
 ___ d. Pay stubs or other evidence of earned income for the 3 months before the
 service of the financial affidavit.
 2. FOR INITIAL, SUPPLEMENTAL, AND PERMANENT FINANCIAL
 RELIEF:
 The date the following documents were served: _____________________________
 [√ all that apply]
 ___ a. Financial Affidavit (Filing of a Financial Affidavit cannot be waived.)
 ( ) Florida Family Law Form 12.901(d) (short form)
 ( ) Florida Family Law Form 12.901(e) (long form)
 ___ b. Child Support Guidelines Worksheet, Florida Family Law Form
 12.901(g), if child support is involved.
 ___ c. ( ) All personal (1040) federal and state income returns, gift tax returns,
 and intangible personal property tax returns for the preceding 3
 years;
 ( ) IRS forms W-2, 1099, and K-l for the past year because the income
 tax return for the past year has not been prepared.
 ___ d. Pay stubs or other evidence of earned income for the 3 months before the
 service of the financial affidavit.
 ___ e. A statement identifying the source and amount of all income for the 3
 months before the service of the financial affidavit, if not reflected on the
 pay stubs produced.
 ___ f. All loan applications and financial statements prepared for any purpose or
 used for any purpose within the 12 months preceding the service of the
 financial affidavit.
 ___ g. All deeds to real estate in which I presently own or owned an interest
 within the past 3 years. All promissory notes in which I presently own or
 owned an interest within the last 12 months. All present leases in which I
 own an interest.
 ___ h. All periodic statements for the last 3 months for all checking accounts and
 for the last year for all savings accounts, money market funds, certificates
 of deposit, etc.
 ___ i. All brokerage account statements for the last 12 months.
 ___ j. Most recent statement for any pension, profit sharing, deferred compensation,
 or retirement plan (for example, IRA, 401 (k), 403(b), SEP, KEOGH,
 etc.) and summary plan description for any such plan in which I am
 participant or alternate payee.
*219
 ___ k. The declarations page, the last periodic statement, and the certificate for
 any group insurance for all life insurance policies insuring my life or the
 life of my spouse.
 ___ l. All health and dental insurance cards covering either of me or my spouse
 and/or our dependent child(ren).
 ___ m. Corporate, partnership, and trust tax returns for the last 3 tax years, in
 which I have an ownership or interest greater than or equal to 30%.
 ___ n. All credit cards and charge account statements and other records showing
 the my (our) indebtedness as of the date of the filing of this action and for
 the prior 3 months. All promissory notes on which I presently owe or
 owed within the past year. All lease agreements I presently owe.
 ___ o. All premarital and marital agreements between the parties to this case.
 ___ p. If a modification proceeding, all written agreements entered into between
 the parties at any time since the order to be modified was entered.
 ___ q. All documents and tangible evidence relating to claims for special equity
 or nonmarital status of an asset or debt.
 ___ r. Any court order directing that I pay or receive spousal support (alimony)
 or child support.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} ____________.
 Other party or his/her attorney:
 Name: ________________________________
 Address: _____________________________
 City, State, Zip: ____________________
 Fax Number: __________________________
 Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [√ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} __________________, {city} ________________,
 {state} __________, {phone} _________________, helped {name} _________________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.941(a), VERIFIED MOTION FOR TEMPORARY IJUNCTION TO PREVENT REMOAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES

When should this form be used?
You should use this form if you want the court to enter an order that your minor child(ren) is (are) not to be removed from the State of Florida while a case involving the child(ren)'s custody is pending, that passport services for the minor child(ren) be prohibited, and/or that existing passports be turned over to you.
This form should be typed or printed in black ink. If you want the court to enter an ex parte order, without giving the other side advance notice of the hearing, you should explain your reasons in paragraph 5 of this form. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where your case is pending and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.

*220 What should I do next?
If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriffs office for further assistance. You must have this form and the court's order, served by personal service on the other party. You should read the court's order carefully. Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.
If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Family Law Form 12.923 or other appropriate notice of hearing form, and use personal service to notify the other party of your motion, the court's order, if any, and the hearing.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.

Special notes ...
If you have an attorney, your attorney must certify in writing the efforts that have been made to give the other party notice, if no notice is given.
The court may require you to post a bond as a condition of the injunction.
With this form you must also file the following, if you have not already done so, and provide a copy to the other party:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f).
Temporary Injunctions ... These family law forms contain a Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte), Florida Family Law Form 12.941(b), which the judge may use if he or she enters an order without a hearing, and a Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (After Notice), Florida Family Law Form 12.941(c), which the judge may use if he or she enters an order after a hearing. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 ___________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
*221
 __________________________________,
 Respondent.
 VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT
 REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF
 PASSPORT SERVICES
 ( ) Petitioner ( ) Respondent requests the Court to enter a temporary injunction
 to prevent removal of the following listed minor child(ren) from the jurisdiction of
 this Court and deny passport services for the child(ren) and says:
 1. The minor ehild(ren) subject to this request is (are):
 Name Birth date
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 2. The child(ren) has (have) been a resident(s) of ______ County, Florida since
 {date} ______.
 3. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, 
 Florida Family Law Form 12.901(f), is filed with this motion.
 4. It is in the best interest of the minor child(ren) that the Court order the
 following:
 [√ all that apply]
 ___ a. The child(ren) not be removed from the jurisdiction of this Court while
 litigation is pending because: ________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ b. Passport services for the minor child(ren) be prohibited because: ____
 _______________________________________________________________________
 _______________________________________________________________________
 ___ c. Existing passports for the minor child(ren) be immediately turned over to
 ( ) Petitioner ( ) Respondent because: ________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 5. This motion should be granted ( ) within ( ) without notice to the other party.
 {If without notice, explain why there would be immediate and irreparable
 harm if the other party is given notice.}
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 WHEREFORE, ( ) Petitioner ( ) Respondent requests the following from the
 Court:
*222
 [√ all that apply]
 ___ a. enter a temporary injunction to prevent removal of the child(ren) named
 above from the jurisdiction of this Court while this action is pending;
 ___ b. enter an order denying passport services for the minor child(ren);
 ___ c. enter an order requiring that any existing passports for the minor child(ren)
 be immediately delivered to ( ) Petitioner ( ) Respondent;
 ___ d. enter a temporary injunction without notice to the other party.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} __________ or
 ( ) was not delivered to the person(s) listed below because _______________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 Other party or his/her attorney:
 Name: ________________________________
 Address: _____________________________
 City, State, Zip: ____________________
 Fax Number: __________________________
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this motion and that the punishment for
 knowingly making a false statement includes fines and/or imprisonment.
 Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF ____________________
 Sworn to or affirmed and signed before me on ________ by ________.
 __________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 __________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ____ Personally known
 ____ Produced identification
 Type of identification produced ____________
 If the party filing this motion is represented by an attorney, the attorney must
 complete the following:
 I, the undersigned attorney for the movant, hereby certify in that the following
 efforts have been made to give notice, {if no efforts have been made, why} ____
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 __________________________________
 Signature
*223
 __________________________________
 Florida Bar Number
 __________________________________
 Printed Name
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [√ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} ____________, {city} ______________________,
 {state} __________, {phone} _________________, helped {name} _____________________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.
 ___________________________________________________________________________
Form 12.941(b)
 ___________________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR
 CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (EX PARTE)
 Upon verified motion of ( ) Petitioner ( ) Respondent, the Court has jurisdiction
 of the parties and the subject matter and the Court being fully advised, it is
 ORDERED and ADJUDGED that:
 NOTICE OF HEARING
 This Temporary Injunction to Prevent Removal of Child(ren) has been issued
 without prior notice to Respondent. Pursuant to Rule 1.610, Florida Rules of Civil
 Procedure, the other party may file a motion to dissolve or modify this temporary
 injunction and a hearing will be scheduled within 5 days of that motion.
 [√ if applies]
 ___ If no motion to dissolve is filed, Petitioner and Respondent are instructed that
 they are scheduled to appear and testify at a hearing regarding this matter on
 {date} ______________, at ______ a.m/p.m., when the Court will consider whether
 the Court should continue, modify, or dissolve this Temporary Injunction to Prevent
 Removal of Child(ren) and/or Denial of Passport Services, which would remain in
 effect until modified or dissolved by the Court, and whether other things should be
 ordered, including who should pay the filing fees and costs. The hearing will be
 before The Honorable {name} ______________________________________________,
 at {room name/number, location, address, city} ____________________________
 __________________________________________________________________________,
 Florida. If Petitioner and/or Respondent do (does) not appear, this temporary
 injunction may be continued in force, extended, or dismissed, and/or additional
 orders may be issued, including the imposition of court costs.
 If you are a person with a disability who needs any accommodation in order to
 participate in this proceeding, you are entitled, at not cost to you, to the provision of
 certain assistance. Please contact {name} _______________________________,
*224
 {address} __________________________________________, {telephone} _________,
 within 2 working days of your receipt of this temporary injunction. If you are
 hearing or voice impaired, call TDD 1-S00-955-8771.
 FINDING
 1. It appears from specific facts shown by verified motion that immediate and
 irreparable injury, loss, or damage will result to the minor child(ren) if a
 temporary injunction is not issued without notice to the other party.
 2. ( ) Petitioner's ( ) Respondent's attorney has certified in writing any efforts
 made to give notice
 The reasons why notice should not be given are: _______________________
 ______________________________________________________________________,
 ______________________________________________________________________,
 ______________________________________________________________________,
 TEMPORARY INJUNCTION
 [√ all that apply]
 ___ 1. The following child(ren) shall not be removed from the jurisdiction of this
 Court during the pendency of this proceeding, or until further order of this
 Court:
 Name Birth date
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ 2. ( ) Petitioner ( ) Respondent shall not apply for any passport services on
 behalf of the child(ren).
 ___ 3. ( ) Petitioner ( ) Respondent shall immediately deliver any existing passports
 for the child(ren) to {name} _________________________________________.
 4. The Court may enforce compliance with the terms of this injunction
 through civil and/or indirect criminal contempt proceedings, which may include
 arrest, incarceration, and/or the imposition of a fine.
 5. Violation of this injunction may constitute criminal contempt of court.
 6. Bond.
 ___ a. Bond is waived because this injunction is issued solely to prevent
 physical injury or abuse of a natural person.
 ___ b. This order is conditioned upon ( ) Petitioner ( ) Respondent posting
 bond in the sum of $___________ with the clerk of this Court.
 7. Expiration. This injunction shall remain in effect until the minor
 child(ren) reaches the age of 18, until the hearing scheduled herein, if any, or
 {date} ____________________, whichever occurs first, unless modified by
 further order of this Court.
 ORDERED on {date} ________________, at {time} ____________.
 __________________________________
 CIRCUIT JUDGE
*225
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Office of Citizenship-Legal Assistance
 Passport Services
 United States Department of State
 1425 "K" Street, N.W., Room 300
 Washington, D.C. XXXXX-XXXX
 ___________________________________________________________________________
Form 12.941(c)
 ___________________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR
 CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES
 (AFTER NOTICE)
 Upon verified motion of ( ) Petitioner ( ) Respondent, the Court has jurisdiction
 of the parties and the subject matter and the Court being fully advised, it is
 ORDERED and ADJUDGED that:
 [√ all that apply]
 ___ 1. The following minor child(ren) shall not be removed from the jurisdiction
 of this Court during the pendency of this proceeding, or until further order of
 this Court:
 Name Birth date
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ___ 2. ( ) Petitioner ( ) Respondent shall not apply for any passports or passport
 services on behalf of the child(ren).
 ___ 3. ( ) Petitioner ( ) Respondent shall immediately deliver any existing passports
 for the child(ren) to {name} ________________________________________.
 4. The Court may enforce compliance with the terms of this injunction
 through civil and/or indirect criminal contempt proceedings, which may include
 arrest, incarceration, and/or the imposition of a fine.
 5. Violation of this injunction may constitute criminal contempt of court.
 6. Bond.
*226
 ___ a. Bond is waived because this injunction is issued solely to prevent
 physical injury or abuse of a natural person.
 ___ b. This order is conditioned upon ( ) Petitioner ( ) Respondent posting
 bond in the sum of $___________ with the clerk of this Court.
 7. Expiration. This temporary injunction shall remain in effect until the
 minor child(ren) reaches the age of 18, or until {date}
 __________________________________, not to exceed one year from the date of this
 order, whichever occurs first, unless modified by further order of this Court.
 ORDERED on {date} ________________, at {time} ________________.
 __________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Office of Citizenship-Legal Assistance
 Passport Services
 United States Department of State
 1425 "K" Street, N.W., Room 300
 Washington, D.C. XXXXX-XXXX

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.941(d), MOTION TO MODIFY OR DISSOLVE TEMPRARY INJUNCTION

When should this form be used?
If a temporary injunction, either ex parte or after a hearing, has been entered against you, you may use this form to ask the court to modify or dissolve that injunction.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the injunction was entered and keep a copy for your records. You should ask the clerk to process your motion through their emergency procedures. A hearing will be held within 5 working days. You should ask for the date and time of your hearing and should file Notice of Hearing (General), Florida Family Law Form 12.923 or other appropriate notice of hearing form, and send a copy to the other party.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party, along with a notice of hearing.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.

Special notes ...
With this form you must also file the following, if you have not already done so:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f), if the custody of a minor child(ren) is at issue.
Order ... These family law forms contain an Order Dissolving Temporary Injunction, N Florida Family Law Form 12.941(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person *227 must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A non-lawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 ___________________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION
 ( ) Petitioner ( ) Respondent requests the court to enter an order ( ) dissolving
 the temporary injunction issued in the above styled case ( ) modifying the temporary
 injunction issued in the above styled case in the following manner: _______
 ___________________________________________________________________________
 ___________________________________________________________________________
 I am the party against whom this temporary injunction has been granted and under
 rule 12.610, Florida Rules of Civil Procedure, I request that a hearing be held within
 5 days after the filing of this motion.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} ________________.
 Other party or his/her attorney:
 Name: ________________________________
 Address: _____________________________
 City, State, Zip: ____________________
 Fax Number: __________________________
 Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [√ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} __________________, {city} ________________,
 {state} __________, {phone} _________________, helped {name} ___________________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.
 ___________________________________________________________________________
Form 12.941(b)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
*228
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 ORDER DISSOLVING TEMPORARY INJUNCTION
 Upon ( ) Petitioner's ( ) Respondent's motion and after hearing, the Court, being
 fully advised in the premises,
 ORDERS that the temporary injunction entered on {date}
 __________________________ in the above-styled case is hereby dissolved.
 ORDERED on {date} _________________, at {time} ___________.
 __________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Office of Citizenship-Legal Assistance
 Passport Services
 United States Department of State
 1425 ""K" Street, N.W., Room 300
 Washington, D.C. XXXXX-XXXX

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.942(a), MOTION FOR APPOINTMENT OF GUARIAN AD LITEM

When should this form be used?
This form may be used by either party in a family law case involving custody, parental responsibility, visitation, or paternity of a minor child(ren) to request that the judge appoint a guardian ad litem to represent the best interests of the minor child(ren). You should use this form if you feel that your child(ren) needs someone other than you to ensure that both the judicial system and the other party (ies) act in the best interests of the child(ren). A guardian ad litem may be a volunteer who has been trained and certified by the State of Florida Guardian ad Litem Program or an attorney who is a member in good standing with The Florida Bar.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
It is possible that there will be a hearing on your motion. The judge may want to hear the reasons you feel an appointment of a guardian ad litem is necessary, or, the other party may object to your motion. If a hearing is required, check with the clerk of court, family law court staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate *229 notice of hearing form, and provide a copy to the other party.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. You may also want to contact the Guardian ad Litem Program office in your area or see sections 61.401-105, Florida Statutes.

Special notes ...
Order ... These family law forms contain an Order Appointing a Guardian ad Litem, Florida Family Law Form 12.942(b), which the judge may use. You should check with the clerk, family law intake staff, of judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you or complete.
 ___________________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM
 ( ) Petitioner ( ) Respondent requests that the court enter an order appointing a
 guardian ad litem with all powers, privileges, and responsibilities authorized in
 section 61.403, Florida Statutes, and state:
 1. The following minor child(ren) is (are) subject to this proceeding:
 Name Birth date Age Sex Location/Address
 ____________________ _______________ _________ _______ __________________________
 ____________________ _______________ _________ _______ __________________________
 ____________________ _______________ _________ _______ __________________________
 ____________________ _______________ _________ _______ __________________________
 ____________________ _______________ _________ _______ __________________________
 2. Verified allegations of child abuse or neglect as defined in section 415.503(3),
 Florida Statutes, ( ) HAVE ( ) HAVE NOT been made in this case.
 3. The matters before the Court regarding the minor child(ren) are:
 ___ a. sole/shared parental responsibility
 ___ b. primary/secondary residential parent
 ___ c. visitation
 ___ d. other: _____________________________________________________________
 4. It is in the best interests of the minor child(ren) that a guardian ad litem be
 appointed to advance the best interests of the minor child(ren) because:
*230
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} ____________.
 Other party or his/her attorney:
 Name: _________________________________
 Address: ______________________________
 City, State, Zip: _____________________
 Fax Number: ___________________________
 Dated: ________________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [√ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} __________________________,
 a nonlawyer, located at {street} __________________, {city} ________________,
 {state} __________, {phone} _________________, helped {name} _________________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.
 ____________________________________________________________________________
Form 12.942(b)
 ____________________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 ORDER APPOINTING GUARDIAN AD LITEM
 Upon ( ) Petitioner's ( ) Respondent's ( ) Court's own motion to appoint guardian
 ad litem for the minor child(ren) herein and the court finding that
 ___ a. verified allegations of child abuse or neglect as defined in section 415.503(3),
 Florida Statutes, have been made and are determined to be well-founded,
 OR
 ___ b. it is otherwise in the best interests of the child(ren) that guardian ad litem
 be appointed to advance the best interests of the minor child(ren) because:
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
*231
 _____________________________________________________________________
 _____________________________________________________________________
 ________________________________________, it is thereupon
 ORDERED as follows:
 1. A guardian ad litem shall be appointed for the minor child(ren), {name(s)}
 _____________________________________________________________________
 ____________________________________________________________________,
 now residing at {street address} __________________________.
 2. The State of Florida Guardian ad Litem Program for the ___ Judicial Circuit
 shall assign a certified guardian ad litem for the minor child(ren). Upon filing
 of the Notice of Acceptance, the guardian ad litem can be served c/o Guardian
 ad Litem Program, {address} ________________________________________
 _____________________________________________________________________
 Pursuant to the State of Florida Guardian ad Litem Standards of Operation
 adopted by the Supreme Court of Florida, if the Guardian ad Litem Program
 is appointed in the absence of a well founded allegation of abuse or neglect, an
 automatic discharge by the Court will occur upon filing of a Motion to
 Discharge by the Program if the Program does not have sufficient volunteer
 and/or supervisory resources available to accommodate this appointment
 OR
 {name} _______________, an attorney in good standing with The Florida
 Bar, is appointed to serve as a private guardian ad litem for the above minor
 child(ren). The fees of the private guardian shall be paid by: ( ) Petitioner ( )
 Respondent ( ) each party equally ( ) other, {specify} ______________
 ____________________________________________________________________.
 3. the guardian ad litem is a party to any judicial proceeding from the date of this
 order until the date of discharge and shall have all of the powers, privileges,
 and responsibilities authorized in section 61.403, Florida Statutes, to the extent
 necessary to advance the best interests of the minor child(ren).
 4. The guardian ad litem must be provided with copies of all pleadings, notices,
 stipulations, and other documents filed in this action and is entitled to
 reasonable notice before any action affecting the child(ren) is taken by either
 of the parties, their counsel, or the Court. The guardian ad litem is entitled,
 through counsel, to be present at any depositions, hearings, or other proceedings
 concerning the minor child(ren).
 5. The guardian ad litem may investigate the allegations of the pleadings
 affecting the minor child(ren), and after proper notice may interview witnesses
 or any other person having information concerning the welfare of the minor
 child(ren).
 6. the guardian ad litem shall maintain any information received from any source
 described in section 61.403(2), Florida Statutes, as confidential and shall not
 disclose such information except in reports to the Court served upon both
 parties to this cause and their counsel, or as directed by the Court.
 7. The parties, or any other person entrusted by the parties with the care of the
 minor child(ren) shall allow the guardian ad litem access to the minor
 child(ren) at reasonable times and locations and no person shall obstruct the
 guardian ad litem from the minor child(ren).
 8. The guardian ad litem shall submit his or her recommendations to the court
 regarding any stipulation or agreement, whether incidental, temporary, or
 permanent, which affects the interest or welfare of the minor child(ren);
*232
 within 10 days after the date the stipulation or agreement is served upon the
 guardian ad litem.
 9. The guardian ad litem shall file a written report with the Court, which may
 include recommendations and a statement of the wishes of the minor
 child(ren). The report must be filed and served on all parties at least 20 days
 prior to the hearing at which it will be presented unless the court waives such
 time period. The guardian ad litem's report shall address the following areas,
 subject to any conditions ordered by this Court:
 ___ a. parental responsibility of child(ren);
 ___ b. residence of child(ren);
 ___ c. visitation, including times and locations;
 ___ d. appearance of child(ren) at depositions/hearings;
 ___ e. relocation;
 ___ f. best interests of child(ren) regarding scientific tests; and/or
 ___ g. other ________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 This appointment is subject to the following conditions: ____________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 10. The guardian ad litem is automatically discharged without further order 30
 days after the entry of a final order or judgment in this proceeding, unless
 otherwise ordered by the court.
 ORDERED on __________________________________________________________
 __________________________________
 CIRCUIT JUDGE
 Copies to:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 ___ Guardian ad Litem Program
 ___ Other: ___________________________

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.943, MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES

When should this form be used?
Child support in Florida is determined by the child support guidelines found in section 61.30, Florida Statutes. The court, at its discretion, may raise or lower the child support guidelines amount by up to 5%. In addition, the court may raise or lower the guidelines support amount by more than 5%, if written reasons are given for the adjustment. The court may make these additional adjustments based on certain considerations, which are reflected in this form. You should review this form to determine if any of the reasons for adjusting the child support guidelines amount apply to your situation and you should complete this form only if you want the court to order more child support or less child support than the amount required by the child support guidelines.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.

*233 Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see section 61.30, Florida Statutes.

Special notes ...
More information on the child support guidelines as well as a chart for converting income and expenses to monthly amounts if paid or incurred on other than a monthly basis is contained in the instructions to Florida Family Law Financial Affidavit, Florida Family Law Form 12.901(d) or (e), and the Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g).
With this form you must also file the following, if not already filed:
 Florida Family Law Financial Affidavit, Florida Family Law Form 12.901(d) or (e).
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). (If you do not know the other party's income, you should file this worksheet as soon as you receive a copy of his or her financial affidavit.)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 ___________________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES
 ( ) Petitioner ( ) Respondent requests that the Court enter an order granting the
 following:
 SECTION I
 [√ one only]
 ___ a. MORE child support than the amount required by the child support
 guidelines. The Court should order MORE child support than the amount
 required by the child support guidelines because of:
 [√ all that apply to your situation]
 ___ 1. Extraordinary medical, psychological, educational, or dental expenses;
 ___ 2. Seasonal variations in one or both parent's income;
 ___ 3. Age(s) of the child(ren), taking into consideration the greater needs of
 older child(ren);
 ___ 4. Special needs that have been met traditionally within the family
 budget even though the fulfilling of those needs will cause support to
 exceed the guidelines;
 ___ 5. Refusal of the nonresidential parent to become involved in the
 activities of the child(ren);
*234
 ___ 6. Due consideration given to the primary residential parent's homemaking
 services;
 ___ 7. Total available assets of mother, father, and child(ren);
 ___ 8. Impact of IRS dependency exemption and waiver of that exemption;
 ___ 9. Residency of subsequently born or adopted child(ren) with the obligor,
 including consideration of the subsequent spouse's income; and/or
 ___ 10. Any other adjustment that is needed to achieve an equitable result,
 which may include reasonable and necessary expenses jointly incurred
 during the marriage.
 Explain any items marked above: _____________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 ___ b. LESS child support than the amount required by the child support
 guidelines. The Court should order LESS child support than the amount
 required by the child support guidelines because of:
 [√ all that apply to your situation]
 ___ 1. Extraordinary medical, psychological, educational, or dental expenses;
 ___ 2. Independent income of child(ren), excluding the child(ren)'s SSI
 income;
 ___ 3. Payment of both child support and spousal support to a parent that
 regularly has been paid and for which there is a demonstrated need;
 ___ 4. Seasonal variations in one or both parent's income;
 ___ 5. Age of child(ren), taking into consideration the greater needs of older
 child(ren);
 ___ 6. The child(ren) spend(s) a substantial amount of time with the nonresidential
 parent, thereby reducing expenses of the primary residential
 parent;
 ___ 7. Due consideration given to the primary residential parent's homemaking
 services;
 ___ 8. Visitation with nonresidential parent for more than 28 consecutive
 days;
 ___ 9. Total available assets of obligee, obligor, and child(ren);
 ___ 10. Impact of IRS dependency exemption and waiver of that exemption;
 ___ 11. Application of the child support guidelines requires the obligor to pay
 more than 55% of gross income for a single support order; and/or
 ___ 12. Any other adjustment that is needed to achieve an equitable result,
 which may include reasonable and necessary expenses jointly incurred
 during the marriage.
 Explain any items marked above:______________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 SECTION II. INCOME AND ASSETS OF CHILD(REN)
 COMMON TO BOTH PARTIES
 List the total of any independent income or assets of the child(ren) common to
 both parties (income from Social Security, gifts, stocks/bonds, employment, trust
 fund(s), investment(s), etc.). Attach an explanation.
 TOTAL VALUE OF ASSETS OF CHILD(REN) $_________
 TOTAL MONTHLY INCOME OF CHILD(REN) $_________
 SECTION III. EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES
 All amounts must be MONTHLY. See the instructions with this form to figure out money amounts for
 anything that is NOT paid monthly. Attach more paper, if needed. Items included under "other" should be
 listed separately with separate dollar amounts.
 1. Monthly nursery, babysitting, or other child care 1. $________
*235
 2. Monthly after-school care 2. $_________
 3. Monthly school tuition 3. $_________
 4. Monthly school supplies, books, and fees 4. $_________
 5. Monthly after-school activities 5. $_________
 6. Monthly lunch money 6. $_________
 7. Monthly private lessons/tutoring 7. $_________
 8. Monthly allowance 8. $_________
 9. Monthly clothing 9. $_________
 10. Monthly uniforms 10. $_________
 11. Monthly entertainment (movies, birthday parties, etc.) 11. $_________
 12. Monthly health and dental insurance premiums 12. $_________
 13. Monthly medical, dental, prescription charges (unreimbursed) 13. $_________
 14. Monthly psychiatric/psychological/counselor (unreimbursed) 14. $_________
 15. Monthly orthodontic (unreimbursed) 15. $_________
 16. Monthly grooming 16. $_________
 17. Monthly non-prescription medications/cosmetics/toiletries/sundries 17. $_________
 18. Monthly gifts from children to others (other children, relatives,
 teachers, etc.) 18. $_________
 19. Monthly camp or other summer activities 19. $_________
 20. Monthly clubs (Boy/Girl Scouts, etc.) or recreational fees 20. $_________
 21. Monthly visitation expenses (for nonresidential parent)
 Explain: ______________________________________________________ 21. $_________
 22. Monthly insurance (life, etc.) {explain}: ____________ 22. $_________
 Other {explain}:
 23. _______________________________________________________________ 23. $_________
 24. _______________________________________________________________ 24. $_________
 25. _______________________________________________________________ 25. $_________
 26. TOTAL EXPENSES FOR CHILD(REN) COMMON TO
 BOTH PARTIES
 (add lines 1 through 25) 26. $=========
 I have filed, will file, or am filing with this form the following additional
 documents:
 1. Florida Family Law Financial Affidavit, Florida Family Law form
 12.901(d) or (e).
 2. Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g).
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} ____________.
 Other party or his/her attorney:
 Name: ________________________________
 Address: _____________________________
 City, State, Zip: ____________________
 Fax Number: __________________________
 Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
*236
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} __________________, {city} ________________,
 {state} __________, {phone} _________________, helped {name} _________________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.944(a), MOTION FOR TESTIMONY AND ATTENANCE OF MINOR CHILD(REN)

When should this form be used?
Rule 12.407, Florida Family Law Rules, provides that minor children may not be deposed (have their deposition taken) or brought to court to appear as a witness or to attend a hearing, or subpoenaed to appear at a hearing without prior order of the court. This rule applies in all cases except when there is an emergency or the case is an uncontested adoption. You should use this form to request that the court enter an order authorizing a minor child(ren) to appear at a court proceeding.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to any other party(ies) in your case, including the guardian ad litem, if one has been appointed.
It is possible that there will be a hearing on your motion. The judge may want to hear the reasons you feel this motion should be granted, or the other party may object to your motion. If a hearing is required, check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form, and provide a copy to any other party.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see rule 12.407, Florida Family Law Rules of Procedure.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 ___________________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
*237
 MOTION FOR TESTIMONY AND ATTENDANCE OF MINOR CHILD(REN)
 ( ) Petitioner ( ) Respondent requests that the Court enter an order authorizing
 one or more of the actions listed below related to the following minor child(ren):
 Name Birth date Age
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 [√ all that apply]
 ___ 1. Minor child(ren), {name(s)} _____________________________________,
 be subpoenaed to appear at hearing now scheduled for {date}_________.
 ___ 2. Minor ehild(ren), {name(s)} _____________________________________,
 attend deposition of {name(s)} ____________________ now scheduled for
 {date} ____________ at {location} _____________________________.
 ___ 3. Minor child(ren)'s, {name(s)} _______________________________________,
 deposition be taken on {date} _____________ at {location} ____________.
 ___ 4. Minor child(ren), {name(s)} _________________________________________,
 be brought to court to attend hearing now scheduled for {date} _________,
 at {locations} _____________________________________________________.
 ___ 5. Minor child(ren), {name(s)} _________________________________________,
 be brought to court to testify in a hearing now scheduled for {date}
 ____________ at {location} _________________________________________.
 The Court should do this because: _________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} ____________.
 Other party or his/her attorney:
 Name: ________________________________
 Address: _____________________________
 City, State, Zip: ____________________
 Fax Number: __________________________
 Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} __________________, {city} ________________,
 {state} __________, {phone} _________________, helped {name} _________________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.
*238
Form 12.944(b)
 ___________________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 ORDER FOR TESTIMONY AND ATTENDANCE OF MINOR CHILD(REN)
 Upon motion of ( ) Petitioner ( ) Respondent for testimony or attendance of minor
 child(ren) in these proceedings, and the court finding that a showing of good cause
 has been made in support of the motion, it is
 ORDERED that
 [√ all that apply]
 ___ 1. Minor child(ren), {name(s)} _____________________________________,
 be subpoenaed to appear at hearing now scheduled for {date} ________.
 ___ 2. Minor child(ren), {name(s)} _____________________________________,
 attend deposition of {name(s)} ____________________ now scheduled for
 {date} _______________ at {location} ___________________________
 ____________________________________________________________________.
 ___ 3. Minor child(ren)'s, {name(s)} ___________________________________,
 deposition be taken on {date} ______________ at {location} _____
 ___ 4. Minor child(ren), {name(s)} _____________________________________,
 be brought to court to attend hearing now scheduled for {date} __________
 at {location} scheduled
 ___ 5. Minor child(ren), {name(s)} _____________________________________,
 be brought to court to testify in a hearing now scheduled for {date}
 ___ at {location}_______________________________________________________.
 If the minor child or the person bringing the child is a person with a disability who
 needs any accommodation in order to participate in this proceeding, the child is
 entitled, at no cost, to the provision of certain assistance.
 Please contact {name} ____________________________________________________,
 {address} _____________________________________________, {telephone} _______,
 within 2 working days of your receipt of this order. If you are hearing or voice
 impaired, call TDD 1-800-955-8771.
 Conditions or limitations concerning the minor child(ren), if any, include: _____
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 __________________________________________________________________________.
 ORDERED on ____________________________________________________________.
*239
 __________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.945(a), EMERGECY VERIFIED MOTION FOR CHILD PICK-UP ORDER

When should this form be used?
You may use this form to request that the court enter an order directing the sheriff or other law enforcement officer to take a minor child(ren) from the person who currently has physical possession of the child(ren) and deliver the child(ren) to your physical custody. This form should only be used in an emergency by a person who has a pre-existing legal right to physical possession of a minor child. This means that you already have a court order awarding you legal custody of the child(ren) OR you are the birth mother of one or more children born out of wedlock and no court order has addressed any other person's parental rights. Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms.
This form should be typed or printed in black ink. This form presumes that you want the court to enter an ex parte order without giving the other side advance notice of the hearing. You should explain your reasons for why such an ex parte order should be entered in paragraph 7 of this form. After completing this form, you should sign the form before a notary public. You should file the original, along with all of the other forms required, with the clerk of the circuit court in the county where the child(ren) is (are) physically located and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.

What should I do next?
If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriff's office for further assistance. You must have this form and the court's order served by personal service on the other party. You should read the court's order carefully. The order may require the sheriff to place the child(ren) somewhere other than in your physical possession. Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.
If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Family Law Form 12.923, and use personal service to notify the other party of your motion, the court's order, if any, and the hearing.

Special notes ...
With this form you must also file the following:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f).
 A certified copy of the court order showing that you have legal custody of the child(ren), if any.
OR
A certified copy of the Child(ren)'s birth certificate, if you are the birth mother of a child born out of wedlock and no court order addressing paternity exists.

*240 OR
A certified copy of any judgment establishing paternity or custody of the minor child(ren).
Order ... These family law forms contain an Order to Pick-Up Minor Child(ren), Florida Family Law Form 12.945(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 ___________________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 EMERGENCY VERIFIED MOTION FOR CHDLD PICK-UP ORDER
 I, {full legal name} ______________________________________, being sworn,
 certify that the following information is true:
 1. This is a motion to enforce existing custody rights (as an operation of law or
 court-ordered) regarding the following minor child(ren):
 Name Sex Birth date Race Physical Description
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 2. Currently, the child(ren) subject to this motion is (are) in the physical
 possession of {full legal name} ______________________ whose address or
 present physical location is: _________________________________________
 _______________________________________________________________________
 This individual's relationship to the minor child(ren) is:
 _______________________________________________________________________
 3. I ( ) am ( ) am not married to the person named in paragraph 2.
 4. Custody status of minor child(ren). I have a superior right to custody of the
 minor child(ren) over the person named in paragraph 2 because:
*241
 [√ all that apply]:
 ___ a. Custody has been established by a court. A final judgment or order
 awarding custody of the minor child(ren) was made on {date} _________, in
 {name of court} _______________________________________________________
 {case number} ________. This order awarded primary physical custody of the
 minor child(ren) to me. The final judgment or order applies to the following
 minor child(ren): {list of name(s) of the child(ren) or write "all"} ____
 _______________________________________________________________________
 A certified copy of said final judgment or order is attached, has not been
 modified, and is still in effect. [/ if applies] ( ) This order is an out-of-state
 court order which is entitled to full faith and credit enforcement under the
 Uniform Child Custody Jurisdiction Act and/or the federal Parental Kidnaping
 Prevention Act.
 ___ b. Custody is established as an operation of law. I am the birth mother of
 the minor child(ren) who was (were) born out of wedlock and there is no final
 judgment or order awarding custody of the following minor child(ren): {list
 name(s) of the child(ren) or write "all"} _____________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ Paternity has not been established. A certified copy of the minor
 child(ren)'s birth certificate is attached and has not been amended.
 ___ Paternity has been established. A certified copy of the final judgment
 of paternity, which shows no award of custody was made, is attached.
 This custody order has not been changed and is still in effect.
 ___ c. Other: _____________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 5. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, 
 Florida Family Law Form 12.901(f), is filed with this motion.
 6. Facts relating to the minor child(ren)'s current situation.
 [√ all that apply]
 ___ a. The person named in paragraph 2 wrongfully removed or wrongfully
 detained the minor child(ren) from my custody on {date} ____________ as
 follows: ______________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 [] Check here if you are attaching additional pages to continue these facts.
 ___ b. I believe that the minor child(ren) is (are) in immediate danger of harm or
 removal from this court's jurisdiction while with the person named in paragraph
 2 based on the following: _____________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ c. The current location of the minor child(ren) is:
 ( ) unknown
 ( ) believed to be at the following address(es) with the following people {list
 both the address and the people you believe will be there}: _____
 _________________________________________________________________
 _________________________________________________________________
 _________________________________________________________________
 7. Advance notice of this motion to the individual named in paragraph 2 should
 not be required because: ______________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
*242
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 8. If needed, I can be contacted for notice of an emergency or expedited hearing
 at the following addresses/locations:
 Name of Contact Person: _______________________________________________
 Address: ______________________________________________________________
 Telephone number(s) where I (or my designee) can be reached: {give name of
 individual to call} ___________________________________________________
 _______________________________________________________________________
 Name of Contact Person: _______________________________________________
 Address: ______________________________________________________________
 Telephone number(s) where I (or my designee) can be reached: {give name of
 individual to call} ___________________________________________________
 _______________________________________________________________________
 9. Attorneys' Fees, Costs, and Suit Monies.
 [√ if applies]
 ___ I have filed this motion because of wrongful acts of the person listed in
 paragraph two above. I request that this Court award reasonable attorney's
 fees, costs, and suit monies as applicable or authorized under Florida law, the
 UCCJA, and other legal authorities.
 WHEREFORE, I request an Emergency Order to Pick-Up Minor Child(ren),
 without advance notice, directing all sheriffs of the State of Florida or other
 authorized law enforcement officers in this state or any other state to pick up the
 previously named minor child(ren) and deliver them to my physical custody.
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made above and that the punishment for knowingly making a
 false statement includes fines and/or imprisonment.
 Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF _____________________
 Sworn to or affirmed and signed before me on ___________ by ______________.
 __________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 __________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ___ Personally known
 ___ Produced identification
 Type of identification produced _______________________________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} __________________, {city} ________________,
*243
 {state} __________, {phone} _________________, helped {name} _________________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.
 ___________________________________________________________________________
Form 12.945(b)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 ORDER TO PICK-UP MINOR CHILD(REN)
 An Emergency Verified Motion for Child Pick-Up Order has been filed by ( )
 Petitioner ( ) Respondent, alleging facts which under existing law are determined to
 be sufficient to authorize taking into custody the minor child(ren) named below.
 Based on this motion, this Court makes the following findings, notices, and conclusions:
 Jurisdiction.
 This Court has jurisdiction over issues surrounding the minor child(ren) listed
 below based on the following:
 [√ all that apply]
 ___ a. This Court exercised and continues to exercise original jurisdiction over the
 minor children listed below under the Uniform Child Custody Jurisdiction Act
 (UCCJA), specifically, section 61.1308, Florida Statutes.
 ___ b. A certified out-of-state custody decree has been presented to this Court with
 a request for full faith and credit recognition and enforcement under the
 Parental Kidnaping Prevention Act, 28 U.S.C. § 1738A. This Court has
 jurisdiction to enforce this decree under the UCCJA, specifically section
 61.1328, Florida Statutes.
 ___ c. By operation of Florida law governing the primary custody rights of children
 born of out wedlock, this Court has jurisdiction over the child(ren) listed below
 because this (these) child(ren) was (were) born in the State of Florida and no
 prior court action involving the minor child(ren) has addressed a putative
 father's rights to custody or other parental rights. See sections 742.031 and
 744.301, Florida Statutes.
 ___ d. Pursuant to the UCCJA, specifically section 61.133, Florida Statutes, this
 Court has jurisdiction to modify a custody decree of another state and has
 consulted with the Court who took initial jurisdiction over the minor child(ren)
 to determine this authority.
 ___ e. Other: ___________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 Notice of Hearing.
 Because this Order to Pick-Up Minor Child(ren) has been issued without prior
 notice to the non-movant {name} ______________________________________, all
*244
 parties involved in this matter are informed that they are scheduled to appear and
 testify at a hearing regarding this matter on {date} ________________, at ___.m., at
 which time the Court will consider whether the Court should issue a further order in
 this case, and whether other things should be ordered, including who should pay the
 filing fees and costs. The hearing will be before The Honorable {name} _______
 at {room name/number, location, address, city} _______________________________,
 Florida. If a party does not appear, this order may be continued in force, extended,
 or dismissed, and/or additional orders may be issued, including the imposition of
 court costs.
 If you are a person with a disability who needs any accommodation in order to
 participate in this proceeding, you are entitled, at no cost to you, to the provision of
 certain assistance. Please contact {name} _______________________________,
 {address} ___________________________________________, {telephone} _________,
 within 2 working days of your receipt of this order. If you are hearing or voice
 impaired, call TDD 1-800-955-8771.
 ORDER
 This Court ORDERS AND DIRECTS any and all sheriffs of the State of Florida
 (or any other authorized law enforcement officer in this state or in any other state)
 to immediately take into custody the minor child(ren) identified below from anyone
 who has possession and:
 ___ 1. Place the minor child(ren) in the physical custody of {name} _______
 {Social Security No.} _______________, who ( ) may ( ) may not remove the
 minor child(ren) from the jurisdiction of this Court.
 OR
 ___ 2. Accompany the minor child(ren) to the undersigned judge, if the minor
 child(ren) is (are) picked up during court hours, for immediate hearing on
 the issue of custody. It is the intention of this Court that the nonmoving
 party, minor child(ren), and movant appear immediately upon service of this
 order before the undersigned judge, if available, or duty judge to conduct a
 hearing as to which party is entitled to lawful custody of the minor child(ren)
 at issue. It is not the intention of the court to turn over the child(ren) to the
 movant on an ex parte basis. Neither party should be permitted to remove
 the child(ren) from the jurisdiction of this Court pending a hearing. If unable
 to accomplish the above, the sheriff/officer shall take the child(ren) into
 custody and place them with the Department of Children and Families of the
 State of Florida pending an expedited hearing herein.
 OR
 ___ 3. Place the minor child(ren) in the physical custody of {agency} _____,
 who shall contact the undersigned judge for an expedited hearing. The
 sheriff/officer shall not delay the execution of this court order for any reason
 or permit the situation to arise where the nonmoving party is allowed to
 remove the child(ren) from the jurisdiction of this court.
 4. NEITHER PARTY OR ANYONE AT THEIR DIRECTION, EXCEPT
 PURSUANT TO THIS ORDER, MAY REMOVE THE CHILD(REN)
 FROM THE JURISDICTION OF THIS COURT PENDING FURTHER
 HEARING. SHOULD THE NONMOVING PARTY IN ANY WAY VILATE
 THE MANDATES OF THIS ORDER IN THE PRESENCE OF
 THE LAW ENFORCEMENT OFFICER, THIS OFFICER IS TO IMMDIATELY
 ARREST AND INCARCERATE THE OFFENDING PARTY
 UNTIL SUCH TIME AS THE OFFENDING PARTY MAY BE BROUGHT
 BEFORE THIS COURT FOR FURTHER PROCEEDINGS.
*245
 All sheriffs of the State of Florida are authorized and ORDERED to serve (and/or
 execute) and enforce this order in the daytime or in the nighttime and any day of the
 week, except as limited by this order above.
 Except as limited by the above, if necessary, the sheriff/officer is authorized to
 take all reasonable, necessary, and appropriate measures to effectuate this order.
 The sheriff/officer shall not delay the execution of this order for any reason or
 permit the situation to rise where the child(ren) is (are) removed from the jurisdiction
 of this Court before execution of this order.
 The minor child(ren) is (are) identified as follows:
 Name Sex Birth date Race Physical Description
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 Current location/address of minor child(ren) or of party believed to have possession
 of the minor child(ren): __________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ORDERED on {date} ___________, at {time} ___________.
 __________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.946(a), MOTION FOR CIVIL CONTEMPT/ENFORCMENT

When should this form be used?
You may use this form to ask the court to enforce a prior court order or final judgment.

What should I do next?
To initiate a civil contempt/enforcement proceeding against a party who is not complying with a prior court order, you must file a motion with the court explaining what the party has failed to do. This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public. You should then file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
A copy of this form must be mailed or hand delivered to any other party(ies) in your case.
The court will then set a hearing. You should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing. Once you know the time and date of the hearing, you will need to complete Notice of Hearing (General), Florida Family Law Form 12.923, or, if applicable, Notice of Hearing (Child Support Enforcement Hearing Officer), Florida Family Law Form 12.921, or Order of Referral to General Master, Florida Family Law Form 12.920(b), which will specify a time and place for a hearing on the issue. A copy of this form must be mailed or hand delivered to the other party.
At the hearing, as in any other civil proceeding, you, as the moving party, will have the burden of proving the other party has not obeyed a prior court order. Once noncompliance *246 is established, the other party will have an opportunity to show an inability to comply with the prior court order. If he or she is unable to do so, the judge may find the other party to be in contempt. If so, the judge may order appropriate sanctions to compel compliance by the other party, including jail, payment of attorneys' fees, suit money, or costs, and coercive or compensatory fines, and may order any other relief permitted by law.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. See also section 61.14, Florida Statutes.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 ___________________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 MOTION FOR CIVIL CONTEMPT/ENFORCEMENT
 ( ) Petitioner ( ) Respondent requests that the Court enter an order of civil
 contempt/enforcement against ( ) Petitioner ( ) Respondent in this case because:
 1. A final judgment or order {title of final judgment or order} ____________
 in this case was entered on {date} __________, by {court, city, and state}
 ______________________________________________________________________
 ______________________________________________________________________
 [] Check here if the judgment or order is not from this Court and attach a
 copy.
 2. This order of the Court required the other party in this case to do or not do
 the following: {Explain what the other party was ordered to do or not do.}
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 [] Check here if additional pages are attached.
 3. The other party in this case has willfully failed to comply with this order of the
 Court: {Explain what the other party has or has not done.} ____________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
*247
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 [] Check here if additional pages are attached.
 4. I respectfully request that the Court issue an order holding the above-named
 person in civil contempt, if appropriate, and/or providing the following relief:
 ___ a. enforcing the prior order or judgment;
 ___ b. awarding a monetary judgment;
 ___ c. if a monetary judgment was included in the prior order, issuing a writ
 of execution or garnishment or other appropriate process;
 ___ d. awarding prejudgment interest;
 ___ e. requiring the other party to pay costs in connection with this motion;
 ___ f. compelling compliance with the prior judgment or order of the Court;
 ___ g. if the other party is found to be in civil contempt, ordering a
 compensatory fine;
 ___ h. if the other party is found to be in civil contempt, ordering a coercive
 fine;
 ___ i. if the other party is found to be in civil contempt, ordering incarceration
 of the other party;
 ___ j. issuing a writ of possession for real property, writ for possession of
 personal property, or other appropriate writ;
 ___ k. awarding make-up visitation with minor child(ren) as follows
 {explain} ________________________________________________________
 __________________________________________________________________
 __________________________________________________________________
 __________________________________________________________________
 __________________________________________________________________
 _________________________________________________________________;
 ___ l. awarding other relief {explain}: _____________________
 __________________________________________________________________
 __________________________________________________________________
 __________________________________________________________________
 __________________________________________________________________
 __________________________________________________________________
 _________________________________________________________________.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} ____________.
 Other party or his/her attorney:
 Name: ________________________________
 Address: _____________________________
 City, State, Zip: ____________________
 Fax Number: __________________________
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made above and that the punishment for knowingly making a
 false statement includes fines and/or imprisonment.
 Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 STATE OF FLORIDA
 COUNTY OF ______________
 Sworn to or affirmed and signed before me on _______________ by ____________.
*248
 __________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 __________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ___ Personally known
 ___ Produced identification
 Type of identification produced _________________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} __________________, {city} ________________,
 {state} __________, {phone} _________________, helped {name} _________________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.947(a), MOTION FOR TEMPORARY SUPPORT WITH DEPENDENT OR MINOR CHILD(REN)

When should this form be used?
This form may be used by:
(1) the respondent or the petitioner in a pending dissolution of marriage action. For you to use this form, a petition for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (alimony); temporary custody of a minor child(ren); temporary child support; and other relief.

OR
(2) the petitioner in a pending action for support unconnected with a dissolution. For you to use this form, a petition for support unconnected with a dissolution of marriage must have already been filed. You should use this form to ask the court to award temporary spousal support (alimony) and/or temporary child support. This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition for dissolution of marriage was filed and keep a copy for your records.

What should I do next?
A copy of this form, along with all of the other forms required with this motion, must be mailed or hand delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a hearing on your motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. Words in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.

Special notes ...
If you use paragraph 1.c. of this form to ask the court to enter a temporary injunction, the court may require you to post a bond.
With this form you must also file the following, if not already filed:

*249  Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f), if you are asking the court to determine temporary custody of minor child(ren).
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days if not filed at the time of the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932.
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g), if you are asking that temporary child support be ordered. (If you do not know the other party's income, you may file this worksheet as soon as a copy of his or her financial affidavit has been served on you.)
Temporary Order ... These family law forms contain a Temporary Order for Support with Dependent or Minor Child(ren), Florida Family Law Form 12.947(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 ___________________________________________________________________________
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 MOTION FOR TEMPORARY SUPPORT WITH DEPENDENT
 OR MINOR CHILD(REN)
 The ( ) Petitioner ( ) Respondent requests that the Court enter an order granting
 the following temporary support:
 [√ or complete all that apply]
 1. Assets and Liabilities.
 ___ a. Award temporary exclusive use and possession of the marital home.
 {address} ___________________________________________________________
 _____________________________________________________________________
 The Court should do this because: ___________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 ___ b. Award temporary use and possession of marital assets. {Specify} ______
 _____________________________________________________________________
 _____________________________________________________________________
*250
 The Court should do this because:
 _____________________________________________________________________
 _____________________________________________________________________
 ___ c. Enter a temporary injunction prohibiting the parties from disposing of any
 marital assets, other than ordinary and usual expenses. {Explain} ________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 The Court should do this because: ___________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 ___ d. Require temporary payment of specific marital debts. {Explain} _____
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 The Court should do this because: ___________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 2. Child(ren).
 ___ a. Enter a temporary custody order for the parties' minor child(ren). It is in
 the best interests of the child(ren) that the primary residential parent be ( )
 Petitioner ( ) Respondent ( ) undesignated ( ) rotating because: _____________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 ___ b. Enter a temporary injunction prohibiting the parties from permanently
 removing the child(ren) from the jurisdiction of the Court. The Court should
 do this because: ____________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 3. Support.
 ___ a. Award temporary child support of $ __________ per month.
 ___ b. Award temporary spousal support/alimony of $ __________ per month.
 The Court should do this because: ___________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 4. Attorney's fees and costs.
 ___ a. Award temporary attorney's fees of $ ________.
 ___ b. Award temporary costs of $ ________.
 The Court should do this because: ___________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 5. Other Relief. {specify} _____________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 6. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, 
 Florida Family Law Form 12.901(f), is filed with this motion or has been filed
 with the Court.
 7. A completed Certificate of Compliance with Mandatory Disclosure, Florida
 Family Law Form 12.932, is filed with this motion or has already been filed
 with the Court.
*251
 8. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this motion or has already been filed with the
 Court.
 I request that the Court hold a hearing on this matter and grant the relief
 specifically requested and any other relief this Court may deem just and proper.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} ____________.
 Other party or his/her attorney:
 Name: _________________________________
 Address: ______________________________
 City, State, Zip: _____________________
 Fax Number: ___________________________
 Dated: ________________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} __________________, {city} ________________,
 {state} __________, {phone} _________________, helped {name} _________________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.
 ___________________________________________________________________________
Form 12.947(b)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 TEMPORARY ORDER OF SUPPORT WITH DEPENDENT
 OR MINOR CHILD(REN)
 This cause came before this Court for a hearing on a Motion for Temporary
 Support with Dependent or Minor Child(ren). The Court, having reviewed the file
 and heard the testimony, makes these findings of fact and ORDERS as follows:
 The Court has jurisdiction over the subject matter and the parties.
 SECTION I. MARITAL ASSETS AND LIABILITIES
*252
 A. Injunction.
 1. ( ) Petitioner ( ) Respondent is (are) prohibited and enjoined from disposing of
 any marital assets without the written permission of the other party or a court
 order. If checked here ( ), the person(s) prohibited and enjoined from
 disposing of any marital assets may continue to pay all ordinary and usual
 expenses.
 2. The Court may enforce compliance with the terms of this injunction through
 civil and/or indirect criminal contempt proceedings, which may include arrest,
 incarceration, and/or the imposition of a fine.
 3. Violation of this injunction may constitute criminal contempt of court.
 4. Bond. This order is conditioned upon ( ) Petitioner ( ) Respondent posting
 bond in the sum of $________________ with the clerk of this Court.
 B. Temporary Use of Assets.
 1. The assets listed below are temporarily determined to be marital assets. Each
 party shall temporarily have the use of, as his/her own, the assets awarded in
 this section, and the other party shall temporarily have no further use of said
 assets. Any personal property not listed below shall be for the use of
 party currently in possession of that item(s), and he or she may not
 dispose of that item(s) without the written permission of the other party
 or a court order.
 ___________________________________________________________________________
 ASSETS: DESCRIPTION OF ITEM(S) Wife Shall Husband
 Have Shall Have
 Temporary Temporary
 Use Use
 ___________________________________________________________________________
 Automobiles
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 Furniture & furnishings in home
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 Furniture & Furnishings elsewhere
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 Jewelry
 ___________________________________________________________________________
 Business interests
 ___________________________________________________________________________
 ___________________________________________________________________________
 Other Assets
 ___________________________________________________________________________
 C. Temporary Responsibility for Liabilities/Debts.
 1. The liabilities listed below are temporarily determined to be marital. Each
 party shall pay as his or her own the marital liabilities indicated below and
*253
 shall keep said payments current. The other party shall temporarily have no
 further responsibility for the payment of these debts.
 ___________________________________________________________________________
 LIABILITIES: DESCRIPTION Current Wife Husband
 OF DEBT(S) Amount Shall Shall
 Owed Pay Pay
 ___________________________________________________________________________
 Mortgages on real estate: (home) $ $ $
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 Charge/credit card accounts
 ___________________________________________________________________________
 ___________________________________________________________________________
 Auto loan
 ___________________________________________________________________________
 Auto loan
 ___________________________________________________________________________
 Bank/Credit Union loans
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 Money owed (not evidenced by a note)
 ___________________________________________________________________________
 ___________________________________________________________________________
 Other
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 SECTION II. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
 [√ all that apply]
 ___ 1. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and
 possession of the dwelling located at: {address} _____________________
 ______________________________________________________________________
 {date or event} ______________________________________________________
 ______________________________________________________________________
 ___ 2. ( ) Petitioner ( ) Respondent may make a visit to the premises described in
 the paragraph above for the purpose of obtaining his or her clothing and items
 of personal health and hygiene and to obtain any items awarded in this order.
 This visit shall occur after notice to the person granted temporary exclusive
 use and possession of the dwelling and at the earliest convenience of both
 parties.
 ___ 3. Other: ____________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 SECTION III. TEMPORARY CUSTODY OF AND VISITATION WITH DPENDENT
 OR MINOR CHILD(REN)
 1. Jurisdiction. The Court has jurisdiction to determine temporary custody of
 and visitation with the parties' minor child(ren) listed in paragraph 2 below.
 2. The parties' dependent or minor child(ren) is (are):
 Name Birth date
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
*254
 3. Temporary Parental Responsibility for the Minor Child(ren).
 [√ one only]
 ___ a. The parties shall have temporary shared parental responsibility for the
 parties' minor child(ren). ( ) Mother ( ) Father shall have temporary primary
 residential responsibility of the minor child(ren) and the other parent shall
 have temporary secondary residential responsibility, as set forth in paragraph
 4 below. OR The temporary primary residential parent shall be ( ) undesignated
 ( ) rotating with time sharing for the ( ) Mother ( ) Father as set forth
 in paragraph 4 below.
 ___ b. ( ) Mother ( ) Father shall have temporary sole parental responsibility for
 the parties' minor child(ren). Temporary shared parental responsibility would
 be detrimental the child(ren) at this time because: __________________
 ______________________________________________________________________
 ______________________________________________________________________
 The other parent shall have temporary visitation with the parties' minor
 child(ren) as set forth in paragraph 4 below.
 4. Temporary Secondary Residential Responsibility, Temporary Visitation, or
 Temporary Time Sharing with Minor Child(ren). The parent granted
 temporary secondary residential responsibility, visitation, or time sharing shall
 have:
 [√ one only]
 ___ a. reasonable visitation or time sharing with the parties' minor child(ren)
 after reasonable notice and as agreed to by the parties, subject to any
 limitations in paragraph 5 below. The Court reserves jurisdiction to set a
 specific schedule.
 ___ b. the following specified visitation or time sharing with the parties' minor
 child(ren), subject to any limitations set out in paragraph 5 below: {specify
 days and times} _______________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ___ c. no contact with the parties' minor child(ren) until further order of the
 Court, due to the existing conditions that are detrimental to the welfare of the
 minor child(ren). {explain} ___________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 5. Limitations on Temporary Parental Responsibility, Visitation, and Time
 Sharing. Neither parent shall take the child(ren) from the custody of the
 other parent or any child care provider or other person entrusted by the other
 parent with the care of the child(ren) without the agreement of the other party
 during the other party's time of temporary parental responsibility or temporary
 visitation. The above reasonable (paragraph 4.a. above) or specified
 (paragraph 4.b. above) temporary visitation shall be:
 [√ if applies]
 ___ a. supervised by a responsible adult who is mutually agreeable to the parties.
 If the parties cannot agree, the supervising adult shall be: {name} ____.
*255
 ___ b. at a supervised visitation center located at: {address} ___________
 _____________________________________________________________________,
 subject to the available times and rules of the supervised visitation center.
 The cost of such visits shall be paid by ( ) Mother ( ) Father ( ) Both.
 6. Communication Arrangements for Temporary Secondary Parenting, Visitation,
 and Time Sharing with Child(ren).
 [√ if applies]
 ___ The parties' communications to arrange visitation or time sharing and discuss
 issues relating to the child(ren) (if temporary shared parenting, time sharing
 or visitation is provided in paragraph 3 above) are restricted as follows: ( )
 telephone, ( ) fax, e-mail, or letter, ( ) A responsible person shall coordinate
 the visitation or time sharing arrangements of the minor child(ren). If the
 parties cannot agree, the responsible person shall be: {name} ________
 ( ) other conditions for arrangements or discussions: {explain} ______
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 7. Exchange of Minor Child(ren). The exchange of the minor child(ren) shall
 be on time as scheduled and as agreed to by the parties. The following
 conditions, if checked below, shall also apply.
 [√ all that apply]
 ___ a. The parties shall temporarily exchange the child(ren) at the following
 location(s): __________________________________________________________
 _______________________________________________________________________
 ___ b. The parent granted temporary secondary parenting, visitation, or time
 sharing shall not get out of the vehicle, and the other parent shall not approach
 the vehicle, during the time the child(ren) are exchanged.
 ___ c. A responsible person shall conduct all exchanges of the child(ren). The
 parent granted temporary secondary parenting, temporary visitation, or time
 sharing shall not be present during the exchange. If the parties' cannot agree,
 the responsible person shall be: {name} _______________________________
 ___ d. Other conditions for exchange of the child(ren) are as follows: ______
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ 8. Injunction Prohibiting Removing the Child(ren). The Court hereby
 temporarily prohibits and enjoins the ( ) Mother ( ) Father ( ) Both from
 permanently removing the minor child(ren) from the State of Florida without a
 court order or the written consent of the other party.
 ___ 9. Other Temporary Provisions Relating to the Minor Child(ren).
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 SECTION IV. TEMPORARY ALIMONY
 1. ( ) The Court denies the request(s) for temporary alimony. OR
*256
 ( ) The Court finds that there is a need for, and that ( ) Petitioner ( )
 Respondent, hereinafter Obligor, has/had the present ability to pay temporary
 alimony as follows:
 [√ all that apply]
 ___ a. Temporary Periodic. Obligor shall pay temporary periodic alimony to
 Obligee in the amount of $____________ per month, payable ( ) in accordance
 with Obligor's employer's payroll cycle, and in any event, at least once a month
 ( ) other {explain} ___________________________________________________
 beginning {date} _______________. This temporary periodic alimony shall continue
 until modified by court order, the death of either party, or until, {date/
 event} _______________________________________________________________,
 whichever occurs first.
 ___ b. Lump Sum. Obligor shall pay temporary lump sum alimony to Obligee in
 the amount of $________. This amount shall be paid as follows: _______
 _______________________________________________________________________
 _______________________________________________________________________
 ___ c. Rehabilitative. Obligor shall pay temporary rehabilitative alimony to
 Obligee in the amount of $______________ per month, payable ( ) in accordance
 with Obligor's employer's payroll cycle, and in any event, at least once a month
 ( ) other {explain} ___________________________________________________
 _______________________________________________________________________
 beginning {date} _______________. This temporary rehabilitative alimony shall
 continue until modified by court order, the death of either party or until
 {date/event} _________________________________________________________,
 whichever occurs first. The temporary rehabilitative plan presented demonstrated
 the following: ________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ c. Retroactive. Obligor shall pay retroactive alimony in the amount of
 $ ________________ for the period of {date} ____________ through {date}
 _______________, which shall be paid pursuant to paragraph 3 below.
 2. Reasons for Awarding/Denying Temporary Alimony Award. The reasons
 for awarding/denying temporary alimony are as follows:
 ___ a. length of the marriage of the party receiving temporary alimony:
 ____________ years;
 ___ b. age of party receiving temporary alimony: _________;
 ___ c. health of party receiving temporary alimony: ( ) excellent ( ) good ( )
 poor ( ) other __________________________________________________
 ___ d. other factors ________________________________________________
 _________________________________________________________________
 _________________________________________________________________
 _________________________________________________________________
 [] Check here if additional pages are attached.
 3. Retroactive Alimony. ( ) Petitioner ( ) Respondent shall pay to the other
 party the temporary retroactive alimony of $ ______________, as of {date}
 ____________. This amount shall be paid in the amount of $ __________ per
 month, payable in accordance with Obligor's employer's payroll cycle, and in
 any event at least once a month ( ) other {explain} ___________________
 _______________________________________________________________________
 beginning {date} ____________, until paid in full including statutory interest.
 4. Insurance.
 [√ all that apply]
 ___ a. Health Insurance. ( ) Petitioner ( ) Respondent shall temporarily be
 required to pay health insurance premiums for the other party not to exceed
 $ _____________ per month. Further, ( ) Petitioner ( ) Respondent shall pay
*257
 any uninsured medical costs for the other party not exceed $ ________ per
 year. As to these uninsured medical expenses, the party who is entitled to
 reimbursement of the uninsured medical expense shall submit request for
 reimbursement to the other party within 30 days, and the other party shall,
 within 30 days after receipt, submit the applicable reimbursement for that
 expense.
 ___ b. Life Insurance (to secure payment of support). To secure the temporary
 alimony obligations set forth in this order, the Obligor shall temporarily
 maintain life insurance coverage on his/her life naming the Obligee as the sole
 irrevocable beneficiary, so long as reasonably available. This temporary
 insurance shall be in the amount of at least $ __________ and shall remain in
 effect until this temporary obligation for alimony terminates.
 5. Other provisions relating to temporary alimony: __________________
 _________________________________________________________________________
 _________________________________________________________________________
 SECTION V. TEMPORARY CHILD SUPPORT
 1. The Court finds that there is a need for temporary child support and that the
 ( ) Mother ( ) Father has the present ability to pay child support. The
 amounts in the Child Support Guidelines Worksheet Florida Family Law
 Form 12.901(g), filed by the ( ) Mother ( ) Father are correct OR the Court
 makes the following findings: The Mother's net monthly income is
 $ ________. The Father's net monthly income is $ _________. Monthly
 child care costs are $ ________________. Monthly health/dental insurance costs
 are $_____________.
 2. Amount. The ( ) Mother ( ) Father (hereinafter Obligor) shall be obligated to
 pay temporary child support in the amount of $ ____________ per month payable
 ( ) in accordance with Obligor's payroll cycle, and in any event at least once a
 month ( ) {explain} ___________________________________________________
 _______________________________________________________________________
 beginning {date} ________________________, and continuing until further
 court order or until {date/event} ____________________________________,
 {explain} ____________________________________________________________.
 If the temporary child support ordered deviates from the guidelines by 5% or
 more, the factual findings which support that deviation are: __________
 _______________________________________________________________________
 _______________________________________________________________________
 3. Retroactive Child Support.
 [√ if applies]
 ___ ( ) Mother ( ) Father shall pay to the other party the temporary retroactive
 child support of $ ______________, as of {date} ____________. This amount
 shall be paid in the amount of $ ______________ per month, payable in accordance
 with Obligor's employer's payroll cycle, and in any event at least once a
 month ( ) other {explain} ___________________________________________
 _____________________________________________________________________
 beginning {date} ____________, until paid in full including statutory interest.
 4. Insurance.
 [√ all that apply]
 ___ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to
 temporarily maintain ( ) health ( ) dental insurance coverage for the parties
 minor child(ren), so long as reasonably available. The party providing coverage
 shall be required to convey cards showing coverage to the other party.
 OR ( ) Health ( ) dental insurance is not reasonably available at this time.
 ___ b. Reasonable and necessary uninsured medical costs for the minor child(ren)
 shall temporarily be assessed as follows:
 ( ) Shared equally by both parents.
*258
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain}: _________________________________________________
 ______________________________________________________________________
 As to these uninsured medical expenses, the party who incurs the expense
 shall submit request for reimbursement to the other party within 30 days, and
 the other party, within 30 days of receipt, shall submit the applicable reimbursement
 for that expense, according to the schedule of reimbursement set
 out in this paragraph.
 5. Life Insurance (to secure payment of support). To secure the temporary
 child support obligations in this order, ( ) Petitioner ( ) Respondent ( ) Each
 party shall temporarily maintain life insurance coverage, in an amount of at
 least $____________,, on ( ) his life ( ) her life ( ) his/her life naming the ( )
 minor child(ren) as the sole irrevocable beneficiary(ies)( ) primary residential
 parent as the sole irrevocable beneficiary as Trustee for the minor child(ren),
 so long as reasonably available. The obligation to maintain the life insurance
 coverage shall continue until the Court orders otherwise or until {date/event}
 ______________________________________________________________________
 ______________________________________________________________________
 6. IRS Income Tax Deduction(s). The party granted temporary primary
 residential responsibility or temporary sole parental responsibility of the minor
 child(ren) shall have the benefit of any tax deductions for the child(ren), OR if
 checked here, ( ) assignment of any tax deduction for the child(ren) shall be as
 follows: _____________________________________________________________
 ______________________________________________________________________
 7. Other provisions relating to temporary child support: _________________
 SECTION VI. METHOD OF PAYMENT.
 Obligor shall pay any temporary court-ordered child support/alimony and arrears, if
 any, as follows:
 1. Central Governmental Depository.
 [√ if applies]
 ___ a. Obligor shall pay temporary court-ordered support directly to the Central
 Governmental Depository in {name} ___________________________ County, along
 with any depository service charge.
 ___ b. Both parties have requested and the court finds that it is in the best
 interests of the child(ren) that temporary support payments need not be
 directed through the Central Governmental Depository. However, either
 party may subsequently apply to the depository pursuant to section
 61.13(1)(d)3, Florida Statutes, to require payments through the Central Governmental
 Depository.
 2. Income Deduction.
 [√ if applies]
 ___ a. Immediate. Obligor shall pay through income deduction. Obligor is
 individually responsible for paying this temporary support obligation in the
 event that all or any portion of said support is not deducted from Obligor's
 income. Until support payments are deducted from Obligor's paycheck pursuant
 to the Income Deduction Notice authorized this day, Obligor is responsible
 for making timely payments directly to the Central Governmental Depository.
 ___ b. Deferred. An Income Deduction Notice is authorized this day, but it shall
 not be effective until a delinquency of $ ______________, or, if not specified, an
 amount equal to one month's obligation occurs. Income deduction is not being
 implemented immediately based on the following findings: Income deduction is
 not in the best interests of the child(ren) because: {explain} _______
 ______________________________________________________________________
 ______________________________________________________________________
*259
 AND there is proof of timely payment of a previously ordered obligation
 without income deduction.
 3. Bonus/one-time payments. ( ) All ( ) $ ______ ( ) No income paid in the form
 of a bonus or other similar one-time payments, up to the amount of any
 arrearage or the remaining balance thereof owed pursuant to this order, shall
 be forwarded to Obligee pursuant to the payment method prescribed above.
 4. Other provisions relating to method of temporary payment: _____________
 _______________________________________________________________________
 _______________________________________________________________________
 SECTION VII. TEMPORARY ATTORNEY FEES, COSTS, AND SUIT MONEY.
 ___ 1. ( ) Petitioner's ( ) Respondent's request(s) for temporary attorney fees,
 costs, and suit money is (are) denied because _________________________
 _______________________________________________________________________
 ___ 2. The Court finds there is a need for and an ability to pay temporary attorney
 fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to
 pay to the other party $ ______________ in temporary attorney fees, and
 $_____________ in costs. The Court further finds that the temporary attorney
 fees awarded are based on the reasonable rate of $ ________ per hour and
 _______________________________________________________________________
 reasonable hours. Other provisions relating to temporary attorney fees, costs,
 and suit money are as follows: ________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 SECTION VIII. OTHER PROVISIONS.
 Other Provisions: __________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ORDERED on {date} __________, at {time} __________.
 __________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Central Governmental Depository
 Other: _______________________________

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.948(a), MOTION FOR TEMPORARY SUPPORT WITH NO DEPENDENT OR MINOR CHILD(REN)

When should this form be used?
This form may be used by:
(1) the respondent or the petitioner in a pending dissolution of marriage action. For you to use this form, a petition for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (alimony); and other relief.

OR
(2) the petitioner in a pending action for support unconnected with a dissolution. For you to use this form, a petition for support unconnected with a dissolution of marriage must have already been filed. You should *260 use this form to ask the court to award temporary spousal support (alimony).
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition for dissolution of marriage was filed and keep a copy for your records.

What should I do next?
A copy of this form, along with all of the other forms required with this motion, must be mailed or hand delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a hearing on your motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. Words in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.

Special notes ...
If you use paragraph I.e. of this form to ask the court to enter a temporary injunction, the court may require you to post a bond. With this form you must also file the following, if not already filed:
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days if not filed at the time of the petition.)
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932.
Temporary Order ... These family law forms contain a Temporary Order for Support with No Dependent or Minor Child(ren), Florida Family Law Form 12.948(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
*261
 MOTION FOR TEMPORARY SUPPORT WITH
 NO DEPENDENT OR MINOR CHILD(REN)
 ( ) Petitioner ( ) Respondent requests that the Court enter an order granting the
 following temporary support:
 [√ or complete all that apply]
 1. Assets and Liabilities.
 ___ a. Award temporary exclusive use and possession of the marital home.
 {address} ____________________________________________________________
 ______________________________________________________________________
 The Court should do this because: ____________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ___ b. Award temporary use and possession of marital assets. {Specify}
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 The Court should do this because: ____________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ___ c. Enter a temporary injunction prohibiting the parties from disposing of any
 marital assets, other than ordinary and usual expenses. {Explain} _____
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 The Court should do this because: ____________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ___ d. Require Temporary payment of specific marital debts. {Explain} ____
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 The Court should do this because: ____________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 2. Support. Award temporary spousal support/alimony of $_____________ per
 month.
 The Court should do this because: ____________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 3. Attorney's fees and costs.
 ___ a. Award temporary attorney's fees of $________.
 ___ b. Award temporary costs of $________.
 The Court should do this because: ____________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 4. Other Relief. {specify} ______________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 5. A completed Certificate of Compliance with Mandatory Disclosure, Florida
 Family Law Form 12.932, is filed with this motion or has already been filed
 with the Court.
*262
 6. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this motion or has already been filed with the
 Court.
 I request that the Court hold a hearing on this matter and grant the relief
 specifically requested and any other relief this Court may deem just and proper.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
 mailed ( ) hand delivered to the person(s) listed below on {date} ________.
 Other party or his/her attorney:
 Name: ________________________________
 Address: _____________________________
 City, State, Zip: ____________________
 Fax Number: __________________________
 Dated: _______________________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
 FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} _________________________,
 a nonlawyer, located at {street} __________________, {city} ______________,
 {state} __________, {phone} _________________, helped {name} _____________,
 who is the [√ one only] ___ petitioner or ___ respondent, fill out this form.
Form 12.945(b)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 TEMPORARY SUPPORT ORDER WITH NO DEPENDENT
 OR MINOR CHILD(REN)
 This cause came before this Court for a hearing on a on a Motion for Temporary
 Support with No Dependent or Minor Child(ren). The Court, having reviewed the
 file and heard the testimony, makes these findings of fact and ORDERS as follows:
 The Court has jurisdiction over the subject matter and the parties.
 SECTION I. MARITAL ASSETS AND LIABILITIES
 A. Injunction.
*263
 1. ( ) Petitioner ( ) Respondent is (are) prohibited and enjoined from disposing of
 any marital assets without the written permission of the other party or a court
 order. If cheeked here ( ), the person(s) prohibited and enjoined from
 disposing of any marital assets may continue to pay all ordinary and usual
 expenses.
 2. The Court may enforce compliance with the terms of this injunction through
 civil and/or indirect criminal contempt proceedings, which may include arrest,
 incarceration, and/or the imposition of a fine.
 3. Violation of this injunction may constitute criminal contempt of court.
 4. Bond. This order is conditioned upon ( ) Petitioner ( ) Respondent posting
 bond in the sum of $________________ with the clerk of this Court.
 B. Temporary Use of Assets.
 1. The assets listed below are temporarily determined to be marital assets. Each
 party shall temporarily have the use of, as his/her own, the assets awarded in
 this section, and the other party shall temporarily have no further use of said
 assets. Any personal property not listed below shall be for the use of
 party currently in possession of that item(s), and he or she may not
 dispose of that item(s) without the written permission of the other party
 or a court order.
 ___________________________________________________________________________
 ASSETS: DESCRIPTION OF ITEM(S) Wife Shall Husband
 Have Shall Have
 Temporary Temporary
 Use Use
 ___________________________________________________________________________
 Automobiles
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 Furniture & furnishings in home
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 Furniture & Furnishings elsewhere
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 Jewelry
 ___________________________________________________________________________
 Business interests
 ___________________________________________________________________________
 ___________________________________________________________________________
 Other Assets
 ___________________________________________________________________________
 C. Temporary Responsibility for Liabilities/Debts.
 1. The liabilities listed below are temporarily determined to be marital. Each
 party shall pay as his or her own the marital liabilities indicated below and
 shall keep said payments current. The other party shall temporarily have no
 further responsibility for the payment of these debts.
*264
 ___________________________________________________________________________
 LIABILITIES: DESCRIPTION Current Wife Husband
 OF DEBT(S) Amount Shall Shall
 Owed Pay Pay
 ___________________________________________________________________________
 Mortgages on real estate: (home) $ $ $
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 Charge/credit card accounts
 ___________________________________________________________________________
 ___________________________________________________________________________
 Auto loan
 ___________________________________________________________________________
 Auto loan
 ___________________________________________________________________________
 Bank/Credit Union loans
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 Money owed (not evidenced by a note)
 ___________________________________________________________________________
 ___________________________________________________________________________
 Other
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 SECTION II. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
 [√ all that apply]
 ___ 1. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and
 possession of the dwelling located at: {address} _____________________
 ______________________________________________________________________
 {date or event} _____________________________________________
 ______________________________________________________________________
 ___ 2. ( ) Petitioner ( ) Respondent may make a visit to the premises described in
 the paragraph above for the purpose of obtaining his or her clothing and items
 of personal health and hygiene and to obtain any items awarded in this order.
 This visit shall occur after notice to the person granted temporary exclusive
 use and possession of the dwelling and at the earliest convenience of both
 parties.
 ___ 3. Other: ____________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 SECTION III. TEMPORARY ALIMONY
 1. ( ) The Court denies the request(s) for temporary alimony. OR
 ( ) The Court finds that there is a need for, and that ( ) Petitioner ( )
 Respondent, hereinafter Obligor, has/had the present ability to pay, temporary
 alimony as follows:
 [√ all that apply]
 ___ a. Temporary Periodic. Obligor shall pay temporary periodic alimony to
 Obligee in the amount of $_____________ per month, payable ( ) in accordance
 with Obligor's employer's payroll cycle, and in any event, at least once a month
 ( ) other {explain} ___________________________________________________
 whichever occurs first.
 ___ b. Lump Sum. Obligor shall pay temporary lump sum alimony to Obligee in
 the amount of $__________. This amount shall be paid as follows: ____
 _______________________________________________________________________
 _______________________________________________________________________
 ___ c. Rehabilitative. Obligor shall pay temporary rehabilitative alimony to
 Obligee in the amount of $_______________ per month, payable ( ) in accordance
*265
 with Obligor's employer's payroll cycle, and in any event, at least once a month
 ( ) other {explain} ___________________________________________________
 _______________________________________________________________________
 beginning {date} ________________. This temporary rehabilitative alimony shall
 continue until modified by court order, the death of either party or until
 {date/event} __________________________________________________________
 whichever occurs first. The temporary rehabilitative plan presented demonstrated
 the following: ________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ c. Retroactive. Obligor shall pay retroactive alimony in the amount of
 $______________ for the period of {date} _____________ through {date}
 ______________, which shall be paid pursuant to paragraph 3 below.
 2. Reasons for Awarding/Denying Temporary Alimony Award. The reasons
 for awarding/denying temporary alimony are as follows:
 ___ a. length of the marriage of the party receiving temporary alimony:
 ________ years;
 ___ b. age of party receiving temporary alimony: ________;
 ___ c. health of party receiving temporary alimony: ( ) excellent ( ) good ( )
 poor ( ) other __________________________________________________;
 ___ d. other factors _________________________________________________
 __________________________________________________________________
 __________________________________________________________________
 __________________________________________________________________
 [] Check here if additional pages are attached.
 3. Retroactive Alimony. ( ) Petitioner ( ) Respondent shall pay to the other
 party the temporary retroactive alimony of $______________, as of {date}
 _____________. This amount shall be paid in the amount of $__________ per
 month, payable in accordance with Obligor's employer's payroll cycle, and in
 any event at least once a month ( ) other {explain} ___________________
 _______________________________________________________________________
 beginning {date} ___________, until paid in full including statutory interest.
 4. Insurance.
 [√ all that apply]
 ___ a. Health Insurance. ( ) Petitioner ( ) Respondent shall temporarily be
 required to pay health insurance premiums for the other party not to exceed
 $________ per month. Further ( ) Petitioner ( ) Respondent shall pay any
 uninsured medical costs for the other party not exceed $_____________ per
 year. AS to these uninsured medical expenses, the party who is entitled to
 reimbursement of the uninsured medical expense shall submit request for
 reimbursement to the other party within 30 days, and the other party shall,
 within 30 days after receipt, submit the applicable reimbursement for that
 expense.
 ___ b. Life Insurance (to secure payment of support). To secure the temporary
 alimony obligations set forth in this order, the Obligor shall temporarily
 maintain life insurance coverage on his/her life naming the obligee as the sole
 irrevocable beneficiary, so long as reasonably available. This temporary
 insurance shall be in the amount of at least $_and shall remain in
 effect until this temporary obligation for alimony terminates.
 3. Other provisions relating to temporary alimony: _______________________
 _______________________________________________________________________
 _______________________________________________________________________
 SECTION IV. METHOD OF PAYMENT.
*266
 Obligor shall pay any temporary court-ordered alimony and arrears, if any, as
 follows:
 1. Central Governmental Depository.
 [√ if applies]
 ___ a. obligor shall pay temporary court-ordered support directly to the Central
 Governmental Depository in {name} ______________________ County, along
 with any depository service charge.
 ___ b. Both parties have requested and the court finds that it is in the best
 interests that temporary support payments need not be directed through the
 Central Governmental Depository. However, either party may subsequently
 apply to the depository pursuant to section 61.13(1)(d)3, Florida Statutes, to
 require payments through the Central Governmental Depository.
 2. Income Deduction.
 [√ if applies]
 ___ a. Immediate. Obligor shall pay through income deduction. Obligor is
 individually responsible for paying this temporary support obligation in the
 event that all or any portion of said support is not deducted from Obligor's
 income. Until support payments are deducted from Obligor's paycheck pursuant
 to the Income Deduction Notice authorized this day, Obligor is responsible
 for making timely payment directly to the Central Governmental Depository.
 ___ b. Deferred. An Income Deduction Notice is authorized this day, but it shall
 not be effective until a delinquency of $_____________, or, if not specified, an
 amount equal to one month's obligation occurs. Income deduction is not being
 implemented immediately based on the following findings: there are no minor
 child(ren) common to the parties AND there is proof of timely payment of a
 previously ordered obligation without income deduction.
 3. Bonus/one-time payments. ( ) All ( ) $____________ ( ) No income paid in the
 form of a bonus or other similar one-time payments, up to the amount of any
 arrearage or the remaining balance thereof owed pursuant to this order, shall
 be forwarded to Obligee pursuant to the payment method prescribed above.
 4. Other provisions relating to method of temporary payment: _____________
 _______________________________________________________________________
 _______________________________________________________________________
 SECTION V. TEMPORARY ATTORNEY FEES, COSTS, AND SUIT MONEY.
 ___ 1. ( ) Petitioner's ( ) Respondent's request(s) for temporary attorney fees,
 costs, and suit money is (are) denied because _______________________,
 ___ 2. The Court finds there is a need for and an ability to pay temporary attorney
 fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to
 pay to the other party $__________ in temporary attorney fees, and
 $__________ in costs, the Court further finds that the temporary attorney fees
 awarded are based on the reasonable rate of $________ per hour and ____
 reasonable hours. Other provisions relating to temporary attorney fees, costs,
 and suit money are as follows:_________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 SECTION VI. OTHER PROVISIONS.
 Other Provisions: _________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ORDERED on {date} __________, at {time} ___________.
*267
 __________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Central Governmental Depository
 Other: _______________

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(a), AFFIDVIT AND MOTION FOR WATVER OF FEES FOR PETITION FOR INJUNTION FOR PROTECTION

When should this form be used?
If you need to file a petition for an injunction for protection against domestic violence or repeat violence and you do not have enough money to pay filing fees to the clerk of the circuit court or service fees to the sheriff, you may use this form to request that the fees be waived. Later, the court will decide who, if anyone, should pay those fees.
This form should be typed or printed in black ink. You should complete the first section of this form, and sign it in front of a notary public or the clerk. You should then file the original of this form with your petition for injunction for protection. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or family law intake staff will help you.

What should I do next?
A copy of this form must be mailed, faxed and mailed, or hand delivered to the respondent in your case.

Special notes ...
With this form you will also need to file the following:
 Family Law Financial Affidavit, Florida Family Law Form 12.901(d) or (e).
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 AFFIDAVIT AND MOTION FOR WAIVER OF FEES FOR PETITION FOR
 INJUNCTION FOR PROTECTION
 I, {full legal name of petitioner} _____________________________________,
 certify that I do not have enough money to pay filing fees to the Clerk of the Circuit
 Court or service fees to the sheriff or other authorized law enforcement agency and
 ask that, as allowed by section 741.30(2)(a) or section 784.046(3)(b), florida Statutes,
 the fees be waived subject to a later order of the Court about the payment of those
 fees.
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this affidavit and motion and that the punishment for
 knowingly making a false statement includes fines and/or imprisonment.
 Dated: _______________________________
*268
 __________________________________
 Signature of Petitioner
 STATE OF FLORIDA
 COUNTY OF ______________
 Sworn to or affirmed and signed before me on ________ by ____________.
 __________________________________
 NOTARY PUBLICDEPUTY
 CLERK
 __________________________________
 [Print, type, or stamp commissioned
 name of notary or clerk.]
 ___ Personally known
 ___ Produced identification
 Type of identification produced _______________________________________
 CLERK'S CERTIFICATE AS TO AFFIDAVIT AND MOTION FOR WAIVER
 OF FEES
 I, ____________________________________, as Clerk of the Circuit Court, do
 hereby certify that I received and filed the above without payment of fees necessary
 to process the petition and serve the injunction, subject to a subsequent order of the
 court relative to the payment of such fees.
 CLERK OF THE CIRCUIT COURT
 (SEAL)
 By: ______________________________
 Deputy Clerk

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(b), PETITION FOR INJUNCTION FOR PROTETION AGAINST DOMESTIC VILENCE

When should this form be used?
If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner's family or household members who are residing in the same single dwelling unit with petitioner.
The domestic violence laws only apply to your situation if the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together. If the respondent is not one of the above, you should look at Petition for Injunction for Protection Against Repeat Violence, Florida Family Law Form 12.980(g), to determine if your situation will qualify for an injunction for protection against repeat violence.
If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents or your legal guardian must sign this petition with you.
*269 This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a notary public or the clerk of the circuit court in the county were you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or family law intake staff will help you.

What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an imminent danger of domestic violence exists, the judge will sign an immediate Temporary Injunction for Protection Against Domestic Violence, Florida Family Law Form 12.980(d). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued "ex parte." This means that the judge has considered only the information presented by one sideYOU. The temporary injunction gives a date that you should appear in court for a hearing. At that hearing, you will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence, Florida Family Law Form 12.980(e), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!

What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, Florida Family Law Form 12.980(h); attend the hearing and present facts that support your petition; and/or dismiss your petition.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" are defined in in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see chapter 741, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.

Special notes ...
With this form you may also need to file the following:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f), must be completed and filed if you are asking the court to determine issues of temporary *270 custody or visitation with regards to a minor child.
 Notice of Social Security Number, Florida Family Law Form 12.901(j), must be completed and filed if you are asking the court to determine issues of temporary child support.
 Family Law Financial Affidavit, Florida Family Law Form 12.901(d) or (e), must be completed and filed if you are seeking temporary alimony or temporary child support.
Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(i), and file it with the clerk of the circuit court and write "confidential" in the space provided on the petition.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC
 VIOLENCE
 I, {full legal name} ______________________________________, being sworn,
 certify that the following statements are true:
 SECTION I. PETITIONER (This section is about you. It must be completed..
 However, if you fear that disclosing your address to the respondent would put
 you in danger, you should complete and file Petitioner's Request for confidential
 Filing of Address, Florida Family Law Form 12.980(f), and write ""confidential
 in the space provided on this form for your address and telephone number.)
 1. Petitioner currently lives at: {street address} _______________________
 { city, state and zip code} ___________________________________________
 Telephone Number: {area code and number} ______________________________
 2. Filing Fees
 [√ one only]
 ___ a. Petitioner is paying the filing fee and sheriffs or other authorized law
 enforcement agency's service fees.
 ___ b. Petitioner does not have enough money to pay the filing fee or service fees
 and is filing an Affidavit and Motion for Waiver of Fees, Florida Family
 Law Form 12.980(a), and a Financial Affidavit, Florida Family Law Form
 12.901(d) or (e). Petitioner asks that he or she not have to pay the fees
 necessary to proces the petition and serve the injunction and other motions or
 orders needed to enforce the injunction, subject to later order(s) of the court
 about the payment of such fees.
 3. petitioner's attorney's name, address, and telephone number is: _______
 ______________________________________________________________________.
 (if you do not have an attorney, write ""none.")
*271
 SECTION II. RESPONDENT (This section is about the person you want to be
 protected from. It must be completed.)
 1. Respondent currently lives at: {street address, city, state, and zip code}
 _______________________________________________________________________
 ______________________________________________________________________.
 Respondent's Driver's License number is: {if known} _________.
 2. Respondent is:
 [√ one only]
 ___ a. the spouse of Petitioner. Date of Marriage: _______________________
 ___ b. the former spouse of Petitioner.
 Date of Marriage: ________________________________
 Date of Divorce: ________________________________
 ___ c. related by blood or marriage to Petitioner.
 Specify relationship: _________________________________________________
 ___ d. a person who is or was living in one home with Petitioner, as if a family.
 ___ e. a person with whom Petitioner has a child in common, even if Petitioner and
 Respondent never were married or living together.
 3. Petitioner has known Respondent since {date}__________________________.
 4. Respondent's last known place of employment: __________________________
 Employment address: ___________________________________________________
 Working hours: ________________________________________________________
 5. Physical description of Respondent:
 Race: ___ Sex: Male ___ Female ___ Date of Birth: _____________________
 Height: ______ Weight: ______ Eye Color: ______ Hair Color: ___________
 Distinguishing marks or scars: ________________________________________
 Vehicle: (make/model) ____________ Color: ____
 Tag Number: ______
 6. Other names Respondent goes by (aliases or nicknames): ________________
 7. Respondent's attorney's name, address, and telephone number is: _______
 _______________________________________________________________________
 (If you do not know whether Respondent has an attorney, write ""unknown."
 If Respondent does not have an attorney, write ""none.")
 SECTION III. CASE HISTORY AND REASON FOR SEEKING PETITION
 (This section must be completed.)
 1. Has Petitioner ever received or tried to get an injunction for protection against
 domestic violence against Respondent in this or any other court?
 ___ Yes ___ No If yes, what happened in that case? (include case number, if
 known) ________________________________________________________________
 _______________________________________________________________________
 2. Has Respondent ever received or tried to get an injunction for protection
 against domestic violence against Petitioner?
 ___ Yes ___ No If yes, what happened in that case? (include case number, if
 known) _______________________________________________________________
 _______________________________________________________________________
 3. Describe any other court case that is either going on now or that happened in
 the past, including a dissolution of marriage, paternity action, or child support
 enforcement action, between Petitioner and Respondent {include city, state,
 and case number, if known}: ___________________________________________
 _______________________________________________________________________
*272
 4. Petitioner is the victim of an act of domestic violence or has reasonable cause
 to believe that he or she is in imminent danger of becoming the victim of an act
 of domestic violence. Below is a brief description of the latest act of violence
 or threat of violence that causes Petitioner to honestly fear imminent domestic
 violence by Respondent. (Use additional sheets if necessary.)
 On {date} ______________, at {location} ______________________________,
 the Respondent ________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 [] check here if you are attaching additional pages to continue these facts.
 5. Additional Information
 [√ all that apply]
 ___ a. Other acts or threats of domestic violence as described on attached sheet.
 ___ b. this or other acts of domestic violence have been previously reported to
 { person or agency}: __________________________________________________
 ___ c. Respondent owns, has, and/or is known to have guns or other weapons.
 Describe weapon(s): ___________________________________________________
 ___ d. Respondent has a drug problem.
 ___ e. Respondent has an alcohol problem.
 ___ f. Respondent has a history of mental health problems. If checked, answer the
 following, if known.
 Has Respondent ever been the subject of a Baker Act proceeding?
 ( ) Yes ( ) No
 Is Respondent supposed to take medication for mental health problems?
 ( ) Yes ( ) No
 If yes, is Respondent currently taking his/her medication? ( ) Yes ( ) No
 SECTION IV. TEMPORARY EXCLUSIVE USE AND POSSESSION OF
 HOME (Complete this section only if you want the Court to grant you temporary
 exclusive use and possession of the home that you share with the respondent.)
 1. Petitioner claims the following about the home that Petitioner and Respondent
 share or that Petitioner left because of domestic violence:
 [√ all that apply]
 ___ a. Petitioner needs the exclusive use and possession of the home that the
 parties share at {street address} ____________________________________,
 {city, state, zip code} ______________________________________________.
 ___ b. Petitioner cannot get another safe place to live because: __________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ c. If kept out of the home, Respondent has the money to get other housing or
 may live without money at {street address} ___________________________,
 {city, state, zip code} ______________________________________________.
*273
 2. The home is:
 [√ one only]
 ___ a. owned or rented by Petitioner and Respondent jointly.
 ___ b. solely owned or rented by Petitioner.
 ___ c. solely owned or rented by Respondent.
 SECTION V. TEMPORARY CUSTODY OF MINOR CHILD(REN) (Complete
 this section only if you are seeking temporary custody of any minor child. You must
 be the natural parent, adoptive parent, or guardian by court order of the minor
 child(ren). If you are asking the court to determine issues of temporary custody
 with regards to a minor child, you must also complete and file a Uniform Child
 Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form
 12.901(f)).
 Note: If the paternity of the minor child(ren) listed below has not been
 established through either marriage or court order, the Court may deny temporary
 custody, visitation, and/or support.
 1. Petitioner is the natural parent, adoptive parent, or guardian by court order of
 the minor child(ren) whose name(s) and age(s) is (are) listed below.
 Name Place of Birth Birth date Sex
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 2. The minor child(ren) whom Petitioner is seeking temporary custody of:
 [√ one only]
 ___ a. saw the domestic violence described in this petition happen.
 ___ b. were at the place where the domestic violence happened but did not see it.
 ___ c. were not there when the domestic violence happened this time but have seen
 previous acts of domestic violence by Respondent.
 ___ d. have not witnessed domestic violence by Respondent.
 3. name any other minor child(ren) who were there when the domestic violence
 happened. Include child(ren)'s name, age, sex, and parents' names. ___
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 4. Visitation
 [√ all that apply]
 ___ a. Petitioner requests that the Court order reasonable visitation by Respondent
 with the minor child(ren), as follows: ________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ b. Petitioner requests that the Court order supervised exchange of the minor
 child(ren) or exchange through a responsible person designated by the Court.
 The following person is suggested as a responsible person for purposes of such
 exchange. Explain: ___________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ c. Petitioner requests that the Court limit visitation by Respondent with the
 minor child(ren). Explain: ___________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ d. Petitioner requests that the Court prohibit visitation by Respondent with
 the minor child(ren) because petitioner genuinely fears that Respondent
*274
 imminently will abuse, remove, or hide the minor child(ren) from Petitioner.
 Explain: ______________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 SECTION VI. TEMPORARY SUPPORT (Complete this section only if you are
 seeking financial support from the respondent. You must also complete and file a
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e), and Notice of
 Social Security Number, Florida Family Law Form 12.901(j), if you are
 seeking child support).
 [√ all that apply]
 ___ 1. Petitioner claims a need for the money he or she is asking the Court to
 make Respondent pay, and Respondent has the ability to pay that money.
 ___ 2. Petitioner requests that the Court order Respondent to pay the following
 temporary alimony to Petitioner. (Petitioner must be married to Respondent
 to ask for temporary alimony.)
 Temporary Alimony Requested $________ every ( ) week ( ) other week
 ( ) month.
 ___ 3. petitioner requests that the Court order Respondent to pay the following
 temporary child support to Petitioner. (The respondent must be the natural
 parent, adoptive parent, or guardian by court order of the minor child(ren) for
 the court to order the respondent to pay child support.) Temporary child
 support is requested in the amount of $________ every ( ) week ( ) other week
 ( ) month.
 SECTION VII. INJUNCTION (this section summarizes what you are asking the
 Court to include in the injunction. This section must be completed.)
 1. Petitioner asks the Court to enter a TEMPORARY INJUNCTION for
 protection against domestic violence that will be in place from now until the
 scheduled hearing in this matter.
 2. Petitioner asks the Court to enter, after a hearing has been held on this
 petition, a final judgment on injunction prohibiting Respondent from committing
 any acts of domestic violence against Petitioner and:
 a. prohibiting Respondent form going to or within 500 feet of any place the
 Petitioner lives;
 b. prohibiting Respondent form going to or within 500 feet of the Petitioner's
 place(s) of employment or school; the address of Petitioner's place(s) of
 employment or school is: ______________________________________________
 _______________________________________________________________________
 c. prohibiting Respondent from contacting Petitioner by mail, by telephone,
 through another person, or in any other manner;
 [√ all that apply]
 ___ d. prohibiting Respondent form going to or within 500 feet of the following
 place(s) Petitioner or Petitioner's minor child(ren) must go often {include
 address}: _____________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ e. granting Petitioner temporary exclusive use and possession of the home
 Petitioner and Respondent share;
 ___ f. granting Petitioner temporary exclusive custody of the parties' minor
 child(ren);
 ___ g. establishing visitation rights with the parties' minor child(ren);
 ___ h. granting temporary alimony for Petitioner.
 ___ i. granting temporary child support for the minor child(ren);
 ___ j. ordering Respondent to participate in treatment, intervention, and/or counseling
 services;
*275
 ___ k. referring Petitioner to a certified domestic violence center; and
 any other terms the Court deems necessary for the protection of Petitioner and/or
 Petitioner's child(ren), including injunctions or directives to law enforcement agencies,
 as provided in section 741.30, Florida Statutes.
 I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE
 COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH RESPODENT
 AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I
 RESPONDENT APPEAR AT THE HEARING.
 I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND
 EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE
 STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER
 PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02,
 FLORIDA STATUTES.
 _________
 (initials)
 Dated: _______________________________
 __________________________________
 Signature of Petitioner
 STATE OF FLORIDA
 COUNTY OF ____________________________
 Sworn to or affirmed and signed before me on ______________ by ___________.
 __________________________________
 NOTARY PUBLICDEPUTY
 CLERK
 __________________________________
 [Print, type, or stamp commissioned
 name of notary.]
 ___ Personally known
 ___ Produced identification
 Type of identification produced ___
Form 12.980(c)(1)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 ORDER SETTING HEARING ON THE PETITION FOR INJUNCTION
 FOR PROTECTION AGAINST
 ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE
 WITHOUT ISSUANCE OF AN INTERIM TEMPORARY INJUNCTION
*276
 The Petition for Injunction for Protection Against Domestic Violence filed under
 section 741.30, Florida Statutes, or Repeat Violence under section 784.046, Florida
 Statutes, has been reviewed. This Court has jurisdiction of the parties and of the
 subject matter. A Temporary Injunction for Protection Against Domestic or
 Repeat Violence, pending the hearing scheduled below, is NOT being entered at this
 time but an injunction may be entered after the hearing, depending on the findings
 made by the Court at that time.
 FINDINGS
 The Court finds that the facts, as stated in the Petition alone and without a
 hearing on the matter, do not demonstrate that Petitioner is a victim of domestic or
 repeat violence or that Petitioner has reasonable cause to believe that he or she is in
 imminent danger of becoming a victim of domestic violence. Therefore, there is not
 a sufficient factual basis upon which the court can enter a Temporary Injunction for
 Protection Against Domestic or Repeat Violence prior to a hearing. A hearing is
 scheduled on the Petition for Injunction for Protection Against Domestic or Repeat
 Violence in section II of this Order. Petitioner may amend or supplement the
 Petition at any time to state further reasons why a Temporary Injunction should be
 ordered which would be in effect until the hearing scheduled below.
 NOTICE OF HEARING
 Petitioner and Respondent are ordered to appear and testify at a hearing on the
 Petition for Injunction for Protection Against Domestic or Repeat Violence on
 {date} ___________________________________________________________________,
 at ___ a.m./p.m. at {location} ___________________________________________.
 at which time the Court will consider whether a Final Judgment of Injunction for
 Protection Against Domestic or Repeat Violence should be entered. If entered, the
 injunction will remain in effect until a fixed date set by the Court or until modified
 or dissolved by the Court. At the hearing, the Court will determine whether other
 things should be ordered, including who should pay the filing fees and costs.
 If Petitioner and/or Respondent do not appear, orders may be entered, including
 the imposition of court costs or an injunction.
 If you are a person with a disability who needs any accommodation in order to
 participate in this proceeding, you are entitled, at no cost to you, to the provision of
 certain assistance. Please contact {name} _______________________________,
 {address} _____________________, {telephone} ____________, within 2 working days
 of your receipt of this order. If you are hearing or voice impaired, call TDD 1-800-955-8771.
 Nothing in this order limits Petitioner's rights to dismiss the petition.
 ORDERED on __________________________.
 __________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner: ___ by hand delivery in open Court
 ___by U.S. mail
 Respondent: ___ forwarded to sheriff for service
 Other: ______________________________________________
 I CERTIFY the foregoing is a true copy of the original as it appears on file in the
 office of the Clerk of the Circuit Court of ____________ County, Florida, and that I
 have furnished copies of this order as indicated above.
 CLERK OF THE CIRCUIT COURT
*277
 (SEAL)
 By: ______________________________
 Deputy Clerk
Form 12.980(c)(2)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 ORDER DENYING PETITION FOR INJUNCTION
 FOR PROTECTION AGAINST
 ( ) DOMESTIC VIOLENCE OR ( ) REPEAT VIOLENCE
 The Court has reviewed the Petition for Injunction for Protection Against
 Domestic or Repeat Violence filed in this cause and finds that the Petitioner has
 failed to comply with one or more statutory requirements applicable to that petition
 including the following:
 ___ 1. Petitioner has failed to allege in a petition directed to domestic violence that
 Respondent is a member of Petitioner's family or resides in the same dwelling
 unit with Petitioner.
 ___ 2. Petitioner has used a petition form other than that which is approved by the
 Court and the form used lacks the statutorily required components.
 ___ 3. Petitioner has failed to complete a mandatory portion of the petition.
 ___ 4. Petitioner has failed to sign the petition.
 ___ 5. Petitioner has failed to allege facts sufficient to support the entry of an
 injunction for protection against domestic or repeat violence because: _____
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 ___ 6. Other: ___________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 It is therefore, ORDERED AND ADJUDGED that the Petition is denied without
 prejudice to amend or supplement the petition to cure the above stated defects.
 ORDERED ON _________________.
 __________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner: ___ by hand delivery in open Court
 ___by U.S. mail
*278
 I CERTIFY the foregoing is a true copy of the original as it appears on file in the
 office of the Clerk of the Circuit Court of _________ County, Florida, and that I
 have furnished copies of this order as indicated above.
 CLERK OF THE CIRCUIT COURT
 (SEAL)
 By: ______________________________
 Deputy Clerk
Form 12.980(d)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC
 VIOLENCE
 The Petition for Injunction for Protection Against Domestic Violence under
 section 741.30, Florida Statutes, and other papers filed in this Court have been
 reviewed. The Court has jurisdiction of the parties and the subject matter under
 the laws of Florida.
 "IT IS INTENDED THAT THIS PROTECTION ORDER MEET THE RQUIREMENTS
 OF 18 U.S.C. § 2265 AND THEREFORE INTENDED THAT IT
 BE ACCORDED FULL FAITH AND CREDIT BY THE COURT OF ANOTHER
 STATE OR INDIAN TRIBE AND ENFORCED AS IF IT WERE THE ORDER
 OF THE ENFORCING STATE OR OF THE INDIAN TRIBE."
 NOTICE OF HEARING
 Because this Temporary Injunction for Protection Against Domestic Violence has
 been issued without prior notice to Respondent, Petitioner and Respondent are
 instructed that they are scheduled to appear and testify at a hearing regarding this
 matter on {date} ________________, at __________ a.m./p.m., when the Court will
 consider whether the Court should issue an Injunction for Protection Against
 Domestic Violence, which would remain in effect until modified or dissolved by the
 Court, and whether other things should be ordered, including who should pay the
 filing fees and costs. The hearing will be before The Honorable {name}
 ___________, at {room name/number, location, address, city} _______________
 _________________________________, Florida. If Petitioner and/or Respondent
 do not appear, this temporary injunction may be continued in force, extended,
 or dismissed, and/or additional orders may be granted, including the imposition of
 court costs.
 If you are a person with a disability who needs any accommodation in order to
 participate in this proceeding, you are entitled, at no cost to you, to the provision of
 certain assistance. Please contact {name} _______________________________,
 {address} ___________________________________________, {telephone} _______,
*279
 within 2 working days of your receipt of this temporary injunction. If you are
 hearing or voice impaired, call TDD 1-800-955-8771.
 FINDINGS
 The statements made under oath by Petitioner make it appear that section 741.30,
 Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of
 domestic violence by Respondent, and/or Petitioner has reasonable cause to believe
 he/she is in imminent danger of becoming a victim of domestic violence by Respondent,
 and that irreparable harm and injury will probably occur in the form of
 violence to Petitioner or persons lawfully with Petitioner unless this injunction is
 issued without notice.
 TEMPORARY INJUNCTION AND TERMS
 This injunction shall be effective until the hearing set above and in no event
 for longer than 15 days, unless extended by court order. This injunction is valid
 and enforceable in all counties of the State of Florida. The terms of this
 injunction may not be changed by either party alone or by both parties together.
 Only the Court may modify the terms of this injunction. Either party may ask
 the Court to change or end this injunction.
 Any violation of this injunction, whether or not at the invitation of Petitioner
 or anyone else, may subject Respondent to civil or indirect criminal contempt
 proceedings, including the imposition of a fine or imprisonment, and also may
 subject Respondent to criminal prosecution, including the imposition of a fine,
 jail, or both, as provided by Florida Statutes. In addition, it is a federal
 criminal felony offense to cross state lines or enter Indian country for the
 purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C.
 § 2262. The criminal penalty for violating this section is incarceration of up to
 life imprisonment, depending on the nature of the violation.
 ORDERED and ADJUDGED:
 1. Violence Prohibited. Respondent shall not commit, or cause any other
 person to commit, any acts of domestic violence against Petitioner. Domestic
 violence includes: assault, aggravated assault, battery, aggravated battery,
 sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false
 imprisonment, or any other criminal offense resulting in physical injury or
 death to Petitioner or any of Petitioner's family or household members who
 are residing in the same single dwelling unit with Petitioner.
 2. No Contact. Unless otherwise provided herein, Respondent shall have no
 contact with Petitioner. Respondent shall not directly or indirectly contact
 Petitioner in person, by mail, e-mail, fax, telephone, through another person, or
 in any other manner. Unless otherwise provided herein, Respondent shall
 not go to, in, or within 500 feet of: Petitioner's current residence
 {list address} ________________________________________________________
 or any residence to which Petitioner may move; Petitioner's current or any
 subsequent place of employment {list address of current employment} ___
 or place where Petitioner attends school {list address of school} ____;
 _______________________________________________________________________
 or the following other places (if requested by Petitioner) where Petitioner or
 Petitioner's minor child(ren) go often: _______________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 [Initial if applies; Write N/A if not applicable]
*280
 ___ Petitioner and Respondent are employed by the same employer, work at the
 same physical location, or attend the same school. Accordingly, the following
 restrictions shall apply: _____________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 3. Firearms.
 [Initial all that apply; write N/A if does not apply]
 ___ a. Respondent shall not use or possess a firearm or ammunition.
 ___ b. Respondent shall surrender any firearms and ammunition in the Respondent's
 possession to the ______________ County Sheriffs Department until
 further order of the court.
 ___ c. Other directives relating to firearms and ammunition: ______________
 _______________________________________________________________________
 _______________________________________________________________________
 NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNTION
 FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED
 FOLLOWING A HEARING REGARDING THIS MATTER, IT IS A FEDERAL
 CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTESTATE
 OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMERCE,
 ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIRARM
 OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED
 IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH
 AN INJUNCTION. 18 U.S.C. § 922(g)(8).
 4. Additional order necessary to protect Petitioner from domestic violence:
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
 [Initial all that apply; write N/A if does not apply]
 ___ 1. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and
 possession of the dwelling located at: ________________________________
 _______________________________________________________________________
 ___ 2. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement
 officer, may make a single visit to the premises described in the paragraph
 above for the purpose of obtaining his or her clothing and items of personal
 health and hygiene and tools of the trade. A law enforcement officer with
 jurisdiction over the home from which these items are to be retrieved shall
 accompany ( ) Petitioner ( ) Respondent to the home and must stand by while
 he/she takes his/her personal items. The law enforcement agency shall not be
 responsible for storing or transporting any property. GOING TO THE
 HOME WITHOUT A LAW ENFORCEMENT OFFICER IS A VIOLTION
 OF THIS INJUNCTION.
 3. Other: ________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
*281
 _______________________________________________________________________
 _______________________________________________________________________
 TEMPORARY SUPPORT
 Temporary support, if requested by Petitioner in the Petition for Injunction
 for Protection Against Domestic Violence, will be addressed by the Court after
 notice to Respondent and hearing on the matter.
 TEMPORARY CUSTODY OF MINOR CHILD(REN)
 1. Jurisdiction. Jurisdiction to determine custody of any minor child(ren) listed
 in paragraph 2 below is proper under the Uniform Child Custody Jurisdiction
 Act (UCCJA).
 2. Temporary Custody of Minor Child(ren). ( ) Petitioner ( ) Respondent
 shall have temporary custody of the parties' minor child(ren) listed below:
 Name Birth date
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 Law enforcement officers shall use any and all reasonable and necessary force
 to physically deliver the minor child(ren) listed above to custodial parent. The
 noncustodial parent shall not take the child(ren) from the custody of custodial
 parent or any child care provider or other person entrusted by the custodial
 parent with the care of the child(ren).
 3. Type of Contract/Visitation with Minor Child(ren). The noncustodial
 parent shall have:
 [Initial if applies; write N/A if does not apply]
 ___ a. no contact with the parties minor child(ren) until further order of the Court
 ___ b. the following specified visitation with the parties' minor child(ren), subject
 to any limitations set out below: {specify days and times} ____________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 ___ c. Neither party shall remove the minor child(ren) from the State of Florida,
 which is the jurisdiction of this Court, prior to the hearing on this temporary
 injunction. Violation of this custody order may constitute a felony of the third
 degree under sections 787.03 and 787.04, Florida Statutes.
 4. Other Additional Provisions Relating to the Minor Child(ren).
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 OTHER SPECIAL PROVISIONS
 (This section to be used for inclusion of local provisions approved by the chief judge
 as provided in Fforida Family Law Rule 12.610.)
*282
 DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS
 INJUNCTION
 1. The Sheriff of _____________ County, or any other authorized law enforcement
 officer, is ordered to serve this temporary injunction upon Respondent as soon
 as possible after its issuance.
 2. This injunction is valid in all counties of the State of Florida. Violation of
 this injunction should be reported to the appropriate law enforcement agency.
 Law enforcement officers of the jurisdiction in which a violation of this
 injunction occurs shall enforce the provisions of this injunction and are
 authorized to arrest for any violation of its provisions which constitutes a
 criminal act under section 741.31, Florida Statutes.
 3. Should any Florida law enforcement officer having jurisdiction have probable
 cause to believe that Respondent has knowingly violated this injunction, the
 officer may arrest Respondent, confine him/her in the county jail without bail,
 and bring him/her before the Initial Appearance Judge on the next regular
 court day so that Respondent can be dealt with according to law. The
 arresting agent shall notify the State Attorney's Office immediately after
 arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF
 FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARESTS
 PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.
 4. If Respondent violates the terms of this injunction and there has not been an
 arrest, Petitioner may contact the Clerk of the Circuit Court of the county in
 which the violation occurred and complete an affidavit in support of the
 violation, or Petitioner may contact the State Attorney's office for assistance in
 filing an action for indirect civil contempt or indirect criminal contempt. Upon
 receiving such a report, the State Attorney is hereby appointed to prosecute
 such violations by indirect criminal contempt proceedings, or the State Attorney
 may decide to file a criminal charge, if warranted by the evidence.
 5. This case ( ) does ( ) does not involve issues of custody, and/or visitation. As
 such, this injunction ( ) does ( ) does not incorporate a page pertaining to
 those issues.
 ORDERED on ___________________________
 __________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Sheriff of _____________ County
 Petitioner (or his or her attorney): ___ by U.S. Mail
 ___ by hand delivery in open court (Petitioner must acknowledge receipt in writing
 on the face of the original order-see below.)
 Respondent: ___ forwarded to sheriff for service
 ___ State Attorney's Office
 ___ Other: _______________________________________
 I CERTIFY the foregoing is a true copy of the original as it appears on file in the
 office of the Clerk of the Circuit Court of ______________ County, Florida, and that I
 have furnished copies of this order as indicated above.
 CLERK OF THE CIRCUIT COURT
 (SEAL)
 By: ______________________________
 Deputy Clerk
*283
Form 12.980(e)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 FINAL JUDGMENT OF INJUNCTION
 FOR PROTECTION AGAINST DOMESTIC VIOLENCE (AFTER NOTICE)
 The Petition for Injunction for Protection Against Domestic Violence under
 section 741.30, Florida Statutes, and other papers filed in this Court have been
 reviewed. The Court has jurisdiction of the parties and the subject matter.
 "IT IS INTENDED THAT THIS PROTECTION ORDER MEET THE RQUIREMENTS
 OF 18 U.S.C. § 2265 AND THEREFORE INTENDED THAT IT
 BE ACCORDED FULL FAITH AND CREDIT BY THE COURT OF ANOTHER
 STATE OR INDIAN TRIBE AND ENFORCED AS IF IT WERE THE ORDER
 OF THE ENFORCING STATE OR OF THE INDIAN TRIBE."
 HEARING
 This cause came before the Court for a hearing to determine whether an
 Injunction for Protection Against Domestic Violence in this case should be ( ) issued
 ( ) modified ( ) extended.
 The hearing was attended by ( ) Petitioner ( ) Respondent
 ( ) Petitioner's ( ) Respondent's Counsel
 Counsel
 FINDINGS
 On {date} ___________________, a notice of this hearing was served on Respondent
 together with a copy of Petitioner's petition to this Court and the temporary
 injunction, if issued. Service was within the time required by Florida law, and
 Respondent was afforded an opportunity to be heard.
 After hearing the testimony of each party present and of any witnesses, or upon
 consent of Respondent, the Court finds, based on the specific facts of this case, that
 Petitioner is a victim of domestic violence and/or has reasonable cause to believe that
 he/she is in imminent danger of becoming a victim of domestic violence by Respondent.
 INJUNCTION AND TERMS
 This injunction shall be in full force and effect until _________________, or
 until further order of the Court. This injunction is valid and enforceable in all
 counties of the State of Florida. The terms of this injunction may not be
 changed by either party alone or by both parties together. Only the Court may
 modify the terms of this injunction. Either party may ask the Court to change
 or end this injunction at any time.
*284
 Any party violating this injunction may be subject to civil or indirect criminal
 contempt proceedings, including the imposition of a fine or imprisonment, and
 also may be charged with a crime punishable by a fine, jail, or both, as provided
 by Florida Statutes. In addition, it is a federal criminal felony offense to cross
 state lines or enter Indian country for the purpose of engaging in conduct that
 is prohibited in this injunction. 18 U.S.C. § 2262. The criminal penalty for
 violating this section is incarceration of up to life imprisonment, depending on
 the nature of the violation.
 ORDERED and ADJUDGED:
 1. Violence Prohibited. Respondent shall not commit, or cause any other
 person to commit, any acts of domestic violence against Petitioner. Domestic
 violence includes: assault, aggravated assault, battery, aggravated battery,
 sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false
 imprisonment, or any other criminal offense resulting in physical injury or
 death to Petitioner or any of Petitioner's family or household members who is
 residing in the same single dwelling unit with Petitioner.
 2. No Contact. Unless otherwise provided herein, Respondent shall have no
 contact with Petitioner. Respondent shall not directly or indirectly contact
 Petitioner in person, by mail, e-mail, fax, telephone, through another person, or
 in any other manner. Unless otherwise provided herein, Respondent shall
 not go to, in, or within 500 feet of: Petitioner's current residence {list
 address} ______________________________________________________________
 or any residence to which Petitioner may move; Petitioner's current or any
 subsequent place of employment {list address of current employment} ___
 _______________________________________________________________________
 or place where Petitioner attends school {list address of school} ____;
 or the following other places (if requested by Petitioner) where Petitioner or
 Petitioner's minor child(ren) go often: _______________________________
 _______________________________________________________________________
 [Initial if applies; Write N/A if not applicable]
 ___ Petitioner and Respondent are employed by the same employer, work at the
 same physical location, or attend the same school. Accordingly, the following
 restrictions shall apply: _____________________________________________
 3. Firearms.
 [Initial if applies; Write N/A if not applicable]
 ___ a. Respondent shall not use or possess a firearm or ammunition.
 ___ b. Respondent shall surrender any firearms and ammunition in the Respondent's
 possession to the _________________ County Sheriffs Department.
 ___ c. Other directives relating to firearms and ammunition: ______________
 _______________________________________________________________________
 _______________________________________________________________________
 NOTE: RESPONDENT IS ADVISED THAT, REGARDLESS OF THE TERMS
 OF THIS INJUNCTION, IT IS A FEDERAL CRIMINAL FELONY OFFENSE
 TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR
 POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNTION;
 OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS
 BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMERCE
 WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C.
 § 922(g)(8).
 4. Evaluation/Counseling.
*285
 [Initial all that apply; write N/A if does not apply]
 a. The Court finds that Respondent has:
 ___ i. willfully violated the ex parte injunction;
 ___ ii. been convicted of, had adjudication withheld on, or pled nolo contendere
 to a crime involving violence or a threat of violence; and/or
 ___ iii. in this state or any other state, had at any time a prior injunction for
 protection entered against the respondent after a hearing with notice.
 Note: If respondent meets any of the above enumerated criteria, the Court
 must order the Respondent to attend a batterers' intervention program unless
 it makes written factual findings stating why such a program would not be
 appropriate. See § 741.30(6)(d), Florida Statutes.
 b. Within 10 days of the date of this injunction, Respondent shall enroll in and
 thereafter without delay complete the following, and Respondent shall provide
 proof of such enrollment to the Clerk of Circuit Court within 30 days of the
 date of this injunction:
 ___ i. A certified batterers' intervention program from a list of programs to
 be provided by the Court or any entity designated by the court.
 Respondent shall also successfully complete any substance abuse or
 mental health evaluation that the assessing program counselor deems
 necessary as a predicate to completion of the batterers' intervention
 program.
 ___ ii. A substance abuse evaluation at: ____________________________
 or a similarly qualified facility and any substance abuse treatment
 recommended by that evaluation.
 ___ iii. A mental health evaluation by a licensed mental health professional
 at: _____________________________________________________________
 or any other similarly qualified facility and any mental health treatment
 recommended by that evaluation.
 ___ iv. Other: ______________________________________________________
 ___ c. Although Respondent meets the statutory mandate of attendance at a
 batterers' intervention program, the Court makes the following written findings
 as to why the condition of batterers' intervention program would be
 inappropriate: _______________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ___ d. Petitioner is referred to a certified domestic violence center and is provided
 with a list of certified domestic violence centers in this circuit, which Petitioner
 may contact.
 5. Court Costs. Pursuant to section 741.30(2)(a), Florida Statutes, filing fees to
 the Clerk of the Circuit Court and service fees to the sheriff are waived,
 subject to subsequent order of the Court; OR costs in the amount of $_____
 for the filing fee, plus $_____ for the sheriffs fee, for a total of $_____ are
 taxed against ( ) Petitioner ( ) Respondent ( ) Other (explain)
 _________________, for which sum let execution issue. This amount shall
 be paid to the {county} _____________ Clerk of the Circuit Court, within 30 days
 of the date of this injunction. If Respondent is directed to pay filing fees or
 service fees and Petitioner has previously paid said fees, the clerk shall refund
 same to Petitioner, upon payment by Respondent.
 6. Other provisions necessary to protect Petitioner from domestic violence:
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
*286
 TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
 [Initial if applies; Write N/A if not applicable]
 ___ 1. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and
 possession of the dwelling located at: _______________________________
 ______________________________________________________________________
 ___ 2. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement
 officer, may return to the premised described above on _____________, at
 __________ a.m./p.m., accompanied by a law enforcement officer only, for the
 purpose of obtaining his or her clothing and items of personal health and
 hygiene and tools of the trade. A law enforcement officer with jurisdiction
 over the premises shall go with ( ) Petitioner ( ) Respondent to the home and
 must stand by while he/she takes his/her personal items. The law enforcement
 agency shall not be responsible for storing or transporting any property.
 GOING TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER
 IS A VIOLATION OF THIS INJUNCTION.
 ___ 3. The following other personal possessions may also be removed from the
 premises at this time: _______________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ___ 4. Other: ___________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 ______________________________________________________________________
 TEMPORARY CUSTODY OF AND VISITATION WITH MINOR CHILD(REN)
 1. Jurisdiction. Jurisdiction to determine custody of and visitation with any
 minor child(ren) listed in paragraph 2 below is proper under the Uniform Child
 Custody Jurisdiction Act (UCCJA).
 2. Temporary Custody of Minor Child(ren). ( ) Petitioner ( ) Respondent
 shall have temporary custody of the parties' minor child(ren) listed below:
 Name Birth date
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 Law enforcement officers shall use any and all reasonable and necessary force
 to physically deliver the minor child(ren) listed above to custodial parent. The
 noncustodial parent shall not take the child(ren) from the custody of custodial
 parent or any child care provider or other person entrusted by the custodial
 parent with the care of the child(ren).
 3. Type of Contact/Visitation with Minor Child(ren). The noncustodial parent
 shall have:
 [Initial one only]
 ___ a. no contact with the parties minor child(ren) until further order of the
 Court.
 ___ b. the following specified visitation with the parties' minor child(ren), subject
 to any limitations set out below: {specify days and times} ____________
 _______________________________________________________________________
*287
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 4. Limitations on Visitation. The above specified visitation shall be:
 [Initial all that apply; write N/A if does not apply]
 ___ a. unsupervised.
 ___ b. supervised by the following specified responsible adult: ___________
 ___ c. at a supervised visitation center located at: ______________________
 _______________________________________________________________________
 and shall be subject to the available times and rules of the supervised visitation
 center. The cost of such visits shall be paid by ( ) custodial parent ( )
 noncustodial parent ( ) both: _________________________________________
 _______________________________________________________________________
 5. Arrangements for Contact/Visitation with Minor Child(ren).
 [Initial all that apply; write N/A if does not apply]
 ___ a. A responsible person shall coordinate the visitation arrangements of the
 minor chikl(ren).
 If specified, the responsible person shall be: {name} _________________
 ___ b. Other conditions for visitation arrangements as follows: ___________
 _______________________________________________________________________
 _______________________________________________________________________
 6. Exchange of Minor Child(ren). If the exchange does not take place at
 school or day care, then:
 [Initial all that apply; write N/A if does not apply]
 ___ a. The parties shall exchange the child(ren) at the following location(s): __
 _______________________________________________________________________
 _______________________________________________________________________
 ___ b. A responsible person shall conduct all exchanges of the child(ren). The
 noncustodial parent shall not be present during the exchange. If specified, the
 responsible person shall be: {name} ___________________________________
 ___ c. Other conditions for visitation exchange as follows: _______________
 _______________________________________________________________________
 _______________________________________________________________________
 7. Other Additional Provisions Relating to the Minor Child(ren).
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 TEMPORARY SUPPORT
 1. Temporary Alimony.
 ___ a. The court finds that there is a need for temporary alimony and that ( )
 Petitioner ( ) Respondent (hereinafter Obligor) has the present ability to pay
 alimony and shall pay temporary alimony to ( ) Petitioner ( ) Respondent
*288
 (hereinafter Obligee in the amount of $______________ per month, payable ( ) in
 accordance with Obligor's employer's payroll cycle, and in any event, at least
 once a month ( ) other {explain} ______________________________________
 _______________________________________________________________________
 beginning {date} ________________. This alimony shall continue until modified
 by court order, until a final judgment of dissolution of marriage is entered,
 until the Obligee dies, until this injunction expires, or until {date}
 ______________, whichever occurs first.
 ___ b. ( ) Petitioner ( ) Respondent shall be required to maintain health insurance
 coverage for the other party. Any uncovered medical costs for the party
 awarded alimony shall be assessed as follows: _________________________
 _______________________________________________________________________
 ___ c. Other provisions relating to alimony:
 _______________________________________________________________________
 _______________________________________________________________________
 2. Temporary Child Support.
 ___ a. The Court finds that there is a need for temporary child support and that
 the noncustodial parent (hereinafter Obligor) has the present ability to pay
 child support. The amounts in the Child Support Guidelines Worksheet, 
 Florida Family Law Form 12.901(g), filed by ( ) Petitioner ( ) Respondent are
 correct OR the Court makes the following findings: The Petitioner's net
 monthly income is $____________, (Child Support Guidelines ______%). The
 Respondent's net monthly income is $______________, (Child Support Guidelines
 ______%). Monthly child care costs are $____________, Monthly health/dental
 insurance costs are __________ $____________.
 ___ b. Amount. Obligor shall pay temporary child support in the amount of
 $____________, per month payable ( ) in accordance with Obligor's employer's
 payroll cycle, and in any event at least once a month ( ) other {explain}:
 _______________________________________________________________________
 _______________________________________________________________________
 beginning {date} ________________, and continuing until further order of the
 court, or until {date/event} _________________________________________,
 {explain} _____________________________________________________________
 If the child support ordered deviates from the guidelines by 5% or more, the
 factual findings which support that deviation are: ____________________
 _______________________________________________________________________
 ___ c. ( ) Petitioner ( ) Respondent shall be required to maintain ( ) health ( )
 dental insurance coverage for the parties' minor child(ren) so long as reasonably
 available. OR ( ) Health ( ) dental insurance is not reasonably available
 at this time.
 ___ d. Any reasonable and necessary uninsured medical costs for the minor
 child(ren) shall be assessed as follows: ______________________________
 _______________________________________________________________________
 ___ e. Other provisions relating to child support: ________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 3. Method of Payment.
 [Initial one only]
 ___ a. Obligor shall pay any temporary child support/alimony ordered through
 income deduction, and such support shall be paid to the central governmental
 depository in _____________ County. Obligor is individually responsible for
 paying this support obligation in the event that all or any portion of said
 support is not deducted from Obligor's income. Until child supporValimony
 payments are deducted from Obligor's paycheck pursuant to the Income
 Deduction Notice, Obligor is responsible for making timely payments directly
 to the central governmental depository.
*289
 ___ b. Temporary child support/alimony shall be paid through the central governmental
 depository in the office of the {name of county}
 _________________ County Clerk of Circuit Court. The Obligor shall also
 pay the central governmental depository service charge. Income deduction is
 not in the best interests of the child(ren) because: __________________
 _______________________________________________________________________
 _______________________________________________________________________
 OTHER SPECIAL PROVISIONS
 (This section to be used for inclusion of local provisions approved by the chief judge
 as provided in Florida Family Law Rule 12.610.)
 DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS
 INJUNCTION
 1. This injunction is valid in all counties of State of Florida. Violation of this
 injunction should be reported to the appropriate law enforcement agency.
 Law enforcement officers of the jurisdiction in which a violation of this
 injunction occurs shall enforce the provisions of this injunction and are
 authorized to arrest for any violation of its provisions, except those regarding
 child support and/or alimony, which constitutes a criminal act under section
 741.31, Florida Statutes. When inconsistent with this order, any subsequent
 court order issued under Chapter 61, Florida Statutes, shall take
 precedence over this order on all matters relating to property division,
 alimony, child custody, or child support.
 2. Should any Florida law enforcement officer having jurisdiction have probable
 cause to believe that Respondent has knowingly violated this injunction, the
 officer may arrest Respondent, confine him/her in the county jail without bail,
 and shall bring him/her before the Initial Appearance Judge on the next
 regular court day so that Respondent can be dealt with according to law. The
 arresting agent shall notify the State Attorney's Office immediately after
 arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF
 FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARESTS
 PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.
 3. If Respondent violates the terms of this injunction and there has not been an
 arrest, Petitioner may contact the Clerk of the Circuit Court of the county in
 which the violation occurred and complete an affidavit in support of the
 violation, or Petitioner may contact the State Attorney's office for assistance in
 filing an action for indirect civil contempt or indirect criminal contempt. Upon
 receiving such a report, the State Attorney is hereby appointed to prosecute
 such violations by indirect criminal contempt proceedings, or the State Attorney
 may decide to file a criminal charge, if warranted by the evidence.
 4. Respondent, upon service of this injunction, shall be deemed to have knowledge
 of and to be bound by all matters occurring at the hearing and on the
 face of this injunction.
 5. The temporary injunction, if any, entered in this case is dissolved.
 6. This case ( ) does ( ) does not involve issues of support, custody, and/or
 visitation. As such, this injunction ( ) does ( ) does not incorporate pages
 pertaining to those issues.
 ORDERED on _______________________
 __________________________________
 CIRCUIT JUDGE
 COPIES TO:
*290
 Sheriff of ______________ County
 Petitioner (or his or her attorney): ___ by U.S. Mail
 ___ by hand delivery in open court (Petitioner
 must acknowledge receipt in
 writing on the face of the original ordersee
 below.)
 Respondent (or his or her attorney): ___ forwarded to sheriff for service
 ___ by hand delivery in open court (Respondent
 must acknowledge receipt in
 writing on the face of the original ordersee
 below.)
 ___ by certified mail (may only be used
 when Respondent is present at the
 hearing and Respondent fails or refuses
 to acknowledge the receipt of a
 certified copy of this injunction.)
 ___ State Attorney's Office
 ___ Batterer's intervention program (if ordered)
 ___ Domestic Relations Depository, Clerk of Circuit Court (if ordered)
 ___ Department of Revenue
 ___ Other: _______________________________________
 I CERTIFY the foregoing is a true copy of the original as it appears on file in the
 office of the Clerk of the Circuit Court of ______. County, Florida, and that I have
 furnished copies of this order as indicated above.
 CLERK OF THE CIRCUIT COURT
 (SEAL)
 By: ______________________________
 Deputy Clerk
 ACKNOWLEDGMENT
 I, {Name of Petitioner} ____________________________, acknowledge receipt
 of a certified copy of this Injunction for Protection.
 __________________________________
 Petitioner
 ACKNOWLEDGMENT
 I, {Name of Respondent} ____________________________, acknowledge receipt
 of a certified copy of this Injunction for Protection.
 __________________________________
 Respondent
Form 12.980(f)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
*291
 __________________________________,
 Respondent.
 ORDER OF DISMISSAL OF TEMPORARY INJUNCTION FOR
 PROTECTION AGAINST ( ) DOMESTIC VIOLENCE
 ( )REPEAT VIOLENCE
 [√ all that apply]
 ___ Petitioner failed to appear at the hearing scheduled in this cause.
 ___ Petitioner appeared at the hearing but desires to voluntarily dismiss this
 action.
 ___ The evidence presented is insufficient under Florida law (section 741.30 or
 784.046, Florida Statutes) to allow the Court to issue an injunction for
 protection against domestic or repeat violence.
 Accordingly, the case is dismissed without prejudice.
 ___ Petitioner shall pay filing fees to the Clerk of the Circuit Court for a total of
 $____________, for which sum let execution issue. This amount shall be paid
 to the {county} _____________________________________________________
 Clerk of the Circuit Court, within 30 days of the date of this order.
 ORDERED on ___________________________
 __________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Sheriff of C___________ County
 Petitioner ___ by U.S. Mail ___ by hand delivery in open court
 Respondent ___ by U.S. Mail ___ by hand delivery in open court
 ___ State Attorney's Office
 ___ Other: _______________________________________
 I CERTIFY the foregoing is a true copy of the original as it appears on file in the
 office of the Clerk of the Circuit Court of ______ County, Florida, and that I have
 furnished copies of this order as indicated above.
 CLERK OF THE CIRCUIT COURT
 (SEAL)
 By: ______________________________
 Deputy Clerk

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(g), PETITION FOR INJUNCTION FOR PROTETION AGAINST REPEAT VILENCE

When should this form be used?
If you or a member of your immediate family are a victim of repeat violence, you can use this form to ask the court for a protective order prohibiting repeat violence. Repeat violence means that two incidents of violence have been committed against you or a member of your immediate family by another person, one of which must have been within 6 months of filing this petition. Repeat violence includes assault, battery, sexual battery, or stalking. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent.
If the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your *292 child(ren), whether or not you have ever been married or ever lived together, you should use Petition for Injunction for Protection Against Domestic Violence, Florida Family Law Form 12.980(b), rather than this form.
If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition with you.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the clerk of the circuit court in the county were you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or family law intake staff will help you.

What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of repeat violence and that an immediate and present danger of repeat violence to you or that family exists, the judge will sign a Temporary Injunction for Protection Against Repeat Violence, Florida Family Law Form 12.980(l). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued "ex parte." This means that the judge has considered only the information presented by one sideYOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Repeat Violence, Florida Family Law Form 12.980(m), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!

What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no immediate and present danger of repeat violence exists, the court will set a full hearing on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, Florida Family Law Form 12.980(h); attend the hearing and present facts that support your petition; and/or dismiss your petition.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary forms. For further information, see section 784.046, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
*293
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT
 VIOLENCE
 I, {full legal name} ______________________________________, being sworn,
 certify that the following statements are true:
 SECTION I. PETITIONER (This section is about you. It must be completed.)
 1. Petitioner currently lives at: {address, city, state, zip code}________
 _______________________________________________________________________
 2. Filing Fees
 [√ one only]
 ___ a. Petitioner is paying the filing fee and sheriffs (or other authorized law
 enforcement agency's) service fees.
 ___ b. Petitioner does not have enough money to pay the filing fee or service fees
 and is filing an Affidavit and Motion for Waiver of Fees, Florida Family
 Law Form 12.980(a), and a Financial Affidavit, Florida Family Law Form
 12.901(d) or (e). Petitioner asks that he/she not have to pay the fees necessary
 to process the petition and serve the injunction and any motions or orders
 needed to enforce the injunction, subject to later order(s) of the Court about
 the payment of such fees.
 3. Petitioner's attorney's name, address, and telephone number is: _______
 _______________________________________________________________________
 (If you do not have an attorney, write "none.")
 SECTION II. RESPONDENT (This section is about the person you want to be
 protected from. It must be completed.)
 1. Respondent currently lives at: {address, city, state, and zip code} ___
 ______________________________________________________________________.
 Respondent's Driver's License number is: {if known} __________________.
 2. Petitioner has known Respondent since {date} _________________________.
 3. Respondent's last known place of employment: __________________________
 Employment address: ___________________________________________________
 Working hours: ________________________________________________________
 4. Physical description of Respondent:
 Race: ______ Sex: Male ___ Female ____ Date of Birth: _________________
 Height: ______ Weight: ______ Eye Color: ______ Hair Color: ___________
 Distinguishing marks and/or scars: ____________________________________
*294
 Vehicle: (make/model) _________________ Color: ________
 Tag Number: ______
 5. Other names Respondent goes by (aliases or nicknames): _________________
 6. Respondent's attorney's name, address, and telephone number is: ________
 _______________________________________________________________________.
 (If you do not know whether Respondent has an attorney, write "unknown."
 If Respondent does not have an attorney, write "none.")
 SECTION III. CASE HISTORY AND REASON FOR SEEKING PETITION
 (This section must be completed.)
 1. Has Petitioner ever received or tried to get an injunction for protection against
 repeat violence against Respondent in this or any other court?
 ___ Yes ___ No If yes, what happened in that case? {include case number, if
 known} _________________________________________________________________
 ________________________________________________________________________
 2. Has Respondent ever received or tried to get a repeat violence injunction for
 protection against Petitioner?
 ___ Yes ___ No If yes, what happened in that case? (include city, state, and
 case number, if known) _________________________________________________
 ________________________________________________________________________
 3. Describe any other court case that is either going on now or that happened in
 the past between Petitioner and Respondent (include case number, if
 known):
 ________________________________________________________________________
 ________________________________________________________________________
 4. Respondent has directed at least two incidents of "violence," meaning assault,
 battery, sexual battery, or stalking against Petitioner or a member of Petitioner's
 immediate family. One of these two incidents of "violence" has occurred
 within 6 months of the date of filing of this petition. The most recent incident
 (including date and location) is described below.
 On {date} __________________________, at {location} __________,
 Respondent _____________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 [] Check here if you are attaching additional pages to continue these facts.
 5. Other prior incidents (including dates and location) are described below:
 On {date} __________________________, at {location} _____________________,
 Respondent _____________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
*295
 ________________________________________________________________________
 ________________________________________________________________________
 [] Check here if you are attaching additional pages to continue these facts.
 6. Petitioner genuinely fears repeat violence by Respondent. Explain: ___
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 7. Additional Information
 [√ all that apply]
 ___ a. Respondent owns, has, and/or is known to have guns or other weapons.
 Describe weapon(s): _____________________________________________
 _______________________________________________________________________
 ___ b. This or prior acts of repeat violence have been previously reported to:
 { person or agency} __________________________________________________.
 SECTION IV. INJUNCTION (This section must be completed.)
 1. Petitioner asks the Court to enter an injunction prohibiting Respondent from
 committing any acts of violence against Petitioner and:
 a. prohibiting Respondent from going to or within 500 feet of any place
 Petitioner lives;
 b. prohibiting respondent from going to or within 500 feet of Petitioner's
 place(s) of employment or the school that Petitioner attends; the address of
 Petitioner's place(s) of employment and/or school is __________________
 ______________________________________________________________________;
 c. prohibiting Respondent from contacting Petitioner by mail, by e-mail, in
 writing, through another person, or in any other manner;
 d. ordering Respondent not to use or possess any guns or firearms;
 [√ all that apply]
 ___ e. prohibiting Respondent from going to or within 500 feet of the following
 place(s) Petitioner or Petitioner's immediate family must go to often: ____
 _______________________________________________________________________
 _____________________________________________________________; and
 any other terms the Court deems necessary for the safety of Petitioner and
 Petitioner's immediate family.
 I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE
 COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE
 RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT
 I MUST APPEAR AT THE HEARING.
 I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER OATH
 TO THE TRUTHFULNESS OF THE CLAIMS MADE IN THIS PETITION
 AND THAT THE PUNISHMENT FOR KNOWINGLY MAKING A FALSE
 STATEMENT INCLUDES FINES AND/OR IMPRISONMENT.
 Dated: _______________________________
 __________________________________
 Signature of Petitioner
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
*296
 STATE OF FLORIDA
 COUNTY OF ______________
 Sworn to or affirmed and signed before me on ________ by ____________.
 __________________________________
 NOTARY PUBLICDEPUTY
 CLERK
 __________________________________
 [Print, type, or stamp commissioned
 name of notary or clerk.]
 ___ Personally known
 ___ Produced identification
 Type of identification produced ______________

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(h), SUPPLMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR INJUNCTION FOR PROTECTION

When should this form be used?
You may use this form if your Petition for Injunction for Protection Against Domestic Violence, Florida Family Law Form 12.980(b), or your Petition for Injunction for Protection Against Repeat Violence, Florida Family Law Form 12.980(g), was denied by the judge. You should use this supplemental affidavit to add facts or clarify the facts you wrote in your original petition. For a domestic violence case, you should include FACTS that establish that you have been a victim of violence or are in imminent danger of becoming a victim of violence from the respondent. For a repeat violence case, you should include FACTS that establish that you or a member of your immediate family have or has been a victim of at least two prior incidents of violence, that one of those incidents occurred within the last six months and that there is an immediate and present risk of danger to you or a member of your.immediate family.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records.

What should I do next?
After you complete this supplemental affidavit, the clerk will attach it to your original petition and all the documents will be submitted to the judge as your "Amended Petition."
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR
 INJUNCTION FOR PROTECTION AGAINST
 ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE
*297
 I, {full legal name} ______________________________________, being sworn,
 certify that the following statements are true:
 1. On {date} __________________________________, at {place and address} ____
 _______________________________________________________________________
 Respondent said or did the following things that hurt me or a member of my
 immediate family and made me afraid for my or my family member's safety:
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 [] Check here if you are attaching additional pages to continue these facts.
 2. On {date} __________________________________, at {place and address}_____
 _______________________________________________________________________
 the following event(s) took place: ____________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 [] Check here if you are attaching additional pages to continue these facts.
 3. ___ Check here if you are attaching copies of medical records for treatment
 you may have received for injuries referred to in your petition or in this
 supplemental affidavit, or copies of any police or sheriff reports concerning
 incidents of violence involving you and Respondent.
 I understand that I am swearing or affirming under oath to the truthfulness
 of the claims made in this supplemental affidavits and that the punishment for
 knowingly making a false statement includes fines and/or imprisonment.
 Dated: _______________________________
 __________________________________
 Signature of Petitioner
 STATE OF FLORIDA
 COUNTY OF __________________
 Sworn to or affirmed and signed before me on ____________ by _________,
 __________________________________
 NOTARY PUBLICDEPUTY
 CLERK
*298
 __________________________________
 [Print, type, or stamp commissioned
 name of notary or clerk.]
 ___ Personally known
 ___ Produced identification
 Type of identification produced ______________

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(i), PETITIOER'S REQUEST FOR CONFIDETIAL FILING OF ADDRESS

When should this form be used?
If you are the petitioner in a petition for injunction for protection against domestic violence action and you fear that disclosing your address to the respondent would put you in danger, you should complete this form and file it with the clerk of the circuit court.
You cannot use this form in a petition for injunction for protection against repeat violence action.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your petition was filed and keep a copy for your records.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 PETITIONER'S REQUEST FOR CONFIDENTIAL FILING OF ADDRESS
 I, {full legal name} ___________________________________, Petitioner in the above
 injunction for protection against domestic violence action, request that the Court
 maintain and hold as confidential, the following address:
 Address____________________________________________________________________
 ___________________________________________________________________________
 City__________________________ State__________________________ Zip _____
 ________________________________
 Telephone (area code and number)
 This request is being made for the purpose of keeping the location of my residence
 unknown to Respondent for safety reasons pursuant to section 741:30, Florida
 Statutes.
 Dated: _______________________________
 __________________________________
 Signature of petitioner
 CLERK'S CERTIFICATE AS TO PETITIONER'S REQUEST FOR
 CONFIDENTIAL FILING OF ADDRESS
 I, ___________________________________, as Clerk of the Circuit Court, do
 hereby certify that I received and filed the above and will keep the above address
 confidential, subsequent to further order of the Court relative to such confidentiality.
*299
 CLERK OF THE CIRCUIT COURT
 (SEAL)
 By: ______________________________
 Deputy Clerk

INSTRUCTIONS FOR FLORIDA FAILY LAW FORM 12.980(j), SUPLEMENTAL PETITION FOR ETENSION OF INJUNCTION FOR PROTECTION AGAINST DOMETIC VIOLENCE OR REPEAT VILENCE

When should this form be used?
If you are the petitioner on a previously entered injunction for protection against domestic violence or repeat violence and that injunction will soon expire, you may use this form to request that the court extend the injunction. You must file a petition for extension BEFORE the previously entered order expires.
This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.

What should I do next?
For your case to proceed, you will need to set a hearing on your petition. You must properly notify the other party of the petition and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form. You will need to use personal service to deliver a copy of your petition and Notice of Hearing to the respondent.
You will need to appear at the hearing on your petition. After the hearing, if the judge grants your petition, he or she will prepare an Order Extending Injunction for Protection Against Domestic Violence of Repeat Violence, Florida Family Law Form 12.980(n). After the judge signs the order, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the previously entered injunction AND a certified copy of the order extending that injunction with you at all times.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" are defined in in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic or repeat violence forms and will answer any question that you may have.

Special notes ...
With this form you may also file the following:
 Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(l), if your petition is for protection against domestic violence and you wish to keep your address confidential.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
*300
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 SUPPLEMENTAL PETITION FOR EXTENSION OF INJUNCTION FOR
 PROTECTION AGAINST ( ) DOMESTIC VIOLENCE
 ( )REPEAT VIOLENCE
 I, {full legal name} ______________________________________, being sworn,
 certify that the following statements are true:
 SECTION 1. PETITIONER (This section is about you. It must be completed.
 However, if this is a domestic violence case and you fear that disclosing your
 address to the respondent would put you in danger, you should complete and file
 Petitioner's Request for Confidential Filing of Address. Florida Family Law
 Form 12.980(i), and write "confidential" in the space provided on this form for your
 address and telephone number.)
 1. Petitioner currently lives at: {street address} _______________________
 {city, state and zip code} ____________________________________________
 Telephone Number: {area code and number} ______________________________
 2. Filing Fee
 [√ one only]
 ___ a. Petitioner is paying the filing fee and sheriffs (or other authorized law
 enforcement agency's) services fees.
 ___ b. Petitioner does not have enough money to pay the filing fee or service fees
 and files an Affidavit and Motion for Waiver of Fees, Florida Family Law
 Form 12.980(a), and a Financial Affidavit, Florida Family Law Form
 12.901(d) or (e). Petitioner asks that he/she not have to pay the fees necessary
 to process the petition and serve the injunction and any motions or orders
 needed to enforce the injunction, subject to later order(s) of the Court about
 the payment of such fees.
 3. Petitioner's attorney's name, address and telephone number is: ________
 _______________________________________________________________________
 (If you do not have an attorney, write "none.")
 SECTION II. RESPONDENT (This section is about the person you want to be
 protected from. It must be completed.)
 New information about Respondent, since the current injunction was issued: (If
 known, write Respondent's new address, place of employment, physical description,
 vehicle, aliases or nicknames, or attorney's name.)
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 SECTION III. CASE HISTORY AND REASON FOR SEEKING EXTENSION
 OF INJUNCTION
 1. Describe any attempts since the date of the current injunction by either
 Petitioner or Respondent to get an injunction for protection in this or any
 other court (other than the injunction you are asking to extend in this petition).
*301
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
2. Describe any attempts since the date of the current injunction by either
 Petitioner or Respondent to modify or extend an injunction for protection in
 this or any other court. ___________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. Describe any other court cases (including city, state, and case numbers, if
 known) since the date of the current injunction between Petitioner and
 Respondent, including any cases involving the parties' minor child(ren), divorce,
 juvenile dependency, guardianship, or other civil or criminal cases.
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
4. Petitioner requests that the previously entered injunction for protection
 against domestic violence or repeat violence be extended for the following
 specific reasons: {State why you wish the injunction to remain in effect.}
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 [] Check here if you are attaching additional pages to continue these facts.
5. Petitioner genuinely fears the continued threat of violence by Respondent.
SECTION IV. REQUESTED RELIEF
1. Petitioner understands that the Court will hold a hearing on this petition and
 that he or she must appear at the hearing.
2. Petitioner asks the Court to enter an order in this case that extends the
 previously entered injunction for a period of ( ) _________________ or ( )
 until modified or dissolved by the court.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this supplemental petition and that the punishment for
knowingly making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Respondent
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
*302
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced _______________
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(k), SUPPLMENTAL PETITION FOR MODIFCATION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE OR REPEAT VIOLENCE

When should this form be used?
This form may be used if you are a party to a previously entered injunction for protection against domestic violence or repeat violence and you want the court to modify the terms of the injunction.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the original petition was filed and keep a copy for your records. You must file a petition for modification before the previously entered order expires. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.

What should I do next?
For your case to proceed, you will need to set a hearing on your petition. You must properly notify the other party of the petition and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form. You will need to use personal service to deliver a copy of your petition and the Notice of Hearing to the respondent.
You will need to appear at a hearing on your petition for modification of injunction. After the hearing, if the judge grants your supplemental petition, he or she will prepare a new injunction for protection that contains the modifications. After the judge signs the new injunction, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the new injunction with you at all times!

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" are defined in in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic or repeat violence forms and will answer any question that you may have.

Special notes ...
If the injunction you are seeking to modify is for domestic violence and you want the court to modify alimony, custody of a minor child(ren), or child support, you must establish that there has been a substantial change in circumstance(s) that requires this (these) modification(s). Be sure that you make these substantial change(s) clear in your supplemental petition.
With this form you may also file the following:
 Petitioner's Request for Confidential Filing of Address, Florida Family Law Form 12.980(i), if your petition is for domestic violence and you wish to keep your address confidential.
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f), must be completed and attached if the modification(s) you are seeking involve temporary custody of any minor child(ren).

*303  Financial Affidavit, Florida Family Law Form 12.901(d) or (e), must be completed and attached if the modification) you are seeking involves temporary alimony or temporary child support.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 SUPPLEMENTAL PETITION FOR EXTENSION OF INJUNCTION FOR
 PROTECTION AGAINST ( ) DOMESTIC VIOLENCE
 ( )REPEAT VIOLENCE
 I, {full legal name} __________________________________________, being sworn,
certify that the following statements are true:
SECTION I. PETITIONER (This section is about you. It must be completed.
However, if this is a domestic violence case and you fear that disclosing your
address to the respondent would put you in danger, you should complete and file
Petitioner's Request for Confidential Filing of Address, Florida Family Law
Form 12.980(i), and write "confidential" in the space provided on this form for your
address and telephone number.)
1. Petitioner currently lives at: {street address} _________________________________
 {city, state and zip code} __________________________________________________
 Telephone Number: {area code and number} ____________________________________
2. Filing Fees
[√ one only]
___ a. Petitioner is paying the filing fee and sheriffs (or other authorized law
 enforcement agency's) service fees.
___ b. Petitioner does not have enough money to pay the filing fee or service fees
 and files an Affidavit and Motion for Waiver of Fees, Florida Family Law
 Form 12.980(a), and a Financial Affidavit, Florida Family Law Form
 12.901(d) or (e). Petitioner asks that he/she not have to pay the fees necessary
 to process the petition and serve the injunction and any motions or orders
 needed to enforce the injunction, subject to later order(s) of the Court about
 the payment of such fees.
3. Petitioner's attorney's name, address and telephone number is: _____________
 ___________________________________________________________________________.
 (If you do not have an attorney, write "none.")
SECTION II. NEW INFORMATION
New information since the previous injunction was issued: (If known, write Respondent's
new address, place of employment, physical description, vehicle, aliases or
nicknames, or attorney's name.)
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
*304
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
SECTION III. CASE HISTORY AND REASON FOR SEEKING MODIFICTION
OF INJUNCTION
1. Describe any attempts since the date of the current injunction by either
 Petitioner or Respondent to get an injunction for protection in this or any
 other court (other than the injunction you are asking to modify in this
 petition). _________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
2. Describe any attempts since the date of the current injunction by either
 Petitioner or Respondent to modify or extend an injunction for protection in
 this or any other court. ___________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. Describe any other court cases (including case numbers, if known) since the
 date of the current injunction between Petitioner and Respondent, including
 any cases involving the parties' minor child(ren), divorce, juvenile dependency,
 guardianship, or other civil or criminal cases. ____________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
4. Petitioner requests that the previously entered injunction for protection
 against domestic violence or repeat violence be modified for the following
 specific reasons: {State why you wish the injunction to be changed.} __
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 [] Check here if you are attaching additional pages to continue these facts.
SECTION IV. REQUESTED RELIEF
1. Petitioner understands that the court will hold a hearing on this petition and
 that he or she must appear at the hearing.
2. Petitioner asks the Court to enter an order in this case, that modifies the
 previously entered injunction in the following ways: {State how you wish the
 injunction to be changed.} _____________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
*305
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this supplemental petition and that the punishment for
knowingly making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Party
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICDEPUTY
 CLERK
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ______________
Form 12.980(l)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 TEMPORARY INJUNCTION FOR PROTECTION AGAINST REPEAT
 VIOLENCE
 The Petition for Injunction for Protection Against Repeat Violence under section
784.046, Florida Statutes, and other papers filed in this Court have been reviewed.
The Court has jurisdiction of the parties and the subject matter under the laws of
Florida. The term "Petitioner" as used in this injunction includes the person on
whose behalf this injunction is entered.
SECTION I. NOTICE OF HEARING
 Because this Temporary Injunction for Protection Against Repeat Violence has
been issued without notice to Respondent, Petitioner and Respondent are instructed
that they are scheduled to appear and testify at a hearing regarding this matter on
{date}__________, at __________ a.m./p.m., when the Court will consider whether
the Court should enter an Injunction for Protection Against Repeat Violence, which
shall remain in effect until modified or dissolved by the Court, and whether other
things should be ordered, including who should pay the filing fees and costs. The
hearing will be before The Honorable {name} __________________________________,
at {room name/number, location, address, city} ________________________________
__________________________________________________________________________________,
Florida. If Petitioner and/or Respondent do not appear, this temporary injunction
*306
may be continued in force, extended, or dismissed, and/or additional orders may be
granted, including the imposition of court costs.
If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact {name} ___________________________________,
{address} __________________________________________, {telephone} ____________,
within 2 working days of your receipt of this temporary injunction. If you are
hearing or voice impaired, call TDD 1-800-955-8771.
SECTION II. FINDINGS
 The statements made under oath by Petitioner make it appear that section
784.046, Florida Statutes, applies to the parties, that Petitioner is a victim of repeat
violence and that an immediate and present danger exists to Petitioner or to a
member of Petitioner's immediate family.
SECTION III. TEMPORARY INJUNCTION AND TERMS
 This injunction shall be effective until the hearing set above and in no event
for longer than 15 days, unless extended by court order. This injunction is valid
and enforceable in all counties of the State of Florida. The terms of this
injunction may not be changed by either party alone or by both parties together.
Only the Court may modify the terms of this injunction. Either party may ask
the Court to change or end this injunction.
 Any party violating this injunction may be subject to civil or indirect criminal
contempt proceedings, including the imposition of a fine or imprisonment, and
also may be charged with a crime punishable by a fine, jail, or both, as provided
by Florida Statutes.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other
 person to commit, any acts of violence against Petitioner, including assault,
 battery, sexual battery, or stalking.
2. No Contact. Unless otherwise provided herein, Respondent shall have no
 contact with Petitioner. Respondent shall not directly or indirectly contact
 Petitioner in person, by mail, e-mail, fax, telephone, through another person, or
 in any other manner. Unless otherwise provided herein, Respondent shall
 not go to, in, or within 500 feet of: Petitioner's current residence {list
 address} ___________________________________________________________________
 ____________________________________________________________________________
 or any residence to which Petitioner may move; Petitioner's current or any
 subsequent place of employment {list address of current employment} _____
 _________________________________________________________________________
 or place where Petitioner attends school {list address of school}
 _________________________________________________________________________
 _________________________________________; or the following other places (if
 requested by Petitioner) where Petitioner or Petitioner's minor child(ren) go
 often: _______________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
[Initial if applies; Write N/A if not applicable]
___ Petitioner and Respondent are employed by the same employer, work at the
 same physical location, or attend the same school. Accordingly, the following
 restrictions shall apply: __________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
*307
3. Firearms.
[Initial all that apply; write N/A if does not apply]
___ a. Respondent shall not use or possess a firearm or ammunition.
___ b. Respondent shall surrender any firearms and ammunition in Respondent's
 possession to the ____________________ County Sheriffs Department.
___ c. Other directives relating to firearms and ammunition: ___________________
 ____________________________________________________________________________
 ____________________________________________________________________________
4. Additional order(s) necessary to protect Petitioner from repeat violence:
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION IV. OTHER SPECIAL PROVISIONS
(This section to be used for inclusion of local provisions approved by the chief judge
 as provided in Florida Family Law Rule 12.610.)
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN EFORCING
THIS INJUNCTION
1. The Sheriff of ___________ County, or any other authorized law enforcement
 officer, is ordered to serve this temporary injunction upon Respondent as soon
 as possible after its issuance.
2. This injunction is valid in all counties of the State of Florida. Violation of
 this injunction should be reported to the appropriate law enforcement agency.
 Law enforcement officers of the jurisdiction in which a violation of this
 injunction occurs shall enforce the provisions of this injunction and are
 authorized to arrest for any violation of its provisions, which constitutes a
 criminal act under section 784.047, Florida Statutes.
3. Should any Florida law enforcement officer having jurisdiction have probable
 cause to believe that Respondent has knowingly violated this injunction, the
 officer may arrest Respondent, confine him/her in the county jail without bail,
 and shall bring him/her before the Initial Appearance Judge on the next
 regular court day so that Respondent can be dealt with according to law. The
 arresting agent shall notify the State Attorney's Office immediately after
 arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF
 FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARESTS
 PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.
4. If Respondent violates the terms of this injunction and there has not been an
 arrest, Petitioner may contact the Clerk of the Circuit Court of the county in
 which the violation occurred and complete an affidavit in support of the
 violation or Petitioner may contact the State Attorney's office for assistance in
 filing an action for indirect civil contempt or indirect criminal contempt. Upon
 receiving such a report, the State Attorney is hereby appointed to prosecute
*308
 such violations by indirect criminal contempt proceedings, or the State Attorney
 may decide to file a criminal charge, if warranted by the evidence.
ORDERED on ___________________________
 _________________________________________
 CIRCUIT JUDGE
COPIES TO:
Sheriff of _____________ County
Petitioner ___ by U.S. Mail ___ by hand delivery
Respondent: ___ forwarded to sheriff for service
___ Other: _______________________________________________________________________
 I CERTIFY the foregoing is a true copy of the original as it appears on file in the
office of the Clerk of the Circuit Court of ______________ County, Florida, and that I
have furnished copies of this order as indicated above.
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: _________________________________
 Deputy Clerk
Form 12.980(c)(2)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 FINAL JUDGMENT OF INJUNCTION
 FOR PROTECTION AGAINST REPEAT VIOLENCE (AFTER NOTICE)
 The Petition for Injunction for Protection Against Repeat Violence under section
784.046, Florida Statutes, and other papers filed in this Court have been reviewed.
The Court has jurisdiction of the parties and the subject matter. The term
"Petitioner" as used in this injunction includes the person on whose behalf this
injunction is entered.
SECTION I. HEARING
This cause came before the Court for a hearing to determine whether an
Injunction for Protection Against Repeat Violence in this case should be ( ) issued
( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent
 ( ) Petitioner's Counsel. ( ) Respondent's Counsel
SECTION II. FINDINGS
*309
 On {date} _________________________________, a notice of this hearing was served
on Respondent together with a copy of Petitioner's petition to this Court and the
temporary injunction, if issued. Service was within the time required by Florida
law, and Respondent was afforded an opportunity to be heard.
 After hearing the testimony of each party present and of any witnesses, or upon
consent of Respondent, the Court finds, based on the specific facts of this case, that
Petitioner is a victim of repeat violence.
SECTION III. INJUNCTION AND TERMS
This injunction shall be in full force and effect until {date} ____________,
or until further order of the Court. This injunction is valid throughout all
counties in the State of Florida. The terms of this injunction may not be
changed by either party alone or by both parties together. Only the Court may
modify the terms of this injunction. Either party may ask the Court to change
or end this injunction.
 Any party violating this injunction shall be subject to civil or indirect
criminal contempt proceedings, including the imposition of a fine or imprisonment,
and also may be charged with a crime punishable by a fine, jail, or both,
as provided by Florida Statutes.
 ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other
 person to commit, any acts of violence against Petitioner, including assault,
 battery, sexual battery, or stalking.
2. No Contact. Unless otherwise provided herein, Respondent shall have no
 contact with Petitioner. Respondent shall not directly or indirectly contact
 Petitioner in person, by mail, e-mail, fax, telephone, through another person, or
 in any other manner. Unless otherwise provided herein, Respondent shall
 not go to, in, or within 500 feet of: Petitioner's current residence {list
 address} _________________________________________________________________
 or any residence to which Petitioner may move; Petitioner's current or any
 subsequent place of employment {list address of current employment} ______
 or place where Petitioner attends school {list address of school} _______
 ___________________________________________________________________________;
 or the following other places (if requested by Petitioner) where Petitioner or
 Petitioner's minor child(ren) go often: ____________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
[Initial if applies; Write N/A if not applicable]
___ Petitioner and Respondent are employed by the same employer, work at the
 same physical location, or attend the same school. Accordingly, the following
 restrictions shall apply: __________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. Firearms.
[Initial all that apply; write N/A if does not apply]
___ a. Respondent shall not use or possess a firearm or ammunition.
___ b. Respondent shall surrender any firearms and ammunition in the Respondent's
 possession to the ____________________________ County Sheriffs Department.
___ c. Other directives relating to firearms and ammunition: ___________________
 ____________________________________________________________________________
 ____________________________________________________________________________
*310
4. Court Costs. Pursuant to section 784.046(3)(b), Florida Statutes, filing fees to
 the Clerk of the Circuit Court and the service fees to the sheriff are waived,
 subject to subsequent order of the court; OR costs in the amount of $______ for
 the filing fee, plus $______ for the sheriffs fee, for a total of $______ are taxed
 against ( ) Petitioner ( ) Respondent ( ) Other {explain} ______________,
 for which sum let execution issue. This amount shall be paid to the office of
 the {name of county} ____________________ Clerk of the Circuit Court, within 30
 days of the date of this injunction. If Respondent is directed to pay filing fees
 or service fees and Petitioner has previously paid said fees, the clerk shall
 refund same to Petitioner, upon payment by Respondent.
5. Additional order(s) necessary to protect Petitioner from repeat violence:
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION IV. OTHER SPECIAL PROVISIONS
(This section to be used for inclusion of local provisions approved by the chief judge
as provided in Florida Family Law Rule 12.610.)
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING
THIS INJUNCTION
1. This injunction is valid in all counties of the State of Florida. Violation of
 this injunction should be reported to the appropriate law enforcement agency.
 Law enforcement officers of the jurisdiction in which a violation of this
 injunction occurs shall enforce the provisions of this injunction and are
 authorized to arrest for any violation of its provision, which constitutes a
 criminal act under section 784.047, Florida Statutes.
2. Should any florida law enforcement officer having jurisdiction have probable
 cause to believe that Respondent has knowingly violated this injunction, the
 officer may arrest Respondent, confine him/her in the county jail without bail,
 and shall bring him/her before the Initial Appearance Judge on the next
 regular court day so that Respondent can be dealt with according to law. The
 arresting agent shall notify the State Attorney's Office immediately after
 arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF
 FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARESTS
 PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.
3. If Respondent violates the terms of this injunction and there has not been an
 arrest, Petitioner may contact the Clerk of the Circuit Court of the county in
 which the violation occurred and complete an affidavit in support of the
 violation or Petitioner may contact the State Attorney's office for assistance in
 filing an action for indirect civil contempt or indirect criminal contempt. Upon
 receiving such a report, the State Attorney is hereby appointed to prosecute
*311
 such violations by indirect criminal contempt proceedings, or the State Attorney
 may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge
 of and to be bound by all matters occurring at the hearing and on the
 face of this injunction.
5. The temporary injunction, if any, entered in this case is dissolved.
 ORDERED on ________________________________________________________________.
 _________________________________________
 CIRCUIT JUDGE
COPIES TO:
Sheriff of ____________________ County
Petitioner (or his or her attorney): ___ by U.S. Mail
 ___ by hand delivery in open court (Petitioner
 must acknowledge receipt in
 writing on the face of the original ordersee
 below)
Respondent (or his or her attorney): ___ forwarded to sheriff for service
 ___ by hand delivery in open court (Respondent
 must acknowledge receipt in writing
 on the face of the original order
 see below)
 ___ by certified mail (may only be used
 when Respondent is present at the
 hearing and Respondent fails or refuses
 to acknowledge the receipt of certified
 copy of this injunction)
___ State Attorney's Office
___ Other: ________________________________
 I CERTIFY the foregoing is a true copy of the original as it appears on file in the
office of the Clerk of the Circuit Court of ____________ County, Florida, and that I
have furnished copies of this order as indicated above.
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: ____________________________________
 Deputy Clerk
 ACKNOWLEDGMENT
 I, {Name of Petitioner} ____________________________, acknowledge receipt
of a certified copy of this Injunction for Protection.
 _________________________________________
 Petitioner
 ACKNOWLEDGMENT
 I, {Name of Respondent} _______________________________, acknowledge receipt
of a certified copy of this Injunction for Protection.
 _________________________________________
 Respondent
*312
Form 12.980(n)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 ORDER EXTENDING INJUNCTION FOR PROTECTION AGAINST
 ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE
 THIS CAUSE came before the Court on {date} _____________, upon Petitioner's
action for an extension of injunction for protection and it appearing to the Court as
follows:
___ Ex parte. The claims in the petition for extension of injunction for protection
 make it appear to the Court that there is an immediate and present danger of
 domestic and repeat violence, as required under section 741.30 or section
 784.046, Florida Statutes, the previously entered injunction is extended until
 {date} _______________, A full hearing on the petition is scheduled for {date}
 ______________ at __________ a.m./p.m. in ______________________________,
 To be completed if this order was entered after an ex parte hearing:
 If you are a person with a disability who needs any accommodation in order to
 participate in this proceeding, you are entitled, at no cost to you, to the
 provision of certain assistance. Please contact {name} _______________,
 {address} __________________________________, {telephone} __________________,
 within 2 working days of your receipt of this order. If you are hearing or
 voice impaired, call TDD 1-800-955-8771.
___ After notice and hearing. Respondent was served with a copy of the
 temporary extension, if applicable, and a notice of this hearing within the time
 required by Florida law and was afforded an opportunity to be heard. The
 notice and opportunity to be heard were sufficient to protect Respondent's
 right to due process. The following persons attended the hearing: ( )
 Petitioner ( ) Respondent.
 After hearing the testimony of each party present and of any witnesses, or
 upon consent of Respondent, the Court finds that Petitioner is a victim of
 domestic or repeat violence or reasonably fears that he/she will become a
 victim of violence from Respondent. The previously entered injunction is
 extended until {date} ________________, or until further order of the Court.
 ORDERED on ________________________________________________________________.
 _________________________________________
 CIRCUIT JUDGE
COPIES TO:
Sheriff of ____________________ County
Petitioner (or his or her attorney): ___ by U.S. Mail
*313
 ___ by hand delivery in open court (Petitioner
 must acknowledge receipt in
 writing on the face of the original ordersee
 below)
Respondent (or his or her attorney): ___ forwarded to sheriff for service
 ___ by hand delivery in open court (Respondent
 must acknowledge receipt in writing
 on the face of the original order
 see below)
 ___ by certified mail (may only be used
 when Respondent is present at the
 hearing and Respondent fails or refuses
 to acknowledge the receipt of certified
 copy of this injunction)
___ State Attorney's Office
___ Other: ________________________________
 I CERTIFY the foregoing is a true copy of the original as it appears on file in the
office of the Clerk of the Circuit Court of ____________ County, Florida, and that I
have furnished copies of this order as indicated above.
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: ____________________________________
 Deputy Clerk
 ACKNOWLEDGMENT
 I, {Name of Petitioner} ____________________________, acknowledge receipt
of a certified copy of this Injunction for Protection.
 _________________________________________
 Petitioner
 ACKNOWLEDGMENT
 I, {Name of Respondent} _______________________________, acknowledge receipt
of a certified copy of this Injunction for Protection.
 _________________________________________
 Respondent
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(a)(1), JOINT PETITION FOR ADOPTION BY STEPPARENT

When should this form be used?
This form should be used when a stepparent is adopting his or her spouse`s biological child. Both the stepparent and his or her spouse must sign this petition. In addition, you must obtain the written consent of the other birth parent or notify him or her of this proceeding. You must also obtain the written consent of the child, if he or she is 12 years of age or older.
This form should be typed or printed in black ink. The name to be given to the child(ren) after the adoption should be used in the heading of the petition. The stepparent is the petitioner, because he or she is the one who is asking the court for legal action. After completing this form, you and your spouse must sign it before a notary public. You should then file the original and 1 copy with the clerk of the circuit court in the county where either you or the child live and keep a copy for your records.

*314 What should I do next?
For your case to proceed, you must have the written consent of the other birth parent or properly notify him or her of the petition and hearing. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. For more information about personal and constructive service, you should refer the "General Instructions for Pro Se Litigants" found at the beginning of these forms and the instructions to Florida Family Law Forms 12.910(a) and 12.913(a) and (b). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.
The court may choose not to require consent to an adoption in some circumstances. For more information about situations where consent may not be required, see section 63.072, Florida Statutes.
When you have filed all of the required forms and met the requirements for consent as outlined above, you are ready to set a hearing on your petition. You should check with the clerk of court, family law intake staff or the judicial assistant to set a final hearing. Notice of Hearing (General), Florida Family Law Form 12.923, along with a copy of the petition, must be mailed or hand delivered to all of the following:
 anyone from whom consent is required if they did not give consent, or if they gave consent but later withdrew it.
 any grandparent who already has court-ordered visitation rights.
 a birth father whose consent is not required, by order of the court.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. See chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.

Special notes ...
With this petition you must file the following:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f).
 Stepparent Adoption: Consent of Adoptee, Florida Family Law Form 12.981(b), if the child to be adopted is 12 years of age or older.
 Stepparent Adoption: Consent and Waiver by Parent, Florida Family Law Form 12.981(c)(1), if obtainable.
 Certified copy of noncustodial birth parent's death certificate, if that parent is deceased
 Certified copy of child's birth certificate.
These family law forms contain a Final Judgment of Stepparent Adoption, Florida Family Law Form 12.981(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment form with you to the hearing. If so, you should type or print the heading, including the circuit, county case number, division, and the child(ren)'s names, and leave the rest blank for the judge to complete at your hearing.
You should decide how many certified copies of the final judgment you will need and be prepared to obtain them after the hearing. There is a charge for certified copies, and the clerk can tell you how much. The file will be sealed after the final hearing, and then it will take an order from a judge to open the file and obtain a copy of the final judgment.
AS AN ADOPTIVE STEPPARENT, YOU MAY BE LIABLE FOR CHILD SUPORT IN THE EVENT OF A LATER DIVORCE AND COULD BE LIABLE IN LITIGATION FOR THE ACTIONS OF THE ADOPTEE(S). THIS ADOPTION MAY ALSO AFFECT THE ADOPTEE'S INHERITANCE.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last *315 page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE ADOPTION OF
_____________________________________,
{use name to be given to child(ren)}
 Adoptee(s).
 JOINT PETITION FOR ADOPTION BY STEPPARENT
 Petitioner, {full legal name} ________________________________________, being
sworn, joined by the birth ( ) mother ( ) father, {full legal name} __________,
being sworn, files this joint petition for adoption of the above-named minor
child(ren), under chapter 63, Florida Statutes.
1. This is an action for adoption of a minor child(ren) by his/her (their)
 stepparent.
2. I desire to adopt the following child(ren):
 Child's Current Name Birth date Birthplace
 a. ________________________________________________________________________
 b. ________________________________________________________________________
 c. ________________________________________________________________________
 d. ________________________________________________________________________
 e. ________________________________________________________________________
 f. ________________________________________________________________________
 A certified copy of the birth certificate(s) of the child(ren) to be adopted is
 (are) attached.
3. The child(ren) has (have) resided in my care and custody since {date}
 ___________. I wish to adopt the child(ren) because I would like to establish
 legally the parent-child relationship already existing between the child(ren)
 and me. Since the above date, I have been able to provide adequately for the
 material needs of the child(ren) and am able to continue doing so in the future,
 as well as to provide for the child(ren)'s mental and emotional well-being. My
 facilities and resources are as described here:
 a. Facilities: {describe residence} __________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 b. Resources: {describe employment, income and other financial resources}
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
4. I am ____ years old, and have resided at {street address}, __________________
 {city} ___________________, {county} ___________________ Florida for ___
 years.
5. I married the birth ( ) father or ( ) mother of the child(ren) on {date}
 __________, in {city} ________________ {county} __________, Florida. The
 following are the dates and places of my divorces, if any:
*316
 Date of Divorce Place of Divorce
 a. ____ __________________________________________________________________
 b. ____ __________________________________________________________________
6. The adoptee's name(s) shall be:
 a. ________________________________________________________________________
 b. ________________________________________________________________________
 c. ________________________________________________________________________
 d. ________________________________________________________________________
 e. ________________________________________________________________________
 f. ________________________________________________________________________
7. A completed Uniform Child Custody Jurisdiction Affidavit (UCCJA), 
 Florida Family Law Form 12.901(f), is filed with this petition.
8. The adoptee's birth father is: _________________________ _______________
 Father's Name Birth date
 ____________________________________________________________________________
 Address
9. The adoptee's birth mother is: _________________________ ____________
 Mother's Name Birth date
 _________________________________________________________________________
 Address
10. A description and estimate of the value of any property of the adoptee is as
 follows:
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
11. Notice. If you already have given any notice to the birth parent(s) of this
 adoption, explain:
 ____________________________________________________________________________
 ____________________________________________________________________________
12. Consent.
[√ all that apply]
___ a. The following are the names and addresses of persons whose consent to the
 adoption is required, but who have not consented:
 Name Address
 1. ________________________________________________________________________
 2. ________________________________________________________________________
___ b. The consent of the birth father is not required because:
 (√ one only]
 ___ 1. The minor child(ren) is (are) not the birth father's because the
 child(ren) was (were) previously adopted by someone else.
 ___ 2. The mother and father were never married, and the minor child(ren)
 has (have) not been established by court proceeding or valid acknowledgment
 of paternity to be his child(ren).
 ___ 3. To my knowledge, the birth father has not signed a voluntary
 statement of paternity in the presence of competent witnesses and has
 not filed such a statement with the Bureau of Vital Statistics.
 ___ 4. The birth father has not provided the child(ren) with support in a
 repetitive and customary manner.
 ___ 5. The birth father did not provide the mother, during her pregnancy,
 with emotional and financial support.
___ c. The consent of the birth parent should be excused for the following reason:
*317
[√ one only]
 ___ 1. The birth parent has deserted the child(ren) without providing a
 means of his/her identification or has abandoned the child(ren).
 ___ 2. The birth parent's parental rights have been terminated by a court
 order. A copy of the order is attached.
 ___ 3. The birth parent has been declared incapacitated by a court order, and
 restoration of capacity is medically improbable. A copy of the order is
 attached.
 ___ 4. The legal guardian or lawful custodian of the ehild(ren), other than a
 parent, has failed to respond in writing to a request for consent for a
 period of 60 days, or his/her reasons for withholding consent are unreasonable.
 ___ 5. The former spouse's or birth parent's consent should be excused
 because of prolonged, unexplained absence, unavailability, incapacity, or
 another circumstance constituting unreasonable withholding of consent.
 Explain: _____________________________________________________________
 ______________________________________________________________________
___ d. The minor child(ren) is (are) 12 years of age or over, and his or her (their)
 consent is (are) attached.
___ e. The noncustodial birth parent died on {date } __________, in _________
 County, {state} ____________. A certified copy of the death certificate is
 attached.
 WHEREFORE, I request that this Court enter a Final Judgment of Adoption of
the minor child(ren) by Petitioner Stepparent and change the name of the adoptee(s).
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Stepparent
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ______________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
*318
Dated: _______________________________
 _________________________________________
 Signature of birty ( ) mother ( ) father
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(a)(2), PETTION FOR ADOPTION OF ADULT BY STEPPARENT

When should this form be used?
This form should be used when a stepparent is adopting his or her spouse's adult child. You must obtain the written consent of the adult child to be adopted, as well as the written consent of his or her birth parents and spouse (if married).
This form should be typed or printed in black ink. The name to be given to the adoptee after the adoption should be used in the heading of the petition. The stepparent is the petitioner, because he or she is the one who is asking the court for legal action. You must have your signature witnessed by a notary public.
After completing this form, you should file the original with the clerk of the circuit court in the county where either you or the adoptee live and keep a copy for your records.

What should I do next?
For your case to proceed, you must have the written consent of the adoptee, his or her spouse if married, and the birth parents or properly notify each of them of the petition and hearing. If you know where they live, you must use personal service. If you absolutely do not know where they live, you may use constructive service. For more information about personal and constructive service, you should refer th "General Instructions for Pro Se Litigants" found at the beginning of these forms and the instructions to Florida Family Law Forms 12.910(a) and 12.913(a) and (b). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.
The court may choose not to require consent to an adoption in some circumstances. For more information about situations where consent may not be required, see section 63.072, Florida Statutes.
When you have filed all of the required forms and met the requirements for consent as *319 outlined above, you are ready to set a hearing on your petition. You should check with the clerk of court, family law intake staff, or judicial assistant to set a final hearing, and notify the other party(ies) using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. See chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.

Special notes ...
With this petition you must file the following:
 Stepparent Adoption: Consent of Adoptee, Florida Family Law Form 12.981(b)
 Stepparent Adoption: Consent of Adult Adoptee's Spouse, Florida Family Law Form 12.981(c)(2)
 Stepparent Adoption: Consent of Adult Adoptee's Birth Parents, Florida Family Law Form 12.981(c)(3), if obtainable
 Certified copy of Adoptee's Birth Parents' death certificates, if deceased.
THIS ADOPTION MAY AFFECT THE ADOPTEE'S INHERITANCE.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE ADOPTION OF
_____________________________________,
{use name to be given to child(ren)}
 Adoptee(s).
 PETITION FOR ADOPTION OF ADULT BY STEPPARENT
 Petitioner, {full legal name} ________________________________________, files
this petition for adoption of the above-named adult, pursuant to chapter 63, Florida
Statutes, and states:
1. This is an action for adoption of an adult by the adult's stepparent, Petitioner.
2. I desire to adopt {adult's full legal name} ____________________________,
 who was born on {date} ______________, at {city, county and state} ______
 ___________________________________________________________________________.
3. I desire to adopt the adult because: _______________________________________
 ____________________________________________________________________________
 ___________________________________________________________________________.
4. I am ___ years old, and I have resided at {address} ____________________,
 Florida for ___ years.
*320
5. The adoptee's name shall be: ______________________________________________.
6. The adoptee's birth parents are:
 ___________________________________ _______________________________________
 Father's Name Birth date
 ___________________________________ _______________________________________
 Address
 ___________________________________ _______________________________________
 Mother's Name Birth date
 ___________________________________ _______________________________________
 Address
7. Notice. Notice to the birth parents was made by: ________________________
8. Consent.
[√ all that apply]
___ a. The consent of the adoptee is attached.
___ b. The adoptee is married to {full legal name of adoptee's spouse}
___ ___________________, and the consent of the spouse is attached.
___ c. The adoptee is not married.
___ d. The consent of ( ) _________________________, the birth mother, and ( )
 _____________________________, the birth father, of the adult is (are) attached to
 this petition.
___ e. The birth ( ) mother ( ) father are absent, or do not consent to the adoption,
 and proof of service of process of this petition on the birth ( ) mother ( )
 father is attached.
___ f. The birth ( ) mother ( ) father is (are) deceased. A certified copy of the
 death certificate(s) is (are) attached.
 WHEREFORE, I request that this Court enter a Final Judgment of Adoption of
the adult by Petitioner Stepparent and change the name of the adoptee.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Party
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
*321
___ Personally known
___ Produced identification
 Type of identification produced ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(b), STEPPAENT ADOPTION: CONSENT OF ADOPTEE

When should this form be used?
This form must be completed and signed by the person being adopted, the adoptee, if he or she is over 12 years of age. It must be signed in the presence of a notary public and two witnesses other than the notary public.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the adoption petition is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the people identified in the instructions for Joint Petition for Stepparent Adoption, Florida Family Law Form 12.981(a).

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE ADOPTION OF
_____________________________________,
{use name to be given to child(ren)}
 Adoptee(s).
 STEPPARENT ADOPTION: CONSENT OF ADOPTEE
1. I, {full legal name} _____________________________, being over the age of
 12, consent to my adoption by {name} ____________________, to be his/her
 legal child and heir at law.
2. I consent to my name being legally changed to {specify} ________________.
 I understand that I am swearing or affirming under oath to the truthfulness of the
claims made in this consent and that the punishment for knowingly making a false
statement includes fines and/or imprisonment.
*322
Dated: _______________________________
 _________________________________________
 Signature of Adoptee
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(c)(1), STEPARENT ADOPTION: CONSENT AND WAIVER BY PARENT

When should this form be used?
This form is to be completed and signed by the birth parent who is giving up all rights to and custody of the child to be adopted.
It must be signed in the presence of a notary public and two witnesses other than the notary. You should file this form with the petition for adoption.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the people identified in the instructions for Joint Petition for Stepparent Adoption, Florida Family Law Form 12.981(a).

Special Notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
*323
IN RE: THE ADOPTION OF
_____________________________________,
{use name to be given to child(ren)}
 Adoptee(s).
 STEPPARENT ADOPTION:
 CONSENT AND WAIVER BY PARENT
1. I, {full legal name} ________________________________________________, am
 the [√ one only] ( ) father or ( ) mother of the above-named child(ren), who
 was (were) born on {date} _________________, at {City, county, and state}
 _____________________________________________________. I relinquish all rights to
 and custody of this (these) minor child(ren), {name(s)} ________________,
 and consent to the adoption by Petitioner, {name} _________
 ___________________________________ with full knowledge of the legal effect of the
 stepparent adoption.
2. I understand my legal rights as a parent, and I understand that I do not have
 to sign this consent and release of my parental rights. I acknowledge that this
 consent is being given knowingly, freely, and voluntarily. I further acknowledge
 that my consent is not given under fraud or duress. I understand that
 there is no "grace period" in Florida during which I may revoke my consent.
 I understand that, in signing this consent, I am permanently and forever
 giving up all my parental rights to and interest in this (these) child(ren). I
 voluntarily, permanently relinquish all my parental rights to this (these)
 child(ren).
3. I understand pursuant to section 63.182, Florida Statutes, that: "After one
 year of the entry of judgment of adoption, any irregularity or procedural
 defect in the proceedings is cured, and the validity of the judgment of adoption
 shall not be subject to direct collateral attack because of any irregularity or
 procedural defect. Any defect or irregularity of, or objection to, a consent that
 could have been cured had it been made during the proceedings shall not be
 questioned after the time for taking an appeal has expired."
4. I consent, release, and give up permanently, of my own free will, my parental
 rights to this (these) child(ren), for the purpose of adoption.
5. I waive any further notice of this adoption proceeding.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this consent and waiver and that the punishment for
knowingly making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Parent
______________________________________ Printed Name: ___________________________
Signature of Parent Address: ________________________________
Printed Address: _____________________ City, State, Zip: _______________________
Business Address: ____________________ Telephone Number: _______________________
Home Address: ________________________ Fax Number: _____________________________
Social Security No: __________________
______________________________________
Signature of Parent
Printed Address: _____________________
Business Address: ____________________
*324
Home Address: ________________________
Social Security No: __________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(c)(2), STEPARENT ADOPTION: CONSENT OF ADULT ADOPTEE'S SPOUSE

When should this form be used?
This form must be completed by the spouse of an adult who is being adopted.
This form should be typed or printed in black ink. After completing this form, the spouse of the adoptee should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition for adoption of an adult was filed and keep a copy for your records.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ______________________________
 Division: ______________________________
IN RE: THE ADOPTION OF
_____________________________________,
{use name to be given to child(ren)}
 Adoptee(s).
STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE'S SPOUSE
*325
1. I, {full legal name} ___________________________________________________,
 am the ( ) wife ( ) husband of {full legal name} ___________________, who
 Petitioner, {full legal name} ________________________________________
 wishes to adopt.
2. I consent to the adoption of my spouse by Petitioner.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this consent and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________ Signature of Parent
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ______________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(c)(3), STEPARENT ADOPTION: CONSENT OF ADULT ADOPTEE'S BIRTH PAENTS

When should this form be used?
This form must be completed by the birth parents of an adult who is being adopted.
This form should be typed or printed in black ink. After completing this form, the birth parents of the adoptee should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
*326
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE ADOPTION OF
_____________________________________,
{use name to be given to child(ren)}
 Adoptee(s).
 STEPPARENT ADOPTION: CONSENT OF ADULT
 ADOPTEE'S BIRTH PARENT(S)
1. I/We, {full legal name(s)} __________________________________________ and
 ___________________________________________, are the birth ( ) mother ( )
 father of {full legal name} ____________________________________________,
 who is 18 or more years old, and who Petitioner, {full legal name}
 ____________________________ wishes to adopt.
2. I/We consent to the adoption by Petitioner.
3. I/We waive any further notice of this adoption proceed.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this consent and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Birth Mother
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ______________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this consent and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Birth of Father
 Printed Name: ___________________________
 Address: ________________________________
*327
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
 _________________________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(d), STEPPAENT ADOPTION AFFIDAVIT OF DILIGENT SEARCH

When should this form be used?
This form is to be used in a Joint Petition for Adoption by Stepparent, Florida Family Law Form 12.981(a)(1), to obtain constructive service (also called service by publication) in a stepparent adoption case.
This form includes a checklist of places you can look for information on the location of the birth parent. While you do not have to look in all of these places, the court must believe that you have made a very serious effort to get information about the birth parent's location and that you have followed up any information you received.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your petition was filed and keep a copy for your records.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see rule 12.070, Florida Family Law Rules of Procedure and rule 1.070, Florida Rules of Civil Procedure.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
*328
 Division: _________________________________
IN RE: THE ADOPTION OF
_____________________________________,
{use name to be given to child(ren)}
 Adoptee(s).
 STEPPARENT ADOPTION: AFFIDAVIT OF DILIGENT SEARCH
 I, {full legal name} ___________________________________________, being sworn,
certify that the following information is true:
1. I am married to the child(ren)'s birth ( ) mother ( ) father, {name} ___.
2. The last known address of the child(ren)'s other birth parent {name}
 __________________, as of {date} ____________________, was:
 ____________________________________________________________________________ Address City State Zip
 ______________________________ ________________________________
 Telephone No. Fax No.
 His/her last known employment, as of {date} ___________________, was:
 ____________________________________________________________________________
 Name of Employer
 ____________________________________________________________________________
 Address City State Zip
 ______________________________ ________________________________
 Telephone No. Fax No.
3. The other birth parent is over the age of 18.
4. The other birth parent's address or location is now known and cannot be
 determined, although I have made a reasonable effort to locate him/her
 through the following:
[√ all that apply]
___ United States Post Office inquiry through Freedom of Information Act for
 current address or any relocations.
___ Last known employment of the other birth parent, including name and address
 of employer. You should also ask for any addresses to which W-2 Forms were
 mailed, and, if a pension or profit-sharing plan exists, then to what address any
 pension or plan payment is to be mailed.
___ Unions from which the other birth parent may have worked or that governed
 particular trade or craft.
___ regulatory agencies, including professional or occupational licensing.
___ names and addresses of relatives and contacts with those relatives and inquiry
 as to the other birth parent' last known address. You are to follow up any
 leads of any addresses where the other birth parent may have moved.
 Relatives include, but are not limited to: parents, brothers, sisters, aunts,
 uncles, cousins, nieces, nephews grandparents, great-grandparents, former inlaws,
 stepparents, stepchildren.
___ Information about the other birth parent's possible death and, if dead, the date
 and location.
___ Telephone listings in the last known locations of the other birth parent's
 residence.
___ Internet at http://www.switchboard.com or other Internet people finder, or the
 public library checked for
___ Law enforcement arrest and/or criminal records in the last known residential
 area of the other birth parent.
___ Highway Patrol records in the state of the other birth parent's last known
 address.
*329
___ Department of Motor Vehicle records in the state of the other birth parent's
 last known address.
___ Department of Corrections records in the state of other other birth parent's
 last known address.
___ Title IV-D (child support enforcement) agency records in the state of the other
 birth parent's last known address.
___ Hospitals in the last known area of the other birth parent's residence.
___ Utility companies, which include water, sewer, cable TV, and electric in the last
 known area of the other birth parent's residence.
___ Letters to the Armed Forces of the U.S. and their response as to whether or
 not there is any information about the other birth parent. (See Florida
 Family Law Form 12.912(a), Memorandum for Certificate of Military Service.)
___ Tax Assessor's and Tax Collector's Office in the area where the other birth
 parent last resided.
___ Other: {explain} _____________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this affidavit and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Petitioner
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ______________
Sworn to or affirmed and signed before me on ________ by ____________.
 _____________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 _____________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
*330 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.981(e), PETITION FOR ADOPTION INFORMATION

When should this form be used?
This form is used to request release of relevant medical or social information on an adoptee. You cannot use this form to find out the identity of birth parent(s).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the adoption took place and keep a copy for your records.

Special Notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ______________________________
 Division: ______________________________
IN RE: THE ADOPTION OF
_____________________________________,
{use name to be given to child(ren)}
 Adoptee(s).
 PETITION FOR ADOPTION INFORMATION
1. I, {full legal name} __________________, am interested in this matter as:
 [√ one only]
 ___ adult adoptee (over 18).
 ___ adoptive parent.
 ___ adult birth sibling.
 ___ other: {specify} _____________________________________________________.
2. The adoptee(s), {name(s)} __________________________________________________
 was (were) born on {date} _________________________________________________.
3. I request nonidentifying information as to family medical history and social
 history of the adoptee(s) as follows:
 [√ all that apply]
 ___ If available, to be furnished to adoptive parents before finalization of the
 adoption.
 ___ If available, to be furnished to adoptee upon request after adoptee
 reaches majority.
4. The reason I am requesting disclosure of this information is: ___________
 _________________________________________________________________________
 _________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Party
 Printed Name: ___________________________
*331
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ______________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
Form 12.981(f)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE ADOPTION OF
_____________________________________,
 Adoptee(s).
 ORDER RELEASING ADOPTION INFORMATION
 This case came before the Court upon the Petition for Adoption Information, and
the Court being fully advised in the premises, it is ORDERED:
___ 1. The Petitioner shall receive
 ___ a. nonidentifying information as to: _________________________________.
 ___ b. identifying information as to: ____________________________________.
 ___ c. all records relating to the adoption proceedings.
___ 2. The petition is denied in whole or in part because: ____________________.
 ORDERED on __________________________.
 _________________________________________
 CIRCUIT JUDGE
COPIES TO:
*332
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Form 12.981(g)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE ADOPTION OF
_____________________________________,
 Adoptee(s).
 FINAL JUDGMENT OF STEPPARENT ADOPTION
 This matter came before the Court on the Petition for Stepparent Adoption filed
in this action, and having heard testimony and considered the evidence, the Court
finds that:
1. The Court has jurisdiction over the subject matter of the Petition for Adoption.
2. The Court has jurisdiction over the minor child(ren), {name(s)} ________,
 Petitioner, {name} _____________________________________________________,
 and the birth parent to whom Petitioner is married, {name}
 __________________________________, in that they are residents of
 ______________________________ County, Florida. Further, the child(ren) and
 Petitioner have significant connections with the State of Florida.
3. There is no pending litigation regarding the child(ren), in Florida or any other
 state, nor is there any other person not a party to these proceedings who has,
 or claims to have, physical custody or visitation rights to the minor child(ren).
4. The best interests of this (these) child(ren) would be served and promoted by
 this adoption, and Petitioner desires the permanent responsibility of a parent
 in this adoption.
5. The consent of the birth ( ) mother ( ) father who is not married to Petitioner
 is:
[√ only one]
__ attached to the petition.
___ not required because he/she is deceased.
___ waived because:
 [√ all that apply]
 ___ the parent has deserted the child(ren) without affording a means of
 identification.
 ___ the parent has abandoned the child(ren) and has not visited, supported,
 contacted, or communicated with the child(ren).
 ___ the parent has been judicially declared mentally incapacitated, and
 restoration of capacity is medically improbable.
 ___ the legal guardian or lawful custodian of the adoptee(s), other than the
 birth parent, has failed to respond in writing to a request for consent for
 60 days, or the Court has examined the written reasons for withholding
 consent and has found the withholding of consent to be unreasonable.
 ___ other: {specify}
*333
6. The best interests of the child(ren) will be promoted by this adoption.
7. The minor child(ren) is (are) suitable for adoption by Petitioner.
 NOW, THEREFORE, IT IS ORDERED that:
1. The minor child(ren) presently known as {name(s)} _______________________
 is (are) declared to be the legal child(ren) of Petitioner, {name} _____,
 and is (are) given the name(s) of _______________________________________________,
 by which minor child(ren) shall hereafter be known.
2. The minor child(ren) shall be the child(ren) and legal heir(s) at law of
 Petitioner, {name} _____________________________________________________,
 and shall be entitled to all rights and privileges, and subject to all obligations,
 of children born of Petitioner.
3. All legal relations between the adoptee(s) and the noncustodial parent, and
 between the adoptee(s) and the relatives of that birth parent, are terminated
 by this adoption, as are all parental rights and responsibilities of that birth
 parent.
4. This Final Judgment of Adoption creates a relationship between the adoptee(s)
 and Petitioner and all relatives of Petitioner that would have existed if the
 adoptee(s) was (were) a blood descendant of the Petitioner, born within
 wedlock, entitled to all rights and privileges thereof, and subject to all
 obligations of a child being born to Petitioner.
 ORDERED on ________________________.
 _________________________________________
 CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
INSTRUCTIONS FOR FLORIDA FAILY LAW FORM 12.982(a), PETITION FOR CHANGE OF NAME (ADULT)

When should this form be used?
This form should be used when an adult wants the court to change his or her name. This form is not to be used in connection with a divorce action. If you want a change of name because of a dissolution of marriage that is not yet final, the change of name should be done as part of that case.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
Next, you must obtain a hearing date for the court to consider your request. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing. You may be required to attend the final hearing. Included in these forms is a Final Judgment of Change of Name (Adult), Florida Family Law Form 12.982(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant, to see if you need to bring a final judgment form with you. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
*334 If the judge grants your petition, he or she will sign this order. This officially changes your name. The clerk can provide you with certified copies of the signed order. There will be charges for the certified copies, and the clerk can tell you how much those charges are.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see section 68.07, Florida Statutes.

Special notes ...
The heading of the form calls for the name of the petitioner. Your current name should go there, as you are the one who is asking the court for something. The judicial circuit, case number, and division may be obtained from the clerk of court's office when you file the petition.
It may be helpful to compile a list of all of the people and/or places that will need a copy of your final judgment. This list may include the driver's license office, social security office, banks, schools, etc. A list will help you know how maiiy copies of your order you should get from the clerk of court after your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE NAME CHANGE OF
_____________________________________,
 Petitioner.
 PETITION FOR CHANGE OF NAME (ADULT)
 I, {full legal name} ___________________________________________ being sworn,
certify that the following information is true:
1. My complete present name is:
 ____________________________________________________________________________
 I request that my name be changed to:
 ____________________________________________________________________________
2. I live in _____________________ County, Florida, at {street address} ____
 ____________________________________________________________________________
3. I was born on {date} ____________, in {city} __________________, {county}
 _____________, {state} _______________, {country} __________________________.
4. My father's full legal name: _______________________________________________
 My mother's full legal name: _______________________________________________
 My mother's maiden name: ___________________________________________________
5. I have lived in the following places since birth:
 Dates (to/from) Address
 ________/_______ ____________________________________________________
 ________/_______ ____________________________________________________
*335
 ________/_______ ____________________________________________________
 ________/_______ ____________________________________________________
 ________/_______ ____________________________________________________
 ________/_______ ____________________________________________________
 ________/_______ ____________________________________________________
 ________/_______ ____________________________________________________
 ________/_______ ____________________________________________________
 ________/_______ ____________________________________________________
[] Check here if you are continuing these facts on an attached page.
6. Family
[√ all that apply]
___ a. I am not married.
___ b. I am married. My spouse's full legal name is: _________________________
___ c. I do not have child(ren).
___ d. The name(s), age(s), and address(es) of my child(ren) are as follows (all
 children, including those over 18, must be listed):
 Name {last, first, middle initial} Age Address, City, State
 ____________________________________ _____ _______________________________
 ____________________________________ _____ _______________________________
 ____________________________________ _____ _______________________________
 ____________________________________ _____ _______________________________
 ____________________________________ _____ _______________________________
 [] Check here is you are continuing these facts on an attached page.
7. Former names
[√ all that apply]
___ My name has never been changed by a court.
___ My name previously was changed by court order from ______________________
 to _______________________________ on {date} ________________________, by
 {court, city, and state} ____________________.
___ A copy of the court order is attached.
___ My name previously was changed by marriage from
 ________________________________ to __________________________________ on
 {date} _______________________, in {city, county, and state} ___________.
 A copy of the marriage certificate is attached.
___ I have never been known or called by any other name.
___ I have been known or called by the following other name(s): {list name(s) and
 explain where you were known or called by such name(s)}
 ____________________________________________________________________________
 ____________________________________________________________________________
8. Occupation
 My occupation is: _________________________________________________________.
 I am employed at: {company and address} ________________________________
 ____________________________________________________________________________
 During the past 5 years, I have had the following jobs:
 Dates (to/from) Employer and employer's address
 ________/_______ _______________________________________________________
 ________/_______ _______________________________________________________
 ________/_______ _______________________________________________________
 ________/_______ _______________________________________________________
 ________/_______ _______________________________________________________
 ________/_______ _______________________________________________________
 ________/_______ _______________________________________________________
 [] Check here if you are continuing these facts on an attached page.
9. Business
[√ one only]
___ I do not own and operate a business.
*336
___ I own and operate a business. The name of the business is: _______________.
 The street address is: ____________________________________________________.
 My position with the business is: _________________________________________.
 I have been involved with the business since: {date} ___________________.
10. Profession
[√ one only]
___ I am not in a profession.
___ I am in a profession. My profession is: ___________________________________
 I have practiced this profession:
 Dates (to/from) Place and address
 ________/_______ _____________________________________________________
 ________/_______ _____________________________________________________
 ________/_______ _____________________________________________________
 ________/_______ _____________________________________________________
 ________/_______ _____________________________________________________
 []Check here if you are continuing these facts on an attached page.
11. Education
 I have graduated from the following school(s):
 Degree Date of
 Received Graduation School
 _________ ______________ _________________________________________________
 _________ ______________ _________________________________________________
 _________ ______________ _________________________________________________
 [] Check here if you are continuing these facts on an attached page.
12. Felony Convictions
[√ one only]
___ I have never been convicted of a felony.
___ I was convicted of a felony on {date} _______________________________, in
 {city} _______________________, {county} ______________________,
 {state} _______________________.
 [] Check here if you have been convicted of additional felonies, and explain on
 an attached page.
13. Bankruptcy
[√ one only]
___ I was adjudicated bankrupt on {date} __________________________, in {city}
 ___________________, {county} _________________________, {state}
 [] Check here if you have filed additional bankruptcies, and explain on an
 attached page.
14. Creditor(s)' Judgments
[√ one only]
___ I have never had a money judgment entered against me by a creditor.
___ The following creditor(s) money judgment(s) have been entered against me:
 Date Amount Creditor Court entering judgment and case number √ if Paid
 ____ ______ ________ _________________________________________ []
 ____ ______ ________ _________________________________________ []
 ____ ______ ________ _________________________________________ []
 ____ ______ ________ _________________________________________ []
 [] Check here if these facts are continued on an attached page.
15. I have no ulterior or illegal purpose for filing this petition, and granting it will
 not in any manner invade the property rights of others, whether partnership,
 patent, good will, privacy, trademark, or otherwise.
*337
16. My civil rights have never been suspended, or, if my civil rights have been
 suspended, they have been fully restored.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Petitioner
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE NAME CHANGE OF
_____________________________________,
 Petitioner.
 FINAL JUDGMENT OF CHANGE OF NAME (ADULT)
 This cause came before the Court on {date}___, for a hearing
on Petition for Change of Name (Adult) under section 68.07, Florida Statutes, and it
appearing to the Court that:
1. Petitioner is a bona fide resident of _____________ County, Florida;
2. Petitioner's request is not for any ulterior or illegal purposes; and
*338
3. granting this petition will not in any manner invade the property rights of
 others, whether partnership, patent, good will, privacy, trademark, or otherwise;
 it is
 ORDERED that Petitioner's present name, ______________________, is changed to
_______________________________________, by which Petitioner shall hereafter be
known.
 ORDERED ON ________________________.
 _________________________________________
 CIRCUIT JUDGE
COPIES TO:
Petitioner
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.982(c), PETITION FOR CHANGE OF NAME (MINOR CHILD)

When should this form be used?
This form should be used when parents want the court to change the name of their minor child(ren). For the purposes of this proceeding, a person under the age of 18 is a minor. This form is not to be used in connection with an adoption or paternity action. If you want a change of name for your child(ren) because of an adoption or paternity action that is not yet final, the change of name should be done as part of that case.
This form should be typed or printed in black ink. The primary petition should only be completed for one child. If you wish to change the names of more than one child, you should complete and file a Supplemental Form for Petition for Change of Name (Minor Child) for each child. The supplemental form is an attachment to the petition. Be sure that the bottom of each page of each supplemental form is initialed by the petitioner(s). After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
If both parents agree to the change of name and live in the county where the change of name is sought, you may both file as petitioners. In this situation, service is not necessary, and you need only to set a hearing. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing.
If only one parent is a resident of the county where the change of name(s) is sought or only one parent asks for the child(ren)'s name(s) to be changed, the other parent must be notified and his or her consent obtained, if possible. If the other parent consents to the change of name, a Consent for Change of Name (Minor Child), Florida Family Law Form 12.982(d), should be filed.
If the other parent does not consent to the change of name, you may still have a hearing on the petition if you have properly notified the other parent about your petition and the hearing. If you know where he or she lives, you must use personal service. If you absolutely do not know where he or she lives, you may use constructive service. For more information about personal and constructive service, you should refer the "General Instructions for Pro Se Litigants" found at the beginning of these forms and the instructions to Florida Family Law Forms 12.910(a) and 12.913(a) and (b). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.
Next, you must obtain a final hearing date for the court to consider your request. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing. You *339 may be required to attend the hearing. Included in these forms is a Final Judgment of Change of Name (Minor Child), Florida Family Law Form 12.982(e), which may be used when a judge grants a change of name for a minor child(ren). If you attend the hearing, you should take the final judgment with you. You should complete the top part of the form, including the circuit, county, case number, division, and the name(s) of the petitioners) and leave the rest blank for the judge to complete. It should be typed or printed in black ink.
If the judge grants your petition, he or she will sign this order. This officially changes your child(ren)'s name(s). The clerk can provide you with certified copies of the signed order. There will be charges for the certified copies, and the clerk can tell you how much those charges are.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see section 68.07, Florida Statutes.

Special notes ...
The heading of the form calls for the name(s) of the petitioner (s). This is the parent(s) who is (are) requesting the change of their child(ren)'s name(s). The judicial circuit, case number, and division may be obtained from the clerk of court's office when you file the petition.
It may be helpful to compile a list of all of the people and places that will need a copy of the final judgment. This list may include the driver's license office, social security office, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE NAME CHANGE OF
_____________________________________,
 Petitioner/Father,
_____________________________________,
 Petitioner/Mother.
 PETITION FOR CHANGE OF NAME (MINOR CHILD)
 I/We, {full legal name(s)} ___________________________________________, being
sworn, certify that the following information is true:
 I am/We are the birth or legal parent(s) of the minor child(ren) named in this
petition.
[√ only one]
___ a. There is only one minor child named in this petition.
___ b. There are {enter number of children} ______ children named in this petition.
 The information on the first child is entered below. I/we have attached the
 completed supplemental forms for each other child.
*340
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # 1 :
1. Minor child's complete present name is:
 _________________________________________________________________________
 I/We request that this minor child's name be changed to:
 _________________________________________________________________________
2. The minor child lives in ____________ County, Florida, at {street address}
 _________________________________________________________________________
3. The minor child was born on {date} _________________, in {city, county, state,
 country} _________________________________________________________________
4. The minor child's father's full legal name: ________________________________
 The minor child's mother full legal name: __________________________________
 The minor child's mother's maiden name: ____________________________________
5. The minor child has lived in the following places since birth:
 Dates (to/from) Address
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 [] Check here if you are continuing these facts on an attached page.
6. [√ one only]
___ The minor child is not married.
___ The minor child is married to: {full legal name} _______________________.
7. [√ one only]
___ The minor child has no children.
___ The minor child is the parent of the following child(ren): {enter full name(s)
 and date(s) of birth} __________________________________________________.
8. Former names
[√ all that apply]
___ The minor child's name has never been changed by a court.
___ The minor child's name previously was changed by court order from _______
 ____________________ to _____________________ on {date} ________________.
 by {court, city, and state} ____________________________________________.
 A copy of the court order is attached.
___ The minor child's name previously was changed by marriage from __________
 to ____________________ on {date} ______________________________________,
 in {city, county, and state} ___________________________________________.
 A copy of the marriage certificate is attached.
___ The minor child has never been known or called by any other name.
___ The minor child has been known or called by the following other name(s): {list
 name(s) and explain where child was known or called by such name(s)}
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
9. The minor child is not employed in an occupation or profession, does not own
 and operate a business, and has received no educational degrees. If the minor
 child has a job, explain: __________________________________________________
 ____________________________________________________________________________
10. Felony Convictions.
*341
[√ one only]
___ The minor child has never been convicted of a felony.
___ The minor child was convicted of a felony on {date} ___________, in {city}
 ____________________________________________________________________________
 {county} _______________, {state} ________.
11. Money Judgments.
[√ one only]
___ The minor child has never been adjudicated bankrupt, and no money judgment
 has ever been entered against him or her.
___ The following money judgment(s) has been entered against him or her:
 Date Amount Creditor Court entering judgment and case √ if Paid
 number
 ____ ______ ________ ________________________________ []
 ____ ______ ________ ________________________________ []
THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER(S):
12. Petitioner(s) live in ________________ County, Florida, at {street address}
 ________________________________________________________________________.
13. I/We have no ulterior or illegal purpose for filing this petition, and granting it
 will not in any manner invade the property rights of others, whether partnership,
 patent, good will, privacy, trademark, or otherwise.
14. My/our civil rights have never been suspended, or, if ever suspended, they
 have been fully restored.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Petitioner/Father
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Petitioner/Mother
*342
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ____________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
Form 12.982(c), Supp.
 SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME
 MINOR CHILD)
 Case No.: ______________________________
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # _____:
1. Minor child's complete present name is:
 _________________________________________________________________________
 I/We request that minor child's name be changed to:
 _________________________________________________________________________
2. The minor child lives in ________ County, Florida, at {street address}
 ___________________________________________________________________________.
3. The minor child was born on {date} ______________________, in
 {city, county, state, country} _________________________________________.
4. The minor child's father's full legal name: ________________________________
 The minor child's mother's full legal name: ________________________________
 The minor child's mother's maiden name: ____________________________________
5. The minor child has lived in the following places since
 Dates (to/from) Address
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
*343
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 [] Check here if you are continuing these facts on an attached page.
6. [√ one only]
___ The minor child is not married.
___ The minor child is married to: {full legal name} _______________________.
7. [√ one only]
___ The minor child has no children.
___ The minor child is the parent of the following child(ren): {enter name(s) and
 date(s) of birth} _______________________________________________________
8. Former Names
[√ all that apply]
___ The minor child's name has never been changed by a court.
___ The minor child's name previously was changed by court order from _______
 _____________________ to ____________________ on {date} ________________,
 by {court, city, and state} ____________________________________________.
 A copy of the court order is attached.
PETITIONER(S) MUST INITIAL HERE ______
___ The minor child's name previously was changed by marriage from ___
 ____________________ to _____________________ on {date} ________________,
 in {city, county, and state} ___________________________________________.
 A copy of the marriage certificate is attached.
___ The minor child has never been known or called by any other name.
___ The minor child has been known or called by the following other name(s):
 {list name(s) and explain where child was known or called by such
 name(s)} ________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
9. The minor child is not employed in an occupation or profession, does not own
 and operate a business, and has received no educational degrees. If the minor
 child has a job, explain: __________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
10. Felony Convictions.
[√ one only]
___ The minor child has never been convicted of a felony.
___ The minor child was convicted of a felony on {date} ____________, in {city}
 ____________________________________________________________________________
 {county} ______________________, {state} __________.
11. Money Judgments.
[√ one only]
___ The minor child has never been adjucated bankrupt, and no money judgment
 has ever been entered against him or her.
___ the following money judgments) has (have) been entered against him or her:
 Date Amount Creditor Court entering judgment and case √ if Paid
 number
 ____ ______ ________ ________________________________ []
 ____ ______ ________ ________________________________ []
PETITIONER(S) MUST INITIAL HERE ______
*344 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.982(d), CONSENT FOR CHANGE OF NAME (MINOR CHILD(REN))

When should this form be used?
This form should be used when one parent consents to the other parent's petition to change the name of their minor child(ren). A parent who is not a petitioner in the case but is consenting to the change of name should complete this form and sign it in front of a notary public.
This form should be typed or printed in black ink. After this form is signed and notarized, it should be filed with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. This form should be attached to the Petition for Change of Name (Minor Child), Florida Family Law Form 12.982(c), if obtained prior to the filing of the petition. Otherwise, it may be filed separately after it has been completed.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information see section 68.07, Florida Statutes, and the instructions for Petition for Change of Name (Minor Child), Florida Family Law Form 12.982(c), or Petition for Change of Name (Family), Florida Family Law Form 12.982(f).

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE NAME CHANGE OF
_____________________________________,
 Petitioner.
 CONSENT FOR CHANGE OF NAME (MINOR CHILD(REN))
 I, {full legal name} __________________________________________, being sworn,
certify that the following information is true:
 I am the birth or legal ( ) father ( ) mother of the minor child(ren) named in this
case, and I give consent for the following name changes:
Minor child(ren)'s complete present Minor child(ren)'s name(s) to be
name(s): changed to:
(1) _______________________________ (1) _______________________________
(2) _______________________________ (2) _______________________________
(3) _______________________________ (3) _______________________________
(4) _______________________________ (4) _______________________________
(5) _______________________________ (5) _______________________________
(6) _______________________________ (6) _______________________________
*345
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this consent and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _______________________________
 _________________________________________
 Signature of Consenting Parent
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ________________________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the [√ one only] ___ petitioner, or ___ consenting parent, fill out this form.
Form 12.982(e)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE NAME CHANGE OF
_____________________________________,
 Petitioner/Father,
_____________________________________,
 Petitioner/Mother.
 FINAL JUDGMENT OF CHANGE OF NAME (MINOR CHILD(REN))
 This cause came before the Court on {date} _____________, for a hearing on
Petition for Change of Name under section 68.07, Florida Statutes, and it appearing
to the Court that:
1. Petitioners) is (are) a bona fide resident(s) of _____________ County, Florida:
2. ___ Petitioners are the parents of the minor child(ren) named in the petition;
*346
3. ___ Petitioner is the parent of the ininor child(ren) named in the petition, and
 the other parent has been properly notified and has either consented or
 failed to respond;
 ___ Other: _______________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. Petitioner's request is not for any ulterior or illegal purpose; and
4. granting this petition will not in any manner invade the property rights of
 others, whether partnership, patent, good will, privacy, trademark, or otherwise;
 it is
 ORDERED that the minor child(ren)'s
present name(s) be changed to
(1) _______________________________ (1) _______________________________
(2) _______________________________ (2) _______________________________
(3) _______________________________ (3) _______________________________
(4) _______________________________ (4) _______________________________
(5) _______________________________ (5) _______________________________
(6) _______________________________ (6) _______________________________
by which minor child(ren) shall hereafter
be known.
 ORDERED ON__________________________.
 _________________________________________
 CIRCUIT JUDGE
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.982(f), PETITION FOR CHANGE OF NAME (FAMILY)

When should this form be used?
This form should be used when a family wants the court to change its name. This form is not to be used in connection with a divorce, paternity, or adoption action. If you want a change of name because of a dissolution of marriage, paternity, or adoption action that is not yet final, the change of name should be done as part of that ease.
This form should be typed or printed in black ink. The petition should only be completed for one adult. If you wish to change the name(s) of another adult and/or child(ren), you should complete and file a Supplemental Form for Petition for Change of Name (Family) for each additional family member and file the supplemental form(s) as an attachment to the petition. Be sure that the bottom of each child's supplemental form is initialed. After completing this form, it should be signed before a notary public. You should then file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
If any of the children for whom you are requesting this change of name are not the legal children of both adults filing this petition, you must obtain the consent of the legal parent(s). A parent not named as a petitioner in this action may consent by submitting a Consent for Change of Name (Minor Child), Florida Family Law Form 12.982(d).
If the other parent does not consent to the change of name, you may still have a hearing on the petition if you have properly notified the other parent about your petition and the hearing. If you know where he or she lives, you must use personal service. If you absolutely do not know where he or she lives, you may use constructive service. For more information about personal and constructive service, you should refer the "General Instructions for Pro Se Litigants" found at the beginning of these forms and the instructions *347 to Florida Family Law Forms 12.910(a) and 12.913(a) and (b). The law on constructive service is very complex and you may wish to consult an attorney regarding constructive service.
Next, you must obtain a final hearing date for the court to consider your request. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing. You may be required to attend the hearing. Included in these forms is a Final Judgment of Change of Name (Family), Florida Family Law Form 12.982(g), which may be used when a judge grants a change of name for a family. If you attend the hearing, you should take the final judgment form with you. You should complete the top part of this form, including the circuit, county, case number, division, the name(s) of the petitioners) and leave the rest blank for the judge to complete. It should be typed or printed in black ink.
If the judge grants your petition, he or she will sign this order. This officially changes your family's name. The clerk can provide you with certified copies of the signed order. There will be charges for the certified copies, and the clerk can tell you how much those charges are.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. For further information, see section 68.07, Florida Statutes.

Special Notes ...
The heading of the form calls for the name(s) of the petitioner (s). This is the parent(s) who are requesting the change of their family's name(s). The judicial circuit, case number, and division may be obtained from the clerk of court's office when you file the petition.
It may be helpful to compile a list of all of the people and places that will need a copy of the final judgment. This list may include the driver's license office, social security office, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE NAME CHANGE OF
_____________________________________,
 Petitioner/Father,
_____________________________________,
 Petitioner/Mother.
 PETITION FOR CHANGE OF NAME (FAMILY)
 I/We, {full legal name(s)} ___________________________________________, being
sworn, certify that the following information is true:
*348
There are {enter number} __________ adults named in this petition. A supplemental
form is attached for each adult not set out below.
There are {enter number} __________ children named in this petition. I am/We
are the birth or legal parents of the minor child(ren) named in this petition.
I/We have attached a completed supplemental form for each minor child.
THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER
( ) HUSBAND ( ) WIFE:
1. My complete present name is:
 I request that my name be changed to:
 _________________________________________________________________________
2. I live in _______________ County, Florida, at {street address} __________
 _________________________________________________________________________
3. I was born on {date} ________________, in {city} ______________, {county}
 __________, {state} ________________, {country} ________________________________.
4. My father's full legal name: _______________________________________________
 My mother's full legal name: _______________________________________________
 My mother's maiden name: ___________________________________________________
5. I have lived in the following places since birth:
 Dates (to/from) Address
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
6. Family
[√ all that apply]
___ a. I am not married.
___ b. I am married. My spouse's full legal name is: _________________________.
___ c. I do not have child(ren).
___ d. The name(s), age(s), and address(es) of my child(ren) are as follows (all
 children, including those over 18, must be listed):
 Name {last, first, middle initial} Age Address, City, State
 ____________________________________ _____ _______________________________
 ____________________________________ _____ _______________________________
 ____________________________________ _____ _______________________________
 ____________________________________ _____ _______________________________
 ____________________________________ _____ _______________________________
 [] Check here if you are continuing these facts on an attached page.
7. Former names
[√ all that apply]
___ My name has never been changed by a court.
___ My name previously was changed by court order from ________________________.
 to ___________________ on {date}
 by {court, city, and state} ____________________________________________.
 A copy of the court order is attached.
*349
___ My name previously was changed by marriage from _________________________
 to ___________________ on {date} _______________________________________,
 in {city, county, and state} ___________________________________________.
 A copy of the marriage certificate is attached.
___ I have never been known or called by any other name.
___ I have been known or called by the following other name(s):
 {list name(s) and explain where you were known or called by such name(s)}
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
8. Occupation
 My occupation is: _______________________________________________________
 I am employed at: {company and address} _________________________________
 During the past 5 years, I have had the following jobs:
 Dates (to/from) Employer and employer's address
 ________/_________ _____________________________________________
 ________/_________ _____________________________________________
 ________/_________ _____________________________________________
 ________/_________ _____________________________________________
 ________/_________ _____________________________________________
 ________/_________ _____________________________________________
 [] Check here if you are continuing these facts on an attached page.
9. Business
[√ one only]
___ I do not own and operate a business.
___ I own and operate a business. The name of the business is: _____________
 The street address is: __________________________________________________
 My position with the business is: _______________________________________
 I have been involved with the business since: {date} ___________________.
10. Profession
[√ one only]
___ I am not in a profession.
___ I am in a profession. My profession is: _______________________________.
 I have practiced this profession:
 Dates (to/from) Place and address
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 [] Check here if you are continuing these facts on an attached page.
11. Education
 I have graduated from the following school(s):
 Degree Date of
 Received Graduation School
 _______________ _______________ __________________________________________
 _______________ _______________ __________________________________________
 _______________ _______________ __________________________________________
 [] Cheek here if you are continuing these facts on an attached page.
12. Felony Convictions
*350
[√ one only]
___ I have not been convicted of a felony.
___ I was convicted of a felony on {date} ____________, in
 {city} _________________________________________________________________,
 {county} _______________________, {state} __________.
 [] Check here if you have been convicted of additional felonies, and explain on
 an attached page.
13. Bankruptcy
[√ one only]
___ I have never been adjudicated bankrupt.
___ I was adjudicated bankrupt on {date} _____________, in {city} __________,
 {city} _________________________________________________________________,
 {county} _______________________, {state} __________.
 [] Check here if you have had additional bankruptcies, and explain on an
 attached page.
14. Creditor(s)' Judgments
[√ one only]
___ I have never had a money judgment entered against me by a creditor.
___ The following creditor(s)' money judgment(s) have been entered against me:
 Date Amount Creditor Court entering judgment and case √ if Paid
 number
 ____ ______ ________ ________________________________ []
 ____ ______ ________ ________________________________ []
 ____ ______ ________ ________________________________ []
 ____ ______ ________ ________________________________ []
 [] Cheek here if you are continuing these facts on an attached page.
15. I have no ulterior or illegal purpose for filing this petition, and granting it will
 not in any manner invade the property rights of others, whether partnership,
 patent, good will, privacy, trademark, or otherwise.
16. My civil rights have never been suspended, or, if my civil rights have been
 suspended, they have been fully restored.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _____________________ _________________________________________
 Signature of Petitioner
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by _____________________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
*351
___ Produced identification
 Type of identification produced ____________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} _________________________, {city} ___________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
Form 12.982(f), Supp.
 ADULT SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME
 (FAMILY)
Case No.: _____________________________________________________________________
THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER
( ) HUSBAND ( ) WIFE:
1. My complete present name is:
 _________________________________________________________________________
 I request that my name be changed to:
 _________________________________________________________________________
2. I live in _____________________ County, Florida, at {street address} ____
 _________________________________________________________________________.
3. I was born on {date} ____________, in {city} __________________,
 {county} _________________________, {state} __________, {country} __________.
4. My father's full legal name: _______________________________________________
 My mother's full legal name: _______________________________________________
 My mother's maiden name: ___________________________________________________
5. I have lived in the following places since birth:
 Dates (to/from) Address
 ________/_________ _______________________________________________
 ________/_________ _______________________________________________
 ________/_________ _______________________________________________
 ________/_________ _______________________________________________
 ________/_________ _______________________________________________
 ________/_________ _______________________________________________
 ________/_________ _______________________________________________
 ________/_________ _______________________________________________
 ________/_________ _______________________________________________
 [] Check here if you are continuing these facts on an attached page.
6. Family
[√ all that apply]
___ a. I am not married.
___ b. I am married. My spouse's full legal name is: __________________________
___ c. I do not have child(ren).
___ d. The name(s), age(s), and address(es) of my child(ren) are as follows (all
 children, including those over 18, must be listed):
 ___________________________________ ____ _________________________________
 ___________________________________ ____ _________________________________
*352
 ___________________________________ ____ _________________________________
 ___________________________________ ____ _________________________________
 ___________________________________ ____ _________________________________
 [] Check here if you are continuing these facts on an attached page.
7. Former names
[√ all that apply]
___ My name has never been changed by a court.
___ My name previously was changed by court order from ______________________
 to ___________________ on {date} ________________________________________
 by {court, city, and state} ____________________________________________.
 A copy of the court order is attached.
___ My name previously was changed by marriage from _________________________
 to ___________________ on {date} ________________________________________
 in {city, county, and state} ___________________________________________.
 A copy of the marriage certificate is attached.
___ I have never been known or called by any other name.
___ I have been known or called by the following other name(s):
 {list name(s) and explain where you were known or called by such name(s)}
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
8. Occupation
 My occupation is: __________________________________________________________.
 I am employed at: {company and address} ___________________________
 ____________________________________________________________________________.
 During the past 5 years, I have had the following jobs:
 Dates (to/from) Employer and employer's address
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 [] Check here if you are continuing these facts on an attached page.
9. Business
[√ one only]
___ I do not own and operate a business.
___ I own and operate a business. The name of the business is: ____________.
 The street address is: _________________________________________________.
 My position with the business is: ______________________________________.
 I have been involved with the business since: {date} ___________________.
10. Profession
[√ one only]
___ I am not in a profession.
___ I am in a profession. My profession is: _______________________________.
 I have practiced this profession:
 Dates (to/from) Place and address
 ________/_________ _____________________________________________
 ________/_________ _____________________________________________
 ________/_________ _____________________________________________
 ________/_________ _____________________________________________
 ________/_________ _____________________________________________
 [] Check here if you are continuing these facts on an attached page.
*353
11. Education
 I have graduated from the following school(s):
 Degree Date of
 Received Graduation School
 _________ ______________ ______________________________________________
 _________ ______________ ______________________________________________
 _________ ______________ ______________________________________________
 [] Check here if you are continuing these facts on an attached page.
12. Felony Convictions
[√ one only]
___ I have not been convicted of a felony.
___ I was conviction of a felony on {date} ____________, in {city} _________,
 {county} _________________________, {state} __________.
 [] Check here if you have been convicted of additional felonies, and explain on
 an attached page.
13. Bankruptcy
[√ one only]
___ I have never been adjudicated bankrupt.
___ I was adjudicated bankrupt on {date } _________, in {city } ______,
 {county} _________________________, {state} __________.
 [] Check here if you have additional bankruptcies, and explain on an attached
 page.
14. Creditor(s)' Judgments
[√ one only]
___ I have never had a money judgment entered against me by a creditor.
___ The following creditor(s)' money judgment(s) have been entered against me:
 Date Amount Creditor Court entering judgment and case √ Paid
 number
 ____ ______ ________ ________________________________ []
 ____ ______ ________ ________________________________ []
 ____ ______ ________ ________________________________ []
 ____ ______ ________ ________________________________ []
 [] Cheek here if you are continuing these facts on an attached page.
15. I have no ulterior or illegal purpose for filing this petition, and granting it will
 not in any manner invade the property rights of others, whether partnership,
 patent, good will, privacy, trademark, or otherwise.
16. My civil rights have never been suspended, or, if my civil rights have been
 suspended, they have been fully restored.
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _____________________ _________________________________________
 Signature of Petitioner
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
*354
Sworn to or affirmed and signed before me on ________ by _____________________.
 _____________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 _____________________________________
 _____________________________________
 [Print, type, or stamp commissioned
 name of notary.]
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
CHILD SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME
 (FAMILY)
 Case No.: ______________________________
THE FOLLOWING INFORMATION IS TRUE ABOUT THE MINOR CHILD
# ______:
1. Minor child's complete present name is:
 ____________________________________________________________________________
 I/We request that this minor child's name be changed to:
 ____________________________________________________________________________
2. The minor child lives in __________ County, Florida, at {street address} ___
 ____________________________________________________________________________
3. The minor child was born on __________, in {city, county, state, country}
 ____________________________________________________________________________
4. The minor child's father's full legal name: ________________________________
 The minor child's mother full legal name: __________________________________
 The minor child's mother's maiden name: ____________________________________
5. The minor child has lived in the following places since birth:
 Dates (to/from) Address
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 ________/_________ ________________________________________________
 [] Check here if you are continuing these facts on an attached page.
6. [√ one only]
___ The minor child is not married.
___ The minor child is married to: {full legal name} _______________________.
7. [√ one only]
*355
___ The minor child has no children.
___ The minor child is the parent of the following child(ren): {enter full name(s) and
 date(s) of birth} __________________________________________________________
 _____________________________________________________________________________________.
8. Former names
[√ all that apply]
___ The minor child's name has never been changed by court order.
___ The minor child's name previously was changed by court order from _______
 __________ to _____________________ on {date} __________________________
 by {court, city, and state} ____________________________________________.
 A copy of the court order is attached.
PETITIONER(S) MUST INITIAL HERE ______
___ The minor child's name previously was changed by marriage from __________
 __________ to _____________________ on {date} __________________________,
 in {city, county, and state} ___________________________________________.
___ The minor child has never been known or called by any other name.
___ The minor child has been known or called by the following other name(s):
 {list name(s) and explain where child was known or called by such
 name(s)} ____________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
9. The minor child is not employed in an occupation or profession, does not own
 and operate a business, and has received no educational degrees. If the minor
 child has a job, explain: __________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
10. Felony Convictions.
[√ one only]
___ The minor child has never been convicted of a felony.
___ The minor child was convicted of a felony on {date} ___________, in {city}
 _________________________________________________________________________,
 {county} _______________, {state} ________.
11. Money Judgments.
[√ one only]
___ The minor child has never been adjudicated bankrupt, and no money judgment
 has ever been entered against him or her.
___ The following money judgment(s) has been entered against him or her:
 Date Amount Creditor Court entering judgment and case √ if Paid
 number
 ____ ______ ________ ________________________________ []
 ____ ______ ________ ________________________________ []
PETITIONER(S) MUST INITIAL HERE ______
Form 12.982(g)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
IN RE: THE NAME CHANGE OF
*356
_____________________________________
 Petitioner/Father,
_____________________________________
 Petitioner/Mother.
 FINAL JUDGMENT OF CHANGE OF NAME (FAMILY)
 This cause came before the Court on {date} __________________, for a hearing
on Petition for Change of Name under section 68.07, Florida Statutes, and it
appearing to the Court that:
1. Petitioners are bona fide residents of _________________ County, Florida.
2. ___ Petitioners are the parents of the minor child(ren) named in the petition;
 ___ Petitioner is the parent of the minor child(ren) named in the petition, and
 the other parent has been properly notified and has either consented or
 failed to respond;
 ___ Other: ________________________________________________________________
 _______________________________________________________________________;
3. Petitioner's request is not for any ulterior or illegal purpose and;
4. granting this petition will not in any manner invade the property rights of
 others, whether partnership, patent, good will, privacy, trademark, or otherwise;
 it is
 ORDERED that the
present name(s) be changed to
(1) _______________________________ (1) _______________________________
(2) _______________________________ (2) _______________________________
(3) _______________________________ (3) _______________________________
(4) _______________________________ (4) _______________________________
(5) _______________________________ (5) _______________________________
(6) _______________________________ (6) _______________________________
by which they shall hereafter be
known.
 ORDERED ON__________________________.
 _________________________________________
 CIRCUIT JUDGE
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(a), PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF

When should this form be used?
This form should be used by a birth mother or father to ask the court to establish paternity, custody, visitation, and/or child support of a minor child or children. This means that you are trying to legally establish who is the father of the child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the respondent of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. However, if constructive service is used, the court may only grant limited relief. You should seek legal advice *357 on constructive service in a paternity case. For more information see chapter 49, Florida Statutes, or you may contact Child Support Enforcement at the Florida Department of Revenue if you need assistance with your case.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure, completed the scientific paternity testing, if necessary, and filed all of the required papers. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Family Law Form 12.983(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Special notes ...
More than one child of the same alleged father may be listed on a single petition. However, if you are filing a paternity action involving more than one possible father, a separate petition must be filed for each alleged father.
If the respondent files an answer denying that the person named in the petition is the child(ren)'s father, one of you should file a Motion for Scientific Paternity Testing, Florida Family Law Form 12.983(e). This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.
If the father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a on this form.
If the paternity of a child who was conceived or born during a marriage is at issue, the court may appoint a guardian ad litem to assist the court in this matter and to protect the rights of child.
With this petition, you must file the following and provide a copy to the other party:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f).
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days if not filed with the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days, if not filed with the petition, unless you and the other party *358 have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been filed.)
 Affidavit of Indigency, Florida Family Law Form 12.901(c), if you are requesting that filing fees be waived.
Child Custody ... The judge will decide the parenting arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor or dependent child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Rotating Custody
 Primary residence
 Secondary Residential Responsibility
 Reasonable visitation
 Specified visitation
 Supervised visitation
 No Contact
Many circuits require that parents of a minor or dependent child(ren) who are involved in divorce or paternity actions attend a parenting course and/or mediation before being allowed to schedule a final hearing. You should check with your local clerk of court's office, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments ... These family law forms contain a Final Judgment of Paternity, Florida Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last *359 page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
 Petitioner, {full legal name} ________________________________________, being
sworn, certifies that the following information is true:
 This is an action for paternity and to determine custody, parental responsibility,
and child support under chapter 742, Florida Statutes.
SECTION I.
1. Petitioner is the ( ) mother ( ) father of the following minor child(ren):
 NAME Place of Birth Birth date Sex
 (1) ___________________________ ____________________ ______________ _______
 (2) ___________________________ ____________________ ______________ _______
 (3) ___________________________ ____________________ ______________ _______
 (4) ___________________________ ____________________ ______________ _______
 (5) ___________________________ ____________________ ______________ _______
 (6) ___________________________ ____________________ ______________ _______
2. Petitioner currently lives at: {street address, city, state} ____________
 _________________________________________________________________________.
3. Respondent currently lives at: {street address, city, state} ____________
 _________________________________________________________________________.
4. Both parties are over the age of 18, and neither is, nor has been within a 30-day
 period immediately prior to this date, a person in the military service of
 the United States as defined by the Amended Sailors' and Soldiers' Civil Relief
 Act of 1940.
5. Neither Petitioner nor Respondent is mentally incapacitated.
6. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, G
 Florida Family Law Form 12.901(f), is filed with this petition.
7. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901, is filed with this petition.
8. A completed Financial Affidavit, Florida Family Law form 12.901(d) or
 (e), is, or will be, filed.
9. Paternity Facts.
*360
[√ one only]
___ a. Paternity has previously been established as a matter of law.
___ b. The parties engaged in sexual intercourse with each other in the month(s) of
 {list month(s) and year(s)} ____________________________________________,
 at {city and state} ____________________________________________________.
 As a result of the sexual intercourse, ( ) Petitioner ( ) Respondent conceived
 and gave birth to the minor child(ren) named in paragraph 1.( ) Petitioner ( )
 Respondent is the natural father of the minor child(ren). The mother ( ) was
 ( ) was not married at the time of the conception and/or birth of the minor
 child(ren) named in paragraph 1. If the mother was married, the name and
 address of her husband at the time of conception and/or birth is: _______
 ____________________________________________________________________________.
SECTION II. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND
VISITATION
1. The minor child(ren) currently reside(s) with ( ) Mother ( ) Father ( ) Other:
 {explain} _______________________________________________________________
 _________________________________________________________________________.
2. Parental Responsibility. It is in the child(ren)'s best interests that parental
 responsibility be:
[√ one only]
___ a. shared by both Father and Mother.
___ b. awarded solely to ( ) Father ( ) Mother. Shared parental responsibility
 would be detrimental to the child(ren) because: _________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________.
3. Primary Residential Parent (Custody). It is in the best interests of the
 child(ren) that the primary residential parent be ( ) Father ( ) Mother ( )
 undesignated ( ) rotating because __________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________.
4. Visitation or Time Sharing. Petitioner requests that the Court order
[√ all that apply]
___ a. no visitation.
___ b. limited visitation.
___ c. supervised visitation.
___ d. supervised or third-party exchange of child(ren).
___ e. visitation or time sharing as determined by the Court.
___ f. a visitation or time sharing schedule as follows:
Explain the requested visitation or time sharing schedule: _______________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
Explain why this schedule is in the best interests of the child(ren): ____________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
Has the above visitation or time sharing schedule been agreed to by the parties? ( )
yes ( ) no
5. The minor child(ren) should
*361
[√ only one]
___ a. retain his/her (their) present name(s)
___ b. receive a change of name as follows:
 present name(s) be changed to
 (1) _________________________________ (1) ________________________________
 (2) _________________________________ (2) ________________________________
 (3) _________________________________ (3) ________________________________
 (4) _________________________________ (4) ________________________________
 (5) _________________________________ (5) ________________________________
 (6) _________________________________ (6) ________________________________
SECTION III. CHILD SUPPORT
[√ all that apply]
___ 1. Petitioner requests that the Court award child support as determined by
 Florida's child support guidelines, section 61.30, Florida Statutes. A completed
 Child Support Guidelines Worksheet, Florida Family Law Form
 12.901(g), is, or will be, filed. Such support should be ordered retroactive to
 [√ one only]
 ___ a. the date of birth of the child.
 ___ b. the date of the filing of this petition.
 ___ c. other: {date} ___________________________. {Explain} ____________
 ______________________________________________________________________.
___ 2. Petitioner requests that the Court award a child support amount that is
 more than or less than Florida's child support guidelines. Petitioner understands
 that a Motion to Deviate from Child Support Guidelines, Florida
 Family Law Form 12.943, must be completed before the Court will consider
 this request.
___ 3. Petitioner requests that medical/dental insurance coverage for the minor
 child(ren) be provided by:
 [√ one only]
 ___ a. Father.
 ___ b. Mother.
___ 4. Petitioner requests that uninsured medical/dental expenses for the child(ren)
 be paid by:
 [√ one only]
 ___ a. Father.
 ___ b. Mother.
 ___ c. Father and Mother each pay one-half.
 ___ d. Father and Mother each pay according to the percentages in the Child
 Support Guidelines Worksheet, Florida Family Law Form
 12.901(g).
 ___ e. Other {explain}: _______________________________________________
 ______________________________________________________________________.
 ___________________________________________________________________.
___ 5. Petitioner requests that life insurance to secure child support be provided
 by:
 [√ one only]
 ___ a. Father.
 ___ b. Mother.
 ___ c. Both.
___ 6. ( ) Petitioner ( ) Respondent ( ) Both has (have) incurred medical expenses
 in the amount of $__________ on behalf of the minor child(ren), including
 hospital and other expenses incidental to the birth of the minor child(ren).
 There should be an appropriate allocation or apportionment of these expenses.
*362
___ 7. ( ) Petitioner ( ) Respondent ( ) Both has (have) received past public
 assistance for this (these) minor child(ren).
PETITIONER'S REQUEST
1. Petitioner requests a hearing on this petition and understands that he or she
 must attend the meeting.
2. Petitioner requests that the Court enter an order that:
[√ all that apply]
___ a. establishes paternity of the minor child(ren), ordering proper scientific
 testing, if necessary;
___ b. establishes parental responsibility, custody, and visitation of the minor
 child(ren);
___ c. awards child support, including medical/dental insurance coverage for the
 minor child(ren);
___ d. determines the appropriate allocation or apportionment of all expenses
 incidental to the birth of the child(ren), including hospital and medical expenses;
___ e. determines the appropriate allocation or apportionment of all other past,
 present, and future medical and dental expenses incurred or to be incurred on
 behalf of the minor child(ren);
___ f. enters an appropriate Income Deduction Notice with regard to the periodic
 child support and, if applicable, the medical/dental insurance coverage for the
 minor chnd(ren);
___ g. changes the child(ren)'s name(s):
___ h. other relief as follows: ________________________________________________
 ____________________________________________________________________________
 __________________________________________________________________; and
 grants such relief as may be appropriate and in the best interests of the minor
 child(ren).
 I understand that I am swearing and affirming under oath to the truthfulness
of the claims made in this petition and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _____________________
 ____________________________________________
 Signature of Petitioner
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ________________________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ____________________________
*363
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
 I, {full legal name and trade name of nonlawyer} ___________________________,
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(b), ANSWER TO PETITION TO DETERMINE PTERNITY AND FOR RELATED RLIEF

When should this form be used?
This form should be used when you are responding to a petition to determine paternity. You may use this form to admit or deny the allegations contained in the petition. However, if you wish to ask the court for things not included in the petition, such as custody, visitation, or child support, you should file an Answer to Petition and Counterpetition to Determine Paternity and for Related Relief, Florida Family Law Form 12.983(c).
This form should be typed or printed in black ink. After completing this form, you should sign this form before a notary public. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
If you deny that the person named in the petition is the child(ren)'s father, a Motion for Scientific Paternity Testing, Florida Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.
You have 20 days to file an answer to the other party's petition. A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED ... This case is uncontested if you and the petitioner agree on all issues raised in the petition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... This case is contested if you and the other party disagree on any issues raised in the petition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Special notes ...
With this answer, you must file the following and provide a copy to the other party:
 Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family Law Form 12.901(f).
 Notice of Social Security Number, Florida Family Law Form 12.901(j).
 Financial Affidavit, Florida Family Law Form 12.901(d) or (e). (This must *364 be filed within 45 days of the service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Form 12.932. (This must be filed within 45 days of the service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). (If you do not know the other party's income, you may file this form after the other party files his or her financial affidavit.)
Many circuits require completion of a parenting course or mediation before being allowed to schedule a final hearing. You should check with your local clerk, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Child Custody ... The judge will decide the parenting arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is being served. For more information, you may consult sections 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Rotating Custody
 Primary residence
 Secondary Residential Responsibility
 Reasonable visitation
 Specified visitation
 Supervised visitation
 No contact
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments ... These family law forms contain a Final Judgment of Paternity, Florida Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and *365 telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 ANSWER TO PETITION TO DETERMINE PATERNITY
 AND FOR RELATED RELIEF
 I, {full legal name} ___________________________________________, Respondent,
being sworn, certify that the following information is true:
1. I agree with Petitioner as to the allegations raised in the following numbered
 paragraphs in the Petition and, therefore, admit those allegations: {indicate
 section and paragraph number} ___________________________________________
 ________________________________________________________________________.
2. I disagree with Petitioner as to the allegations raised in the following
 numbered paragraphs in the Petition and, therefore, deny those issues:
 {indicate section and paragraph number} _________________________________
 ___________________________________________________________________________.
3. I currently an unable to admit or deny the following paragraphs due to lack of
 information: {indicate section and paragraph number} ____________________
 ___________________________________________________________________________.
4. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, 
 Florida Family Law Form 12.901(f), is filed with this petition.
5. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this petition.
6. A completed Financial Affidavit, Florida Family Law Form 12.901(d) or
 (e), is, or will be, filed.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} ____________.
Petitioner or his/her attorney:
Name:_________________________________
Address:______________________________
City, State, Zip: ____________________
Fax Number: __________________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this answer and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
*366
Dated: _____________________ _________________________________________
 Signature of Respondent
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ________________________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ____________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________,
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(c), ANSWER TO PETITION AND COUNTERPETTION TO DETERMINE PATERNITY AND FOR RELATED RELIEF

When should this form be used?
This form should be used when you are responding to a petition to determine paternity and asking the court for something different than what was in the petition, such as custody, visitation, and child support. The answer is used to admit or deny the allegations contained in the petition, and the counterpetition is used to ask for whatever you want the court to do for you. The other party has 20 days to answer your counterpetition after being served with your counterpetition.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
You have 20 days to file an answer or answer and counterpetition to the other party's petition. A copy of this form, along with all of the other forms required with this answer and counterpetition, must be mailed or hand delivered to the other party in your case. If you deny that the person named in the petition is the child(ren)'s father, a Motion for Scientific Paternity Testing, Florida Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.
After you file an answer and counterpetition, the case will then generally proceed as follows:
*367 UNCONTESTED ... This case is uncontested if you and the other party agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... This case is contested if you and the other party disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" for some basic information. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Special notes ...
If the child(ren)'s father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a of the counterpetition part of this form.
With this answer, you must file the following:
 Uniform Child Custody Jurisdiction Act Affidavit,  Florida Family Law Form 12.901(f).
 Notice of Social Security Number, Florida Family Law Form 12.901.
 Financial Affidavit,  Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the petition on you if not filed with this answer.)
 Certificate of Compliance with Mandatory Disclosure,  Florida Family Law Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed with this answer, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been filed.)
Many jurisdictions may require the completion of a parenting course or mediation before a final hearing may be set. You should contact the office of your local clerk of court, family law intake staff, or the judicial assistant about requirements for parenting courses or mediation where you live.
Child Custody ... The judge will decide the parenting arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is being served. For more information, you may consult section 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Rotating Custody
 Primary residence
 Secondary Residential Responsibility
*368  Reasonable visitation
 Specified visitation
 Supervised visitation
 No contact
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments ... These family law forms contain a Final Judgment of Paternity, Florida Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner/Counterrespondent,
 and
_____________________________________,
 Respondent/Counterpetitioner,
 ANSWER TO PETITION AND COUNTERPETITION
 TO DETERMINE PATERNITY AND FOR RELATED RELIEF
 I, {full legal name} ___________________________________________, Respondent,
being sworn, certify that the following information is true:
 ANSWER TO PETITION
1. I agree with Petitioner as to the allegations raised in the following numbered
 paragraphs in the Petition and, therefore, admit those allegations: {indicate
 section and `paragraph number} __________________________________________
 ___________________________________________________________________________.
*369
2. I disagree with Petitioner as to the allegations raised in the following numbered
 paragraphs in the Petition and, therefore, deny those issues: {indicate
 section and paragraph number} ___________________________________________
 _________________________________________________________________________.
3. I currently am unable to admit or deny the following paragraphs due to lack of
 information: {indicate section and paragraph number} ____________________
 ___________________________________________________________________________.
 COUNTERPETITION TO DETERMINE PATERNITY
 AND FOR RELATED RELIEF
SECTION I. PATERNITY
1. Respondent is the ( ) mother ( ) father of the following minor child(ren):
 NAME Place of Birth Birth date Sex
 (1) ___________________________ ____________________ ______________ _______
 (2) ___________________________ ____________________ ______________ _______
 (3) ___________________________ ____________________ ______________ _______
 (4) ___________________________ ____________________ ______________ _______
 (5) ___________________________ ____________________ ______________ _______
 (6) ___________________________ ____________________ ______________ _______
2. Petitioner currently lives at: {street address, city, state} ____________
 ____________________________________________________________________________.
3. Respondent currently lives at: {street address, city, state} ____________
 ___________________________________________________________________________.
4. Both parties are over the age of 18, and neither is, nor has been within a 30
 day period immediately prior to this date, a person in the military service of
 the United States as defined by the Amended Sailors' and Soldiers' Civil Relief
 Act of 1940.
5. Neither Petitioner nor Respondent is mentally incapacitated.
6. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, 
 Florida Family law Form 12.901(f), is filed with this counterpetition.
7. A completed Notice of Social Security Number, Florida Family Law
 Form 12.901(j), is filed with this counterpetition.
8. A completed Financial Affidavit, Florida Family Law Form 12.901(d) or
 (e), is, or will be, filed.
9. Paternity Facts.
[√ one only]
___ a. Paternity has previously been established as a matter of law.
___ b. the parties engaged in sexual intercourse with each other in the month(s) of
 {list month(s) and year(s)} _____________________________________________,
 at {city and state} ____________________________________________________.
 As a result of the sexual intercourse, ( ) Petitioner ( ) Respondent conceived
 and gave birth to the minor child(ren) named in paragraph l.( ) Petitioner ( )
 Respondent is the natural father of the minor child(ren). The mother ( ) was
 ( ) was not married at the time of the conception and/or birth of the minor
 child(ren) named in paragraph 1. If the mother was married, the name and
 address of her husband at the time of conception and/or birth is: _______
 _________________________________________________________________________.
SECTION II. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND
VISITATION
*370
1. The minor child(ren) currently reside(s) with ( ) Mother ( ) Father ( ) Other:
 { explain} ______________________________________________________________
 ___________________________________________________________________________.
2. Parental Responsibility. It is in the child(ren)'s best interest that parental
 responsibility be:
 [√ one only]
___ a. shared by both Father and Mother.
___ b. awarded solely to ( ) Father ( ) Mother. Shared parental responsibility
 would be detrimental to the child(ren) because: ____________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ___________________________________________________________________________.
3. Primary Residential Parent (Custody). It is in the best interests of the
 child(ren) that the primary residential parent be ( ) Father ( ) Mother
 ( ) undesignated ( ) rotating because ______________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ___________________________________________________________________________.
4. Visitation or Time Sharing. Respondent requests that the Court order:
[√ all that apply]
___ a. no visitation.
___ b. limited visitation.
___ c. supervised visitation.
___ d. supervised or third-party exchange of child(ren).
___ e. visitation or time sharing as determined by the Court.
___ f. a visitation or time sharing schedule as follows:
 Explain the requested visitation or time sharing schedule: ____________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 Explain why this request is in the best interests of the child(ren): _______
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
Has the above visitation or time sharing schedule been agreed to by the parties?
( ) yes ( ) no
5. The minor child(ren) should
 [√ only one]
___ a. retain his/her (their) present name(s).
___ b. receive a change of name as follows:
 present name(s) be changed to
 (1) _________________________________ (1) ________________________________
 (2) _________________________________ (2) ________________________________
 (3) _________________________________ (3) ________________________________
 (4) _________________________________ (4) ________________________________
 (5) _________________________________ (5) ________________________________
 (6) _________________________________ (6) ________________________________
SECTION III. CHILD SUPPORT
[√ all that apply]
*371
___ 1. Respondent requests that the court award child support as determined by
 Florida's child support guidelines, section 61.30, Florida Statutes. A completed
 Child Support Guidelines Worksheet, fj Florida Family Law Form
 12.901(g), is, or will be, filed. Such support should be ordered retroactive to:
 [√ one only]
___ a. the date of birth of the child.
___ b. the date of the filing of this petition.
___ c. other: {date} ______________ {Explain} ________________________
 ____________________________________________________________________________
___ 2. Respondent requests that the Court award a child support amount that is
 more than or less than Florida's child support guidelines. Respondent understands
 that a Motion to Deviate form Child Support Guidelines, Florida
 Family Law Form 12.943, must be completed before the Court will consider
 this request.
___ 3. Respondent requests that medical/dental insurance coverage for the minor
 child(ren) be provided by:
 [√ one only]
 ___ a. Father.
 ___ b. Mother.
___ 4. Respondent requests that uninsured medical/dental expenses for the
 child(ren) be paid by:
 [√ one only]
 ___ a. Father.
 ___ b. Mother.
 ___ c. Father and Mother each pay one-half.
 ___ d. Father and Mother each pay according to the percentages in the Child
 Support Guidelines Worksheet, Florida Family Law Form
 12.901(g).
 ___ e. Other {explain}: ________________________________________________
 ____________________________________________________________________________
 ___________________________________________________________________________.
___ 5. Respondent requests that life insurance to secure child support be provided
 by:
 [√ one only]
 ___ a. Father.
 ___ b. Mother.
 ___ c. Both.
___ 6. ( ) Petitioner ( ) Respondent ( ) both has (have) incurred medical expenses
 in the amount of $______ on behalf of the minor child(ren), including hospital
 and other expenses incidental to the birth of the minor child(ren). there should
 be an appropriate allocation or apportionment of these expenses.
___ 7. ( ) Petitioner ( ) Respondent ( ) Both has (have) received past public
 assistance for this (these) minor child(ren).
RESPONDENT'S REQUEST
1. Respondent requests a hearing on this petition and understands that he or she
 must attend the hearing.
2. Respondent requests that the Court enter an order that:
[√ all that apply]
___ a. establishes paternity of the minor child(ren), ordering proper scientific
 testing, if necessary;
___ b. establishes parental responsibility, custody, and visitation of the minor
 child(ren);
*372
___ c. awards child support, including medical/dental insurance coverage, for the
 minor child(ren);
___ d. determines the appropriate location or apportionment of all expenses
 incidental to the birth of the child(ren), including hospital and medical expenses;
___ e. determines the appropriate a location or apportionment of all other past,
 present, and future medical and dental expenses incurred or to be incurred on
 behalf of the minor child(ren);
___ f. enters an appropriate Income Deduction Notice with regard to the periodic
 child support and, if applicable, the medical/dental insurance coverage for the
 minor child(ren);
___ g. changes the child(ren)'s name(s); and
___ h. other relief as follows: ________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ___________________________________________________________________________;
 and grants such other relief as may be appropriate and in the best interests of
 the minor child(ren).
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this answer and counterpetition and that the punishment
for knowingly making a false statement includes fines and/or imprisonment.
Dated: _____________________
 _________________________________________
 Signature of Respondent/Counter-petitioner
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ________________________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ____________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________,
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.

*373 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(d), ANSWER TO COUNTERPETITION

When should this form be used?
This form may be used by a petitioner to respond to the respondent`s counterpetition in a paternity case. You may use this form to admit or deny the allegations contained in the respondent's counterpetition.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
If the respondent has denied that the person named in the petition is the father of the child(ren) and requested a scientific paternity test, you must now wait until the test is complete. You should then proceed according to the instructions in Petition to Determine Paternity and for Related Relief, Florida Family Law Form 12.983(a).

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR _________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner/Counterrespondent,
 and
_____________________________________,
 Respondent/Counterpetitioner,
 ANSWER TO COUNTERPETITION
 I, {full legal name} _________________________, Petitioner/Counterrespondent,
being sworn, certify that the following information is true:
1. I agree with Petitioner as to the allegations raised in the following numbered
 paragraphs in the Petition and, therefore, admit those allegations: {indicate
 section and paragraph number} ___________________________________________
 ___________________________________________________________________________.
2. I disagree with petitioner as to the allegations raised in the following
 numbered paragraphs in the Petition and, therefore, deny those issues:
 {indicate section and paragraph number} _________________________________
 ___________________________________________________________________________.
*374
3. I currently am unable to admit or deny the following paragraphs due to lack of
 information: {indicate section and paragraph number} ____________________
 ___________________________________________________________________________.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} ____________.
Respondent or his/her attorney:
Name: ________________________________
Address: _____________________________
City, State, Zip: ____________________
Fax Number: __________________________
 I understand that I am swearing or affirming under oath to the truthfulness
of the claims made in this answer and that the punishment for knowingly
making a false statement includes fines and/or imprisonment.
Dated: _____________________
 _________________________________________
 Signature of Respondent/Counterrespondent
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on ________ by ________________________.
 ________________________________________
 NOTARY PUBLICSTATE OF
 FLORIDA
 ________________________________________
 [Print, type, or stamp commissioned
 name of notary.]
___ Personally known
___ Produced identification
 Type of identification produced ____________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________,
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(e), MOTION FOR SCIENTIFIC PATERNITY TESTING

When should this form be used?
This form should be used when the mother or alleged father wants the court to order a scientific paternity test to determine the paternity of a minor child(ren). This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

*375 What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
When you have filed this motion, you are ready to set a hearing on this motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form. A copy of this motion and the Notice of Hearing must be mailed or hand delivered to the other party in your case.

Where can I look for more information?
Before proceeding, you should read "General Information for Pro Se Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Special notes ...
These family law forms contain an Order on Motion for Scientific Paternity Testing, Florida Family Law Form 12.983(f), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 MOTION FOR SCIENTIFIC PATERNITY TESTING
( ) Petitioner ( ) Respondent certifies that the following information is true:
1. At this time, other than testimony, very little or no substantial proof of
 paternity or nonpaternity is available in this action.
2. I request, under section 742.12, Florida Statutes, that the Court enter an order
 for appropriate scientific testing of the biological samples of Petitioner and
 Respondent and the minor child(ren) listed below, so that a determination of
 paternity of the minor child(ren) can be made to a reasonable degree of
 medical certainty:
 Name Birth date
 (1) ________________________________________________________________________
*376
 (2) ________________________________________________________________________
 (3) ________________________________________________________________________
 (4) ________________________________________________________________________
 (5) ________________________________________________________________________
 (6) ________________________________________________________________________
3. I request that the costs of the scientific testing initially be borne by ( )
 Petitioner ( ) Respondent ( ) both Petitioner and Respondent.
 I certify that a copy of this document was [√ one only] ( ) mailed ( ) faxed and
mailed ( ) hand delivered to the person(s) listed below on {date} _____________
( ) Petitioner ( ) Respondent or his/her attorney:
Name: ____________________________________________
Address: _________________________________________
City, State, Zip: ________________________________
Fax Number: ______________________________________
Dated: _____________________ _________________________________________
 Signature of Respondent
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST
FILL IN THE BLANKS BELOW: [ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________.
a nonlawyer, located at {street} __________________, {city} _________,
{state} __________, {phone} _________________, helped {name} _________________,
who is the [√ one only] ___ petitioner, or ___ consenting parent, fill out this form.
Form 12.983(f)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: ______________________________
 Division: ______________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 ORDER ON MOTION FOR SCIENTIFIC PATERNITY TESTING
 This cause having come to be heard on {date} ____________, upon a motion/stipulation
for scientific paternity testing, and the Court having been fully advised in the
premises, it is therefore FOUND:
1. That the Court has jurisdiction over the parties and subject matter of this
 action.
2. [√ one only]
___ a. That the natural mother of the dependent child(ren) at issue was not
 married to any individual at the time of conception or birth of the child(ren).
*377
___ b. That the natural mother of the dependent child(ren) at issue was married to
 an individual other than the alleged father at the time of conception or birth of
 said child(ren); however, a court order has determined that said individual is
 not the child(ren)'s father.
 It is therefore ORDERED:
1. The above motion is GRANTED:
2. Petitioner, Respondent, and the minor child(ren) shall appear for the purpose
 of appropriate scientific paternity testing:
[√ one only]
___ a. immediately.
___ b. at ___ a.m./p.m. on {date} ___at {location} _________________.
___ c. at a time and place to be specified by the Florida Department of Revenue.
 Appropriate scientific paternity testing on Petitioner, Respondent, and the
 minor child(ren) shall be in {city} ________________, Florida, with at least 30
 days advance written notice. If the Florida Department of Revenue fails to
 notify the party(ies), the party(ies) shall contact the Florida Department of
 Revenue for further instructions.
3. The costs of the scientific paternity testing shall be assessed ( ) at a later date
 ( ) against Petitioner ( ) against Respondent ( ) Other {explain)} ______.
4. The test results, together with the opinions and conclusions of the test
 laboratory, shall be filed with the Court. Any objection to the test results
 must be made in writing and must be filed with the Court at least 10 days
 before the hearing. If no objection is filed, the test results shall be admitted
 into evidence with no further predicate. Nothing in this paragraph prohibits a
 party from calling an outside expert witness to refute or support the testing
 procedure or results or the mathematical theory on which they are based.
5. Test results are admissible in evidence and should be weighed along with other
 evidence of the paternity of the alleged father unless the statistical probability
 of paternity equals or exceeds 95 percent. A statistical probability of 95
 percent or more creates a rebuttable presumption that the alleged father is the
 biological father of the child(ren). If the party fails to rebut the presumption
 of paternity, the Court may enter a summary judgment of paternity. If the
 test results show the alleged father cannot be the biological father, the case
 shall be dismissed with prejudice.
6. The Court reserves jurisdiction over the parties and the subject matter of this
 action to enforce the terms and provisions of this and all previous orders as
 well as to enter such other orders as may be just.
 ORDERED on ______________________.
 _________________________________________
 CIRCUIT JUDGE
Copies to:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
___Other:_____________________________________.
 I CERTIFY the foregoing is a true and correct copy of the original as it appears
on file in the office of the Clerk of the Circuit Court of ______ Florida, and that I
have furnished copies of this order as indicated above.
 CLERK OF THE CIRCUIT COURT
(SEAL)
*378
 By: _____________________________________
 Deputy Clerk
Form 12.983(g)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 FINAL JUDGMENT OF PATERNITY
 This cause came before the Court upon a Petition to Determine Paternity and for
Related Relief, under chapter 742, Florida Statutes. The Court having reviewed the
file and heard the testimony, makes these findings of fact and reaches these
conclusions of law:
1. The Court has jurisdiction of the subject matter and the parties.
2. Paternity. [√ one only] ( ) By operation of law, ( ) The Court finds that {full
 legal name} _____________________________________________________________,
 is the natural and biological father of the minor child(ren), listed below:
 The parties' dependent or minor child(ren) is:
 Name Birth date
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION I. CUSTODY OF AND VISITATION WITH DEPENDENT OR MINOR
CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine custody of and visitation
 with the parties' minor child(ren) listed in paragraph 2 above.
2. Parental Responsibility for the Minor Child(ren).
[√ one only]
___ a. Not adjudicated. Since no request for relief was made in this action,
 parental responsibility of the minor child(ren) is governed by sections 742.031
 and 744.301, Florida Statutes.
___ b. The parties shall have shared parental responsibility for the parties' minor
 child(ren). ( ) Mother ( ) Father shall have primary residential responsibility
 of the minor child(ren) and the other parent shall have secondary residential
 responsibility, as set forth in paragraph 3 below. Or The primary residential
 parent shall be ( ) undesignated ( ) rotating with time sharing for the
 ( ) Mother ( ) Father as set forth in paragraph 4 below.
___ c. ( ) Mother ( ) Father shall have sole parental responsibility for the
 parties' minor child(ren). Shared parental responsibility would be detrimental
 to the child(ren) at this time because: ____________________________________
*379
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 The other parent shall have visitation with the parties' minor child(ren) as set
 forth in paragraph 3 below.
3. Secondary Residential Responsibility, Visitation or Time Sharing with
 Minor Child(ren). The parent granted secondary residential responsibility,
 visitation, or time sharing shall have:
[√ one only]
___ a. reasonable visitation or time sharing with the parties' minor child(ren)
 after reasonable notice and as agreed to by the parties, subject to any
 limitations in paragraph 5 below. The Court reserves jurisdiction to set a
 specific schedule.
___ b. the following specified visitation or time sharing with the parties' minor
 child(ren), subject to any limitations set out in paragraph 5 below: {specify
 days and times}________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ c. no contact with the parties' minor child(ren) until further order of the
 Court, due to the existing conditions that are detrimental to the welfare of the
 minor child(ren) {explain} ______________________________________________
 _______________________________________________________________________________
 ____________________________________________________________________________
4. Limitations on Parental Responsibility, Visitation and Time Sharing.
 Neither parent shall take the child(ren) from the custody of the other parent
 or any child care provider or other person entrusted by the other parent with
 the care of the child(ren) without the agreement of the other parent during the
 other parent's time of parental responsibility or visitation. The above reasonable
 (paragraph 3.a. above) or specified (paragraph 3.b. above) visitation shall
 be:
[√ if applies]
___ a. supervised by a responsible adult who is mutually agreeable to the parties.
 If the parties cannot agree, the supervising adult shall be: {name} _____
 _____________.
___ b. at the supervised visitation center located at: {address} __________
 ____________________________________________________________________________
 and shall be subject to the available times and rules of the supervised visitation
 center. The cost of such visits shall be paid by ( ) Mother ( ) Father ( ) Both.
5. Communication Arrangements for Secondary Parenting, Visitations, and
 Time Sharing with Child(ren).
[√ if applies]
___ The parties' communications to arrange visitation or time sharing and discuss
 issues relating to the child(ren) (if shared parenting or visitation is provided in
 paragraph 2 above) are restricted as follows: ( ) telephone, ( ) fax, e-mail, or
 letter, ( ) A responsible person shall coordinate the visitation or time sharing
 arrangements of the minor child(ren). If the parties cannot agree, the
 responsible person shall be: {name} _____________________________________
 ( ) other conditions for arrangements or discussions: {explain} ________
 ____________________________________________________________________________
*380
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
6. Exchange of Minor Child(ren). The exchange of the minor child(ren) shall
 be on time as scheduled and as agreed to by the parties. The following
 conditions, if checked below, shall also apply.
[√ all that apply]
___ a. The parties shall exchange the child(ren) at the following location(s): ___
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
___ b. The parent granted secondary parenting, visitation, or time sharing shall not
 get out of the vehicle, and the other parent shall not approach the vehicle,
 during the time the child(ren) are exchanged.
___ c. A responsible person shall conduct all exchanges of the child(ren). Neither
 parent shall accompany the responsible person when that person is transferring
 the child(ren) from one parent to the other. If the parties' cannot agree,
 the responsible person shall be: {name} _________________________________
___ d. Other conditions for exchange of the child(ren) are as follows: ______
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
7. Injunction Prohibiting Removing the Child(ren). The Court hereby prohibits
 and enjoins the ( ) Mother ( ) Father ( ) Both from permanently
 removing the minor child(ren) from the ( ) State of Florida ( ) {specify}
 _________________________________________________________________________
 _________________________________________________________________________
 without a court order or the written consent of the other party.
8. Other Provisions Relating to the Minor Child(ren).
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION II. CHILD SUPPORT
1. The Court finds that there is a need for child support and that the ( ) Mother
 ( ) Father (hereinafter Obligor) has the present ability to pay child support.
 The amounts in the Child Support Guidelines Worksheet, Florida Family
 Law Form 12.901(g), filed by the ( ) Mother ( ) Father are correct OR the
 Court makes the following findings: The Mother's net income of $_________,
 (Child Support Guidelines ___%). The Father's net income is $____________,
 (Child Support Guidelines ___%). Monthly child care costs are $__________.
 Monthly health/dental insurance costs are $____________.
2. Amount. The ( ) Mother ( ) Father shall be obligated to pay child support in
 the amount of $__________ per month payable ( ) in accordance with Obligor's
 employer's payroll cycle, and in any event at least once a month ( ) other
 {explain} _______________________________________________________________
 ____________________________________________________________________________
 beginning {date} ____________, and continuing until
*381
 ( ) the youngest of the minor child(ren) reaches the age of 18, become(s)
 emancipated, marries, dies, or otherwise becomes self-supporting OR
 one of the minor children reaches the age of 18, become(s) emancipated,
 marries, dies, or otherwise becomes self-supporting and either party files
 a supplemental petition to modify child support and the court enters such
 an order.
 OR
 ( ) {date/event} _________________________________________________,
 {explain} ________________________________________________________.
 If the child support ordered deviates from the guidelines by 5% or more, the
 factual findings which support that deviation are: _________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. Arrearage/Retroactive Child Support.
[√ if applies]
___ a. There is no retroactive child support or arrearage at the time of this Final
 Judgment.
___ b. ( ) Petitioner ( ) Respondent ( ) both has (have) incurred medical expenses
 in the amount of $_________ on behalf of the minor child(ren), including
 hospital and other expenses incidental to the birth of the minor child(ren).
 Petitioner shall pay ___%, Respondent shall pay ___%, which shall be paid
 as follows: ( ) added to arrearage in paragraph c below ( ) other {explain}
___ c. The ( ) Mother ( ) Father shall pay to the other party the child support
 arrearage of:
 $____________ for retroactive child support, as of {date}
 _________________________________.
 $____________ for previously ordered unpaid child support, as of {date}
 ___________.
 $____________for previously incurred medical expenses.
 The total of $__________ in child support arrearage shall be repaid at the rate
 of $___________ per month, payable ( ) in accordance with Obligor's employer's
 payroll cycle, and in any event at least once a month ( ) other {explain}
 ____________________________________________________________________________
 ____________________________________________________________________________
 beginning {date} ____________, until paid in full including statutory
 interest.
4. Insurance.
[√ all that apply]
___ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to
 maintain ( ) health ( ) dental insurance coverage for the parties' minor
 child(ren), so long as reasonably available. The party providing coverage shall
 be required to convey insurance cards demonstrating said coverage to the
 other party. OR ( ) Health ( ) dental insurance is not reasonably available at
 this time.
___ b. Reasonable and necessary uninsured medical/dental costs for the minor
 child(ren) shall be assessed as follows:
 ( ) Shared equally by both parents.
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain} _____________________________________________________
 ____________________________________________________________________________
 As to these uninsured medical/dental expenses, the party who incurs the
 expense shall submit request for reimbursement to the other party within 30
*382
 days, and the other party, within 30 days of receipt, shall submit the applicable
 reimbursement for that expense, according to the schedule of reimbursement
 set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the child support
 obligations in this judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall
 maintain life insurance coverage, in an amount of at least $_________, on ( )
 his life ( ) her life ( ) his/her life naming the ( ) minor child(ren), as
 beneficiary(ies)( ) primary residential parent as the beneficiary as Trustee for
 the minor child(ren), so long as reasonably available. The obligation to
 maintain the life insurance coverage shall continue until the youngest child
 turns 18, becomes emancipated, marries, dies, or otherwise becomes selfsupporting.
6. IRS Income Tax Exemption(s). The party granted primary residential
 responsibility or sole parental responsibility of the minor child(ren) shall have
 the benefit of any tax exemption(s) for the child(ren), OR, if checked here, ( )
 assignment of any tax exemption(s) for the child(ren) shall be as follows:
 ____________________________________________________________________________
 ____________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to
 effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _____________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION III. METHOD OF PAYMENT.
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[√ if applies]
___ a. Obligor shall pay court-ordered support directly to the Central Governmental
 Depository in {name} ________________ County, along with any depository
 service charge.
___ b. Both parties have requested and the court finds that it is in the best
 interests of the child(ren) that support payments need not be directed through
 the Central Governmental Depository. However, either party may subsequently
 apply to the depository pursuant to section 61.13(1)(d)3, Florida
 Statutes, to require payments through the Central Government Depository.
2. Income Deduction.
[√ if applies]
___ a. Immediate. Obligor shall pay through income deduction. Obligor is
 individually responsible for paying this support obligation in the event that all
 or any portion of said support is not deducted from Obligor's income. Until
 support payments are deducted from Obligor's paycheck pursuant to the
 Income Deduction Notice authorized this day, Obligor is responsible for
 making timely payments directly to the Central Governmental Depository.
___ b. Deferred. An Income Deduction Notice is authorized this day, but it shall
 not be effective until a delinquency of $__________, or, if not specified, an
 amount equal to one month's obligation occurs. Income deduction is not being
 implemented immediately based on the following findings: Income deduction is
 not in the best interests of the child(ren) because: {explain} __________
 ____________________________________________________________________________
 ____________________________________________________________________________
 AND there is proof of timely payment of a previously ordered obligation
 without income deduction.
*383
3. Bonus/one-time payments. ( ) All ( ) $__________ ( ) No income paid in the
 form of a bonus or other similar one-time payments, up to the amount of any
 arrearage or the remaining balance thereof owed pursuant to this order, shall
 be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment. _________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION IV. CHILD(REN)'S NAME(S)
___ a. There will be no change to the child(ren)'s name(s).
___ b. It is in the child(ren)'s best interests that the child(ren)'s
 present name(s) shall be changed to
 (1) _________________________________ (1) ________________________________
 (2) _________________________________ (2) ________________________________
 (3) _________________________________ (3) ________________________________
 (4) _________________________________ (4) ________________________________
 (5) _________________________________ (5) ________________________________
 (6) _________________________________ (6) ________________________________
by which the minor child(ren) shall hereafter be known.
SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY.
___ 1. ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit
 money is (are) denied because ______________________________________________
 ____________________________________________________________________________.
___ 2. The Court finds there is a need for and an ability to pay attorney fees, costs,
 and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the
 other party $ __________ in attorney fees, and $____________ in costs. The
 Court further finds that the attorney fees awarded are based on the reasonable
 rate of $___ per hour and ________ reasonable hours. Other provisions
 relating to attorney fees, costs, and suit money are as follows: ___________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. The costs of the scientific paternity testing shall be assessed ( ) against
 Petitioner ( ) against Respondent ( ) Other {explain} __________________.
SECTION VI. OTHER PROVISIONS
1. Other Provisions. _____________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
2. The Court reserves jurisdiction to modify and enforce this Final Judgment.
 ORDERED on ____________________.
 _________________________________________
 CIRCUIT JUDGE
Copies to:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
*384
Central Governmental Depository
___ Other: _____________________________________
 I CERTIFY the foregoing is a true copy of the original as it appears on file in the
office of the Clerk of the Circuit Court of ________ County, Florida, and that I have
furnished copies of this order as indicated above.
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: _____________________________________
 Deputy Clerk
Form 12.990(a)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 FINAL JUDGMENT OF SIMPLIFIED DISSOLUTION OF MARRIAGE
 This cause came before this Court for a hearing on the parties' Petition for
Simplified Dissolution of Marriage. The Court, having reviewed the file and heard
the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6
 months immediately before filing the Simplified Petition for Dissolution of
 Marriage.
3. The parties have no minor or dependent children in common, and the wife is
 not pregnant.
4. The marriage between the parties is irretrievably broken. Therefore, the
 marriage between the parties is dissolved, and the parties are restored to the
 status of being single.
5. Marital Settlement Agreement.
 [√ one only]
 ___ a. The parties have voluntarily entered into a Marital Settlement Agreement,
 and each has filed the required Financial Affidavit. Therefore, the
 Marital Settlement Agreement is filed as "Exhibit A" in this case and is
 ratified and made a part of this final judgment. The parties are ordered
 to obey all of its provisions.
 ___ b. There is no marital property or marital debts to divide, as the parties
 previously have divided all of their personal property. Therefore, each is
 awarded the personal property he or she presently has in his or her
 possession. Each party shall be responsible for any debts in his or her
 own name.
6. ( ) yes ( ) no The wife's former name of {full legal name} ______________
 ______________ is restored.
7. The Court reserves jurisdiction to enforce the marital settlement agreement.
*385
 ORDERED on ____________.
 _________________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Other: __________________________________________
Form 12.990(b)(1)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH MINOR
 CHILD(REN)
 (UNCONTESTED)
 This cause came before this Court for a hearing on a Petition for Dissolution of
Marriage. The Court, having reviewed the file and heard the testimony, makes
these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6
 months immediately before filing the Petition for Dissolution of Marriage.
3. The marriage between the parties is irretrievably broken. Therefore, the
 marriage between the parties is dissolved, and the parties are restored to the
 status of being single.
4. Marital Settlement Agreement. The parties have voluntarily entered into a
 Marital Settlement Agreement, and each has filed the required Financial
 Affidavit. Therefore, the Marital Settlement Agreement is filed as "Exhibit
 A" in this case and is ratified and made a part of this final judgment. The
 parties are ordered to obey all of its provisions.
5. The Court finds that the parties have the present ability to pay support as
 agreed to in the marital settlement agreement as ratified and made part of this
 final judgment.
6. ( ) yes ( ) no The wife's former name of {full legal name} _______________
 ________is restored.
7. The Court reserves jurisdiction to modify and enforce this final judgment.
 ORDERED on __________________
 _________________________________________
 CIRCUIT JUDGE
*386
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Other: _______________________________
Form 12.990(b)(2)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH
 PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
 (UNCONTESTED)
 This cause came before this Court for a hearing on a Petition for Dissolution of
Marriage. The Court, having reviewed the file and heard the testimony, makes
these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6
 months immediately before filing the Petition for Dissolution of Marriage.
3. The parties have no minor or dependent children in common, and the wife is
 not pregnant.
4. The marriage between the parties is irretrievably broken. Therefore, the
 marriage between the parties is dissolved, and the parties are restored to the
 status of being single.
5. Marital Settlement Agreement. The parties have voluntarily entered into a
 Marital Settlement Agreement, and each has filed the required Financial
 Affidavit. Therefore, the Marital Settlement Agreement is filed as "Exhibit
 A" in this case and is ratified and made a part of this final judgment. The
 parties are ordered to obey all of its provisions.
6. The Court finds that the parties have the present ability to pay support as
 agreed to in the marital settlement agreement as ratified and made part of this
 final judgment.
7. ( ) yes ( ) no The wife's former name of {full legal name} ______________
 is restored.
8. The Court reserves jurisdiction to enforce this final judgment.
 ORDERED on___________________.
 _________________________________________
 CIRCUIT JUDGE
*387
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Other: _______________________________
Form 12.990(b)(3)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH
 NO PROPERTY OR DEPENDENT OR MINOR CHILD(REN)
 (UNCONTESTED)
 This cause came before this Court for a hearing on a Petition for Dissolution of
Marriage. The Court, having reviewed the file and heard the testimony, makes
these findings of fact and reaches these conclusions of law.
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6
 months immediately before filing the Petition for Dissolution of Marriage.
3. The parties have no minor or dependent children in common, and the wife is
 not pregnant.
4. The marriage between the parties is irretrievably broken. Therefore, the
 marriage between the parties is dissolved, and the parties are restored to the
 status of being single.
5. There is no marital property or marital debts to divide, as the parties have
 previously divided all of their personal property. Therefore, each is awarded
 the personal property he or she presently has in his or her possession. Each
 party shall be responsible for any debts in his or her own name.
6. ( ) yes ( ) no The wife's former name of {full legal name} _____________
_____________ is restored.
7. The Court reserves jurisdiction to enforce this judgment.
 ORDERED on ___________________
 __________________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Other: _______________________________
*388
Form 12.990(c)(1)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
 WITH DEPENDENT OR MINOR CHILD(REN)
 This cause came before this Court for a hearing on a Petition for Dissolution of
Marriage. The Court, having reviewed the file and heard the testimony, makes
these findings of fact and reaches these conclusions of law.
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6
 months immediately before filing the Petition for Dissolution of Marriage.
3. The marriage between the parties is irretrievably broken. Therefore, the
 marriage between the parties is dissolved, and the parties are restored to the
 status of being single.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Date of Valuation of Property. The assets and liabilities listed below are
 divided as indicated. The date of valuation of these assets and liabilities is,
 unless otherwise indicated:
___ a. date of filing petition for dissolution of marriage____________.
___ b. date of separation ____________________.
___ c. date of divorce trial __________________.
B. Division of Assets.
1. The assets listed below are nonmarital assets. Each party shall keep, as his
or her own, the assets found to be nonmarital, and the other party shall have
no further rights or responsibilities regarding these assets.
 ASSETS: DESCRIPTION OF ITEM(S) Current Fair Wife's Husband's
 (Describe each item as clearly as possible. Market Nonmarital Nonmarital
 You do not need to list account numbers) Value Property Property
__________________________________________________________________________________
 $ $ $
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Total Nonmarital Assets $ $ $
__________________________________________________________________________________
*389
2. The assets listed below are marital assets. Each party shall keep, as his or
 her own, the assets awarded in this section, and the other party shall have no
 further rights or responsibilities regarding these assets. Any personal
 item(s) not listed below are awarded to the party currently in possession
 or control of the item(s).
__________________________________________________________________________________
 ASSETS: DESCRIPTION OF ITEM(S) Current Husband
 (Describe each item as clearly as possible. Fair Market Wife Shall Shall
 You do not need to list account numbers.) Value Receive Receive
__________________________________________________________________________________
 Cash (on hand or in banks/credit unions) $ $ $
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Stocks/bonds
__________________________________________________________________________________
__________________________________________________________________________________
 Notes
__________________________________________________________________________________
 Business interests
__________________________________________________________________________________
__________________________________________________________________________________
 Real estate: (Home)
__________________________________________________________________________________
__________________________________________________________________________________
 Automobiles
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Boats
__________________________________________________________________________________
 Furniture & furnishings
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Jewelry
__________________________________________________________________________________
__________________________________________________________________________________
 Life insurance (cash surrender value)
__________________________________________________________________________________
 Retirement Plans (Profit sharing, Pension, IRA,
 401(k)s, etc.)
__________________________________________________________________________________
 Other assets
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
*390
__________________________________________________________________________________
 Total Marital Assets $ $ $
__________________________________________________________________________________
C. Division of Liabilities/Debts.
1. The liabilities listed below are nonmarital liabilities and, therefore, are
 owed as indicated. Each party shall owe, as his or her own, the liabilities
 found to be nonmarital, and the other party shall have no responsibilities
 regarding these debts.
__________________________________________________________________________________
 LIABILITIES: DESCRIPTION OF
 DEBT(S) Current Wife's Husband's
 (Describe each item as clearly as possible. Amount Nonmarital Nonmarital
 You do not need to list account numbers) Owed Liability Liability
__________________________________________________________________________________
 $ $ $
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Total Nonmarital Liabilities $ $ $
__________________________________________________________________________________
2. The liabilities listed below are marital liabilities and are divided as
 indicated. Each party shall hold the other party harmless and pay, as his or
 her own, the marital liabilities awarded below.
__________________________________________________________________________________
 LIABILITIES: DESCRIPTION OF
 DEBT(S) Current Wife Husband
 (Describe each item as clearly as possible. Amount Shall Shall
 You do not need to list account numbers) Owed Pay Pay
__________________________________________________________________________________
 Mortgages on real estate: (Home) $ $ $
__________________________________________________________________________________
 (Other)
__________________________________________________________________________________
__________________________________________________________________________________
 Charge/credit card accounts
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Auto loan
__________________________________________________________________________________
 Auto loan
__________________________________________________________________________________
 Bank/Credit Union loans
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Other
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
*391
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Total Marital Liabilities $ $ $
__________________________________________________________________________________
D. Contingent assets and liabilities will be divided as follows: ______________
 ____________________________________________________________________________
 ____________________________________________________________________________
E. The distribution of assets and liabilities in this final judgment is equitable; if
 each party does not receive approximately one-half, the distribution is based
 on the following facts and reasoning: ______________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION II. EXCLUSIVE USE AND POSSESSION OF HOME
[√ all that apply]
___ 1. ( ) Petitioner ( ) Respondent, as a condition of support, shall have exclusive
 use and possession of the dwelling located at: _____________________________
 until {date of event} ___________________________________________________
 ____________________________________________________________________________.
___ 2. ( ) Petitioner ( ) Respondent may make visits to the premises described in
 the paragraph above for the purpose of obtaining any items awarded in this
 Final Judgment. These visits shall occur after notice to the person granted
 exclusive use and possession of the dwelling and at the earliest convenience of
 both parties or as ordered in paragraph 4 below.
___ 3. Upon the termination of the right of exclusive use and possession, the
 dwelling shall be sold and the net proceeds divided ___% to petitioner and
 ___% to Respondent, with the following credits and/or setoffs being allowed:
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 4. Other: __________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION III. CUSTODY OF AND VISITATION WITH DEPENDENT OR
MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine custody of and visitation
 with the parties' minor child(ren) listed in paragraph 2 below.
2. The parties' dependent or minor child(ren) is:
 Name Birth date
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
*392
3. Parental Responsibility for the Minor Child(ren).
[√ one only]
___ a. The parties shall have shared parental responsibility for the parties' minor
 child(ren). ( ) Mother ( ) Father shall have primary residential responsibility
 of the minor child(ren) and the other parent shall have secondary residential
 responsibility, as set forth in paragraph 4 below. OR The primary residential
 parent shall be ( ) undesignated ( ) rotating with time sharing for the
 ( ) Mother ( ) Father as set forth in paragraph 4 below.
___ b. ( ) Mother ( ) Father shall have sole parental responsibility for the
 parties' minor child(ren). Shared parental responsibility would be detrimental
 to the child(ren) at this time because:
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 The other parent shall have visitation with the parties' minor child(ren) as set
 forth in paragraph 4 below:
4. Secondary Residential Responsibility, Visitation, or Time Sharing with
 Minor Child(ren). The parent granted secondary residential responsibility,
 visitation, or time sharing shall have:
[√ one only]
___ a. reasonable visitation or time sharing with the parties' minor child(ren)
 after reasonable notice and as agreed to by the parties, subject to any
 limitations in paragraph 5 below. The Court reserves jurisdiction to set a
 specific schedule.
___ b. the following specified visitation or time sharing with the parties' minor
 child(ren), subject to any limitations set out in paragraph 5 below: {specify
 days and times} _________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ c. no contact with the parties' minor child(ren) until further order of the
 Court, due to the existing conditions that are detrimental to the welfare of the
 minor child(ren). {explain} _____________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
5. Limitations on Parental Responsibility, Visitation, and Time Sharing.
 Neither parent shall take the child(ren) from the custody of the other parent
 or any child care provider or other person entrusted by the other parent with
 the care of the child(ren) without the agreement of the other parent during the
 other parent's time of parental responsibility or visitation. The above reasonable
 (paragraph 4.a. above) or specified (paragraph 4.b above) visitation shall
 be:
[√ if applies]
___ a. supervised by a responsible adult who is mutually agreeable to the parties.
 If the parties cannot agree, the supervising adult shall be: {name} _____
 ____________________________________________________________________________.
___ b. at the supervised visitation center located at: {address} ____________
 ____________________________________________________________________________,
 subject to the available times and rules of the supervised visitation center.
 The cost of such visits shall be paid by ( ) Mother ( ) Father ( ) Both.
6. Communication Arrangements for Secondary Parenting, Visitation, and
 Time Sharing with Child(ren).
[√ if applies]
___ The parties' communications to arrange visitation or time sharing and discuss
 issues relating to the child(ren) (if shared parenting or visitation is provided in
 paragraph 3 above) are restricted as follows: ( ) telephone, ( ) fax, e-mail, or
*393
 letter, ( ) A responsible person shall coordinate the visitation or time sharing
 arrangements of the minor child(ren). If the parties cannot agree, the
 responsible person shall be: {name} _____________________________________
 ( ) other conditions for arrangements or discussions: {explain} _________
 ____________________________________________________________________________
 ____________________________________________________________________________
7. Exchange of Minor Child(ren). The exchange of the minor child(ren) shall
 be on time as scheduled and as agreed to by the parties. The following
 conditions, if checked below, shall also apply.
[√ all that apply]
___ a. The parties shall exchange of the child(ren) at the following location(s):
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________.
___ b. The parent granted secondary parenting, visitation, or time sharing shall not
 get out of the vehicle, and the other parent shall not approach the vehicle,
 during the time the child(ren) are exchanged.
___ c. A responsible person shall conduct all exchanges of the child(ren). Neither
 parent shall accompany the responsible person when that person is transferring
 the child(ren) from one parent to the other. If the parties' cannot agree,
 the responsible person shall be: {name} _________________________________
___ d. Other conditions for exchange of the child(ren) are as follows: ______
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
___ 8. Injunction Prohibiting Removing the Child(ren). The Court hereby
 prohibits and enjoins the ( ) Mother ( ) Father ( ) Both from permanently
 removing the minor child(ren) from the ( ) State of Florida ( ) {specify}
 _________________________________________________________________________
 _________________________________________________________________________
 with a court order or the written consent of the other party.
___ 9. Other Provisions Relating to the Minor Child(ren).
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION IV. ALIMONY
1. ( ) The Court denies the request(s) for alimony OR
 ( ) The Court finds that there is a need for, and that ( ) Petitioner ( )
 Respondent (hereinafter Obligor) has/had the present ability to pay, alimony
 as follows:
[√ all that apply]
___ a. Permanent Periodic. Obligor shall pay permanent periodic alimony to
 Obligee in the amount of $________ per month, payable ( ) in accordance with
 Obligor's employer's payroll cycle, and in any event, at least once a month ( )
 other {explain} _________________________________________________________
 ____________________________________________________________________________
 beginning {date} _____________________. This alimony shall continue until
*394
 modified by court order, the death of either party, or remarriage of Obligee,
 whichever occurs first.
___ b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount
 of $________. This amount shall be paid as follows: _______________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the
 amount of $________ per month, payable ( ) in accordance with Obligor's
 employer's payroll cycle, and in any event, at least once a month ( ) other
 {explain} _______________________________________________________________
 _________________________________________________________________________
 beginning {date} _____________________. This rehabilitative alimony shall
 continue until modified by court order, the death of either party or until
 {date/event} ___________________________________________________________,
 whichever occurs first. The rehabilitative plan presented demonstrated the
 following: _________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ d. Retroactive. Obligor shall pay retroactive alimony in the amount of
 $________ for the period of {date} ___________________, through {date}
 _______________, which shall be paid pursuant to paragraph 3 below.
 ____________________________________________________________________________
2. Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered
 all of the following in awarding/denying alimony:
 a. The standard of living established during the marriage;
 b. The duration of the marriage.
 c. The age and the physical and emotional condition of each party;
 d. The financial resources of each party, the nonmarital and the marital assets
 and liabilities distributed to each;
 e. The contribution of each party to the marriage, including, but not limited to,
 services rendered in homemaking, child care, education, and career building of
 the other party; and
 f. All sources of income available to either party.
 Additionally, the Court has considered the following factors in reaching its
 decision: __________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 [] Check here if additional pages are attached.
 ____________________________________________________________________________
3. Arrearage/Retroactive Alimony.
[√ one only]
___ a. There is no alimony arrearage at the time of this Final Judgment.
___ b. The ( ) Petitioner ( ) Respondent shall pay to the other party the alimony
 arrearage of:
 $_________________ for retroactive alimony, as of {date} __________.
 $_________________ for previously ordered unpaid alimony, as of {date}
 ________________. The total of $__________________ in alimony arrearage
 shall be repaid in the amount of $___________ per month, payable ( ) in
 accordance with Obligor's employer's payroll cycle, and in any event at least
 once a month ( ) other {explain} ________________________________________
 ____________________________________________________________________________
 beginning {date} ________________, until paid in full including statutory interest.
4. Insurance.
[√ all that apply]
___ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay
 health insurance premiums for the other party not to exceed $____________ per
*395
 month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and
 necessary uninsured medical costs for the other party not to exceed
 $_______________ per year. As to these uninsured medical expenses, the
 party who is entitled to reimbursement of the uninsured medical expense shall
 submit request for reimbursement to the other party within 30 days, and the
 other party shall, within 30 days after receipt, submit the applicable reimbursement
 for that expense.
___ b. Life insurance (to secure payment of support). To secure the alimony
 obligations set forth in this judgment, Obligor shall maintain life insurance
 coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so
 long as reasonably available. This insurance shall be in the amount of at least
 $_______________________ and shall remain in effect until the obligation for
 alimony terminates.
 ____________________________________________________________________________
5. Other provisions relating to alimony: ___________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION V. CHILD SUPPORT
1. The Court finds that there is a need for child support and that the ( ) Mother
 ( ) Father (hereinafter Obligor) has the present ability to pay child support.
 The amounts in the Child Support Guidelines Worksheet, Florida Family
 Law Form 12.901(g), filed by the ( ) Mother ( ) Father are correct OR the
 Court makes the following findings: The Mother's net monthly income is
 $_________, (Child Support Guidelines _________%). The Father's net
 monthly income is $_________, (Child Support Guidelines __________%).
 Monthly child care costs are $_______. Monthly health/dental insurance
 costs are $__________.
2. Amount. The ( ) Mother ( ) Father shall be obligated to pay child support in
 the amount of $___________, per month payable ( ) in accordance with Obligor's
 employer's payroll cycle, and in any event at least once a month ( ) other
 {explain}: ______________________________________________________________
 ____________________________________________________________________________,
 beginning {date}____________, and continuing until
 ( ) the youngest of the minor child(ren) reaches the age of 18, become(s)
 emancipated, marries, dies, or otherwise becomes self-supporting OR
 one of the minor children reaches the age of 18, become(s) emancipated,
 marries, dies, or otherwise becomes self-supporting and either party files
 a supplemental petition to modify child support and the court enters such
 an order.
 OR
 ( ) {date/event} __________________________________________________,
 {explain} _________________________________________________________.
 If the child support ordered deviates from the guidelines by 5% or more, the
 factual findings which support that deviation are: ______________________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. Arrearage/Retroactive Child Support.
[√ one only]
___ a. There is no child support arrearage at the time of this Final Judgment.
___ b. The ( ) Father shall pay to the other party the child support arrearage of:
 $________________ for retroactive child support, as of {date} _________.
*396
 $______________ for previously ordered unpaid child support, as of {date}
 ___________ The total of $___________________ in child support arrearage
 shall be repaid in the amount of $__________ per month, payable ( ) in
 accordance with Obligor's employer's payroll cycle, and in any event at least
 once a month ( ) other {explain} ________________________________________
 ____________________________________________________________________________
 beginning {date} ______________, until paid in full including statutory interest.
4. Insurance.
[√ all that apply]
___ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to
 maintain ( ) health ( ) dental insurance coverage for the parties' minor
 child(ren), so long as reasonably available. The party providing coverage shall
 be required to convey insurance cards demonstrating said coverage to the
 other party. OR ( ) Health ( ) dental insurance is not reasonably available at
 this time.
___ b. Reasonable and necessary uninsured medical/dental costs for the minor
 child(ren) shall be assessed as follows:
 ( ) Shared equally by both parents.
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain} _____________________________________________________
 ____________________________________________________________________________
 As to these uninsured medical/dental expenses, the party who incurs the
 expense shall submit request for reimbursement to the other party within 30
 days, and the other party, within 30 days of receipt, shall submit the applicable
 reimbursement for that expense, according to the schedule of reimbursement
 set out in this paragraph.
___ 5. Life Insurance (to secure payment of support). To secure the child
 support obligations in this judgment, ( ) Petitioner ( ) Respondent ( ) Each
 party shall maintain life insurance coverage, in an amount of at least
 $__________, on () his life ( ) her life ( ) his/Tier life naming the ( ) minor
 ehild(ren) as the beneficiary(ies)( ) primary residential parent as the beneficiary
 as Trustee for the minor child(ren), so long as reasonably available. The
 obligation to maintain the life insurance coverage shall continue until the
 youngest child turns 18, becomes emancipated, marries, dies, or otherwise
 becomes self-supporting.
6. IRS Income Tax Exemption(s). The party granted primary residential
 responsibility or sole parental responsibility of the minor child(ren) shall have
 the benefit of any tax exemption(s) for the child(ren), OR, if checked here, ( )
 assignment of any tax exemption(s) for the child(ren) shall be as follows:
 ____________________________________________________________________________
 ____________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to
 effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _____________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION VI. METHOD OF PAYMENT.
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[√ if applies]
___ a. Obligor shall pay court-ordered support directly to the Central Governmental
 Depository in {name} _____________________________ County, along with any
 depository service charge.
*397
___ b. Both parties have requested and the court finds that it is in the best
 interests of the child(ren) that support payments need not be directed through
 the Central Governmental Depository. However, either party may subsequently
 apply to the depository pursuant to section 61.13(1)(d)3, Florida
 Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[√ if applies]
___ a. Immediate. Obligor shall pay through income deduction. Obligor is
 individually responsible for paying this support obligation in the event that all
 or any portion of said support is not deducted from Obligor's income. Until
 support payments are deducted from Obligor's paycheck pursuant to the
 Income Deduction Notice authorized this day, Obligor is responsible for
 making timely payments directly to the Central Governmental Depository.
___ b. Deferred. An Income Deduction Notice is authorized this day, but it shall
 not be effective until a delinquency of $_______________________, or, of not
 specified, an amount equal to one month's obligation occurs. Income deduction
 is not being implemented immediately based on the following findings: Income
 deduction is not in the best interests of the child(ren) because: {explain}
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 AND there is proof of timely payment of a previously ordered obligation
 without income deduction.
3. Bonus/one-time payments. ( ) All ( ) $__________ ( ) No income paid in the
 form of a bonus or other similar one-time payments, up to the amount of any
 arrearage or the remaining balance thereof owed pursuant to this order, shall
 be forwarded to Obligee pursuant to the payment method prescribed above.
 _________________________________________________________________________
4. Other provisions relating to method of payment, _________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION VII. ATTORNEY FEES, COSTS, AND SUIT MONEY.
___ 1. ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit
 money is (are) denied because ______________________________________________
 ____________________________________________________________________________.
 ____________________________________________________________________________
___ 2. The Court finds there is a need for and an ability to pay attorney fees, costs,
 and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the
 other party $____________ in attorney fees, and $___________ in costs. The
 Court further finds that the attorney fees awarded are based on the reasonable
 rate of $____________ per hour and _____________ reasonable hours. Other
 provisions relating to attorney fees, costs, and suit money are as follows:
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION VIII. OTHER PROVISIONS
1. Former name. The wife's former name of {full name} ______________________
 ________________________________ is restored.
2. Other Provisions. _______________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
*398
3. The Court reserves jurisdiction to modify and enforce this Final Judgment.
 ORDERED on ___________________________________.
 _________________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Central Government Depository
 Other: _______________________________
 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
 WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
Form 12.990(c)(2)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
 WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
 This cause came before this Court for a trial on a Petition for Dissolution of
Marriage. The Court, having reviewed the file and heard the testimony, makes
these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6
 months immediately before filing the Petition for Dissolution of Marriage.
3. The parties have no minor children in common, and the wife is not pregnant.
4. The marriage between the parties is irretrievably broken. Therefore, the
 marriage between the parties is dissolved and the parties are restored to the
 status of being single.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Date of Valuation of Property. The assets and liabilities listed below are
 divided as indicated. The date of valuation of these assets and liabilities is,
 unless otherwise indicated:
___ a. date of filing petition for dissolution of marriage __________.
___ b. date of separation_________________.
___ c. date of divorce trial________________.
*399
B. Division of Assets.
1. The assets listed below are nonmarital assets. Each party shall keep, as his or
 her own, the assets found to be nonmarital, and the other party shall have no
 further rights or responsibilities regarding these assets.
________________________________________________________________________________
 ASSETS: DESCRIPTION OF ITEM(S) Current Wife's Husband's
 (Describe each item as clearly as possible. Fair Market Nonmarital Nonmarital
 You do not need to list account numbers) Value Property Property
__________________________________________________________________________________
 $ $ $
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Total Nonmarital Assets $ $ $
__________________________________________________________________________________
2. The assets listed below are marital assets. Each party shall keep, as his or
 her own, the assets awarded in this section, and the other party shall have no
 further rights or responsibilities regarding these assets. Any personal item(s)
 not listed below are awarded to the party currently in possession or control of
 the item(s).
________________________________________________________________________________
 ASSETS: DESCRIPTION OF ITEM(S) Current Wife Husband
 (Describe each item as clearly as possible. Fair Market Shall Shall
 You do not need to list account numbers.) Value Receive Receive
__________________________________________________________________________________
 Cash (on hand or in banks/credit unions) $ $ $
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Stocks/bonds
__________________________________________________________________________________
__________________________________________________________________________________
 Notes
__________________________________________________________________________________
 Business interests
__________________________________________________________________________________
__________________________________________________________________________________
 Real estate: (Home)
__________________________________________________________________________________
__________________________________________________________________________________
 Automobiles
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Boats
__________________________________________________________________________________
 Furniture & furnishings
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Jewelry
__________________________________________________________________________________
*400
__________________________________________________________________________________
ASSETS: DESCRIPTION OF ITEM(S) Current Wife Husband
(Describe each item as clearly as possible. Fair Market Shall Shall
You do not need to list account numbers.) Value Receive Receive
==================================================================================
 Life insurance (cash surrender value)
__________________________________________________________________________________
 Retirement Plans (Profit sharing, Pension, IRA,
 401(k)s, etc.)
__________________________________________________________________________________
__________________________________________________________________________________
 Other assets
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Total Marital Assets $ $ $
__________________________________________________________________________________
C. Division of Liabilities/Debts.
1. The liabilities listed below are nonmarital liabilities and, therefore, are
 owed as indicated. Each party shall owe, as his or her own, the liabilities
 found to be nonmarital, and the other party shall have no responsibilities
 regarding these debts.
__________________________________________________________________________________
 LIABILITIES: DESCRIPTION OF
 DEBT(S) Current Wife's Husband's
 Nonmarital Nonmarital
 (Describe each item as clearly as possible. Amount Liability Liability
 You do not need to list account numbers) Owed
__________________________________________________________________________________
 $ $ $
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Total Nonmarital Liabilities $ $ $
__________________________________________________________________________________
2. The liabilities listed below are marital liabilities and are divided as
 indicated. Each party shall hold the other party harmless and pay, as his or
 her own, the marital liabilities awarded below.
__________________________________________________________________________________
 LIABILITIES: DESCRIPTION OF
 DEBT(S) Current Wife Husband
 (Describe each item as clearly as possible. Amount Shall Shall
 You do not need to list account numbers) Owed Pay Pay
__________________________________________________________________________________
 Mortgages on real estate: (Home) $ $ $
__________________________________________________________________________________
 (Other)
__________________________________________________________________________________
*401
__________________________________________________________________________________
 Charge/credit card accounts
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Auto loan
__________________________________________________________________________________
 Auto loan
__________________________________________________________________________________
 Bank/Credit Union loans
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Other
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
__________________________________________________________________________________
 Total Marital Liabilities $ $ $
__________________________________________________________________________________
D. Contingent assets and liabilities will be divided as follows: ______________
 ____________________________________________________________________________
 ____________________________________________________________________________
E. The distribution of assets and liabilities in this final judgment is equitable; if
 each party does not receive approximately one-half, the distribution is based
 on the following facts and reasoning: ______________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION II. EXCLUSIVE USE AND POSSESSION OF HOME
[√ all that apply]
___ 1. ( ) Petitioner ( ) Respondent, as a condition of support, shall have exclusive
 use and possession of the dwelling located at: _____________________________
 until {date of event} ___________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________.
___ 2. ( ) Petitioner ( ) Respondent may make visits to the premises described in
 the paragraph above for the purpose of obtaining any items awarded in this
 Final Judgment. These visits shall occur after notice to the person granted
 exclusive use and possession of the dwelling and at the earliest convenience of
 both parties or as ordered in paragraph 4 below.
___ 3. Upon the termination of the right of exclusive use and possession, the dwelling
 shall be sold and the net proceeds divided ___% to petitioner and ___% to
 Respondent, with the following credits and/or setoffs being allowed: ______
*402
 ____________________________________________________________________________
 ____________________________________________________________________________
 4. Other: __________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION III. MONEY
1. ( ) The Court denies the request(s) for alimony OR
 ( ) The Court finds that there is a need for, and that ( ) Petitioner ( )
 Respondent (hereinafter Obligor) has/had the present ability to pay, alimony
 as follows:
[√ all that apply]
___ a Permanent Periodic. Obligor shall pay permanent periodic alimony to
 Obligee in the amount of $________ per month, payable ( ) in accordance with
 Obligor's employer's payroll cycle, and in any event, at least once a month ( )
 other {explain} _________________________________________________________
 ____________________________________________________________________________
 beginning {date}________. This alimony shall continue until modified by
 court order, the death of either party, or remarriage of Obligee, whichever
 occurs first.
___ b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount
 of $______________________________________________________________________________.
 ____________________________________________________________________________
 This amount shall be paid as follows: ______________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the
 amount of $________ per month, payable ( ) in accordance with Obligor's
 employer's payroll cycle, and in any event, at least once a month ( ) other
 {explain} _______________________________________________________________
 beginning {date} _______________. This rehabilitative alimony shall continue
 until modified by court order, the death of either party or until {date/event}
 ____________________________________________________________________________,
 whichever occurs first. The rehabilitative plan presented demonstrated the
 following: _________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ d. Retroactive. Obligor shall pay retroactive alimony in the amount of
 $_________ for the period of {date} ______________, through {date}
 ____________, which shall be paid pursuant to paragraph 3 below.
2. Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered
 all of the following in awarding/denying alimony:
 a. The standard of living established during the marriage;
 b. The duration of the marriage;
 c. The age and the physical and emotional condition of each party;
 d. The financial resources of each party, the nonmarital and the marital assets
 and liabilities distributed to each;
 e. The contribution of each party to the marriage, including, but not limited to,
 services rendered in homemaking, child care, education, and career building of
 the other party; and
 f. All sources of income available to either party.
 Additionally, the Court has considered the following factors in reaching its
 decision: __________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
*403
 [] Check here if additional pages are attached.
3. Arrearage/Retroactive Alimony.
[√ one only]
___ a. There is no alimony arrearage at the time of this Final Judgment.
___ b. The ( ) Petitioner ( ) Respondent shall pay to the other party the alimony
 arrearage of:
 $________ for retroactive alimony, as of {date} ________________________.
 $___for previously ordered unpaid alimony, as of {date} ________________.
 The total of $__________ in alimony arrearage shall be repaid in the amount of
 $__________ per month, payable ( ) in accordance with Obligor's employer's
 payroll cycle, and in any event at least once a month ( ) other {explain}
 _________________________________________________________________________
 _________________________________________________________________________
 beginning {date} __________, until paid in full including statutory interest.
4. Insurance.
[√ all that apply]
___ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay
 health insurance premiums for the other party not to exceed $__________ per
 month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and
 necessary uninsured medical costs for the other party not to exceed $__________
 per year. As to these uninsured medical expenses, the party who is entitled to
 reimbursement of the uninsured medical expense shall submit request for
 reimbursement to the other party within 30 days, and the other party shall,
 within 30 days after receipt, submit the applicable reimbursement for that
 expense.
___ b. Life Insurance (to secure payment of support.) To secure the alimony
 obligations set forth in this judgment, Obligor shall maintain life insurance
 coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so
 long as reasonably available. This insurance shall be in the amount of at least
 $__________ and shall remain in effect until the obligation for alimony terminates.
5. Other provisions relating to alimony: ___________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________.
SECTION IV. METHOD OF PAYMENT.
Obligor shall pay court-ordered alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[√ if applies]
___ a. Obligor shall pay court-ordered support directly to the Central Governmental
 Depository in {name} _____________________________ County, along with any
 depository service charge.
___ b. Both parties have requested and the court finds that it is in the best
 interests of the child(ren) that support payments need not be directed through
 the Central Governmental Depository. However, either party may subsequently
 apply to the depository pursuant to section 61.13(1)(d)3, Florida
 Statutes, to require payment through the Central Governmental Depository.
2. Income Deduction.
[√ if applies]
___ a. Immediate. Obligor shall pay through income deduction. Obligor is
 individually responsible for paying this support obligation in the event that all
 or any portion of said support is not deducted from Obligor's income. Until
 support payments are deducted from Obligor's paycheck pursuant to the
*404
 Income Deduction Notice authorized this day, Obligor is responsible for
 making timely payments directly to the Central Governmental Depository.
___ b. Deferred. An Income Deduction Notice is authorized this day, but it shall
 not be effective until a delinquency of $__________, or, if not specified, an
 amount equal to one month's obligation occurs. Income deduction is not being
 implemented immediately based on the following findings: There are no minor
 child(ren) common to the parties AND there is proof of timely payment of a
 previously ordered obligation without income deduction.
3. Bonus/one-time payments. ( ) All $__________ ( ) No income paid in the form
 of a bonus or other similar one-time payments, up to the amount of any
 arrearage or the remaining balance thereof owed pursuant to this order, shall
 be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment. _________________________
 _________________________________________________________________________
 _________________________________________________________________________
SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY.
___ 1. ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit
 money is (are) denied because ______________________________________________
 ____________________________________________________________________________.
___ 2. The Court finds there is a need for and an ability to pay attorney fees, costs,
 and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the
 other party $________ in attorney fees, and $__________ in costs. The Court
 further finds that the attorney fees awarded are based on the reasonable rate
 of $__________ per hour and __________ reasonable hours. Other provisions
 relating to attorney fees, costs, and suit money are as follows: ___________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION VI. OTHER PROVISIONS
1. Former Name. The wife's former name is {full name} ____________________
 __________________ is restored.
2. Other provisions. _______________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. The Court reserves jurisdiction to modify and enforce this Final Judgment.
 ORDERED on_____________________.
 _________________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Central Governmental Depository
 Other: _________________________________________
Form 12.993(a)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
*405
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 SUPPLEMENTAL FINAL JUDGMENT OF MODIFICATION OF PARENTAL
 RESPONSIBILITY/VISITATION
 This cause came before this Court on a Supplemental Petition for Modification of
Parental Responsibility and Visitation. The Court, having reviewed the file, heard
the testimony, and being otherwise fully advised, makes these findings of fact and
reaches these conclusions of law:
SECTION I. FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
2. The last order estabUshing or modifying parental responsibility or visitation
 was entered on {date} ____________________.
3. There has been a substantial change in circumstances of the parties since the
 entry of the last order, specifically: _____________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
4. It is the best interests of the minor child(ren) that the current parental
 responsibility/visitation order be changed because: ________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION II. CUSTODY OF AND VISITATION WITH DEPENDENT OR
MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine custody of and visitation
 with the parties' minor child(ren) listed in paragraph 2 below.
2. The parties' dependent or minor child(ren) are:
 Name Birth date
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. Parental Responsibility for the Minor Child(ren).
[√ one only]
___ a. The parties shall have shared parental responsibility for the parties' minor
 child(ren).
*406
 ( ) Mother ( ) Father shall have primary residential responsibility of the
 minor child(ren) and the other parent shall have secondary residential responsibility,
 as set forth in paragraph 4 below. OR The primary residential parent
 shall be ( ) undesignated ( ) rotating with time sharing for the ( ) Mother
 ( ) Father as set forth in paragraph 4 below.
___ b. ( ) Mother ( ) Father shall have sole parental responsibility for the
 parties' minor ehild(ren). Shared parental responsibility would be detrimental
 to the child(ren) at this time because:
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 The other parent shall have visitation with the parties' minor child(ren) as set
 forth in paragraph 4 below.
4. Secondary Residential Responsibility, Visitation, or Time Sharing with
 Minor Child(ren). The parent granted secondary residential responsibility,
 visitation, or time sharing shall have:
[√ one only]
___ a. reasonable visitation or time sharing with the parties' minor child(ren)
 after reasonable notice and as agreed to by the parties, subject to any
 limitations in paragraph 5 below. The Court reserves jurisdiction to set a
 specific schedule.
___ b. the following specified visitation or time sharing with the parties' minor
 child(ren), subject to any limitations set out in paragraph 5 below: {specify
 days and times} _________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ c. no contact with the parties' minor child(ren) until further order of the
 Court, due to the existing conditions that are detrimental to the welfare of the
 minor child(ren) {explain} ______________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
5. Limitations on Parental Responsibility, Visitation or Time Sharing. Neither
 parent shall take the child(ren) from the custody of the other parent or
 any child care provider or other person entrusted by the other parent with the
 care of the child(ren) without the agreement of the other parent during the
 other parent's time of parental responsibility or visitation. The above reasonable
 (paragraph 4.a. above) or specified (paragraph 4.b. above) visitation shall
 be:
[√ if applies]
___ a. supervised by a responsible adult who is mutually agreeable to the parties.
 If the parties cannot agree, the supervising adult shall be: {name} _____
 ____________________________________________________________________________.
___ b. at the supervised visitation center located at: $ address $ _________,
 subject to the available times and rules of the supervised visitation center.
 The cost of such visits shall be paid by ( ) Mother ( ) Father ( ) Both.
6. Communication Arrangements for Secondary Parenting, Visitation, or
 Time Sharing with Child(ren).
[√ if applies]
___ The parties' communications to arrange visitation or time sharing and discuss
 issues relating to the child(ren) (if shared parenting or visitation is provided in
 paragraph 3 above) are restricted as follows: ( ) telephone, ( ) fax, e-mail, or
 letter, ( ) A responsible person shall coordinate the visitation or time sharing
*407
 arrangements of the minor child(ren). If the parties cannot agree, the
 responsible person shall be: {name} _____________________________________
 ( ) other conditions for arrangements or discussions: {explain} _________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
7. Exchange of Minor Child(ren). The exchange of the minor child(ren) shall
 be on time as scheduled and as agreed to by the parties. The following
 conditions, if checked below, shall also apply.
[√ all that apply]
___ a. The parties shall exchange the child(ren) at the following location(s): __
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________.
___ b. The parent granted secondary parenting, visitation, or time sharing shall not
 get out of the vehicle, and the other parent shall not approach the vehicle,
 during the time the child(ren) are exchanged.
___ c. A responsible person shall conduct all exchanges of the child(ren). Neither
 parent shall accompany the responsible person when that person is transferring
 the child(ren) from one parent to the other. If the parties cannot agree,
 the responsible person shall be: {name} _________________________________
___ d. Other conditions for exchange of the child(ren) are as follows: _________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ 8. Injunction Prohibiting Removing the Child(ren). The Court hereby
 prohibits and enjoins the ( ) Mother ( ) Father ( ) Both from permanently
 removing the minor child(ren) from the ( ) State of Florida ( ) {specify}
 ____________________________________________________________________________
 ____________________________________________________________________________
 without a court order or the written consent of the other party.
___ 9. Other Provisions Relating to the Minor Child(ren).
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION III. CHILD SUPPORT
1. Modification of Child Support.
[√ one only]
___ a. The modification of parental responsibility or visitation entered above does
 not necessitate a modification of child support. The previous order or final
 judgment establishing or modifying child support shall remain in effect.
___ b. The Court finds that there is a need for modification of child support and
 that the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to
 pay child support. The amounts in the Child Support Guidelines Worksheet,
 Florida Family Law Form 12.901(g), filed by the ( ) Mother ( ) Father
 are correct OR the Court makes the following findings: The Mother's net
 monthly income is $__________, (Child Support Guidelines ______%). The Father's
 net monthly income is $__________, (Child Support Guidelines ____%).
*408
 Monthly child care costs are $__________. Monthly health/dental insurance
 costs are $_________.
2. Amount. ( ) Mother ( ) Father shall be obligated to pay child support in the
 amount of $____________, per month payable ( ) in accordance with Obligor's
 employer's payroll cycle, and in any event at least once a month ( ) other
 {explain} _______________________________________________________________
 _________________________________________________________________________
 beginning {date} ______________, and continuing until
 ( ) the youngest of the minor child(ren) reaches the age of 18, become(s)
 emancipated, marries, dies, or otherwise becomes self-supporting OR
 one of the minor children reaches the age of 18, become(s) emancipated,
 marries, dies, or otherwise becomes self-supporting and either party files
 a supplemental petition to modify child support and the court enters such
 an order.
 OR
 ( ) {date/event} __________________________________________________,
 {explain} _________________________________________________________.
 If the child support ordered deviates from the guidelines by 5% or more, the
 factual findings which support that deviation are: _________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. Arrearage/Retroactive Child Support.
[√ one only]
___ a. There is no child support arrearage at the time of this Supplemental Final
 Judgment.
___ b. The ( ) Mother ( ) Father shall pay to the other party the child support
 arrearage of:
 $_________ for retroactive child support, as of {date} _________________.
 $_________ for previously ordered unpaid child support, as of {date} ___.
 The total of $__________ in child support arrearage shall be repaid in the amount
 of $__________, per month payable ( ) in accordance with Obligor's employer's
 payroll cycle, and in any event at least once a month ( ) other {explain}
 ____________________________________________________________________________
 ____________________________________________________________________________
 beginning {date} __________, until paid in full including statutory interest.
4. Insurance.
[√ all that apply]
___ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to
 maintain ( ) health ( ) dental insurance coverage for the parties' minor
 child(ren), so long as reasonably available. The party providing coverage shall
 be required to convey insurance cards demonstrating said coverage to the
 other party. OR ( ) Health ( ) dental insurance is not reasonably available at
 this time.
___ b. Reasonable and necessary uninsured medical/dental costs for the minor
 child(ren) shall be assessed as follows:
 ( ) Shared equally by both parents.
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain} _____________________________________________________
 ____________________________________________________________________________
 As to these uninsured medical/dental expenses, the party who incurs the
 expense shall submit a request for reimbursement to the other party within 30
 days, and the other party, within 30 days of receipt, shall submit the applicable
 reimbursement for that expense, according to the schedule of reimbursement
 set out in this paragraph.
*409
5. Life Insurance (to secure payment of support). To secure the child support
 obligations in this judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall
 maintain life insurance coverage, in an amount of at least $_________, on ( ) his
 life ( ) her life ( ) his/her life naming the ( ) minor child(ren) as the
 beneficiary(ies)( ) primary residential parent as the beneficiary as Trustee for
 the minor child(ren), so long as reasonably available. The obligation to
 maintain the life insurance coverage shall continue until the first of the parties'
 minor children reaches of age of 18 or until one of the parties' children
 becomes emancipated, marries, dies, otherwise becomes self-supporting, at
 which time the amount of life insurance shall be recomputed.
6. IRS Income Tax Exemption(s). The party granted primary residential
 responsibility or sole parental responsibility of the minor child(ren) shall have
 the benefit of any tax exemption(s) for the child(ren), OR, if checked here, ( )
 assignment of any tax exemption(s) for the child(ren) shall be as follows:
 ____________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to
 effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _____________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION IV. METHOD OF PAYMENT
Obligor shall pay court-ordered child support and arrears, if any, as follows:
1. Central Governmental Depository.
[√ if applies]
___ a. Obligor shall pay court-ordered support directly to the Central Governmental
 Depository in {name of county} _______________________ County, along with
 any depository service charge.
___ b. Both parties have requested and the court finds that it is in the best
 interests of the child(ren) that support payments need not be directed through
 the Central Governmental Depository. However, either party may subsequently
 apply to the depository pursuant to 61.13(1)(d)3, Florida Statutes, to
 require payments through the Central Governmental Depository.
2. Income Deduction.
[√ if applies]
___ a. Immediate. Obligor shall pay through income deduction. Obligor is
 individually responsible for paying this support obligation in the event that all
 or any portion of said support is not deducted from Obligor's income. Until
 support payments are deducted from Obligor's paycheck pursuant to the
 Income Deduction Notice authorized this day, Obligor is responsible for
 making timely payments directly to the Central Governmental Depository.
___ b. Deferred. An Income Deduction Notice is authorized this day, but it shall
 not be effective until a delinquency of $__________, or, if not specified, an
 amount equal to one month's obligation occurs. Income deduction is not being
 implemented immediately based on the following findings: Income deduction is
 not in the best interests of the child(ren) because: {explain} __________
 ____________________________________________________________________________
 ____________________________________________________________________________
 AND there is proof of timely payment of a previously ordered obligation
 without income deduction.
3. Bonus/one-time payments. ( ) All ( ) $__________ ( ) No income paid in the
 form of a bonus or other similar one-time payments, up to the amount of any
 arrearage or the remaining balance thereof owed pursuant to this order, shall
 be forwarded to Obligee to the payment method prescribed above.
*410
4. Other provisions relating to the method of payment. _____________________
 _________________________________________________________________________
 _________________________________________________________________________
SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY.
___ 1. ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit
 money is (are) denied because ______________________________________________
 ____________________________________________________________________________.
___ 2. The Court finds there is a need for and an ability to pay attorney fees, costs,
 and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the
 other party $__________ in attorney fees, and $__________ in costs. The Court
 further finds that the attorney fees awarded are based on the reasonable rate
 of $__________ per hour and __________ reasonable hours. Other provisions
 relating to attorney fees, costs, and suit money are as follows: __________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION VI. OTHER
1. Other Provisions. _______________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
2. The Court reserves jurisdiction to modify and enforce this Supplemental Final
 Judgment.
3. Unless specifically modified by this supplemental final judgment, the provisions
 of all final judgments or orders in effect remain the same.
 ORDERED on_________________.
 _________________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Central Governmental Depository
 Other: _________________________________________
Form 12.993(b)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
*411
 SUPPLEMENTAL FINAL JUDGMENT MODIFYING CHILD SUPPORT
 This cause came before this Court on a Supplemental Petition for Modification of
Child Support. The Court, having heard the testimony and reviewed the file and
financial affidavits of the parties and being otherwise fully advised, makes these
findings of fact and reaches these conclusions of law:
SECTION I. FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
2. The parties' dependent or minor child(ren) is:
 NAME Birth date
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. The last order awarding or modifying child support was entered on {date}
 ____________________________________________________________________________.
4. There has been a substantial change in circumstances of the parties since the
 entry of the last order, specifically: _____________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
5. It is in the best interests of the minor child(ren) that the current child support
 order be changed because:
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________.
SECTION II. CHILD SUPPORT
1. The Court finds that there is a need for modification of child support and that
 the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to pay
 child support. The amounts in the Child Support Guidelines Worksheet, 
 Florida Family Law Form 12.901(g), filed by the ( ) Mother ( ) Father are
 correct OR the Court makes the following findings: The Mother's net monthly
 income is $__________, (Child Support Guidelines ___%). The Father's net
 monthly income is $__________, (Child Support Guidelines ___%). Monthly child
 care costs are $__________. Monthly health/dental insurance costs are
 $__________.
2. Amount. Obligor shall be obligated to pay child support in the amount of
 $__________, per month payable ( ) in accordance with Obligor's employer's
 payroll cycle, and in any event at least once a month ( ) other {explain}:
 _________________________________________________________________________
 _________________________________________________________________________,
 beginning {date} __________, and continuing until
 ( ) the youngest of the minor ehild(ren) reaches the age of 18, become(s)
 emancipated, marries, dies, or otherwise becomes self-supporting OR
*412
 one of the minor children reaches the age of 18, become(s) emancipated,
 marries, dies, or otherwise becomes self-supporting and either party files
 a supplemental petition to modify child support and the court enters such
 an order.
 OR
 ( ) {date/event} ___________________________________________________,
 {explain} _________________________________________________________.
 If the child support ordered deviates from the guidelines by 5% or more, the
 factual findings which support that deviation are: _________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. Arrearage/Retroactive Child Support.
[√ one only]
___ a. There is no child support arrearage at the time of this Supplemental Final
 Judgment.
___ b. The ( ) Mother ( ) Father shall pay to the other party the child support
 arrearage of:
 _________ for retroactive child support, as of {date} __________________.
 _________ for previously ordered unpaid child support, as of {date} ____.
 The total of $______in child support arrearage shall be repaid in the amount
 of $_________, per month payable ( ) in accordance with his or her employer's
 payroll cycle, and in any event at least once a month ( ) other {explain}
 ____________________________________________________________________________
 ____________________________________________________________________________
 beginning {date} ____________, until paid in full including statutory interest.
4. Insurance.
[√ all that apply]
___ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to
 maintain ( ) health ( ) dental insurance coverage for the parties' minor
 child(ren), so long as reasonably available. The party providing coverage shall
 be required to convey insurance cards demonstrating said coverage to the
 other party. OR ( ) Health ( ) Dental insurance is not reasonably available at
 this time.
___ b. Reasonable and necessary uninsured medical/dental costs for the minor
 child(ren) shall be assessed as follows:
 ( ) Shared equally by both parents.
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain} _____________________________________________________
 ____________________________________________________________________________
 As to these uninsured medical/dental expenses, the party who incurs the
 expense shall submit a request for reimbursement to the other party within 30
 days, and the other party, within 30 days of receipt, shall submit the applicable
 reimbursement for that expense, according to the schedule of reimbursement
 set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the child support
 obligations in this judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall
 maintain life insurance coverage, in an amount of at least $__________, on ( ) his
 life ( ) her life ( ) his/her life naming the ( ) minor child(ren) as the
 beneficiary(ies)( ) primary residential parent as the beneficiary as Trustee for
 the minor child(ren), so long as reasonably available. The obligation to
 maintain the life insurance coverage shall continue until the first of the parties'
 minor children reaches the age of 18 or until one of the parties' children
 becomes emancipated, marries, dies, otherwise becomes self-supporting, at
 which time the amount of life insurance coverage shall be recomputed.
*413
6. IRS Income Tax Exemption(s). The party granted primary residential
 responsibility or sole parental responsibility of the minor child(ren) shall have
 the benefit of any tax exemption(s) for the child(ren), OR, if checked here, ( )
 assignment of any tax exemption(s) for the child(ren) shall be as follows:
 ____________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to
 effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _____________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION III. METHOD OF PAYMENT
1. Central Governmental Depository.
[√ if applies]
___ a. Obligor shall pay court-ordered support directly to the Central Governmental
 Depository in {name of county} _______________________ County, along with
 any depository service charge
___ b. Both parties have requested and the court finds that it is in the best
 interests of the child(ren) that support payments need not be directed through
 the Central Governmental Depository. However, either party may subsequently
 apply to the depository pursuant to 61.13(1)(d)3, Florida Statutes, to
 require payments through the Central Governmental Depository.
2. Income Deduction.
[√ if applies]
___ a. Immediate. Obligor shall pay through income deduction. Obligor is
 individually responsible for paying this support obligation in the event that all
 or any portion of said support is not deducted from Obligor's income. Until
 support payments are deducted from Obligor's paycheck pursuant to the
 Income Deduction Notice authorized this day, Obligor is responsible for
 making timely payments directly to the Central Governmental Depository.
___ b. Deferred. An Income Deduction Notice is authorized this day, but it shall
 not be effective until a delinquency of $__________, or, if not specified, an
 amount equal to one month's obligation occurs. Income deduction is not being
 implemented immediately based on the following findings: Income deduction is
 not in the best interests of the child(ren) because: {explain} ________
 ____________________________________________________________________________
 ____________________________________________________________________________
 AND there is proof of timely payment of a previously ordered obligation
 without income deduction.
3. Bonus/one-time payments. ( ) All ( ) $_________ ( ) No income paid in the
 form of a bonus or other similar one-time payments, up to the amount of any
 arrearage or the remaining balance thereof owed pursuant to this order, shall
 be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment. _________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION IV. ATTORNEY FEES, COSTS, AND SUIT MONEY
___ 1. ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit
 money is (are) denied because ______________________________________________
 ____________________________________________________________________________.
___ 2. The Court finds there is a need for and an ability to pay attorney fees, costs,
 and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the
*414
 other party $__________ in attorney fees, and $__________ in costs. The Court
 further finds that the attorney fees awarded are based on the reasonable rate
 of $________ per hour and ________ reasonable hours. Other provisions
 relating to attorney fees, costs, and suit money are as follows: ___________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION V. OTHER
1. Other provisions. _______________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
2. The Court reserves jurisdiction to modify and enforce this Supplemental Final
 Judgment.
3. Unless specifically modified by this supplemental final judgment, the provisions
 of all final judgments or orders in effect remain the same.
 ORDERED on_________________.
 _________________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Central Governmental Depository
 Other: _________________________________________
Form 12.993(c)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 SUPPLEMENTAL FINAL JUDGMENT MODIFYING ALIMONY
 This cause came before this Court on a Supplemental Petition for Modification of
Alimony. The Court, having heard the testimony and reviewed the file and financial
affidavits of the parties and being otherwise fully advised, makes these findings of
fact and reaches these conclusions of law:
SECTION I. FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
2. The last order awarding or modifying alimony was entered on {date} ______
 _______________.
*415
3. There has been a substantial change in circumstances of the parties since the
 entry of the last order, specifically: _____________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION II. ALIMONY
1. ( ) The Court denies the request(s) for modification of alimony OR
 ( ) The Court finds that there is a need to modify alimony and that ( )
 Petitioner ( ) Respondent (hereinafter Obligor) has/had the present ability to
 pay alimony as follows:
[√ all that apply]
___ a. Permanent Periodic. Obligor shall pay permanent periodic alimony to
 Obligee in the amount of $__________ per month, payable ( ) in accordance
 with Obligor's employer's payroll cycle, and in any event, at least once a month
 ( ) other {explain} ____________________________________________________
 _________________________________________________________________________
 beginning {date} __________. This alimony shall continue until modified by
 court order, the death of either party, or remarriage of Obligee, whichever
 occurs first.
___ b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount
 of $________________________________________________________________________
 This amount shall be paid as follows: ______________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the
 amount of $__________ per month, payable ( ) in accordance with Obligor's
 employer's payroll cycle, and in any event, at least once a month ( ) other
 {explain} _______________________________________________________________
 beginning {date} ____________. This rehabilitative alimony shall continue
 until modified by court order, the death of either party or until {date/event}
 ____________________________________________________________________________
 whichever occurs first. The rehabilitative plan presented demonstrated the
 following: _________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ d. Retroactive. Obligor shall pay retroactive alimony in the amount of
 $__________ for the period of {date} ____________, through {date}
 _______________, which shall be paid pursuant to paragraph 3 below.
2. Reasons for ( ) Awarding ( ) Denying Modification of Alimony. The
 Court has considered all of the following in awarding/denying the modification
 of alimony request:
 a. The standard of living established during the marriage;
 b. The duration of the marriage;
 c. The age and the physical and emotional condition of each party;
 d. The financial resources of each party, the nonmarital and the marital assets
 and liabilities distributed to each;
 e. The contribution of each party to the marriage, including, but not limited to,
 services rendered in homemaking, child care, education, and career building of
 the other party; and
 f. All sources of income available to either party. Additionally, the Court has
 considered the following factors in reaching its decision: _________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
*416
 [] Check here if additional pages are attached.
3. Arrearage/Retroactive Alimony.
[√ one only]
___ a. There is no alimony arrearage at the time of this Supplemental Final
 Judgment.
___ b. The ( ) Petitioner ( ) Respondent shall pay to the other party the alimony
 arrearage of:
 $________ for retroactive alimony, as of {date} ___________.
 $________ for previously ordered unpaid alimony, as of {date} ___________.
 The total of $_________ in alimony arrearage shall be repaid in the amount of
 $________ per month, payable ( ) in accordance with Obligor's employer's
 payroll cycle, and in any event at least once a month ( ) other {explain}
 _________________________________________________________________________
 _________________________________________________________________________
 beginning {date} __________, until paid in full including statutory interest.
4. Insurance.
[√ all that apply]
___ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay
 health insurance premiums for the other party not to exceed $________ per
 month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and
 necessary uninsured medical costs for the other party not to exceed $________
 per year. As to these uninsured medical expenses, the party who is entitled to
 reimbursement of the uninsured medical expense shall submit request for
 reimbursement to the other party within 30 days, and the other party shall,
 within 30 days after receipt, submit the applicable reimbursement for that
 expense.
___ b. Life Insurance (to secure payment of support). To secure the alimony
 obligations set forth in this judgment, Obligor shall maintain life insurance
 coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so
 long as reasonably available. This insurance shall be in the amount of at least
 $_________ and shall remain in effect until the obligation for alimony terminates.
5. Other provisions relating to modification of alimony: ___________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION III. METHOD OF PAYMENT
1. Central Governmental Depository.
[√ if applies]
___ a. Obligor shall pay court-ordered support directly to the Central Governmental
 Depository in {name of county} __________________ County, along with any
 depository service charge
___ b. Both parties have requested that support payments not be directed through
 the Central Governmental Depository. However, either party may subsequently
 apply to the depository pursuant to 61.08, Florida Statutes, to require
 payments through the Central Governmental Depository.
2. Income Deduction.
[√ if applies]
___ a. Immediate. Obligor shall pay through income deduction. Obligor is
 individually responsible for paying this support obligation in the event that all
 or any portion of said support is not deducted from Obligor's income. Until
 support payments are deducted from Obligor's paycheck pursuant to the
 Income Deduction Notice authorized this day, Obligor is responsible for
 making timely payments directly to the Central Governmental Depository.
*417
___ b. Deferred. An Income Deduction Notice is authorized this day, but it shall
 not be effective until a delinquency of $__________, or, if not specified, an
 implemented immediately based on the following findings: ___________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 AND there is proof of timely payment of a previously ordered obligation
 without income deduction.
3. Bonus/one-time payments. ( ) All ( ) $__________ ( ) No income paid in the
 form of a bonus or other similar one-time payments, up to the amount of any
 arrearage or the remaining balance thereof owed pursuant to this order, shall
 be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment. _________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION IV. ATTORNEY FEES, COSTS, AND SUIT MONEY
___ 1. ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit
 money is (are) denied because ______________________________________________
 ____________________________________________________________________________.
___ 2. The Court finds there is a need for and an ability to pay attorney fees, costs,
 and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the
 other party $__________ in attorney fees, and $__________ in costs. The Court
 further finds that the attorney fees awarded are based on the reasonable rate
 of $__________ per hour and __________ reasonable hours. Other provisions
 relating to attorney fees, costs, and suit money are as follows: ___________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION V. OTHER
1. Other Provisions: _______________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
2. The Court reserves jurisdiction to modify and enforce this Supplemental Final
 Judgment.
3. Unless specifically modified by this supplemental final judgment, the provisions
 of all final judgments or orders in effect remain the same.
 ORDERED on_________________.
 _________________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Central Governmental Depository
 Other: _________________________________________
Form 12.993(b)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
*418
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 FINAL JUDGMENT FOR SUPPORT UNCONNECTED
 WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR
 CHILD(REN)
 This cause came before this Court on a Petition for Support Unconnected with
Dissolution of Marriage under section 61.09, Florida Statutes. The Court, having
reviewed the file and heard the testimony, makes these findings of fact and reaches
these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. Petitioner has custody of the following minor child(ren) common to the parties
 or the child(ren) has (have) primary residence with Petitioner.
 Name Birth date
 _________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION I. ALIMONY
1. ( ) The Court denies the request(s) for alimony. OR
 ( ) The Court finds that there is a need for alimony and that Respondent
 has/had the ability to support Petitioner and has failed to do so. Respondent
 (hereinafter Obligor) has the present ability to pay alimony as follows:
[√ all that apply]
___ a. Permanent Periodic. Obligor shall pay permanent periodic alimony to
 Obligee in the amount of $__________ per month, payable ( ) in accordance with
 Obligor's employer's payroll cycle, and in any event, at least once a month ( )
 other {explain} _________________________________________________________
 _________________________________________________________________________
 beginning {date} __________. This alimony shalll continue until modified by
 court order, the death of either party, or remarriage of Obligee, whichever
 occurs first.
___ b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount
 of $________________________________________________________________________.
 This amount shall be paid as follows: ______________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the
 amount of $________ per month, payable ( ) in accordance with Obligor's
 employer's payroll cycle, and in any event, at least once a month ( ) other
 {explain} _______________________________________________________________
*419
 beginning {Date}____________. This rehabilitative alimony shall continue
 until modified by court order, the death of either party or until {date/event}
 ____________________________________________________________________________,
 whichever occurs first. The rehabilitative plan presented demonstrated the
 following: _________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ d. Retroactive. Obligor shall pay retroactive alimony in the amount of
 $________ for the period of {date} __________, through {date}
 ___________, which shall be paid pursuant to paragraph 3 below.
2. Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered
 all of the following in awarding/denying alimony:
 a. The standard of living established during the marriage;
 b. The duration of the marriage;
 c. The age and the physical and emotional condition of each party;
 d. The financial resources of each party, the nonmarital and the marital assets
 and liabilities distributed to each;
 e. The contribution of each party to the marriage, including, but not limited to,
 services rendered in homemaking, child care, education, and career building of
 the other party; and
 f. All sources of income available to either party.
 Additionally, the court has considered the following factors in reaching its
 decision: __________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 [] Check here if additional pages are attached.
3. Arrearage/Retroactive Alimony.
[√ one only]
___ a. There is no alimony arrearage at the time of this Final Judgment.
___ b. Respondent shall pay to Petitioner the alimony arrearage of:
 $________ for retroactive alimony, as of {date} ____________.
 $________ for previously ordered unpaid alimony, as of {date} __________.
 The total of $__________ in alimony arrearage shall be repaid in the amount of
 $_ per month, payable ( ) in accordance with Obligor's employer's
 payroll cycle, and in any event, at least once a month ( ) other {explain}
 ____________________________________________________________________________
 ____________________________________________________________________________
 beginning {date} ____________, until paid in full including statutory interest.
4. Insurance.
[√ all that apply]
___ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay
 health insurance premiums for the other party not to exceed $________ per
 month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and
 necessary uninsured medical costs for the other party not to exceed $________
 per year. As to the uninsured medical expenses, the party who is entitled to
 reimbursement of the uninsured medical expense shall submit a request for
 reimbursement to the other party within 30 days, and the other party shall,
 within 30 days of receipt, submit the applicable reimbursement for that
 expense.
___ b. Life Insurance (to secure payment of support). To secure the alimony
 obligations set forth in this judgment, Obligor shall maintain life insurance
 coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so
 long as reasonably available. This insurance shall be in the amount of at least
 $________ and shall remain in effect until the obligation for alimony terminates.
*420
5. Other provisions relating to alimony: ___________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 _________________________________________________________________________
SECTION II. CHILD SUPPORT
1. The Court finds that there is a need for child support and that the ( ) Mother
 ( ) Father (hereinafter Obligor) has the present ability to pay child support.
 The amounts in the Child Support Guidelines Worksheet, Florida Family
 Law Form 12.901(g), filed by the ( ) Mother ( ) Father are correct OR the
 Court makes the following findings: The Mother's net monthly income is
 $________, (Child Support Guidelines ___ %). The Father's net monthly
 income is $________, (Child Support Guidelines ___%). Monthly child care
 costs are $________. Monthly health/dental insurance costs are $________.
2. Amount. Under the child support guidelines, the ( ) Mother ( ) Father shall
 be obligated to pay child support in the amount of $________, per month
 payable ( ) in accordance with Obligor's employer's payroll cycle, and in any
 event at least once a month ( ) other {explain} _________________________
 ____________________________________________________________________________,
 beginning {date} ________________, and continuing
 ( ) until the first of the parties' minor children reaches the age of 18 or
 until one of the parties' children becomes emancipated, marries, dies,
 otherwise becomes self-supporting, at which time the child support shall
 be recomputed under the then-current Child Support Guidelines.
 OR
 ( ) until {Date/event} ____________________________________________,
 {explain} _________________________________________________________.
 If the child support ordered deviates from the guidelines by 5% or more, the
 factual findings which support that deviation are: ______________________
 ____________________________________________________________________________
 ____________________________________________________________________________
3. Arrearage/Retroactive Child Support.
[√ one only]
___ a. There is no child support arrearage at the time of this Final Judgment.
___ b. The ( ) Mother ( ) Father shall pay to the other party the child support
 arrearage of:
 $_________ for retroactive child support, as of {date} ________.
 $_________ for previously ordered unpaid child support, as of {date} ___.
 The total of $________ in child support arrearage shall be repaid in the amount
 of $________ per month, payable ( ) in accordance with Obligor's employer's
 payroll cycle, and in any event, at least once a month ( ) other {explain}
 ____________________________________________________________________________
 ____________________________________________________________________________
 beginning {date}____________, until paid in full including statutory interest.
4. Insurance.
[√ all that apply]
___ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to
 maintain ( ) health ( ) dental insurance coverage for the parties' minor
 child(ren), so long as reasonably available. The party providing coverage shall
 be required to convey insurance cards demonstrating said coverage to the
 other party. OR ( ) Health ( ) dental insurance is not reasonably available at
 this time.
*421
___ b. Reasonable and necessary uninsured medical/dental costs for the minor
 child(ren) shall be assessed as follows:
 ( ) Shared equally by both parents.
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain} _____________________________________________________
 ____________________________________________________________________________
 As to these uninsured medical/dental expenses, the party who incurs the
 expense shall submit a request for reimbursement to the other party within 30
 days, and the other party, within 30 days of receipt, shall submit the applicable
 reimbursement for that expense, according to the schedule of reimbursement
 set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the child support
 obligations in this judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall
 maintain life insurance coverage, in an amount of at least $________, on ( ) his
 life ( ) her life ( ) his/her life naming the ( ) minor child(ren) as the
 beneficiary(ies)( ) primary residential parent as the beneficiary as Trustee for
 the minor child(ren). The obligation to maintain the life insurance coverage
 shall continue until the youngest child turns 18, becomes emancipated, marries,
 dies, or otherwise becomes self-supporting.
6. IRS Income Tax Exemption(s). Petitioner shall have the benefit of any tax
 exemption(s) for the child(ren), OR, if checked here, ( ) assignment of any tax
 exemption(s) for the ehild(ren) shall be as follows: ____________________
 _________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to
 effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _____________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION III. METHOD OF PAYMENT
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[√ if applies]
___ a. Obligor shall pay court-ordered support directly to the Central Governmental
 Depository in {name} __________________________ County, along with any
 depository service charge.
___ b. Both parties have requested and the court finds that it is in the best
 interests of the child(ren) that support payments need not be directed through
 the Central Governmental Depository. However, either party may subsequently
 apply to the depository pursuant to section 61.08 or 61.13, Florida
 Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[√ if applies]
___ a. Immediate. Obligor shall pay through income deduction. Obligor is
 individually responsible for paying this support obligation in the event that all
 or any portion of said support is not deducted from Obligor's income. Until
 support payments are deducted from Obligor's paycheck pursuant to the
 Income Deduction Notice authorized this day, Obligor is responsible for
 making timely payments directly to the Central Governmental Depository.
___ b. Deferred. An Income Deduction Notice is authorized this day, but is shall
 not be effective until a delinquency of $________, or, if not specified, an
 amount equal to one month's obligation occurs. Income deduction is not being
 implemented immediately based on the following findings: Income deduction is
 not in the best interests of the child(ren) because: {explain} __________
*422
 ____________________________________________________________________________
 ____________________________________________________________________________
 AND there is proof of timely payment of a previously ordered obligation
 without income deduction.
3. Bonus/one-time payments. ( ) All ( ) $________ ( ) No income paid in the
 form of a bonus or other similar one-time payments, up to the amount of any
 arrearage or the remaining balance thereof owed pursuant to this order, shall
 be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment. _________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION IV. ATTORNEY FEES, COSTS, AND SUIT MONEY
___ 1. ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit
 money is (are) denied because ______________________________________________
 ____________________________________________________________________________.
___ 2. The Court finds there is a need for and an ability to pay attorney fees, costs,
 and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the
 other $________ in attorney fees, and $________ in costs. The Court further
 finds that the attorney fees awarded are based on the reasonable rate of
 $__________ per hour and ________ reasonable hours. Other provisions relating
 to attorney fees, costs, and suit money are as follows: ____________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION VIII. OTHER PROVISIONS
1. Other Provisions: _______________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
2. The Court reserves jurisdiction to modify and enforce this Final Judgment.
 ORDERED on_________________.
 _________________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Central Governmental Depository
 Other: _________________________________________
Form 12.994(b)
 IN THE CIRCUIT COURT OF THE ________ JUDICIAL CIRCUIT,
 IN AND FOR_________ COUNTY, FLORIDA
 Case No.: _________________________________
 Division: _________________________________
_____________________________________,
 Petitioner,
*423
 and
_____________________________________,
 Respondent.
 FINAL JUDGMENT FOR SUPPORT UNCONNECTED WITH DISSOLUTION
 OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILDREN
 This cause came before this Court on a Petition for Support Unconnected with
Dissolution of Marriage under section 61.09, Florida Statutes. The Court, having
reviewed the file and heard the testimony, makes these findings of fact and reaches
these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. The parties have no minor or dependent children in common, and the wife is
 not pregnant.
SECTION I. ALIMONY
1. ( ) The Court denies the request(s) for alimony. OR
 ( ) The Court finds that there is a need for alimony and that Respondent
 has/had the ability to support Petitioner and has failed to do so. Respondent
 (hereinafter Obligor) has the present ability to pay alimony as follows:
[√ all that apply]
___ a. Permanent Periodic. Obligor shall pay permanent periodic alimony to
 Obligee in the amount of $________ per month, payable ( ) in accordance with
 Obligor's employer's payroll cycle, and in any event, at least once a month ( )
 other {explain} _________________________________________________________
 ____________________________________________________________________________
 beginning {date} ________ This alimony shall continue until modified by court
 order, the death of either party, or remarriage of Obligee, whichever occurs
 first.
___ b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount
 of $________________________________________________________________________.
 This amount shall be paid as follows: ______________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the
 amount of $________ per month, payable ( ) in accordance with Obligor's
 employer's payroll cycle, and in any event, at least once a month ( ) other
 {explain} _______________________________________________________________
 beginning {date} ______________. This rehabilitative alimony shall continue
 until modified by court order, the death of either party or until {date/event}
 ____________________________________________________________________________,
 whichever occurs first. The rehabilitative plan presented demonstrated the
 following: _________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
___ d. Retroactive. Obligor shall pay retroactive alimony in the amount of
 $__________ for the period of {date} ____________, through {date}
 ____________, which shall be paid pursuant to paragraph 3 below.
2. Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered
 all of the following in awarding/denying alimony.
 a. The standard of living established during the marriage;
 b. The duration of the marriage;
 c. The age and the physical and emotional condition of each party;
 d. The financial resources of each party, the nonmarital and the marital assets
 and liabilities distributed to each;
*424
 e. The contribution of each party to the marriage, including, but not limited to,
 services rendered in homemaking, child care, education, and career building of
 the other party; and
 f. All sources of income available to either party.
 Additionally, the Court has considered the following factors in reaching its
 decision: __________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 [] Check here if additional pages are attached.
3. Arrearage/Retroactive Alimony.
[√ one only]
___ a. There is no alimony arrearage at the time of this Final Judgment.
___ b. Respondent shall pay to Petitioner the alimony arrearage of:
 $________ for retroactive alimony, as of {date} ____________.
 $________ for previously ordered unpaid alimony, as of {date} __________.
 The total of $________ in alimony arrearage shall be repaid in the amount of
 $__________ per month, payable ( ) in accordance with Obligor's employer's
 payroll cycle, and in any event at least once a month ( ) other {explain}
 ____________________________________________________________________________
 ____________________________________________________________________________
 beginning {date} ____________, until paid in full including statutory interest.
4. Insurance.
[√ all that apply]
___ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay
 health insurance premiums for the other party not to exceed $________ per
 month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and
 necessary uninsured medical costs for the other party not to exceed $________
 per year. As to these uninsured medical expenses, the party who is entitled to
 reimbursement of the uninsured medical expense shall submit a request for
 reimbursement to the other party within 30 days, and the other party shall,
 within 30 days after receipt, submit the applicable reimbursement for that
 expense.
___ b. Life Insurance (to secure payment of support). To secure the alimony
 obligations set forth in this judgment, Obligor shall maintain life insurance
 coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so
 long as reasonably available. This insurance shall be in the amount of at least
 $________ and shall remain in effect until the obligation for alimony terminates.
5. Other provisions relating to alimony: ___________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION II. METHOD OF PAYMENT.
1. Central Governmental Depository.
[√ if applies]
___ a. Obligor shall pay court-ordered support directly to the Central governmental
 Depository in {name} ______________________ County, along with any
 depository service charge.
2. Income Deduction.
[√ if applies]
___ a. Immediate. Obligor shall pay through income deduction. Obligor is
 individually responsible for paying this support obligation in the event that all
 or any portion of said support is not deducted from Obligor's income. Until
*425
 support payments are deducted from Obligor's paycheck pursuant to the
 Income Deduction Notice authorized this day, Obligor is responsible for
 making timely payments directly to the Central Governmental Depository.
___ b. Deferred. An Income Deduction Notice is authorized this day, but it shall
 not be effective until a delinquency of $________, or, if not specified, an
 amount equal to one moth's obligation occurs. Income deduction is not being
 implemented immediately based on the following findings: There are no minor
 child(ren) common to the parties AND there is proof of timely payment of a
 previously ordered obligation without income deduction.
3. Bonus/one-time payments. ( ) All ( ) $________ ( ) No income paid in the
 form of a bonus or other similar one-time payments, up to the amount of any
 arrearage or the remaining balance thereof owed pursuant to this order, shall
 be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment: _________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION IV. ATTORNEY FEES, COSTS, AND SUIT MONEY
___ 1. ( ) Petitioner ( ) Respondent's request(s) for attorney fees, costs, and suit
 money is (are) denied because ______________________________________________
 ____________________________________________________________________________
___ 2. The Court finds there is a need for and an ability to pay attorney fees, costs,
 and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the
 other party $________ in attorney fees, and $________ in costs. The Court
 further finds that the attorney fees awarded are based on the reasonable rate
 of $________ per hour and ________ reasonable hours. Other provisions
 relating to attorney fees, costs, and suit money are as follows: ___________
 ____________________________________________________________________________
 ____________________________________________________________________________
SECTION VIII. OTHER PROVISIONS
1. Other Provisions. _______________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
2. The Court reserves jurisdiction to modify and enforce this Final Judgment.
 ORDERED on_________________.
 _________________________________________
 CIRCUIT JUDGE
 COPIES TO:
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Central Governmental Depository
 Other: _________________________________________
NOTES
[1] The rules and steering committees are in disagreement as to the financial affidavit forms to be used. We have amended the financial affidavit forms after reviewing comments from both committees.